# SEIDEN | LAW

May 7, 2024

**VIA ECF AND EMAIL**

The Honorable Analisa Torres
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007
Torres_NYSDChambers@nysd.uscourts.gov

           **Re:** *Ismailov et al. v. Hutseriev et al.*, **1:24-cv-03287-AT (S.D.N.Y)**

Dear Judge Torres:

       We represent plaintiffs Musaib Ismailovych Ismailov ("Ismailov") and Akhmed Hadzhyiovych Bilalov ("Bilalov"; and with Ismailov, "Plaintiffs") in the above-referenced action concerning Plaintiffs' seeking the Court's recognition and enforcement of a foreign judgment against defendants Public Joint Stock Company "Sberbank of Russia" ("Sberbank"), Mykhailo Safarbekovych Hutseriev, a/k/a Mikail Safarbekovich Gutseriev, a/k/a Mikhail Safarbekovich Gutseriev ("Hutseriev"), and Stanislav Kostiantynovych Kuznetsov ("Kuznetsov"; and collectively, "Defendants") from a judgment of a Ukrainian court in 2023. Pursuant to Rules I.A-B and III.A of the Court's Individual Practices in Civil Cases, Plaintiffs write to request: (i) an order/endorsement pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure allowing Plaintiffs to serve Defendants by alternative means; or (ii) a pre-motion conference and leave to file a motion to serve Defendants by alternative means.[1]

       Rule 4(f) of the Federal Rules of Civil Procedure controls service on foreign defendants; Rule 4(f) permits service by any internationally-agreed upon "means of service that is reasonably calculated to give notice" to each defendant, including those methods authorized through the Hague Convention on the Service of Judicial and Extrajudicial Documents ("Hague Convention"). FRCP 4(f). If the foreign country has not agreed to particular method of service (*e.g.*, the Hague Convention), service is acceptable so long as it is reasonably calculated to give notice to each defendant, including by means authorized under the laws of service within the foreign country, a method provided for by the foreign country's government in response to a letter rogatory, by any form of mail requiring a signed receipt, or by any "other means not prohibited by international agreement, as the court orders." FRCP 4(f)(2)-(3).

       Although Russia is a signatory to the Hague Convention, "*[i]n July 2003, Russia unilaterally suspended all judicial cooperation with the United States in civil and commercial*

---

[1] All capitalized terms not otherwise defined herein have the same meaning as ascribed to them in the complaint (ECF 1, "Complaint"). References to "¶_" are to paragraphs of the Complaint. All emphasis is added; all internal quotations and citations have been omitted.

# SEIDEN | LAW

*matters" and refuses to serve process presented in accordance with the Hague Convention*.[2]
Because Russia has effectively rejected the Hague Convention and refuses to process requests for
service, preventing plaintiffs in U.S. courts from serving Russian defendants, this Court has
routinely held that serving Russian defendants by alternative means is entirely appropriate. *See
ShelterZoom Corp. v. Goroshevsky*, 2020 WL 4252722, at *1 (S.D.N.Y. July 23, 2020) (granting
alternative service on Russian defendants because "Russia no longer effects service through its
Central Authority, which is the method prescribed under the Hague Convention"); *AMTO, LLC v
Bedford Asset Mgmt., LLC*, 2015 WL 3457452, at *7 (S.D.N.Y. June 1, 2015) (granting
alternative service on Russian defendants because "in light of Russia's suspension of judicial
cooperation with the United States, service would be ineffective pursuant to the procedures
provided by the Hague Convention"); *Arista Recs. LLC v. Media Servs. LLC*, 2008 WL 563470,
at *2 (S.D.N.Y. Feb. 25, 2008) (granting alternative service on Russian defendant because "the
Central Authority of the Russian Federation denies all requests for service of process originating
from the United States" so "there is no reason to believe that service would be effective if
plaintiffs were required to serve [Russian defendant] in accordance with" the Hague Convention).

