```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
MUSAIB ISMAILOVYCH ISMAILOV and
AKHMED HADZHYIOVYCH BILALOV,

                Plaintiffs,

-against-

MYKHAILO SAFARBEKOVYCH HUTSERIEV,
STANISLAV KOSTIANTYNOVYCH
KUZNETSOV, and PUBLIC JOINT STOCK
COMPANY "SBERBANK OF RUSSIA,"

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/6/2024
```

24 Civ. 3287 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    The Court has reviewed Plaintiffs' letter motion dated May 7, 2024. Mot., ECF No. 14. Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiffs request leave to serve Defendants Public Joint Stock Company "Sberbank of Russia" ("Sberbank"), Mykhailo Safarbekovych Hutseriev, a/k/a Mikail Safarbekovich Gutseriev, a/k/a Mikhail Safarbekovich Gutseriev ("Hutseriev"), and Stanislav Kostiantynovych Kuznetsov ("Kuznetsov" and collectively, "Defendants") by alternative means. *See* Mot. For the reasons stated below, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART.

    "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *In GLC Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012) (citation omitted). "Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) (citation omitted). Accordingly, "under Rule 4(f)(3), a plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)." *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) (cleaned up). "The only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement." *Ehrenfeld v. Salim a Bin Mahfouz*, No. 04 Civ. 9641, 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005). "The proposed means of service must comport with constitutional notions of due process," *id.*, "which require notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Madu*, 265 F.R.D. at 115 (cleaned up).

    The Court finds that Plaintiffs have shown that personal service is impracticable. Defendants are located in Russia. Mot. at 2; Compl. ¶¶ 9–11, ECF No. 1. And, in 2003, "Russia unilaterally suspended all judicial cooperation with the United States in civil and commercial matters." *Bidonthecity.com LLC v. Halverston Holdings Ltd.*, No. 12 Civ. 9258, 2014 WL 1331046, at *9 (S.D.N.Y. Mar. 31, 2014) (cleaned up). As such, "Russia no longer effects service

through its Central Authority, which is the method prescribed under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters." *ShelterZoom Corp. v. Goroshevsky*, No. 19 Civ. 10162, 2020 WL 4252722, at *1 (S.D.N.Y. July 23, 2020). Because "[n]umerous courts have held that service by email does not violate any international agreement," "Russia has not explicitly objected to service by electronic means," and "this Court, like others in this District, is not aware of any [] international agreement or Russian law that prohibits service via email," the Court finds that serving Defendants by email would not violate an international treaty. *Id.* at *2 (cleaned up).

With respect to due process, Plaintiffs must show a likelihood that the Defendants will be reached by the alternative means they suggest. "Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *FTC v. PCCare247 Inc.*, No. 12 Civ. 7189, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (citation omitted). "To meet the due process standard of demonstrating that service via email is likely to reach a defendant, a plaintiff must submit something more than a bare assertion or conclusion that the email will likely reach the defendant." *Ortiz v. CM Pro. Painting Corp.*, No. 21 Civ. 821, 2022 WL 784473, at *3 (E.D.N.Y. Mar. 14, 2022).

Plaintiffs state that they have identified email addresses for each of the Defendants. For Sberbank, Plaintiffs seeks to email the company's "U.S.-based counsel in two recent cases" in this District as well as Sberbank's public email addresses and those of its CEO and Deputy Chairman. Mot. at 3; *see* Mot. Ex. A, ECF No. 14-1. As for Kuznetsov and Hutseriev, Plaintiffs have identified both professional and personal email addresses. Mot. at 4.

Lastly, Plaintiffs also seek to serve Sberbank by sending a fax to Sberbank's U.S. subsidiary, Sberbank CIB USA, Inc. ("Sberbank USA"). The subsidiary "maintains an office at 152 West 57th Street, 46th Floor, New York, New York 10019." Mot. at 3. Although Sberbank USA is not the target of Plaintiffs' service attempts, Plaintiffs provide no basis for not serving Sberbank USA in accordance with CPLR § 311(a). Under § 311(a), "[s]ervice on a corporation is accomplished by personal delivery of the summons to an officer or agent of the corporation or the New York Secretary of State." *Black v. Vitello*, 841 F. App'x 334, 335 (2d Cir. 2021).

Accordingly, Plaintiffs' motion to serve all Defendants by email is GRANTED. Plaintiffs' motion to serve Sberbank via fax to its U.S. subsidiary is DENIED. Plaintiffs shall serve Sberbank USA in accordance with CPLR § 311.

SO ORDERED.

Dated: June 6, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge