


*Jay S. Auslander*
*Partner*
*212.981.2338*
*jauslander@wilkauslander.com*

July 15, 2024

**VIA ECF AND E-MAIL**

Hon. Annalisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007
Torres_NYSDChambers@nysd.uscourts.gov.

Re: *Ismailov, et al. v. Hutseriev, et al.*, No. 24-cv-03287 (AT) (S.D.N.Y.)

Dear Judge Torres:

We represent Defendants PJSC Sberbank of Russia ("Sberbank") and Stanislav Kostiantynovych Kuznetsov (collectively, the "Sberbank Defendants") in the above-titled action, in which Plaintiffs seek recognition of a foreign money judgment under Article 53 of the CPLR, New York's Uniform Foreign Country Money Judgments Recognition Act (the "Uniform Act").

In accordance with Rule III.A.ii of Your Honor's Individual Practices in Civil Cases (the "Individual Rules"), Defendants respectfully submit the following letter "setting forth the basis for" their anticipated motions to dismiss the First Amended Complaint under Rules 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(4), and 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules"). Defendants have complied with Individual Rule III.B, having transmitted their first premotion letter to Plaintiffs via email and FedEx on July 3, 2024. Plaintiffs did not respond to that letter.

***Background and Key Allegations of First Amended Complaint***

This action is a sham. Plaintiffs seek the Court's recognition of a fraudulent judgment they procured by means of a crude forgery, through a corrupt process orchestrated not only to deprive the Sberbank Defendants of due process, but to evade this Court's judgment in a previous failed lawsuit – indeed, to evade Your Honor's *own* judgment in that matter. *See Bilalov v. Gref*, No. 20-cv-09153 (AT), 2022 WL 4225968 (S.D.N.Y. Sept. 13, 2022) ("*Bilalov I*").

In *Bilalov I*, Plaintiff Akhmed Hadzhyiovych Bilalov sued Sberbank, its subsidiary Sberbank CIB (USA) Inc. ("Sberbank CIB"), and its CEO, Herman Gref, for alleged RICO and state law violations arising from the 2013 acquisition by Sberbank of the company Krasnaya Polyana, which in turn owned a resort that later became the site of a ski jump at the 2014 Sochi Winter Olympics. *See id.* at *1. This Court dismissed that case on September 13, 2022 because,






among other things, Bilalov failed to establish the so-called expropriation exception to Sberbank's sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA") and failed to state a claim. *Id*. at *7, 9-13. The Court entered final judgment on July 5, 2023, imbuing those earlier rulings with preclusive effect on Bilalov and his privities. (*Bilalov I*, ECF No. 121).

Bilalov now returns to this Court, joined by Plaintiff Musaib Ismailovych Ismailov, his business partner in Krasnaya Polyana through a winding skein of beneficial ownership in related entities – that is, his privity. (First Am. Compl. ¶¶ 86-89) (ECF No. 18). They brandish a May 25, 2023 default judgment issued by the Skvyra District Court of Kyiv Region (the "Ukrainian Court") against the Sberbank Defendants and defendant Mykhailo Safarbekovych Hutseriev. (*Id*. ¶ 95).

Plaintiffs ask the Court to recognize that judgment even though it was based on the supposed breach of an obviously phony agreement for the sale of Krasnaya Polyana. (First Am. Compl. ¶ 90 and Ex. D) (ECF No. 18-2). Despite the $200,000,000 sale price under that supposed agreement, it consists of but a single page providing for the sale of 817 shares of Krasnaya Polyana by Zeeland Development Corp. ("Zeeland") to BIN Group of Companies ("BIN Group"). (*Id*.) For their part, Hutseriev and Kuznetsov signed as "representatives" of BIN Group and Sberbank, respectively. (*Id*.) Nevertheless, Zeeland is not the plaintiff, nor BIN Group a defendant, in either this matter or the suit in Ukraine. (First Am. Compl. ¶ 93 and Ex. D at 1) (ECF No. 18-5).

