# SEIDEN | LAW

July 19, 2024

**VIA ECF AND EMAIL**
Hon. Analisa Torres
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007
Torres_NYSDChambers@nysd.uscourts.gov

Re: *Ismailov et al. v. Hutseriev et al.*, 1:24-cv-03287-AT (S.D.N.Y)

Dear Judge Torres:

We represent plaintiffs Musaib Ismailovych Ismailov ("Ismailov") and Akhmed Hadzhyiovych Bilalov ("Bilalov"; and with Ismailov, "Plaintiffs") in the above-referenced action concerning Plaintiffs' seeking the Court's recognition and enforcement of a 2023 Ukrainian judgment against defendants Public Joint Stock Company "Sberbank of Russia" ("Sberbank"), Mykhailo Safarbekovych Hutseriev, a/k/a Mikail Safarbekovich Gutseriev, a/k/a Mikhail Safarbekovich Gutseriev ("Hutseriev"), and Stanislav Kostiantynovych Kuznetsov ("Kuznetsov"; and collectively with Sberbank and Husteriev, "Defendants"). Pursuant to Rule III.A.ii of Your Honor's Individual Practices, Plaintiffs write to respond to Defendants Sberbank and Kuzentsov's pre-motion letter dated July 15, 2024 (ECF 37; "Defendants' Letter") to dismiss Plaintiffs' First Amended Complaint (ECF 18, "FAC").[1]

## I.   Defendants' Proposed Motion Practice

Defendants maintain that they need three separate motions to set forth their bases for dismissing the FAC. Def. Letter at 5. While this seems extravagant (a total of 90 pages of briefing per Rule III.D of Your Honor's Individual Practices), Plaintiffs do not object. Should the Court permit Defendants to file three separate motions, Plaintiffs request the opportunity to respond to Defendants' motions via an omnibus opposition brief with as many cumulative pages as the Court allows Defendants to use for their multiple motions.

Plaintiffs consent to Defendants' proposed briefing schedule for their motions (Def. Letter at 5) by which: (i) Defendants would file their motions on or before August 12, 2024; (ii) Plaintiffs would file their opposition papers on or before October 11, 2024; and (iii) Defendants would file their reply papers on or before November 25, 2024.[2]

---

[1] Capitalized terms not defined herein have the same meanings as ascribed to them in the FAC. References to "¶" and "Def. Letter" are to paragraphs of the FAC and pages of Defendants' Letter, respectively. All emphasis is added; all internal quotations and citations are omitted.

[2] Defendant Hutseriev is in default. Plaintiffs will move for default judgment against him.

---

322 Eighth Avenue, Suite 1200, New York, NY 10001 USA | +1.212.523.0686 | www.seidenlaw.com

## II.     The Court Has Subject Matter Jurisdiction Pursuant To The FSIA

To establish subject matter jurisdiction under 28 U.S.C. §§ 1602, *et seq.* ("FSIA") and specifically under 28 U.S.C. § 1605(a)(3) ("Expropriation Exception"), a plaintiff must show that: "(1) rights in property are in issue; (2) that the property was taken; (3) that the taking was in violation of international law; and (4) that one of the two nexus requirements is satisfied." *Rukoro v. Fed. Republic of Germany*, 976 F.3d 218, 224 (2d Cir. 2020). As to the nexus requirement, a plaintiff may show that "such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity." *Id.*

The FAC makes this showing. Plaintiff Ismailov had lawful ownership rights in Open Joint Stock Company Krasnaya Polyana ("Company"). ¶¶2, 6, 61-92. Defendants, including Sberbank, took those rights from Ismailov by taking control of the Company while failing to pay Ismailov the money owed to him under the Sales Agreement. ¶¶2, 86-91. This taking was in violation of international law because Sberbank is an instrumentality of Russia and took the property from Ismailov, a Ukrainian citizen. ¶¶6, 41-42. Nexus is shown because Sberbank owned or operated the Company, and Sberbank is engaged in commercial activity. ¶¶11-29, 42, 90-91.

