# SEIDEN | LAW

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/28/2024
```

August 27, 2024

**VIA ECF AND EMAIL**
Hon. Analisa Torres
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007
Torres_NYSDChambers@nysd.uscourts.gov

**Re:** *Ismailov et al. v. Hutseriev et al.*, 1:24-cv-03287-AT (S.D.N.Y)

Dear Judge Torres:

      We represent Plaintiffs in the above-referenced judgment enforcement action against Defendants Sberbank, Hutseriev, and Kuznetsov. Plaintiffs write in connection with the Court's orders dated July 31, 2024 (ECF 41, "July Order") and August 21, 2024 (ECF 55, "August Order"), and pursuant to Rules I.B-C of Your Honors' Individual Practices to request an extension of time to move for a default judgment against Defendant Hutseriev.

      Plaintiffs seek this extension to conserve the Court's and the parties' resources based on the representations of Sberbank and Kuznetsov's counsel, Wilk Auslander LLP ("Wilk Auslander") that were made to Plaintiffs *after* Plaintiffs had already filed their August 19, 2024 Letter Motion (ECF 54). Specifically, on August 20, 2024, Wilk Auslander affirmed that Hutseriev did not intend to default, that it expected to be representing him, and that it was finalizing its engagement with him. Wilk Auslander's August 20th statements are consistent with the firm's prior statements about Hutseriev. On July 3, 2024, Wilk Auslander stated to Plaintiffs that Hutseriev "does not intend to default," that it would likely be representing him but had not "finalized the terms of that engagement," and, on Hutseriev's behalf, that he "does not waive, and expressly reserves, all other defenses, objections, rights, and remedies." On July 31, 2024, and in connection with the Court's July Order, Wilk Auslander repeated this sentiment, stating that it was "reasonably confident" that Hutseriev "intends to appear and not to default."

      Plaintiffs seek this extension also because, immediately after the Court issued its August Order, the parties' future motion practice changed materially. On August 21, 2024, within minutes of the Court's August Order, Defendants informed Plaintiffs that, subject to Plaintiffs' refusal to, *inter alia*, withdraw the First Amended Complaint and voluntarily dismiss this action, Defendants would be filing a motion for sanctions pursuant to FRCP Rule 11. The preparation of Plaintiffs' oppositions to Defendants' motion to dismiss and to Defendants' anticipated motion for sanctions would both substantially overlap with the filing of Plaintiffs' motion for default judgment against Hutseriev. That Hutseriev's anticipated appearance may moot Plaintiffs' motion for default judgment underscores the significant waste of Plaintiffs' resources that would be caused by Plaintiffs' preparing their papers for all three motions at this critical juncture in the litigation.[1]

---

[1] Plaintiffs believe that Defendants' Rule 11 Motion is frivolous; Plaintiffs reserve all rights to respond to it by the September 12, 2024 deadline that Defendants set in their Rule 11(c)(2) letter.

**SEIDEN | LAW**

    Plaintiffs set forth the following pursuant to Rule I.C. of Your Honor's Individual Practices: (i) the original date to move for default judgment was August 20, 2024; (ii) this is Plaintiffs' second request for an extension; (iii) on August 21, 2024 the Court granted Plaintiffs' first request for an extension, extending Plaintiffs' deadline to move for default judgment to September 9, 2024, which remains the current deadline; and (iv) because Hutseriev has not yet appeared (or responded to any of our prior communications), Plaintiffs are unable to obtain Defendant Hutseriev's consent for this extension.

    For all the reasons set forth herein, Plaintiffs respectfully request a **sixty (60) day** extension of time to file their motion for default judgment against Defendant Hutseriev. Accordingly, the new deadline for Plaintiffs to file their motion for default judgment would be **November 8, 2024**. Presumably, within that time, Wilk Auslander will have finalized the terms of its representation of Hutseriev, mooting the need for an otherwise unnecessary motion for default judgment and avoiding the unnecessary waste of critical resources that would be expended while Plaintiffs are simultaneously briefing two other motions.

    We thank the Court for its consideration of these matters.

GRANTED.

SO ORDERED.

Dated: August 28, 2024
       New York, New York

                                            ANALISA TORRES
                                      United States District Judge