# SEIDEN | LAW

September 11, 2024

**VIA ECF AND EMAIL**
Hon. Analisa Torres
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007
Torres_NYSDChambers@nysd.uscourts.gov

Re: <i>Ismailov et al. v. Hutseriev et al.</i>, 1:24-cv-03287-AT (S.D.N.Y)

Dear Judge Torres:

Pursuant to Rules I.A-C of Your Honor's Individual Practices, we write on behalf of Plaintiffs to bring to the Court's attention a material issue concerning the briefing of various motions that Defendants have filed and are expected to file in the immediate future. Plaintiffs bring this issue to the Court's attention only after having regrettably reached an impasse with Defendants during meet and confers related to these motions.

## I.     **Defendants' Motion Practice**

In the coming days, Defendants will have filed no less than three motions: (i) the Sberbank Defendants' motion to dismiss (ECF 50-53, "Sberbank Motion to Dismiss"); (ii) a motion to dismiss on behalf of the newly-appearing Defendant Hutseriev ("Hutseriev Motion to Dismiss"); and (iii) an FRCP Rule 11 motion on behalf of the Sberbank Defendants ("Sanctions Motion"; and collectively, "Defendants' Motions"). Plaintiffs have inquired as to whether Defendant Hutseriev intends to file his own motion for sanctions, to which Defendants' counsel has refused to provide notice, suggesting that this fourth motion may very well be in the works.

Defendants' Motions are substantively identical. All concern the identical set of facts – the FAC's allegations and the underlying Ukrainian Judgment. All concern overlapping, if not identical, issues of law and legal arguments. For example, the Sberbank Motion to Dismiss and the Hutseriev Motion to Dismiss both seek dismissal for the following same purported reasons: (i) that the FAC fails to allege subject matter jurisdiction under 28 U.S.C. §§ 1602, *et seq.* ("FSIA") and specifically under 28 U.S.C. § 1605(a)(3); (ii) that without subject matter jurisdiction under the FSIA, the FAC's basis for personal jurisdiction over Defendants must fail (as well as identical arguments under the Uniform Act and quasi in rem jurisdiction); (iii) that the Court erred when it issued its June 27, 2024 Order granting Plaintiffs' motion for alternative service (ECF 32), such that service on Defendants was defective; (iv) that the S.D.N.Y. is an improper venue for this action; and (v) various identical arguments about why this Court should not enforce the underlying Ukrainian Judgment as a result of the supposed partiality of the Ukrainian judicial system and the unfairness of the Ukrainian Court's adjudication of the Judgment. The Sberbank Defendants' Sanctions Motion attacks the FAC for all of these reasons. Defendants' Motions all seek the same relief: to terminate this matter by disposing of the FAC.

**SEIDEN | LAW**

## II.     The Parties' Dueling Briefing Schedules

During meet and confers in connection with Defendants' Motions, Defendants proposed the following briefing schedule ("Defendants' Proposed Schedule"):

- <u>August 12, 2024</u>: Sberbank Defendants' Motion to Dismiss;

- <u>September 16, 2024</u>: Sberbank Defendants' Sanctions Motion;

- <u>September 30, 2024</u>: Plaintiffs' Opposition to the Sberbank Defendants' Sanctions Motion;

- <u>October 11, 2024</u>: Plaintiffs' Opposition to the Sberbank Defendants' Motion to Dismiss;

- <u>October 18, 2024</u>: Hutseriev's Motion to Dismiss;

- <u>October 21, 2024</u>: Sberbank Defendants' Reply to their Sanctions Motion;

- <u>November 25, 2024</u>: Sberbank Defendants' Reply to their Motion to Dismiss;

- <u>December 3, 2024</u>: Plaintiffs' Opposition to Hutseriev's Motion to Dismiss; and

- <u>January 17, 2025</u>: Hutseriev's Reply to his Motion to Dismiss.

