

*Jay S. Auslander*
*Partner*
*212.981.2338*
*jauslander@wilkauslander.com*

September 13, 2024

**VIA ECF AND E-MAIL**

Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007
Torres_NYSDChambers@nysd.uscourts.gov.

    Re:    *Ismailov, et al. v. Hutseriev, et al.*, No. 24-cv-03287 (AT) (S.D.N.Y.)

Dear Judge Torres:

    We represent Defendant Mykhailo Safarbekovych Hutseriev in the above-titled action, in which Plaintiffs seek recognition of a foreign money judgment under Article 53 of the CPLR, New York's Uniform Foreign Country Money Judgments Recognition Act (the "Uniform Act").

    In accordance with Rule III.A.ii of Your Honor's Individual Practices in Civil Cases (the "Individual Rules"), Hutseriev respectfully submits the following letter "setting forth the basis for" his anticipated motion to dismiss the First Amended Complaint of Plaintiffs Musaib Ismailovych Ismailov and Akhmed Hadzhyiovych Bilalov under Rules 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules").

    Defendant Hutseriev has complied with Individual Rule III.B, having transmitted his first premotion letter to Plaintiffs via email on August 30, 2024. Counsel for Plaintiffs and Hutseriev subsequently held a meet-and-confer session on September 9, 2024 to discuss vacatur of the Clerk's default entered against Hutseriev on August 2, 2024 (*see* ECF No. 47) and a briefing schedule for Hutseriev's anticipated motion to dismiss. The parties did not reach accord on a briefing schedule, as detailed more fully in Plaintiffs' letter motion of September 11, 2024 (ECF No. 63) and Hutseriev's September 13, 2024 opposition to that letter motion. (ECF No. 64). On September 13, 2024, the Court vacated the Clerk's default in accordance with the stipulation of the parties. (ECF No. 66).

### *Background and Key Allegations of First Amended Complaint*

    Defendant Hutseriev joins in the recitation of the background facts and allegations set forth by Defendants PJSC Sberbank of Russia ("Sberbank") and Stanislav Kostiantynovych Kuznetsov (collectively, with Sberbank, the "Sberbank Defendants") in their own premotion letter of July 15,

2024. (ECF No. 37). Briefly restated, Plaintiffs seek to recognize a default judgment entered by a Ukrainian court – the Skvyra District Court of Kyiv Region – in May 2023 for breach of a March 2013 Sales Agreement for the sale of the shares of a Russian company, OJSC Krasnaya Polyana, at that time the owner of real estate in Sochi, Russia. (*See* First Am. Compl. ¶¶ 61-64, 90-95, and Ex. A, ECF No. 18).

According to Plaintiffs, Hutseriev was liable for breach of that alleged Sales Agreement (*id*. ¶¶ 90-91) – even though, on its face, neither Plaintiffs nor Hutseriev are party to it. (First Am. Compl.*,* Ex. A at 1). Rather, under the putative Sales Agreement, Zeeland Development Corporation sold its 817 shares of Krasnaya Polyana to the BIN Group of Companies ("BIN Group"), which were "*represented* by co-owner [Hutseriev]." (*Id*.) (emphasis added). The Ukrainian court nevertheless held Hutseriev directly liable for BIN Group's alleged failure to pay the $200,000,000 purchase price under that Agreement. (First Am. Compl. ¶ 95).

Fundamentally, that judgment is illegitimate because the Sales Agreement is illegitimate, a forgery created by Plaintiffs to avoid Plaintiff Bilalov's looming defeat in an action then pending before this Court, *Bilalov v. Gref*, No. 20-cv-09153 (AT) ("*Bilalov I*"). Yet the Court need not reach that question because the Court lacks personal and subject matter jurisdiction and because the Uniform Act forecloses recognition of the Ukrainian judgment.

### *Rule 12(b)(1): No Subject-Matter Jurisdiction*

Although, like the Sberbank Defendants, Hutseriev moves to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), he does not claim sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA"). Sberbank's immunity under the FSIA nevertheless casts a long shadow in this case. That is because Plaintiffs' claims against Sberbank provide the only remotely plausible basis for *original* subject matter jurisdiction under 28 U.S.C. § 1330 and therefore the only basis for *supplemental* jurisdiction over Hutseriev under 28 U.S.C. § 1367.

