# SEIDEN | LAW

September 17, 2024

**VIA ECF AND EMAIL**
Hon. Analisa Torres
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007
Torres_NYSDChambers@nysd.uscourts.gov

                         Re: *Ismailov et al. v. Hutseriev et al.*, 1:24-cv-03287-AT (S.D.N.Y)

Dear Judge Torres:

       We write on behalf of Plaintiffs to make three points in further support of Plaintiffs' Letter Motion to consolidate the briefing schedule for Defendants' Motions, dated September 11, 2024 (ECF 63, "Pl. Letter"), and in reply to Defendants' response letters, dated September 13, 2024 (ECF 64-65, respectively, "Hutseriev Letter" and "Sberbank Letter").[1]

       *First*, as Plaintiffs predicted and as demonstrated by Defendants' recent filings from September 13, 2024 and September 16, 2024, the Sberbank Motion to Dismiss (ECF 52), the Sberbank Sanctions Motion (ECF 69), and the Hutseriev pre-motion letter setting forth Defendant Hutseriev's arguments for his anticipated motion to dismiss (ECF 67) all address identical facts and raise substantively identical legal arguments.[2] Plaintiffs should be able to respond to Defendants' Motions in a consolidated manner, as the denial of any of Defendants' Motions supports, if not warrants, the denial of all of Defendants' Motions.

       *Second*, Plaintiffs' proposed briefing schedule would not deprive Hutseriev of his right to move to dismiss or of his right to a reply. Hutseriev Letter at 3-4. To the extent Hutseriev needs additional pages to articulate an argument or raise facts not already set forth by the Sberbank Defendants, he can readily address those concerns without objection from Plaintiffs.

       And *third*, Plaintiffs are not trying to limit the Sberbank Defendants' time to file their respective replies to their motions or reduce the length of those replies. Sberbank Letter at 1-2.

---

[1] All capitalized terms have the same meaning as ascribed to them in the FAC and Plaintiffs' Letter Motion.

[2] *Compare* ECF 52 at 11-12 (that the Sales Agreement is a purported forgery) *with* ECF 69 at 1, 8, 27-28 (same); *compare* ECF 52 at 15-16, 26-28 (that *Bilalov I* purportedly precludes this action) *with* ECF 69 at 3-6, 13, 19-22 (same); ECF 52 at 21-30 (challenging FSIA subject matter jurisdiction) *with* ECF 69 at 23-25 (same); *compare* ECF 52 at 33-35 (challenging personal jurisdiction) *with* ECF 69 at 26-27 (same); *compare* ECF 52 at 14-15, 37-38 (challenging service in Ukraine) *with* ECF 69 at 11-12, 26 (same); *compare* ECF 52 at 16, 37-39 (challenging the Court's June 6, 2024 Order concerning alternative service (ECF 14)); *with* ECF 69 at 15, 27 (same); *compare* ECF 52 at 14, 39-41(challenging the impartiality of the Ukrainian judicial system) *with* ECF 69 at 6, 10-11 (same). *See also* ECF 67 at 1 (joining the Sberbank Defendants as to their recitation of the "facts" and "allegations"); *id.* at 2 (that the Sales Agreement is a purported forgery and that *Bilalov I* purportedly precludes this action); *id.* (challenging FSIA subject matter jurisdiction); *id.* at 2-4 (challenging personal jurisdiction, venue, service in Ukraine, the Court's June 6, 2024 Order, and the impartiality of the Ukrainian judicial system).

**SEIDEN | LAW**

To that effect, Plaintiffs consent to providing Defendants with as much time and as many pages as the Sberbank Defendants need to file and set forth their respective replies.

    For these reasons, Plaintiffs request that:

- The Court set a briefing schedule in accordance with Plaintiffs' Proposed Schedule (Pl. Letter at 3), subject to providing Defendants with additional time for their replies.

    In the interim, Plaintiffs request that:

- The Court grant Plaintiffs leave to file a consolidated opposition brief of no longer than 45 pages to the Sberbank Motion to Dismiss and the Sberbank Sanctions Motion such that Plaintiffs' opposition briefs to these motions would be due on the same day, October 11, 2024.

    Pursuant to Rule I.C. of Your Honor's Individual Practices, Plaintiffs set forth that: (i) the original date for Plaintiffs to oppose the Sberbank Defendants' Sanctions Motion is September 30, 2024; (ii) the new date would be October 11, 2024; (iii) Plaintiffs have never requested an extension as to the Sberbank Defendants' Sanctions Motion; and (iv) Defendants did not respond to Plaintiffs' request for this extension.

    Should the Court conclude that this scheduling dispute can be efficiently resolved by way of a conference, Plaintiffs will gladly take part, set forth their position, and provide the Court with any additional information the Court may request in connection therewith.

    Respectfully submitted,

    */s/ Jake Nachmani*
**SEIDEN LAW LLP**
Jake Nachmani
MarcAnthony Bonanno
322 Eighth Avenue, Suite 1200
New York, NY 10001
jnachmani@seidenlaw.com
mbonanno@seidenlaw.com
(646) 766-1723
*Attorneys for Plaintiffs*

cc: All counsel of record (via ECF)