EXHIBIT 49



# Electronically Certified Court Record

## (cover page)

This cover page is for informational purposes only and is not a requirement when presenting the **Electronic Certified Document**. Directly below the cover page, at the bottom of page 1, you will find the digital signature bearing the identity and authority of the Clerk. On the left side of each page is a unique code identifying the electronic certification for this document.

---

### DOCUMENT INFORMATION

**Agency Name:**                            Broward County Clerk of Courts
**Clerk of the Circuit Court:**             Honorable Brenda D. Forman
**Date Issued:**                            10/10/2024 2:28:36 PM
**Unique Reference Number:**                CAA-FAA-BCABB-HAJBFBEH-BABEFEH-J
**Case Docket:**                            6/9/2023 - Order Denying - 12 Pages
**Requesting Party Code:**                  500
**Requesting Party Reference:**             A20241010142155801A

---

### HOW TO VERIFY THIS DOCUMENT

This electronically certified Court Record contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and a tamper proof seal indicating whether this document has been tampered with. The second page of this document contains a digital signature indicating the certifier as the Broward County Clerk of Courts. Open this document using Adobe Reader software to verify the digital signature of the author. Visit https://www.browardclerk.org/ecertify to learn more about validating this certified copy.



Unique Code : CAA-FAA-BCABB-HAJBFBEH-BABEFEH-J Page 1 of 12

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. **CACE20013987**   DIVISION: **03**   JUDGE: **Casey, Daniel A. (03)**

**Oksana Shakhova**

Plaintiff(s) / Petitioner(s)

v.

**Sergiy Pugachov**

Defendant(s) / Respondent(s)

_____ /

**ORDER DENYING DEFENDANT'S OBJECTIONS TO VERIFIED PETITION FOR
DOMESTICATION AND GRANTING RECOGNITION OF UKRAINIAN JUDGMENT IN
FAVOR OF PLAINTIFF PURSUANT TO FLORIDA'S UNIFORM OUT-OF-COUNTRY
FOREIGN MONEY JUDGMENT RECOGNITION ACT**

## I. INTRODUCTION

This matter came to be heard before the Court on Defendant Sergiy Pugachov's ("Mr.
Pugachov" or the "Judgment Debtor") Notice of Objection to Recognition and Enforcement of Out-of-
Country Foreign Judgment (the "Notice of Objection"), filed with the Court on August 26, 2020, and
bearing a certificate of service date of July 2, 2020. The Notice of Objection was lodged by Mr.
Pugachov against the Verified Petition for Domestication and Enforcement of Foreign Judgment (the
"Verified Petition" or "Petition for Domestication") filed by the Plaintiff in this matter, Oksana
Shakhova ("Ms. Shakhova" or the "Judgment Creditor").

The duly noticed hearing took place on April 21, 2023 (the "Hearing"). The sole witness
presented during the Hearing to testify in support of the Notice of Objection was the Defendant, Sergiy
Pugachov, who testified remotely. During that testimony, the Court was able to consider and evaluate
the demeanor and credibility of the witness. The Court has reviewed the Notice of Objection, the
Petition for Verification, Plaintiff's Memorandum of Facts Relevant to the Adjudication of Defendant's

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 06/09/2023 11:20:44 AM.****

Objections to Recognition of Ukrainian Money Judgment, and all other pertinent filings and legal authority provided to the Court by the Parties. The Court also has also heard and considered the oral argument of counsel and the legal authorities cited by counsel during the hearing, and the Court is otherwise duly advised in the premises.

## II. <u>NATURE OF THE CASE AND APPLICABLE LAW</u>

This case is an action to domesticate and enforce a foreign country money judgment pursuant to Florida's Uniform Out-of-Country Foreign Money Judgments Recognition Act (the "Act" or the "UFMJRA"). The Plaintiff, Ms. Shakhova, seeks recognition of a Ukrainian judgment rendered in her favor against Mr. Pugachov. Mr. Pugachov has lodged objections to the recognition of the subject foreign money judgment pursuant to Florida Statutes 55.604(3) and 55.605. Those objections are set forth in Mr. Pugachov's Notice of Objection, which was served on the Plaintiff back on July 2, 2020, and which was subsequently filed in this case on August 26, 2020.