Here, all Defendants are located in Russia.  Sberbank is a corporation headquartered and
domiciled in Russia. ¶11. Likewise, Hutseriev and Kuznetsov are Russian citizens residing in
Russia. ¶¶9-10. Without the Court's authority to serve Defendants by alternative means, Plaintiffs
will be unable to effectuate service, warranting the Court's granting of Plaintiffs' request herein.
*See Fisher v. Petr Konchalovsky Found.*, 2016 WL 1047394, at *1 (S.D.N.Y. Mar. 10, 2016)
(alternative service on Russian defendant was appropriate because of Russia's suspension of
judicial cooperation with the U.S); *Bidonthecity.com LLC v. Halverston Holdings Ltd.*, 2014 WL
1331046, at *10 (S.D.N.Y. Mar. 31, 2014) (judicially noticing that Russia causes service requests
to go unexecuted because Russia refuses to transmit service request through its Central
Authority); *RSM Prod. Corp. v. Fridman*, 2007 WL 1515068, at *1 (S.D.N.Y. May 24, 2007)
(granting alternative service on Russian defendants because plaintiffs were  unable to serve
defendants "in the Russian Federation pursuant to [the Hague Convention].").

## Plaintiffs Seek To Serve Defendants By Reasonably Calculated Electronic Means

"An alternative method of service under Rule 4(f)(3) is acceptable if it (1) is not prohibited
by international agreement; and (2) comports with constitutional notions of due process." *Fisher*,
2016 WL 1047394 at *2.  A method of service comports with constitutional notions of due process
when it is "reasonably calculated, under all the circumstances, to apprise interested parties of the
pendency of the action and afford them an opportunity to present their objections." *Mullane v
Cent. Hanover Bank & Tr. Co.*, 339 US 306, 314 (1950).  Service by email does not violate any
due process considerations where the email address is "undisputedly connected to the defendants"
and the address was one "that the defendants used for business purposes." *AMTO, LLC*, 2015 WL
3457452 at *8 (citing authorities).  In light of Russia's refusal to execute U.S. litigants' requests
for service, "*service via email for a defendant residing in Russia may qualify as an alternative
means of service under Rule 4(f)(3)*." *Fisher*, 2016 WL 1047394 at *2.

Plaintiffs seek to serve Defendants by email, as set forth below.

---

[2] U.S. Department of State, "Russia Judicial Assistance Information, Service of Process," available at
https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/RussianFederation.html.

# SEIDEN | LAW

*Defendant Sberbank*

Plaintiffs request to serve Sberbank by emailing Sberbank's U.S.-based counsel in two recent cases before this Court in which Sberbank has been a defendant: (i) *Bilalov v. Gref et al.*, 1:20-cv-09153-PGG-JW (S.D.N.Y.) ("*Gref*"); and (ii) *Schansman et al. v. Sberbank of Russia PJSC et al.,* 1:19-cv-02985-ALC-GWG (S.D.N.Y) ("*Sberbank PJSC*"). In *Gref*, Sberbank was recently represented by all of the following U.S.-based firms: (i) White & Case LLP; (ii) Wilk Auslander LLP; (iii) Debevoise & Plimpton LLP; and (iv) Wiley Rein LLP.  In *Sberbank PJSC*, **Sberbank is currently represented** by Wilk Auslander LLP; Sberbank had previously been represented by: (i) Debevoise & Plimpton LLP; (ii) White & Case LLP; and (iii) Wiley Rein LLP. Contemporaneously filed with this letter as "Exhibit A" is a list of Sberbank's counsel in *Gref* and *Sberbank PJSC* that sets forth the contact information, including email addresses, of Sberbank's attorneys. Because Sberbank currently is and has recently been represented in litigation by U.S. counsel, Plaintiffs' serving Sberbank by emailing Sberbank's U.S. counsel comports with Rule 4(f)(3). *See Bidonthecity.com LLC*, 2014 WL 1331046 at *10 (authorizing service on Russian corporate defendant by emailing defendant's U.S. counsel); *Arista Records LLC*, 2008 WL 563470 at *2 (S.D.N.Y. Feb. 25, 2008) (same); *RSM Prod. Corp.*, 2007 WL 1515068 at *2 (same as to Russian individual defendant's U.S. counsel).