How could the Ukrainian Court find Sberbank, Kuznetsov, and Hutseriev liable for breach of a fake agreement to which none of them were party, even if it had been real? Simple: Plaintiffs commenced their lawsuit in a forum that strips Russian nationals of due process by operation of law. Just to be safe, Plaintiffs also ensured that the Sberbank Defendants received neither proper service nor actual notice of their lawsuit in Ukraine.

Although Rule 12(b) limits the Sberbank Defendants' ability to challenge this sham at the pleading stage, ample grounds nevertheless support dismissal right now, just as ample grounds supported the Court's dismissal of Bilalov's previous failed lawsuit.

***Rule 12(b)(1): No Subject-Matter Jurisdiction Exists Under the FSIA***

Unlike in *Bilalov I*, this time around the First Amended Complaint concedes from the outset that Sberbank is an "agency or instrumentality" of the Russian Federation and therefore a "foreign state" under the FSIA. *See* 28 U.S.C § 1603(a). (First Am. Compl. ¶ 49). Indeed, the First Amended Complaint enthusiastically embraces that fact, because Plaintiffs erroneously believe that they can leverage original subject matter jurisdiction over Sberbank under the FSIA to assert supplemental jurisdiction over the two Russian individual defendants, Kuznetsov and Hutseriev. (*Id*. at ¶ 48). *See* 28 U.S.C. § 1330(a); 28 U.S.C. § 1367.

To establish FSIA jurisdiction over Sberbank, then, Plaintiffs invoke the so-called "expropriation exception" to sovereign immunity, just as Bilalov did in *Bilalov I*. (First Am. Compl. ¶ 42). Plaintiffs are wrong this time as well, first and foremost because an action under the Uniform Act on its face does not fall within the scope of the expropriation exception. Rather, it is an action on a judgment debt, not an action in which "rights in property . . . are in issue." *See* 28 U.S.C. § 1605(a)(3); *cf. Hussein v. Maait*, 607 F. Supp. 3d 374, 379-80 (S.D.N.Y. 2022). And even






if the Court were to assess the exception by examining Plaintiffs' underlying claims for breach of contract, the First Amended Complaint falls short on *all four* elements of that exception.

First, an alleged breach of a commercial contract of the kind set forth in the First Amended Complaint likewise does not put "rights in property . . . in issue." *Id.*; *see also Daventree Ltd. v. Republic of Azerbaijan*, 349 F. Supp. 2d 736, 749 (S.D.N.Y. 2004). Second, as this Court reasoned in *Bilalov I*, a "taking" is a quintessentially sovereign act, and therefore – as private entities – the Sberbank Defendants are definitionally incapable of "taking" property even though Sberbank is a "foreign state" by operation of 28 U.S.C. § 1603(a). *See Zappia Middle E. Const. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 251 (2d Cir. 2000). Third, Plaintiffs do not allege any taking "in violation of international law," because they do not even attempt to allege any taking that was discriminatory, arbitrary, or without provision for adequate compensation. *See Beierwaltes v. L'Office Federale De La Culture De La Confederation Suisse*, 999 F.3d 808, 821 (2d Cir. 2021). Fourth, the First Amended Complaint does not allege the required nexus between the alleged taking and the United States. *See Sheafen Kuo v. Gov't of Taiwan*, 802 F. App'x 594, 597 (2d Cir. 2020). Besides that, this Court already ruled in *Bilalov I* that the expropriation exception does not pierce Sberbank's sovereign immunity, precluding re-litigation of the exception here.

Because Sberbank, moreover, is the real party in interest in this suit, the FSIA shields Kuznetsov in the same measure that it shields Sberbank. *See Odhiambo v. Republic of Kenya*, 930 F. Supp. 2d 17, 34 (D.D.C. 2013). Kuznetsov is therefore immune. Yet, even if Kuznetsov were *not* immune, the absence of original subject matter jurisdiction under the FSIA over Sberbank leaves Plaintiffs without any anchor for their assertion of supplemental jurisdiction over Kuznetsov (or Hutseriev, for that matter), and in any event requires dismissal under Rule 19 in Sberbank's absence. Federal question jurisdiction under 28 U.S.C. § 1331 cannot save jurisdiction either.