Defendants raise numerous, meritless challenges to the FAC's showing of the Court's subject matter jurisdiction. Defendants suggest that Plaintiffs are precluded from invoking the Expropriation Exception under *Bilalov v. Gref*, 2022 WL 4225968 (S.D.N.Y. Sept. 13, 2022) ("*Bilalov I*"). Def. Letter at 1-2. In *Bilalov I*, Your Honor ruled that the Expropriation Exception did not apply, as the complaint there concerned a "domestic taking" – one between Bilalov, a Russian citizen, and Sberbank, a Russian instrumentality. *Id.* at *7. Here, Ismailov is a Ukrainian citizen, and his property was taken by a Russian instrumentality. ¶¶6, 30-43, 86-91, 121-37. Moreover, the Ukrainian Judgment central here was not even issued at the time of *Bilalov I*.

Defendants also maintain that Ismailov's right to payment for his ownership in the Company does not confer subject matter jurisdiction. Def. Letter at 3. Not so; **"rights to payment" under a contract are "rights to property under the FSIA."** *Smith Rocke Ltd. v. Republica Bolivariana de Venezuela*, 2014 WL 288705, at *5 (S.D.N.Y. Jan. 27, 2014) (rejecting Defendants' position on this issue; Expropriation Exception applies to intangible property).

Defendants additionally assert that the Expropriation Exception does not apply because Sberbank is purportedly a private actor, not a foreign state. Def. Letter at 3. But the FAC establishes its prima facie jurisdictional showing otherwise. ¶¶11-29. *See J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (on a 12(b)(1) motion, a court "must accept as true all material factual allegations in the complaint"). Moreover, Defendants concede that Sberbank *is* an instrumentality of a "foreign state" under 28 U.S.C. § 1603(a). Def. Letter at 2; ¶¶11-29.

Defendants also maintain that the FAC does not allege that Defendants' taking violated international law. Def. Letter at 3. However, Defendants' own authority disproves this. *See Beierwaltes v. L'Office Federale De La Culture De La Confederation Suisse*, 999 F.3d 808, 821 (2d Cir. 2021) (colorable taking includes the "nationalization[s] or expropriation[s] of property without payment of ... prompt[,] adequate[,] and effective compensation").

### III. The Court Has Personal Jurisdiction Over Defendants

Under the FSIA, personal jurisdiction exists "***whenever subject matter jurisdiction exists under subsection (a) [of 28 U.S.C. § 1330] and service of process has been made under 28 U.S.C. § 1608[]***." *Cargill Int'l S.A. v. M/T Pavel Dybenko*, 991 F.2d 1012, 1016 (2d Cir. 1993). In other words, "***subject matter jurisdiction plus service of process equals personal jurisdiction***." *Servaas Inc. v. Republic of Iraq*, 653 F. App'x 22, 24 (2d Cir. 2011).

The Court has personal jurisdiction over Sberbank because the Court has subject matter jurisdiction pursuant to the Expropriation Exception (*see supra* Section II), and Sberbank was properly served in accordance with the Court's June 6, 2024 order granting Plaintiffs' motion for alternative service. ECF 17 ("June 2024 Order"), ECF 28-30; *see infra* Section V.

Defendants maintain that personal jurisdiction for Sberbank is required under New York's Uniform Foreign Country Money Judgments Act. Def. Letter at 3. This is academic; the Court *has* personal jurisdiction over Sberbank under the Expropriation Exception. *See Servaas*, 653 F. App'x at 24 (that subject matter jurisdiction existed conferred personal jurisdiction in action under Uniform Foreign Country Money Judgments Act).

Defendants' assertion that Plaintiffs must independently establish that the Court has personal jurisdiction over Sberbank fails. *See Abu Dhabi Com. Bank PJSC v. Saad Trading, Contracting & Fin. Servs. Co.*, 117 A.D.3d 609, 611 (1st Dept. 2014) ("a party seeking recognition in New York of a foreign money judgment … need not establish a basis for the exercise of personal jurisdiction over the judgment debtor by the New York courts, because [n]o such requirement can be found in the CPLR, and none inheres in the Due Process Clause of the United States Constitution"). Needless to say, Defendants are subject to jurisdiction in New York pursuant to CPLR 302(a)(3)(i). Defendants' Due Process assertion is unavailing; Russia's excessive control over Sberbank renders Sberbank an alter ego of Russia. *See Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 401 (2d Cir. 2009) (instrumentality of foreign state lacks Due Process rights). Additionally, Sberbank's contacts with the forum are such that the Court's jurisdiction over Sberbank comports with Due Process.