Defendants' Proposed Schedule is entirely inefficient. As set forth in Section I *supra*, Defendants' Motions concern the same facts, law, arguments and seek the same relief. Requiring Plaintiffs to submit multiple opposition briefs gives rise to massive, unnecessary costs. Asking the Court to rule on three separately-filed but substantively-identical motions seems unnecessarily cumbersome and staggered. All together, this can be adjudicated in a far more streamlined, consolidated manner.

Defendants' Proposed Schedule is also prejudicial to Plaintiffs. In July 2024, Plaintiffs indicated that Defendants wanted no less than three bites at the apple for dismissing the FAC when, as Plaintiffs set forth, Defendants could do so in a single motion. ECF 40 at 1. And to that effect, the Court agreed with Plaintiffs, ordering the Sberbank Defendants to file a single, consolidated motion to dismiss. ECF 41. With Defendant Hutseriev's belated appearance and his anticipated motion to dismiss (ECF 58-61), as well as with the Sberbank Defendants' Sanctions Motion, Defendants yet again seek to achieve this three-bite opportunity (and maybe even four chances, given the possibility that Hutseriev may file a motion for sanctions). Moreover and because of the substantive overlap in facts and law across Defendants' Motions, by Defendants' Proposed Schedule, with each opposition brief Plaintiffs file, Defendants will have three chances to respond.

**SEIDEN | LAW**

To promote efficiency and to avoid this unnecessary prejudice, Plaintiffs proposed the following briefing schedule for Defendants' Motions ("Plaintiffs' Proposed Schedule"):

- <u>October 18, 2024</u>: Sberbank Defendants' Sanctions Motion and Hutseriev's Motion to Dismiss;

- <u>November 19, 2024</u>: Plaintiffs' Consolidated Opposition to: (i) Sberbank Defendants' Motion to Dismiss; (ii) Sberbank Defendants' Sanctions Motion; and (iii) Hutseriev's Motion to Dismiss; and

- <u>December 10, 2024</u>: Defendants' Consolidated Reply to: (i) Sberbank Defendants' Motion to Dismiss; (ii) Sberbank Defendants' Sanctions Motion; and (iii) Hutseriev's Motion to Dismiss.

Defendants rejected this schedule. The Parties could not reach an agreement as to a briefing schedule, causing Plaintiffs to regrettably have to bring this issue to the Court's attention.[1]

Because Plaintiffs' Proposed Schedule extends Plaintiffs' date to oppose the Sberbank Defendants' Motion to Dismiss, pursuant to Rule I.C. of Your Honor's Individual Practices, Plaintiffs set forth that: (i) the original date for Plaintiffs to oppose the Sberbank Defendants' Motion to Dismiss is October 12, 2024; (ii) the new date would be November 19, 2024; (iii) Plaintiffs have never requested an extension of time as to the Sberbank Defendants' Motion to Dismiss; and (iv) Defendants did not consent to this extension on the basis that "[T]here are three separate motions here. The briefing schedule for Sberbank's motion to dismiss is already set."

For the reasons set forth herein, Plaintiffs request that the Court set a briefing schedule for Defendants' Motions in accordance with Plaintiffs' Proposed Briefing Schedule.

Respectfully submitted,

 */s/ Jake Nachmani*
**SEIDEN LAW LLP**
Jake Nachmani
MarcAnthony Bonanno
322 Eighth Avenue, Suite 1200
New York, NY 10001
jnachmani@seidenlaw.com
mbonanno@seidenlaw.com
(646) 766-1723
*Attorneys for Plaintiffs*

cc: All counsel of record (via ECF)

---

[1] That Defendant Hutseriev may bring a motion for sanctions, which would have to be based on the same grounds as Defendants' Motions, underscores the appropriateness of Plaintiffs' schedule. In their response letter, Defendants may assert that Plaintiffs have somehow failed to comply with Rule III.B.ii of Your Honor's Individual Practices. Not so. Defendants informed Plaintiffs of Hutseriev's Motion to Dismiss on August 30, 2024, setting forth their desired briefing schedule; Plaintiffs responded in writing in five business days, in compliance with Rule III.B.ii.