Diversity jurisdiction cannot exist over Plaintiffs' claims against Hutseriev because all parties to this case are aliens. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 127-28 (2d Cir. 2020). That is why Plaintiffs struck their previous, meritless assertion of diversity jurisdiction over both the subject matter and – inexplicably – Hutseriev's person. (*See* Suppl. Redline Am. Compl. 11, ECF No. 18-1) ("~~With respect to defendants Hutseriev and Kuznetsov, this Court has subject-matter and personal jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, and complete diversity of citizenship exists between the parties.~~"). Federal question jurisdiction under 28 U.S.C. § 1331 cannot exist over Plaintiffs' claims against Hutseriev either, because Plaintiffs bring those claims exclusively under state law, i.e., the Uniform Act and a common law claim for unjust enrichment seeking to recapture any benefit that may have accrued to defendants due to fluctuating exchange rates. (First Am. Compl. 29-33).

That leaves supplemental jurisdiction under 28 U.S.C. § 1367. Indeed, the First Amended Complaint dedicates several paragraphs to an analysis of supplemental jurisdiction, with particular emphasis on whether Plaintiffs' claims against Hutseriev arise from the same "common nucleus of operative fact" as their claims against the Sberbank Defendants. (*Id*. ¶¶ 44-50). Plaintiffs assert that they do, and therefore argue that – having established original subject matter jurisdiction over their claims against Sberbank under the FSIA – they may invoke supplemental jurisdiction over

Hutseriev. (*Id*. ¶ 50). The intractable problem for Plaintiffs, however, is that they do not and *cannot* establish original subject matter jurisdiction under the FSIA, because Sberbank remains immune to their claims, the expropriation exception notwithstanding.

### *Rule 12(b)(2): No Jurisdiction Exists Either* in Personam *or* Quasi In Rem

Hutseriev joins the Sberbank Defendants' objection to personal and *quasi in rem* jurisdiction. Plaintiffs' contention that the Court need not maintain personal jurisdiction in an action to recognize a judgment (*id*. ¶ 47) is flatly incorrect, and indeed the very authorities they rely on for that proposition, including *AlbaniaBEG Ambient Sh.p.k. v. Enel S.p.A.*, 160 A.D.3d 93, 108 (1st Dept. 2018), instead make clear that the court must have personal jurisdiction over the judgment debtor in any contested action under the Uniform Act.

No basis exists for long-arm or specific jurisdiction because the underlying suit in Ukraine and the underlying dispute among the parties has no transactional connection to New York, or indeed the United States more broadly. Plaintiffs sue on a default judgment obtained in Ukraine against Russian defendants based upon the supposed breach of a purchase agreement for the shares of a Russian company (Krasnaya Polyana) by a British Virgin Islands company (Zeeland) owned by a Ukrainian (Ismailov) and a Russian (Bilalov), to another Russian company (BIN Group) allegedly backed by a Russian state-owned bank (Sberbank), both represented in that agreement by two other Russian nationals (Hutseriev and Kuznetsov). The only reference to New York is set forth in a supposed forum selection clause in the Sales Agreement (First Am. Compl., Ex. A ¶ 5), but that provision is actually a mere choice of law clause, and – in any event – does not bind Hutseriev, who is alleged to have signed the Sales Agreement solely in his representative capacity. *Quasi in rem* jurisdiction, moreover, does not supply an alternative basis for jurisdiction, because Plaintiffs have neither identified nor attached any property of Hutseriev within New York. Fed. R. Civ. P. 4(n)(2).

### *Rule 12(b)(3): Improper Venue*

Hutseriev cannot avail himself of the venue provision of the FSIA, unlike the Sberbank Defendants. Plaintiffs nevertheless cannot site venue in the Southern District of New York even under the general venue provision of 28 U.S.C. 1391(b), because: (i) no defendant resides in the Southern District; (ii) no "substantial part of the events or omissions giving rise to the claim occurred" in New York – more precisely, *no part whatsoever* of the underlying events occurred in New York; and (iii) Hutseriev is not subject to personal jurisdiction in New York.