"The Act "applies to any out-of-country foreign judgment that is final and conclusive and enforceable where rendered." *EOS Transport Inc. v. Agri-Source Fuels LLC*, 37 So.3d 349 (Fla. 1st DCA 2010) (quoting Fla.Stat. § 55.603). "A judgment is conclusive between the parties to the extent that it grants or denies a sum of money", *Id.*, provided that the sum of money in question is not "for taxes, a fine, or other penalty." Fla.Stat. § 55.602(2). Under the UFMJA, "conclusive" judgments "are prima facie enforceable…." *EOS Transport Inc.*, 37 So.3d at 352.

The process of recognition of foreign-country money judgments is not intended to provide an additional forum to relitigate the underlying issues determined by the foreign judgment. *See, e.g., In re Neves*, 570 B.R. 420, 428 (Bankr. S.D. Fla. 2017) ("[I]t is not the role of a United States Court to review the factual findings of a foreign court. It is the process leading to a judgment or order, not the facts leading to a judgment or order, that dictates the comity determination."); *In re Fisher Island Investments, Inc.*, 2011 WL 6962755 at *7 & 8 (Bankr. S.D. Fla. 2011) (affording comity to judgment rendered in Gibraltar, refusing to relitigate allegations that Gibraltar proceedings resulting in the judgment were fraught with witness tampering and perjury where those issues were raised in the Gibraltar proceedings and adjudicated by the Gibraltar court and holding that "[w]here a valid judgment has been rendered in a foreign nation and there exists no special reason why comity should not allow the

Unique Code : CAA-FAA-BCABB-HAJBFBEH-BABEFEH-J Page 3 of 12

judgment full effect, the merits of the case will not be tried anew in the United States upon the mere assertion that the judgment was erroneous in law or in fact"). Instead, "the intent of the Act … is to provide a speedy and certain framework for recognition of foreign judgments." *Laager v. Kruger*, 702 So.2d 1362, 1363 (Fla. 3d DCA 1997); *see also, e.g., Le Credit Lyonnais, S.A. v. Nadd*, 741 So.2d 1165, 1167 (Fla. 5th DCA 1999) (same).

Once a judgment creditor comes forward with a foreign judgment which, on its face, awards a monetary sum certain and is final and capable of enforcement in the foreign country that issued it, the burden shifts to the judgment debtor "to specify and prove a ground for non-recognition." *Kramer v. von Mitschke-Collande*, 5 So.3d 689, 690 (Fla. 3d DCA 2008); *see also Osorio v. Dole Food Co.*, 665 F.Supp.2d 1307, 1322 (S.D.Fla.2009) (same), aff'd sub nom., *Osorio v. Dow Chem. Co.*, 635 F.3d 1277 (11th Cir.2011) (same). The exclusive list of permissible objections that may be raised as grounds to deny recognition of a foreign country money judgment are specifically delineated in 55.605 of the Florida Statutes.

"[S]ubsection (1) of section 55.605 of the Act is phrased in mandatory terms: if any of the grounds listed in subsection (1) are found to exist, then the foreign judgment is not conclusive, and a Florida court cannot recognize it." *Chabert v. Bacquie*, 694 So.2d 805, 811 (Fla. 4th DCA 1997). "This contrasts with subsection (2) of section 55.605 which is phrased in permissive terms." *Id.* Accordingly, where one of the grounds for nonrecognition delineated in § 55.605(2) is found to exist, a trial court exercises its judgment and discretion in determining whether or not the subject foreign money judgment will be recognized under the circumstances. *See Chabert*, 694 So.2d at 814.

Subsection (1) of section 55.605 of the Act forth three separate mandatory grounds which require non-recognition. *See* Fla.Stat. §55.605(1). Subsection (2) of that provision sets forth a total of ten discretionary grounds which may or may not lead to nonrecognition based on the application and exercise of the trial court's discretion under the particular circumstances of the case. *See* Fla.Stat. §55.605(2).