While serving Sberbank's U.S. counsel should be sufficient, out of an abundance of caution, Plaintiffs also request permission to serve Sberbank by emailing the corporate email addresses Sberbank has published on its website. These addresses are: media@sberbank.ru; ir@sberbank.ru; and scs@sberbank.ru.[3]  Plaintiffs also request to serve Sberbank by emailing its CEO, Herman Gref, at gogref@sberbank.ru and its Deputy Chairman, Defendant Kuznetsov, at skuznetsov@sberbank.ru.[4] Such service comports with Rule 4(f)(3). *See Fisher*, 2016 WL 1047394 at *1 (authorizing service by email); *AMTO, LLC*, 2015 WL 3457452 at *8 (same); *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, 66 F. Supp. 3d 385, 391 (S.D.N.Y. 2014) (same).

Additionally, Plaintiffs request to serve Sberbank through its U.S. subsidiary, Sberbank CIB USA, Inc. ("Sberbank USA"). Sberbank USA maintains an office at 152 West 57th Street, 46th Floor, New York, New York 10019.  Plaintiffs request the Court's permission to effectuate service on Sberbank via Sberbank USA by fax at 212-300-9601.

Alternative service on Sberbank by these means is entirely appropriate. Based on substantively identical facts concerning the citizenship and/or location of defendants as here, the court in *Sberbank PJSC* authorized alternative service on Sberbank, allowing plaintiffs to serve Sberbank by emailing Sberbank's U.S.-based counsel, even though Sberbank's counsel there represented Sberbank in entirely different proceedings that were being litigated in different jurisdictions. *Sberbank PJSC* ECF 63.  Likewise, the *Sberbank PJSC* court allowed plaintiffs to serve Sberbank by emailing Sberbank's corporate email addresses. *Id.*  And notably, the *Sberbank PJSC* court authorized alternative service based on plaintiffs' letter application motion and without the need for motion practice.  *Id.*  Respectfully, the Court should do the same here.

---

[3] *See* Sberbank, "About Us," *available at* www.sberbank.com/about.
[4] According to MarketScreener.com and OFAC, Gref is Sberbank's Chief Executive Officer. According to MarketScreener.com, opensanctions.org, and OFAC, Defendant Kuznetsov is the Deputy Chairman of Sberbank.

# SEIDEN | LAW

*Defendants Kuznetsov and Hutseriev*

As to Defendant Kuznetsov, Plaintiffs request to serve him by email. Specifically, Plaintiffs request to serve Kuznetsov by emailing him at his Sberbank corporate email address at skuznetsov@sberbank.ru and at his personal email address at kuznecov.s.k1962@gmail.com.

Plaintiffs request to serve Defendant Hutseriev by email. Specifically, Plaintiffs request to serve Hutseriev at email addresses associated with Public Joint Stock Company "RussNeft" ("RussNeft"), a company that Hutseriev owns and controls. These RussNeft-based email addresses are pr@russneft.ru, russneft@russneft.ru, hr@russneft.ru, and bsk@russneft.ru, as publicly listed at https://russneft.ru/eng/pressreleases/9830/.  Plaintiffs also request to serve Hutseriev by emailing him at his personal email address: m.s.guceriev@gmail.com.[5]

Should the Court want additional briefing on these issues, Plaintiffs request leave to file a motion for alternative service or a pre-motion conference pursuant to the Court's Individual Practices in Civil Cases.[6]

Respectfully submitted,

SEIDEN LAW LLP

 */s/ Jake Nachmani*
Jake Nachmani
MarcAnthony Bonanno
322 Eighth Avenue, Suite 1200
New York, NY 10001
jnachmani@seidenlaw.com
mbonanno@seidenlaw.com
(646) 766-1723

*Attorneys for Plaintiffs*

cc: All counsel of record (via ECF)

Enclosures

---

[5] According to Bloomberg and the UK's Office of Financial Sanctions, Defendant Hutseriev owns and controls Russneft.

[6] Pursuant to the Court's May 2, 2024 Initial Pretrial Scheduling Order (ECF 6, "Initial Scheduling Order"), Plaintiffs have been ordered to send to Defendants the Initial Scheduling Order and Your Honor's Individual Practices in Civil Cases. However, Plaintiffs have no authorized, effective way of doing so until the Court allows Plaintiffs to serve Defendants by alternative means. Plaintiffs will provide these documents to Defendants and their respective counsel by any means the Court so authorizes.