***Rule 12(b)(2): No Jurisdiction Exists Either* <u>**in Personam**</u> *or* <u>**Quasi In Rem**</u>**

Contrary to the legal conclusions of the First Amended Complaint, personal jurisdiction is indeed required in any *contested* action under the Uniform Foreign Country Money Judgments Act. *See AlbaniaBEG Ambient Sh.p.k. v. Enel S.p.A.*, 160 A.D.3d 93, 108 (1st Dept. 2018). Plaintiffs are also wrong that Sberbank cannot invoke the Due Process Clause: Even though it is a "foreign state" within the meaning of the FSIA, Sberbank – like any state-owned enterprise – also remains a "person" within the meaning of the Due Process Clause. *See Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 49 (2d Cir. 2021).

Here, the First Amended Complaint does not allege specific personal jurisdiction under either CPLR 302(a) (New York's long-arm statute) or the Due Process Clause, because neither this recognition action nor the underlying breach of contract claims have any connection to Sberbank's alleged jurisdictional contacts. *See Daou v. BLC Bank*, S.A.L., 42 F.4th 120, 130 (2d Cir. 2022). Although Plaintiffs claim that their (phony) agreement includes a New York choice-of-law clause, that does not establish jurisdiction even if one takes that clause at face value.

Lastly, neither *in rem* nor *quasi in rem* jurisdiction supplies an alternative to *in personam* jurisdiction, because: (i) this action does not seek to determine rights in property; (ii) Plaintiffs have neither identified nor *actually attached* any property of the Sberbank Defendants in New York as required by Rule 4(n)(2); and (iii) Plaintiffs' resort to *quasi in rem* jurisdiction self-negates






their assertion of subject matter jurisdiction, because original subject matter jurisdiction under the FSIA attaches only to actions *in personam*. 28 U.S.C. § 1330(a); *see also Geveke & Co. Int'l v. Kompania Di Awa I Elektrisidat Di Korsou N.V.*, 482 F. Supp. 660, 664 (S.D.N.Y. 1979).

***Rule 12(b)(3): Improper Venue***

None of the FSIA's venue rules are satisfied here. First, none of the events giving rise to the claim occurred in the Southern District, and there is no property within the district that is the subject of the action. 28 U.S.C. § 1391(f)(1). Second, this is not a suit in admiralty. 28 U.S.C. § 1391(f)(2). Third, Sberbank is not licensed to do business in New York – and neither is Sberbank CIB, even assuming arguendo that its licensure status may be imputed to Sberbank, which it cannot. 28 U.S.C. § 1391(f)(3). Fourth, this is not the district court for the District of Columbia – and even if it were, venue would still be improper because, as an "agency or instrumentality" under the FSIA, Sberbank falls outside the scope of 28 U.S.C. § 1391(f)(4).

***Rule 12(b)(5): Insufficient Service of Process Under Rule 4 and the FSIA***

Although Plaintiffs successfully brought an *ex parte* application on May 7, 2024 asking the Court to authorize alternative service of process by email under Rule 4(f), they concealed the actual provisions governing service on foreign states from the Court: Rule 4(j) and 28 U.S.C. § 1608. As such, the Court's subsequent order of June 6, 2024 (ECF No. 17) did not authorize substitute service by email under 28 U.S.C. § 1608, and Plaintiffs' service therefore fails. More importantly, the Court *could not* authorize such service, because 28 U.S.C. § 1608(b)(3)(C) requires court-ordered alternative service to remain "consistent with the law of the place where service is to be made," and Russian law prohibits service by email. *See New England Merchants Nat. Bank v. Iran Power Generation & Transmission Co.*, 495 F. Supp. 73, 78-79 (S.D.N.Y. 1980). And even under Rule 4(f)(3), the Sberbank Defendants respectfully submit that the Court exceeded its discretion, because email service is likewise "prohibited by international agreement." *See Kadmon Corp., LLC v. Ltd. Liab. Co. Oncon*, No. 22-CV-5271, 2023 WL 2346340, at *4 (S.D.N.Y. Mar. 3, 2023).