The Parties' dispute over specific jurisdictional facts that Plaintiffs may rely on to verify the application of the Expropriation Exception lays the basis for jurisdictional discovery and an evidentiary hearing. *See First City, Texas-Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 176 (2d Cir. 1998) (jurisdictional discovery is appropriate so plaintiff may "verify allegations of specific facts crucial to an immunity determination"). Plaintiffs intend to file such a motion. ECF 39 at 1.

### IV. Venue Is Proper In The Southern District Of New York

A civil action against a foreign state or its instrumentalities may be brought "in any judicial district in which the agency or instrumentality [of a foreign state] is licensed to do business or is doing business …" 28 U.S.C. § 1391(f)(3). Venue is proper in this District because Defendants do business here. ¶¶11-29, 57-58. Venue is also proper because Defendants chose to have this dispute be adjudicated under New York law, rendering this District an appropriate forum for the resolution of this case. ¶59.

**SEIDEN | LAW**

V. **Plaintiffs Properly Effectuated Service Of Process**

Defendants contend that the Court erred in issuing its June 2024 Order granting alternative service and, as such, service on Defendants was purportedly defective. Def. Letter at 4. Not so.

The Court's granting the June 2024 Order was entirely proper. The Court granted Plaintiffs' motion for alternative service based on the Court's broad discretion to do so (ECF 17 at 1), Russia's purposeful obstruction of cooperation with U.S. judicial matters and Hague Convention protocols (*id.* at 1-2), and that email-service on Defendants comported with Due Process and did not violate an international agreement. *Id.* at 2. Defendants' assertion that Russia supposedly prohibits service by email is rebutted by the Court's correct conclusion that no such explicit prohibition exists, as numerous courts have held. *See id.* at 2; ECF 14 at 2 (citing authorities ordering alternative service by email on Russian defendants). Moreover, the Court's June 2024 Order effectuated Rule 4(f)'s purpose of permitting Plaintiffs to serve Defendants based on "means of service" that are "reasonably calculated to give notice," (FRCP 4(f)(1)), as, ***less than three weeks after having been served***, Defendants appeared in this case (ECF 33-36), and, within a month, Defendants initiated motions to dismiss this case. Even Defendant Husteriev, who has not appeared and is in default, is, according to Sberbank and Kuznetsov's counsel, on notice of this case as a result of Plaintiffs' service pursuant to the Court's June 2024 Order.

VI. **Defendants' Remaining Defenses Are Unavailing**

Defendants' 12(b)(6) assertion that the Court should not enforce the Ukrainian Judgment because the Ukrainian judicial system is purportedly unfair to Russian parties (Def. Letter at 4) is contradicted by the FAC's specific allegations (¶¶93-120), which the Court should accept as true. Same as to Defendants' assertions that the Ukrainian Court lacked personal and subject matter jurisdiction and improperly served Defendants. Def. Letter at 4; *but see* ¶¶98-99, 104-09. That Defendants resort to attacking the Ukrainian Judgement as a "crude forgery" (Def. Letter at 1) notwithstanding Plaintiffs' submitted documentary evidence (ECF 18-2, 18-3, 18-5), demonstrates the meritlessness of Defendants' legal positions.

Respectfully submitted,

 */s/ Jake Nachmani*
**SEIDEN LAW LLP**
Jake Nachmani
MarcAnthony Bonanno
322 Eighth Avenue, Suite 1200
New York, NY 10001
jnachmani@seidenlaw.com
mbonanno@seidenlaw.com
(646) 766-1723
*Attorneys for Plaintiffs*

cc: All counsel of record (via ECF)