### *Rule 12(b)(5): Insufficient Service of Process Under Rule 4(f)*

Similarly, unlike the Sberbank Defendants, Hutseriev does not invoke the FSIA's special rules governing service of process on foreign states. Nevertheless, service upon Hutseriev was insufficient, even though Plaintiffs successfully applied to this Court *ex parte* for an order authorizing alternative service on Hutseriev by email under Rule 4(f). (*See* ECF Nos. 14, 17). Rule 4(f)(3) permits court-ordered service on parties outside the United States by "other means" only if those means are "not prohibited by international agreement." Plaintiffs' *ex parte* application, however, ignored that the 1968 Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters does not permit service by email, and



Hon. Analisa Torres
September 13, 2024
Page 4

that – even if it did – the Russian Federation long ago objected to service by mail under Article 10 of the Convention.  *See Kadmon Corp., LLC v. Ltd. Liab. Co. Oncon*, No. 22-cv-5271, 2023 WL 2346340, at *4-5 (S.D.N.Y. Mar. 3, 2023). As such, "international agreement" indeed prohibits service on Hutseriev by email.

### *Rule 12(b)(6): Defenses Appearing on the Face of the Complaint*

Finally, all three of the mandatory grounds for non-recognition under the Uniform Act foreclose recognition of the Ukrainian judgment. And all are apparent on the face of the First Amended Complaint, thus making each the proper subject of a facial challenge under Rule 12(b) when read alongside judicially noticeable foreign law. *See* CPLR 5304.

Ukraine is currently under martial law, and under those present conditions it does not afford impartial tribunals or due process to Russian defendants. *Cf.* CPLR 5304(a)(1). Rather, currently effective Ukrainian law and regulations sanction Ukrainian nationals – such as lawyers and civil law notaries – who provide services to Russian nationals. *See, e.g.*, Resolution of the Cabinet of Ministers of Ukraine Nos. 164 and 187. The impetus behind these provisions of martial law is beside the point; the point is that CPLR 5304(a)(1) forecloses Plaintiffs' cynical reliance on those provisions to launder their claims into a judgment against Hutseriev. To the contrary, the Uniform Act requires the Court to deny recognition of that judgment.

Furthermore, the only method of service of process employed by Plaintiffs in the Ukrainian action was the delivery of initial papers by court staff to Hutseriev at a gmail address Plaintiffs claim to have found on the internet, followed by publication of the statement of claim on the Ukrainian court's website. CPLR 5304(a)(2) therefore forecloses recognition of the default judgment, because – in the absence of service confirming to New York's notions of due process – the Ukrainian court lacked personal jurisdiction over Hutseriev. *See John Galliano, S.A. v. Stallion, Inc.*, 15 N.Y.3d 75, 80-81 (2010) ("[I]f recognition of a foreign money judgment were sought in New York and the defendant had received no meaningful notice of the foreign proceeding, that lack of notice would serve as a legitimate basis for not enforcing the judgment in our state . . . .")

Lastly, because the Ukrainian Court lacked subject matter jurisdiction to hear a claim for breach of the Sales Agreement under Article 76 of The Law of Ukraine, the Court may not extend recognition to the judgment under CPLR 5304(a)(3).

### *Proposed Motion Schedule*

Defendant Hutseriev's proposed motion schedule is set forth in his opposition (ECF No. 64) to Plaintiffs' pending September 11, 2024 letter motion to consolidate briefing. Hutseriev respectfully requests that the Court grant leave to proceed with the motion to dismiss in accordance with that schedule.

Hon. Analisa Torres
September 13, 2024
Page 5

                              Respectfully submitted,

                              Wilk Auslander LLP

                              */s/Jay S. Auslander*
                              Jay S. Auslander
                              Natalie Shkolnik
                              David Partida
                              Michael Van Riper

cc:      Counsel of record (by ECF)