In his Notice of Objection, Mr. Pugachov has asserted one of the mandatory grounds for nonrecognition set forth in §55.605(1) and two discretionary grounds for non-recognition listed under §55.605(2). Specifically, the Notice of Objection asserts pursuant to section 55.605(1)(a) that the

Unique Code : CAA-FAA-BCABB-HAJBFBEH-BABEFEH-J Page 4 of 12

Ukrainian Judgment is not conclusive because it was "rendered under a system which does not provide impartial tribunals or procedures the requirements of due process of law."

In his Notice of Objection, Mr. Pugachov further asserts the discretionary basis for nonrecognition set forth in § 55.605(2)(j), arguing that the Ukrainian should not be recognized because "the specific proceedings in the foreign court leading to the judgment was not compatible with the requirements of due process of law." Finally, the Notice of Objection lays out a second discretionary basis for nonrecognition, arguing that the Ukrainian Judgment need not be recognized pursuant to §55.605(2)(b) because it was "obtained by fraud" in the form of forged documents presented to the Ukrainian Trial Court.

## III. THE UKRAINIAN JUDGMENT AND THE PROCEEDINGS IN THE UKRAINIAN COURTS

Ms. Shakhova seeks the domestication of a Ukrainian judgment rendered in her favor against Mr. Pugachov on April 27, 2016, by the Moskovskyi District Court of Kharkiv, Ukraine (the "Ukrainian Trial Court" or "Moskovskyi District Court"). An apostilled copy of that judgment (the "Ukrainian Judgment"), along with a certified English translation, are attached to the Verified Petition as Composite Exhibit "A." Pursuant to the Ukrainian Judgment, the Ukrainian Trial Court awarded Ms. Shakhova damages totaling $598,346.25 on a series of interest loan agreements and amendments thereto executed by Mr. Pugachov, plus court costs and post-judgment interest. The Ukrainian court found that a total of seven separate loan agreements were signed by the Parties (collectively the "Loan Agreements" or "Promissory Notes"), and that, pursuant to the Loan Agreements, Mr. Pugachov was obligated to make monthly interest payments to Ms. Shakhova on the outstanding obligations.

The Ukrainian Trial Court also found that Ms. Shakhova fully performed her obligations under the Promissory Notes by transferring to Mr. Pugachov the funds borrowed under the Loan Agreements. The Ukrainian Trial Court further found that Mr. Pugachov had defaulted on the Promissory Notes by failing to make the required monthly interest payments.

Mr. Pugachov unsuccessfully appealed the Ukrainian Judgment to a three-judge panel of the Kharkiv Oblast Court of Appeal, which denied his appeal on June 7, 2017. A copy of the Kharkiv Oblast Court of Appeal's decision affirming the Moskovskyi District Court's Judgment in favor of Ms.

Shakhova and an English translation of that opinion is attached to the Petition as part of Composite Exhibit "A" (the "Kharkiv Oblast Appellate Opinion").

During the Kharkiv Oblast appellate proceedings, Mr. Pugachov raised the issue that his signatures on the Loan Documents were forged. He filed a motion requesting the appointment of a forensic handwriting expert to analyze signatures and determine their authenticity. The Kharkiv Oblast Appellate Court, which, unlike appellate courts in the United States, is authorized to consider additional evidence during their appellate review, granted Mr. Pugachov's request and appointed a forensic handwriting expert from the Kharkiv Research and Development Forensic Expert Center of the Ministry of the Internal Affairs of Ukraine to conduct a forensic analysis of the challenged signatures. The handwriting expert analyzed Mr. Pugachov's signatures on the Loan Documents and concluded that they were not forgeries.

After the forensic handwriting expert submitted a report and findings that were adverse to him, Mr. Pugachov moved for the appointment of a different expert, alleging for the first time that he and his lawyer suspected the appointed expert was biased against Pugachov. The basis of that alleged bias is not reflected on the face of the Kharkiv Oblast Appellate Opinion and has never been specified by the Defendant during the instant proceedings. In that same motion, the Defendant raised for the first time the argument that the allegedly forged agreements were made using blank sheets of paper that contained Mr. Pugachov's actual signature and that somehow had accidentally fallen into the hands of the Plaintiff.