***Rule 12(b)(6): Defenses Appearing on the Face of the Complaint***

Finally, the Uniform Act sets forth three mandatory and nine non-mandatory grounds for non-recognition of a foreign money judgment, which – together with documents integral to the complaint and subject to judicial notice – are apparent on the face of the First Amended Complaint.

First, under current martial law, the Ukrainian courts do not afford impartial tribunals or due process to Russian defendants, mandating non-recognition under CPLR 5304(a)(1). Rather, Ukrainian laws, rules, and regulations prevent Ukrainian lawyers from defending Russian nationals, strip Russian nationals of access to notarial services (which is a crippling debilitation in civil law jurisdictions such as Ukraine), abrogate Russian sovereign immunity in all cases, and authorize *compulsory* seizure of certain Russian state and private property. *See, e.g.*, the Resolution of the Cabinet of Ministers of Ukraine Nos. 164 and 187; Law of Ukraine "On the Basic Principles of Compulsory Seizure in Ukraine of Property Rights of the Russian Federation and its Residents." The Court is therefore required to deny recognition of the judgment.




Second, the absence of both proper service and sufficient jurisdictional contacts deprived the Ukrainian Court of personal jurisdiction over the Sberbank Defendants under New York law (which supplies the standard), mandating non-recognition under CPLR 5304(a(2). *See CIBC Mellon Tr. Co. v. Mora Hotel Corp. N.V.*, 296 A.D.2d 81, 97 (1st Dept. 2002).

Third, the Ukrainian Court also lacked subject matter jurisdiction to hear Plaintiffs' claims under its own domestic law, specifically Article 76, The Law of Ukraine "On Private International Law" No. 2709-IV (June 23, 2005). This, too, is a mandatory ground for non-recognition under CPLR 5304(a)(3).

Fourth, at least four of the discretionary grounds for non-recognition of a judgment appear on the face of the First Amended Complaint: (i) even assuming service on the Sberbank Defendants in the Ukrainian proceedings was proper (which it was not), service did not provide timely actual notice of the proceedings, *see* CPLR 5304(b)(1); (ii) the judgment's disregard of corporate form is so egregious that it renders the judgment repugnant to public policy, *see* CPLR 5304(b)(3); (iii) *Bilalov I* precluded litigation of Plaintiffs' claims in the Ukraine Court and bars the recognition action as well; and (iv) Plaintiffs' lawsuit in Ukraine lacked due process. *See* CPLR 5304(b)(8).

***Proposed Motion Procedure***

The Sberbank Defendants propose to make three simultaneous motions to dismiss in which both defendants will join: (i) a motion under Rule 12(b)(1) addressing lack of subject matter jurisdiction; (ii) a motion under Rules 12(b)(2), (3), and (5) addressing lack of personal jurisdiction, improper venue, and improper service of process; and (iii) a motion under Rule 12(b)(6) for failure to state a claim directed at those grounds for non-recognition of the judgment. By presenting three joint motions, the Sberbank Defendants expect to be able to fully brief each Rule 12(b) defense within the page limits of Individual Rule III.D, though the Sberbank Defendants respectfully reserve the right to seek an additional extension of the page limits.

The Sberbank Defendants further propose that the motions and all papers in support be filed on or before August 12, 2024, which is the date on which the Sberbank Defendants would have been required to respond to the First Amended Complaint under the FSIA had Plaintiffs properly served it. (*See* ECF No. 30). Thereafter, opposition papers would be due on or before October 11, 2024 (i.e. sixty days to respond to the moving papers) and any reply papers would be due on or before November 25, 2024 (i.e. an additional forty-five days). The Sberbank Defendants proposed this procedure and schedule to Plaintiffs' counsel by separate email on July 10, 2024, requesting a response on or before July 12. Plaintiffs did not respond.

Defendants do not consent to any further amendment of the First Amended Complaint and will oppose any application seeking leave to further amend on grounds of futility. Defendants do not waive, and expressly reserve, all other defenses, objections, rights, and remedies.






Respectfully submitted,

Wilk Auslander LLP

*/s/Jay S. Auslander*

Jay S. Auslander
Natalie Shkolnik
Aari Itzkowitz
Michael Van Riper

cc: Counsel of record (by ECF)