The Kharkiv Oblast Appellate Court denied Mr. Pugachov's request for additional forensic analysis in connection with his forgery allegations, specifically finding that Mr. Pugachov's legal counsel had already been provided with more than enough time to form a legal position and present all of the arguments, applications, and requests that were relevant to the resolution of the case. The Kharkiv Oblast Appellate Court concluded that there was sufficient evidence in the case and materials to resolve the issue of the rights and obligations of the Parties and the legal assessment of the decision of the Ukrainian Trial Court and based on these case materials, entered its ruling affirming the Ukrainian Judgment. The Kharkiv Oblast Appellate Opinion was unanimous, and all three judges on the panel agreed that the Ukrainian Judgment should be affirmed.

Unique Code : CAA-FAA-BCABB-HAJBFBEH-BABEFEH-J Page 5 of 12

Mr. Pugachov then appealed the Ukrainian Judgment a second time, this time to a three-judge panel of the Ukrainian Supreme Court. On July 5, 2018, the Ukrainian Supreme Court also unanimously affirmed the decision of the Moskovskyi District Court in Ms. Shakhova's favor. The Ukrainian Supreme Court reviewed the written record and found the Ukrainian Judgment was substantiated by what it characterized as "overwhelming evidence." It also examined the written arguments that Mr. Pugachov advanced in support of reversal and rejected them as "groundless." The Opinion of the Ukrainian Supreme Court, along with a certified English translation, is also attached to the Petition for Domestication.

## IV. <u>THE FINDINGS AND HOLDINGS OF THE COURT</u>

The Court finds that the Judgment Creditor has met her initial burden of coming forth with a judgment that is conclusive between the Parties in that the Ukrainian Judgment grants her a specific sum of money against the Judgment Creditor that is not for taxes, a fine, or other penalty and is final and capable of enforcement in the Ukraine. The Judgment Creditor has not argued otherwise. Accordingly, the burden shifted to the Judgment Creditor to articulate and prove a ground for non-recognition. This Court finds that Mr. Pugachov has failed to meet that burden. During the Hearing, Defendant uniformly failed to meet his burden of proof with respect to any of the grounds for non-recognition asserted in the Notice of Objection.

In the unsworn Notice of Objection, Mr. Pugachov alleged that he had reason to believe that the Plaintiff unduly influenced the Ukrainian Trial Court Judge through her position at the Austrian Bank of Kharkov, an allegation echoed by Mr. Pugachov's Counsel during the Hearing. Notwithstanding those allegations, the Judgment Debtor failed to provide any evidence whatsoever to support that claim that Ms. Shakhova exerted any undue influence over the Ukrainian Trial Court proceedings.

The only witness testifying at the Hearing, the Judgment Debtor, did not even address this particular allegation at all during his testimony, nor was there any documentary or other ever evidence presented to prove the allegation of undue influence. As for the statements and representations raised on this point by Judgment Debtor's Counsel in his arguments to the Court, the Court concludes that, as it stated to the Parties during the Hearing, there is a marked difference between statements made by

Unique Code : CAA-FAA-BCABB-HAJBFBEH-BABEFEH-J Page 6 of 12

lawyers and actual testimony. That dispositive nature of that distinction has repeatedly been made crystal clear to the trial courts in this District. *See, e.g., State v. Tillman*, 345 So.3d 311, 313 (Fla. 4th DCA 2022) ("[I]n the absence of a stipulation between the parties, … counsel's unsworn statement at the hearing [does not constitute evidence]…, [and] if an 'advocate wishes to establish a fact, he [or she] must provide sworn testimony through witnesses other than himself [or herself] or a stipulation to which his [or her] opponent agrees.' ") (quoting *Leon Shaffer Golnick Adver., Inc. v. Cedar*, 423 So.2d 1015, 1017 (Fla. 4th DCA 1982)); *Brown v. Sch. Bd. of Palm Beach* Cnty., 855 So.2d 1267, 1269-70 (Fla. 4th DCA 2003) ("[An attorney's] unsworn statements do not establish facts in the absence of stipulation. Trial judges cannot rely upon these unsworn statements as the basis for making factual determinations ....") (quoting *Cedar*, 423 So.2d at 1017); *Korte v. U.S. Bank Nat. Ass'n*, 64 So.3d 134, 138 (Fla. 4th DCA 2011) (same); *Cedar*, 423 So.2d at 1017 ("[T]he practice we wish to see terminated is that of attorneys making unsworn statements of fact at hearings which trial courts may consider as establishing facts.").

The Court also finds that the Judgment Debtor failed to provide any credible evidence that the Ukrainian Judgment was obtained by fraud. Despite being provided with an evidentiary hearing on the Notice of Objection, there was no credible evidence presented at the Hearing that could possibly satisfy Mr. Pugachov's burden of proving that the Ukrainian Judgment was procured by fraud. Although Mr. Pugachov did testify during the Hearing that he did not sign any of the Loan Agreements, the Court does not find that testimony to be credible. Counsel for the Plaintiff is correct in arguing that it's not this Court's job to revisit and relitigate the Ukrainian Trial Courts' findings and determinations of fact that were made in the Ukrainian proceedings. But even if this Court were so inclined, no credible evidence of forgery was presented to this Court, especially in light of the evidence that was considered by the Kharkiv Oblast Court of Appeal.

The Court further finds that the Defendant has failed to demonstrate that the Ukrainian Judgment was rendered under a system of justice which does not provide impartial tribunals or procedures compatible with the requirements of due process of law. Specifically, the Defendant failed to provide any testimony, expert or otherwise, or any other evidence, caselaw or scholarly secondary authority to support this particular objection.  Whatever differences may exist between the judicial

Unique Code : CAA-FAA-BCABB-HAJBFBEH-BABEFEH-J Page 7 of 12

systems of the United States and Ukraine, Defendant failed to establish that the judicial system in Ukraine is flawed or substandard to such an extent that this Court should disregard the unanimous judgments of seven Ukrainian judges from all three levels of its court system -- from the Moskovskyi Trial Court all the way up to the Ukrainian Supreme Court.

The Court further finds that the Defendant has failed to demonstrate that the specific proceedings in Ukraine leading up to the Ukrainian Judgment were not compatible with due process of law. During the Hearing, prior to Mr. Pugachov's testifying, his Counsel argued to the Court that his client's due process rights were violated in the Ukrainian proceedings because Mr. Pugachov was never provided any kind of notice of the Moskovskyi District Court proceedings and therefore was not able to attend the trial or otherwise defend himself before the Ukrainian Trial Court.

This Court finds this particular objection inherently problematic because it was not specifically raised as a basis for nonrecognition in Defendant's Notice of Objection, which dates back to July 2, 2020. Defendant's Counsel vehemently argued that all of the grounds he was advancing during the Hearing as a basis for nonrecognition of the Ukrainian Judgment were issues that were specifically raised in the Notice of Objection. Those protestations, however, are conclusively belied by a simple reading the Notice of Objection, which unambiguously and unequivocally shows that lack of notice of the Ukrainian Trial Court proceedings was not, in fact, ever raised as a basis for nonrecognition back in July, 2020.

Instead, the Notice of Objection set forth a very distinct argument: that the Ukrainian Proceedings were not compatible with due process because Defendant's attorney in Ukraine can testify that Mr. Pugachov did not receive notice of the appeal to the Ukrainian Supreme Court. The Court rejects that particular objection as a basis for nonrecognition of the Ukrainian Judgment for multiple reasons. First, the Court denies that objectionable because it is impermissibly untimely, having been raised for the first time at the Hearing almost 3 years after Defendant served his Notice of Objection on the Plaintiff.

Second, Mr. Pugachov's attorney in the Ukrainian proceedings who, according to the Notice of Objection, could testify that Defendant was not notified of the Ukrainian Supreme Court proceedings never did, in fact, testify. Without that testimony, Mr. Pugachov could not competently prove that he

Unique Code : CAA-FAA-BCABB-HAJBFBEH-BABEFEH-J Page 8 of 12

did not actually, in fact, receive notice of those appellate proceedings through his appellate counsel in Ukraine.

Third, as established by the Ukrainian Supreme Court Opinion, Mr. Pugachov's Ukrainian attorney indeed had actual notice of the Ukrainian Supreme Court proceedings because it was Mr. Pugachov, through his Ukrainian attorney, who filed the appeal to the Ukrainian Supreme Court in the first place. Fourth, the Ukrainian Supreme Court Opinion also establishes that, not only was Mr. Pugachov's Ukrainian attorney fully aware of the Ukrainian Supreme Court proceedings, he actively participated in those proceedings on behalf of his client by filing written arguments on Mr. Pugachov in support of reversal, arguments that the Ukrainian Supreme Court rejected as "groundless."

Fifth, the lack of notice objection actually raised in the Notice of Objection was abandoned during the Hearing. Perhaps sensing that the lack of notice argument actually set forth in the Notice of Objection could not possibly succeed given the Ukrainian Supreme Court Opinion, Mr. Pugachov's Counsel in this case essentially abandoned that position during the Hearing in favor of the argument that Mr. Pugachov was not provided due process because he was never notified of the Ukrainian Trial Court proceedings. In support of this entirely new claim, Mr. Pugachov's Counsel asked his client leading questions tailored to elicit testimony from his client that he never received notice of the Moskovskyi District Court proceedings. The Court sustained an objection by Plaintiff's Counsel as to leading. Despite multiple efforts by Mr. Pugachov's Counsel to get his client to testify that he was never notified of the Ukrainian Trial Court proceedings, Mr. Pugachov's testimony each time was that the lack of notice he was claiming was actually in connection with the appellate proceedings before the Ukrainian Supreme Court.

Undaunted, in his closing argument, Mr. Pugachov's Counsel continued to insist that his client's due process rights were violated because he was never notified of the Ukrainian Trial Court proceedings, despite the fact that Mr. Pugachov's own testimony contradicted that position. No mention was even made during Pugachov's attorney's arguments that his client was not provided notice of the Ukrainian Supreme Court appellate proceedings. In light of Mr. Pugachov's testimony, the Court finds that the objection to recognition asserted by Mr. Pugachov's Counsel during the Hearing that his client did not receive notice of the Ukrainian Trial Court proceedings was not supported by evidence.

Unique Code : CAA-FAA-BCABB-HAJBFBEH-BABEFEH-J Page 9 of 12

The Court also finds that Defendant's Counsel raised additional entirely new grounds in favor of non-recognition for the first time at the Hearing. These last minute grounds include the argument that the Ukrainian Judgment should not be recognized on the basis of non-reciprocity because Ukrainian courts would not recognize a similar judgment rendered in Florida, because several of the Ukrainian judges who ruled in Plaintiff's favor have since then been removed from their posts due to unethical behavior and because Ukraine was an inconvenient forum for Mr. Pugachov, given that he has lived in the U.S. since 2011 (the "Last-Minute Objections"). Once again, a review of the Notice of Objection establishes that none of the Last-Minute Objections were raised in the Notice of Objection as a basis for nonrecognition in this case.

The Court holds that the Last-Minute Objections are inexcusably untimely and are therefore rejected. Given that the Last-Minute Objections were raised for the first time at the Hearing, it would be a violation of Plaintiff's due process rights to consider them. *See Mostowicz v. Israel*, 142 So.3d 976, 977 (Fla. 4th DCA 2014) ("[T]he granting of relief, which is not sought by the notice of hearing or which expands the scope of a hearing and decides matters not noticed for hearing, violates due process.") (quoting *Connell v. Capital City Partners, LLC*, 932 So. 2d 442, 444 (Fla. 3d DCA 2006)). The only matter scheduled to be heard pursuant to the Notice of Hearing for the April 21, 2023 Hearing was Defendant's Notice of Objection. As the Last-Minute Objections were not part of the Notice of Objection, they were not noticed to be heard at the Hearing and could therefore not be lawfully considered.

Moreover, Florida Statute § 55.604 (2) states that a judgment debtor "shall" file his notice of objection within 30 days. This provision establishes a mandatory window in which a judgment debtor is to lodge objections to recognition of a foreign country money-judgment under the Act. Defendants' Last-Minute Objections are untimely because were not raised until the Hearing, which took place close to 3 years after the service of the Notice of Hearing on July 2, 2020.

Further, Defendant did not seek permission from the Court to amend the Notice of Objections. Instead, Defendant's Counsel insists that these objections aren't new, but were all raised in the Notice of Objection. They most assuredly were not. Even had such permission been sought, the Act does not contain any provision for such a late amendment, which would be contrary to the Act's purpose "to

Unique Code : CAA-FAA-BCABB-HAJBFBEH-BABEFEH-J Page 10 of 12

Unique Code : CAA-FAA-BCABB-HAJBFBEH-BABEFEH-J Page 11 of 12

provide a speedy … framework for recognition of foreign judgments". Accordingly, the Court finds that Defendant would not have been allowed to introduce these Last-Minute Objections even if he had sought permission to do so. *Laager v. Kruger*, 702 So.2d 1362, 1363 (Fla. 3d DCA 1997).

In any event, the Court also finds that the Last-Minute Objections are substantively without merit. Even if the Court were to consider Defendant's untimely lack of reciprocity objection on its merits, that objection would nevertheless be denied because the Defendant failed to provide any testimony, caselaw, secondary authority or any other evidence to support Defendant's Counsel's bald assertion that Ukrainian courts would not recognize a similar judgment rendered by a Florida court.

The Court finds that the Last-Minute Objection that several of the Ukrainian judges who ruled in Plaintiff's favor have since then been removed from the bench for unethical conduct also fails for the same reason. No evidence was provided to substantiate what turns out to be no more than an unsworn representation improperly advanced as part of counsel's argument to the Court.

Finally, the Court finds that Defendant's inconvenient forum argument is not a cognizable basis for nonrecognition of the Ukrainian Judgment. An inconvenient forum is not included in the list of the 13 exclusive grounds that would warrant nonrecognition of a foreign money-judgment as delineated in § 55.605 of the Act. Even if it were, the Court finds that a forum non conveniens argument would have been waived by Mr. Pugachov long ago, due to his failure to raise sch a challenged for years in the Ukrainian courts.

## V. <u>CONCLUSION</u>

In light of the foregoing, it is **ORDERED and ADJUDGED** as follows:

1. Defendant's objections set forth in the Notice of Objection or otherwise raised at the April 21, 2023 Hearing are denied in their entirety.

2. Plaintiff's Verified Petition for Domestication and Enforcement of the Ukrainian Judgment is hereby granted, the Ukrainian Judgement entered by the Moskovskyi District Court in favor of Oksana Shakhova and against Sergiy Pugachov in the sum of $598,346.25 is hereby recognized.

3. Shakhova's Ukrainian Judgment against Pugachov shall hereinafter be immediately enforceable as though it were a final judgment of a Florida court and shall become identical in effect with a judgment entered by a Florida court.

**DONE AND ORDERED** in Chambers at Broward County, Florida on <u>9th day of June, 2023</u>.

<u>CACE20013987 06-09-2023 11:16 AM</u>
Hon. Daniel Casey
**CIRCUIT COURT JUDGE**
Electronically Signed by Daniel Casey

**Copies Furnished To:**
Delaila J. Estefano , E-mail : delaila@estefanolaw.com
Delaila J. Estefano , E-mail : efiling@estefanolaw.com
Delaila J. Estefano , E-mail : jsanz@estefanolaw.com
Michael Adrian Rajtar , E-mail : jennifer@rajtarandassociates.com
Michael Adrian Rajtar , E-mail : michael@rajtarandassociates.com
Michael Adrian Rajtar , E-mail : eservice@rajtarandassociates.com

Unique Code : CAA-FAA-BCABB-HAJBFBEH-BABEFEH-J Page 12 of 12