# EXHIBIT 7



# *THE LAW OF UKRAINE*

## About the legal regime of martial law

### (Vodomosti Verkhovna Rada (VVR), 2015, No. 28, Article 250)

{With changes introduced in accordance with Laws
No. 766-VIII dated 10.11.2015 , VVR, 2015, No. 52, Article 482
No. 1420-VIII dated 16.06.2016 , VVR, 2016, No. 31, Article 546
No. 2268-VIII dated 18.01.2018 , VVR, 2018, No. 10, Article 54
No. 2396-VIII dated 04.05.2018 , VVR, 2018, No. 21, Article 194
No. 1089-IX dated 12.16.2020
No. 1702-IX dated 07.16.2021 , VVR, 2021, No. 41, Article 339 - entered into force from
01.01.2022
No. 1882-IX dated 11.16.2021 , VVR, 2023, No. 5, Article 13
No. 2024-IX dated 01.27.2022 , VVR, 2023 , No. 14, Article 35
No. 2124-IX dated 15.03.2022
No. 2126-IX dated 15.03.2022
No. 2158-IX dated 24.03.2022
No. 2193-IX dated 14.04.2022
No. 2257-IX dated 12.05.2022
No. 2259- IX from 05.12.2022
No. 2247-IX from 05.12.2022
No. 2320-IX from 06.20.2022 , VVR, 2023, No. 17, Article 75
No. 2394-IX from 07.09.2022
No. 2526-IX from 08.16.2022
No. 2561 -IX from 09.06.2022
No. 2849-IX from 12.13.2022 , VVR, 2023, No. 47-50, Article 120
No. 3022-IX from 04.10.2023 , VVR, 2023, No. 65, Article 225
No. 3277- IX from 07.27.2023 , VVR, 2023, No. 88, Article 327
No. 3378-IX from 09.06.2023 , VVR, 2023, No. 94, Article 369
No. 3384-IX from 09.20.2023 , VVR, 2023, No. 94 , Art. 372
No. 3441-IX dated 08.11.2023
No. 3633-IX dated 11.04.2024 , VVR, 2024, No. 19, Art. 78
No. 3817-IX dated 18.06.2024
No. 3840-IX dated 20.06.2024 }

*{In the text of the Law, the words "Chief of the General Staff - Commander-in-Chief of the Armed Forces of Ukraine" in all cases are replaced by the words "Commander-in-Chief of the Armed Forces of Ukraine" in the corresponding case; the words "public order", "public order and safety", "public order and safety" in all cases are replaced by the words "public safety and order" in the corresponding case; in accordance with Law No. 1702-IX dated 07/16/2021 - enters into force on 01/01/2022}*

*{In the text of the Law, the words "mass media" in all cases and numbers are replaced by the word "media" in accordance with Law No. 2849-IX dated 13.12.2022 }*

This Law defines the content of the legal regime of martial law, the procedure for its introduction and cancellation, the legal basis for the activities of state authorities, military command, military administrations, local self-government bodies, enterprises, institutions and organizations under martial law, the guarantee of human and citizen rights and freedoms and rights and legal interests of legal entities.

**Article 1.** Definition of martial law

1. Martial law is a special legal regime introduced in Ukraine or in some of its localities in the event of armed aggression or threat of attack, danger to the state independence of Ukraine, its territorial integrity, and provides for the provision of appropriate state authorities, military command, military administrations and bodies local self-government of the powers necessary to avert the threat, repulse armed aggression and ensure national security, eliminate the threat of danger to the state independence of Ukraine, its territorial integrity, as well as the temporary, threat-induced, restriction of the constitutional rights and freedoms of a person and citizen and the rights and legitimate interests of legal entities indicating the period of validity of these restrictions.

**Article 2.** Legal basis for introducing martial law

1. The legal basis for the introduction of martial law is the Constitution of Ukraine , this Law and the decree of the President of Ukraine on the introduction of martial law in Ukraine or in some of its localities, approved by the Verkhovna Rada of Ukraine.

**Article 3.** Military command

1. The military command, which, in accordance with this Law, is granted the right, together with executive authorities, military administrations, the Council of Ministers of the Autonomous Republic of Crimea and local self-government bodies, to introduce and implement measures of the legal regime of martial law, is:

Commander-in-Chief of the Armed Forces of Ukraine, Commander of the combined forces of the Armed Forces of Ukraine, commanders of types and separate branches of troops (forces) of the Armed Forces of Ukraine, commanders (chiefs) of military administration bodies, commanders of formations, military units of the Armed Forces of Ukraine and others formed in accordance with laws of Ukraine of military formations;

*{The second paragraph of the first part of Article 3 as amended by Law No. 1420-VIII of June 16, 2016 ; with changes introduced in accordance with Law No. 2396-VIII of April 5, 2018 ; as amended by Law No. 1702-IX dated 16.07.2021 - shall be enforced from 01.01.2022}*

*{The third paragraph of the first part of Article 3 is excluded on the basis of Law No. 1702-IX dated 07.16.2021 - shall be enforced from 01.01.2022}*

2. The military command, within the limits of the powers defined by this Law and the Decree of the President of Ukraine on the introduction of martial law in Ukraine or certain of its localities, approved by the Verkhovna Rada of Ukraine, issues binding orders and directives on matters of defense, public safety and order , implementation of measures of the legal regime of martial law.

*{Article 3 is supplemented by the second part in accordance with Law No. 1702-IX dated 07.16.2021 - enters into force from 01.01.2022}*

**Article 4.** Military administrations

1. In the territories where martial law has been introduced, to ensure the operation of the Constitution and laws of Ukraine, to ensure, together with the military command, the introduction and implementation of measures of the legal regime of martial law, defense, civil protection, public safety and order, protection of critical infrastructure, protection of rights, freedoms and legitimate interests of citizens, temporary state bodies - military administrations can be formed.

*{Part one of Article 4 as amended in accordance with Law No. 1882-IX dated 11/16/2021 }*

2. The decision on the formation of military administrations is made by the President of Ukraine at the request of regional state administrations or military command.

3. Military administrations of settlements are formed within the territories of territorial communities in which village, settlement, city councils and/or their executive bodies, and/or village, settlement, city mayors do not exercise the powers assigned to them by the Constitution and laws of Ukraine, as well as in other cases provided for by this Law.

The military administration of a settlement (settlements) is headed by a chief, who is appointed and dismissed by the President of Ukraine on the proposal of the General Staff of the Armed Forces of Ukraine or the relevant regional state administration.

The head of the military administration of a settlement (settlements) may be appointed by the relevant village, settlement, or city head.

*{Part three of Article 4 as amended by Law No. 2268-VIII dated January 18, 2018 ; as amended by Law No. 2259-IX dated May 12, 2022 }*

4. In the district, oblast, military administrations are formed in the event of failure to convene a session of the district, regional council within the time limits established by the Law of Ukraine "On Local Self-Government in Ukraine" or termination of their powers in accordance with the law, or to exercise leadership in the field of defense, public safety and of order In the event of a decision on the formation of district, oblast military administrations, their status is acquired by district, oblast state administrations, respectively, and the heads of district, oblast state administrations acquire the status of heads of the respective military administrations.

*{Part four of Article 4 as amended in accordance with Law No. 2268-VIII of January 18, 2018 }*

5. Military administrations of settlements are formed from servicemen of military formations formed in accordance with the laws of Ukraine, members of the rank and file of law enforcement agencies, the civil protection service, who are sent to them in accordance with the procedure established by law to perform tasks in the interests of the defense of the state and its security, leaving in military service, service in law enforcement agencies, civil defense bodies and units without exclusion from personnel lists, as well as employees who have entered into an employment contract with regional military administrations (in case of their formation) or with the General Staff of the Armed Forces of Ukraine (if in the relevant oblast has not formed a regional military administration).

*{The first paragraph of the fifth part of Article 4 as amended in accordance with Law No. 2259-IX dated 05.12.2022 }*

In the event that a district, oblast state administration acquires the status of a district, oblast military administration, the positions of civil servants in such administrations may be replaced by servicemen of military formations formed in accordance with the laws of Ukraine, by members of the rank-and-file and senior staff of law enforcement agencies, civil protection services, who are seconded to them in according to the procedure established by law for the performance of tasks in the interests of the defense of the state and its security, with retention in military service, service in law enforcement agencies, civil defense bodies and units without exclusion from personnel lists.

The list of positions in the military administrations of settlements, which are subject to replacement by military personnel of military formations, members of the rank and file of law enforcement agencies, as well as the list of positions that can be filled by military personnel of military formations, members of the rank and file of law enforcement agencies in the district, oblast military administration, are approved by the President of Ukraine at the request of the Commander-in-Chief of the Armed Forces of Ukraine.

6. Financing of the activities of military administrations in the exercise of the powers of local self-government bodies is carried out at the expense of the relevant local budgets, the performance of other functions - at the expense of the State Budget of Ukraine.

7. Direction, coordination and control over the activities of regional military administrations in matters of defense, public safety and order, protection of critical infrastructure, implementation of measures of the legal regime of martial law is carried out by the General Staff of the Armed Forces of

Ukraine, and in other matters by the Cabinet of Ministers of Ukraine within its powers

*{The first paragraph of the seventh part of Article 4 as amended in accordance with Law No. 1882-IX dated 11/16/2021 }*

Direction, coordination and control over the activities of district military administrations in matters of defense, public safety and order, protection of critical infrastructure, implementation of measures of the legal regime of martial law are carried out by the General Staff of the Armed Forces of Ukraine, regional military administrations (in case of their formation), and from others issues - the Cabinet of Ministers of Ukraine, regional state administrations within their powers.

*{The second paragraph of the seventh part of Article 4 as amended in accordance with Law No. 1882-IX dated 11/16/2021 }*

The general management of the activities of the military administrations of settlements is carried out by the heads of the relevant district state administrations or the heads of the district military administrations (in case of their formation).

Military administrations are directly managed by their chiefs.

The structure and staff list of regional and Kyiv city military administrations, as well as district military administrations and military administrations of settlements located in regions where regional military administrations have not been established, is approved by the Commander-in-Chief of the Armed Forces of Ukraine upon the submission of the head of the relevant military administration.

*{Part seven of Article 4 is supplemented by the fifth paragraph in accordance with Law No. 2259-IX dated May 12, 2022 }*

The structure and staff list of district military administrations and military administrations of settlements located in regions in which regional military administrations are established are approved by the heads of the respective regional military administrations.

*{Part seven of Article 4 was supplemented by the sixth paragraph in accordance with Law No. 2259-IX dated May 12, 2022 }*

8. Military administrations of settlements, district, regional military administrations exercise their powers during the period of martial law and 30 days after its termination or cancellation.

*{Part eight of Article 4 as amended by Law No. 1882-IX dated November 16, 2021 ; as amended by Law No. 2259-IX dated May 12, 2022 }*

9. In connection with the formation of military administrations of settlements, the powers of the military-civilian administrations of these settlements are terminated from the day the corresponding military administration begins exercising its powers.

In the case of the formation of district, oblast military administrations, on the day of entry into force of the act of the President of Ukraine on their formation, the powers of the respective district, oblast military-civilian administrations shall be terminated.

*{Article 4 is supplemented by part nine in accordance with Law No. 2268-VIII dated January 18, 2018 }*

**Article 5.** The procedure for introducing martial law

1. The National Security and Defense Council of Ukraine submits proposals for the introduction of martial law in Ukraine or in some of its localities for consideration by the President of Ukraine.

2. In the case of a decision on the need to introduce martial law in Ukraine or in certain areas thereof, the President of Ukraine shall issue a decree on the introduction of martial law in Ukraine or in certain areas thereof and immediately appeal to the Verkhovna Rada of Ukraine for its approval and simultaneously submit a corresponding draft law.

3. The decree of the President of Ukraine on the introduction of martial law in Ukraine or in some of its localities, approved by the Verkhovna Rada of Ukraine, is subject to immediate announcement through the media or publicized in another way.

4. In the case of the announcement of the decree of the President of Ukraine on the introduction of martial law in Ukraine or in some of its localities, the Verkhovna Rada of Ukraine shall meet for a two-day period without convening and consider the issue of approving the decree of the President of Ukraine on the introduction of martial law in Ukraine or in some of its localities in the procedure established by the Constitution of Ukraine and the Regulations of the Verkhovna Rada of Ukraine .

5. In the event of the announcement of the decree of the President of Ukraine on the introduction of martial law in Ukraine or in some of its localities, heads of state authorities and local self-government bodies, enterprises, institutions and organizations of all forms of ownership are obliged to facilitate the immediate arrival of people's deputies of Ukraine to meetings of the Verkhovna Rada of Ukraine and the exercise of their powers.

6. The decree of the President of Ukraine on the introduction of martial law in Ukraine or in some of its localities, approved by the Verkhovna Rada of Ukraine, is officially promulgated together with the law on the approval of such a decree of the President of Ukraine and enters into force simultaneously with the entry into force of such a law.

**Article 6.** Decree of the President of Ukraine on the introduction of martial law

1. The decree of the President of Ukraine on the introduction of martial law states:

1) justification of the need to introduce martial law;

2) borders of the territory on which martial law is introduced, the time of introduction and the period for which it is introduced;

3) tasks of the military command, military administrations, state authorities and local self-government bodies regarding the introduction and implementation of measures of the legal regime of martial law;

4) task to the subjects of civil protection provision to bring the unified state system of civil protection, its functional and territorial subsystems into readiness to perform tasks as assigned in a special period;

5) an exhaustive list of the constitutional rights and freedoms of a person and a citizen, which are temporarily limited in connection with the introduction of martial law, indicating the period of validity of these restrictions, as well as temporary restrictions on the rights and legal interests of legal entities, indicating the period of validity of these restrictions;

6) other issues arising from this Law.

**Article 7.** Termination and abolition of martial law

1. Martial law on the entire territory of Ukraine or in some of its localities shall be terminated after the expiration of the period for which it was imposed.

2. Before the end of the period for which martial law was imposed, and on the condition that the threat of attack or danger to the state independence of Ukraine and its territorial integrity is eliminated, the President of Ukraine may issue a decree on the abolition of martial law on the entire territory of Ukraine or in some of its localities, which he has be immediately announced through the media.

**Article 8.** Measures of the legal regime of martial law

1. In Ukraine or in some of its localities, where martial law has been introduced, the military command together with military administrations (in the case of their formation) may independently or with the involvement of executive authorities, the Council of Ministers of the Autonomous Republic of Crimea, local self-government bodies introduce and carry out within temporary restrictions on the constitutional rights and freedoms of a person and a citizen, as well as the rights and legal interests of legal entities, provided for by the decree of the President of Ukraine on the introduction of martial law, the following measures of the legal regime of martial law:

1) establish (strengthen) protection of critical infrastructure facilities and facilities that ensure the vital activities of the population, and introduce a special mode of their operation. The procedure for establishing (strengthening) the protection of such objects and their list, which are subject to protection with the introduction of martial law, as well as the procedure for a special mode of their operation, are approved by the Cabinet of Ministers of Ukraine;

*{Clause 1 of the first part of Article 8 as amended by Law No. 1702-IX dated 07.16.2021 - shall be enforced from 01.01.2022; with changes introduced in accordance with Law No. 1882-IX dated 11/16/2021 }*

2) to introduce labor obligation for able-bodied persons not involved in work in the field of defense and protection of critical infrastructure and not reserved for enterprises, institutions and organizations for the period of martial law for the purpose of performing works of a defensive nature, as well as eliminating the consequences of emergency situations , which arose during the period of martial law, and to involve them under martial law in socially beneficial works performed to meet the needs of the Armed Forces of Ukraine, other military formations, law enforcement agencies and civil defense forces, ensuring the functioning of the national economy and protecting critical infrastructure and do not require, as a rule, special professional training of persons. For employees involved in the performance of socially useful works, the previous place of work (position) is kept during the performance of such works. The procedure for involving able-bodied persons in martial law to socially useful works and the issue of their social protection, taking into account the requirements of the law, are determined by the Cabinet of Ministers of Ukraine;

*{Clause 2 of the first part of Article 8 as amended in accordance with Law No. 1882-IX dated November 16, 2021 }*

3) use the capacities and labor resources of enterprises, institutions and organizations of all forms of ownership for the needs of defense, change their work regime, carry out other changes in production activities, as well as working conditions in accordance with labor legislation;

4) to forcibly expropriate property that is in private or communal ownership, in particular objects of the fund of protective structures of civil defense, to seize the property of state enterprises, state economic associations for needs of the state under the conditions of the legal regime of martial law in the manner established by law, and to issue these are relevant documents of the established model;

*{Clause 4 of the first part of Article 8 as amended by Law No. 3441-IX dated November 8, 2023 }*

5) introduce a curfew in accordance with the procedure determined by the Cabinet of Ministers of Ukraine (prohibition of being on the streets and other public places during a certain period of the day without specially issued passes and certificates), as well as establish a special mode of lighting and other types of masking;

*{Clause 5 of the first part of Article 8 as amended in accordance with Laws No. 1702-IX dated 16.07.2021 - entered into force from 01.01.2022, No. 3441-IX dated 08.11.2023 }*

6) establish, in accordance with the procedure determined by the Cabinet of Ministers of Ukraine, a special entry and exit regime, limit the freedom of movement of citizens, foreigners and stateless persons, as well as the movement of vehicles;

*{Clause 6 of the first part of Article 8 as amended in accordance with Law No. 1702-IX dated 07.16.2021 - enters into force on 01.01.2022}*

7) check the documents of persons in accordance with the procedure determined by the Cabinet of Ministers of Ukraine, and, if necessary, conduct an inspection of things, vehicles, baggage and cargo, office premises and citizens' homes, with the exception of the restrictions established by the Constitution of Ukraine ;

*{Clause 7 of the first part of Article 8 as amended in accordance with Law No. 1702-IX dated 07.16.2021 - shall be enforced from 01.01.2022}*

8) prohibit the holding of peaceful meetings, rallies, marches and demonstrations, other mass events;

*{Clause 8 of the first part of Article 8 as amended in accordance with Laws No. 1702-IX dated 07.16.2021 - entered into force on 01.01.2022, No. 2024-IX dated 01.27.2022 }*

9) raise, in accordance with the procedure established by **the Constitution** and laws of Ukraine, the issue of banning the activity of political parties, public associations, if it is aimed at eliminating the independence of Ukraine, changing the constitutional order by violent means, violating the sovereignty and territorial integrity of the state, undermining its security, illegal seizing state power, promoting war, violence, inciting inter-ethnic, racial, and religious enmity, encroaching on the stability of critical infrastructure, human rights and freedoms, and public health;

*{Clause 9 of the first part of Article 8 as amended in accordance with Law No. 1882-IX dated November 16, 2021 }*

10) establish, in accordance with **the procedure** determined by the Cabinet of Ministers of Ukraine, a ban or restriction on the choice of the place of stay or the place of residence of persons in the territory where martial law is in effect;

*{Clause 10 of the first part of Article 8 as amended in accordance with Law No. 1702-IX dated 07.16.2021 - shall be enforced from 01.01.2022}*

11) regulate, in accordance with the procedure determined by the Cabinet of Ministers of Ukraine, the work of suppliers of electronic communication networks and/or services, printing enterprises, publishing houses, television and radio organizations, television and radio centers and other enterprises, institutions, organizations and institutions of culture and media, as well as use local radio stations, television centers and printing houses for military needs and carrying out educational work among the troops and the population; to prohibit the operation of receiving and transmitting radio stations for personal and collective use and the transmission of information through computer networks;

*{Clause 11 of the first part of Article 8 as amended in accordance with Laws No. 1089-IX dated 16.12.2020 , No. 1702-IX dated 16.07.2021 - shall be enforced from 01.01.2022}*

12) in case of violation of the requirements or non-fulfillment of measures of the legal regime of martial law, seize electronic communication equipment, television, video and audio equipment, computers, as well as, if necessary, other technical means of communication from enterprises, institutions and organizations of all forms of ownership, individual citizens "linkage";

*{Clause 12 of the first part of Article 8 as amended in accordance with Laws No. 1089-IX dated 16.12.2020 , No. 1702-IX dated 16.07.2021 - shall be enforced from 01.01.2022, No. 2024-IX dated 27.01.2022 }*

13) prohibit, in accordance with **the procedure** determined by the Cabinet of Ministers of Ukraine, trade in weapons, powerful chemical and poisonous substances;

*{Clause 13 of the first part of Article 8 as amended in accordance with Laws No. 1702-IX dated 07.16.2021 - shall be enforced from 01.01.2022, No. 3817-IX dated 06.18.2024 }*

14) establish a special regime in the field of production and sale of medicinal products containing narcotic drugs, psychotropic substances and precursors, other potent substances, the list of which is determined by the Cabinet of Ministers of Ukraine;

15) seize educational and military equipment, explosives, radioactive substances and materials, potent chemical and poisonous substances from enterprises, institutions and organizations;

*{Clause 15 of the first part of Article 8 as amended in accordance with Law No. 1702-IX dated 16.07.2021 - entered into force from 01.01.2022, No. 2024-IX dated 27.01.2022 }*

15$^1$) to reduce stocks of dangerous chemicals, explosive and fire-hazardous substances at high-risk facilities;

*{The first part of Article 8 is supplemented by Clause 15$^1$ in accordance with Law No. 3441-IX dated November 8, 2023 }*

*{Clause 16 of the first part of Article 8 is excluded on the basis of Law No. 3633-IX dated April 11, 2024 }*

17) to establish for individuals and legal entities the military housing obligation for the accommodation of military personnel, members of the rank and file of law enforcement agencies, personnel of the civil defense forces, the evacuated population and the placement of military units, units and institutions in accordance with the procedure determined by the Cabinet of Ministers of Ukraine;

*{Clause 17 of the first part of Article 8 as amended by Law No. 3633-IX dated 04/11/2024 }*

18) to establish the procedure for the intended use of the objects of the fund of civil defense protective structures of all forms of ownership and departmental ownership, which must include requirements for bringing buildings, structures or their individual parts into readiness for use as intended in accordance with the requirements for maintenance and operation established by law objects of the fund of protective structures of civil protection, ensuring round-the-clock unhindered access to them for the population, as well as organizing shelter in it if possible (availability of free places, the possibility of access by outsiders) of all categories of the population, informing the population about the objects of the specified fund, including in a form accessible to persons with visual and hearing impairments;

*{Clause 18 of the first part of Article 8 as amended by Law No. 3441-IX dated November 8, 2023 }*

18$^1$) to organize the construction of civil defense protective structures, dual-purpose structures and manufacture (installation) of primary (mobile) and arrangement of the simplest shelters, as well as (if necessary) restoration of damaged (destroyed) objects of the fund of civil defense protective structures;

*{The first part of Article 8 is supplemented by Clause 18[1] in accordance with Law No. 3441-IX dated November 8, 2023 }*

18[2] ) to mark buildings and structures, means of transport subject to the norms of international humanitarian law, with appropriate identification signs (emblems);

*{The first part of Article 8 is supplemented by Clause 18[2] in accordance with Law No. 3441-IX dated November 8, 2023 }*

19) to evacuate the population in the event of an emergency or threat of an emergency, as well as from zones of armed conflicts (from areas of possible hostilities) to safe areas;

*{Clause 19 of the first part of Article 8 as amended by Law No. 2394-IX dated 07/09/2022 }*

19[1] ) carry out the evacuation of material and cultural values that are in state ownership, in the event of a threat of their damage or destruction in accordance with the list approved by the Cabinet of Ministers of Ukraine;

*{The first part of Article 8 is supplemented by Clause 19[1] in accordance with Law No. 2394-IX dated 07/09/2022 }*

20) introduce, if necessary, in accordance with the procedure determined by the Cabinet of Ministers of Ukraine, standard provision of basic food and non-food products to the population;

*{Clause 20 of the first part of Article 8 as amended by Law No. 1702-IX dated 07.16.2021 - shall be enforced from 01.01.2022}*

*{Clause 21 of the first part of Article 8 is excluded on the basis of Law No. 2024-IX dated January 27, 2022 }*

22) take additional measures to strengthen the protection of state secrets;

23) to intern (forcibly resettle) citizens of a foreign state that threatens to attack or commits aggression against Ukraine;

24) carry out the mandatory evacuation of detained persons who are in temporary detention centers in accordance with the procedure determined by the Cabinet of Ministers of Ukraine; suspects, accused persons, in respect of whom a preventive measure has been applied - detention, who are in pretrial detention centers; phasing of convicted persons serving sentences such as arrest, restriction of liberty, deprivation of liberty for a certain period and life imprisonment, from penal institutions located in areas close to areas where hostilities are taking place, to corresponding institutions located in a safe area;

*{Clause 24 of the first part of Article 8 as amended in accordance with Law No. 1702-IX dated 07.16.2021 - shall be enforced from 01.01.2022}*

25) implement other measures provided for by the norms of international humanitarian law.

*{The first part of Article 8 is supplemented by Clause 25 in accordance with Law No. 2394-IX dated 07/09/2022 }*

2. In areas where hostilities are taking place, the introduction and implementation of measures of the legal regime of martial law rests directly with the military command and military administrations (if they are formed).

*{The third part of Article 8 is excluded on the basis of Law No. 1702-IX dated 07.16.2021 - shall be enforced from 01.01.2022}*

**Article 9.** Exercise of powers by state authorities and local self-government bodies under martial law

1. In the conditions of martial law, the President of Ukraine and the Verkhovna Rada of Ukraine act exclusively on the basis, within the limits of authority and in the manner determined by the Constitution and laws of Ukraine.

2. The Cabinet of Ministers of Ukraine, other state authorities, military command, military administrations, the Verkhovna Rada of the Autonomous Republic of Crimea, the Council of Ministers of the Autonomous Republic of Crimea, local self-government bodies exercise the powers granted to them by the Constitution of Ukraine , this and other laws of Ukraine.

3. In the conditions of martial law, a person authorized to perform the functions of the state or local self-government does not bear responsibility, including criminal, for decisions, actions or inaction, the negative consequences of which could not be foreseen or which are covered by a justified risk, provided that such actions (inaction) were necessary to repulse armed aggression against Ukraine or eliminate (neutralize) the armed conflict.

*{Article 9 is supplemented by part three in accordance with Law No. 2124-IX dated 03/15/2022 }*

4. During the period of martial law, the head of a village, settlement, or city of a territorial community, on the territory of which hostilities are not taking place and a decision has not been made on the formation of a military administration of the settlement (settlements), exclusively for the implementation of the measures of the legal regime of martial law, may make a decision, with mandatory notification of the head of the relevant regional military administration within 24 hours, regarding:

1) release of communally owned land plots from illegally placed temporary structures, including those that were installed but not put into operation in accordance with the procedure established by law;

2) inspection of buildings and structures damaged as a result of hostilities. Inspection of buildings and structures damaged as a result of hostilities is carried out in accordance with the Law of Ukraine "On Regulation of Town Planning Activities";

3) dismantling of buildings and structures, which, according to the results of the survey specified in **clause 2** of this part, are recognized as dangerous and pose a threat to people's lives (except for defense and special purpose objects, objects of cultural heritage and objects, on which are covered by **the Law of Ukraine** "On the Use of Nuclear Energy and Radiation Safety"). Orders on the dismantling of such buildings and structures are entered into the Unified State Electronic System in the field of construction in accordance with the procedure established by the Cabinet of Ministers of Ukraine in **the Procedure for the Management of the Unified State Electronic System in the Field of Construction** .

*{Article 9 is supplemented by part four in accordance with Law No. 2259-IX dated 12.05.2022 }*

5. During the period of martial law, the head of a village, township, or a territorial community, on the territory of which hostilities are not taking place and a decision has not been made on the formation of a military administration of the settlement (settlements), exclusively for the implementation of the measures of the legal regime of martial law, may make a decision on :

1) transfer of funds from the relevant local budget for the needs of the Armed Forces of Ukraine and/or to ensure measures of the legal regime of martial law;

2) creation of specialized institutions for the provision of free primary legal aid, appointment and dismissal of heads of these institutions, involvement of individuals or legal entities under private law in the provision of free primary legal aid;

*{Clause 2 of the fifth part of Article 9 as amended by Law No. 3022-IX dated 04/10/2023 }*

3) fight against natural disasters, epidemics, epizootics;

4) hazardous waste management.

*{Article 9 is supplemented by part five in accordance with Law No. 2259-IX dated 12.05.2022 }*

6. In the event of violations by the head of a village, settlement, or city in the course of exercising the powers provided for in **parts four** and **five** of this article **of the Constitution** or laws of Ukraine, the head of the regional military administration, in agreement with the General Staff of the Armed Forces of Ukraine, shall bring the matter before the President of Ukraine, the question of the formation of a military administration of a settlement (settlements).

*{Article 9 is supplemented by part six in accordance with Law No. 2259-IX dated 12.05.2022 }*

7. Decisions made by the village, settlement, and city mayor in accordance with the procedure established by **parts four** and **five** of this article shall enter into force from the moment of their adoption, unless a later date for their entry into force is established by these decisions, and shall be immediately brought to the attention of the residents of the relevant territorial communities

*{Article 9 is supplemented by part seven in accordance with Law No. 2259-IX dated May 12, 2022 }*

8. Agreements concluded during the martial law by the village, settlement, city mayor on behalf of the council on the issues specified in **parts four** and **five** of this article (if they belong to the exclusive competence of the village, settlement, city council) do not require approval by the relevant by the village, settlement, city council, if the term of validity of such agreements does not exceed one year from the date of termination or cancellation of martial law. If the term of validity of such contracts exceeds one year from the date of termination or cancellation of martial law, the village, settlement, city council shall, within 30 days from the date of termination or cancellation of martial law, make a decision on the approval of such contracts and their term of validity.

*{Article 9 is supplemented by part eight in accordance with Law No. 2259-IX dated 05/12/2022 }*

9. In the case of approval by the village, settlement, city mayor of the temporary structure of the executive bodies of the village, settlement, city council, for employees whose positions are not included in the temporary structure, they are declared to be laid off or their transfer to an equivalent or lower position is carried out.

The decision on approving the temporary structure of the executive bodies of the village, settlement, city council shall expire no later than 30 days after the termination or abolition of martial law, unless it establishes an earlier expiration date.

During the period of martial law, the head of a village, settlement, or city may appoint and dismiss persons from positions in local self-government bodies, heads of communal enterprises, institutions, organizations belonging to the sphere of management of the relevant local self-government body, in accordance with the procedure specified in **parts p'** the sixth **part of Article** 10 of this Law.

*{Article 9 is supplemented by part nine in accordance with Law No. 2259-IX dated 05/12/2022 }*

10. During the period of martial law, acts of local self-government bodies, military-civilian administrations and military administrations, as well as their officials, shall not be subject to the requirements of **paragraph 3** of part one (as regards the publication of draft acts), **part four of** article 15 of the Law of Ukraine "On Access to public information", **the Law of Ukraine** "On the principles of state regulatory policy in the field of economic activity" and **the Law of Ukraine** "On state aid to business entities".

*{Article 9 is supplemented by part ten in accordance with Law No. 2259-IX dated May 12, 2022 }*

**Article 10.** Inadmissibility of termination of powers of state authorities and other state bodies in conditions of martial law

1. During the period of martial law, the powers of the President of Ukraine, the Verkhovna Rada of Ukraine, the Cabinet of Ministers of Ukraine, the National Bank of Ukraine, the Commissioner for Human Rights of the Verkhovna Rada of Ukraine, courts, prosecutor's offices, bodies that carry out operational and investigative activities, pre-trial investigation, intelligence agencies, and agencies whose subdivisions carry out counter-intelligence activities.

2. In the event of the formation of a military administration of a settlement (settlements), the Verkhovna Rada of Ukraine, upon the proposal of the President of Ukraine, may make a decision that during the period of martial law and 30 days after its termination or cancellation:

1) head of the military administration:

in addition to the powers attributed to his competence by this Law, exercises the powers of the village, settlement, city council, its executive committee, the village, settlement, city mayor;

can approve the temporary structure of the executive bodies of the village, settlement, city council (for employees whose positions are not included in the temporary staff list, it is declared simple or they are transferred to an equivalent or lower position);

2) the apparatus of the village, settlement, city council and its executive committee, other executive bodies (taking into account **the third paragraph** of clause 1 of this part), communal enterprises, institutions and organizations of the relevant territorial community are subordinate to the head of the relevant military administration.

3. In the case of the formation of a regional and/or district military administration for the period of martial law and within 30 days after its termination or cancellation, in the case of temporary occupation or encirclement of the administrative center of the region, or in the case of the adoption of a relevant decision by the Verkhovna Rada of Ukraine at the request of the President of Ukraine:

1) the powers of such regional and/or district council are exercised by relevant regional and district military administrations;

2) the executive apparatus of such a district and regional council is subordinate to the head of the corresponding military administration;

3) relevant district and regional councils do not exercise their powers;

4) communal enterprises, institutions and organizations founded on the basis of property jointly owned by territorial communities of the district or oblast are subject to the relevant military administration;

5) management of objects jointly owned by territorial communities of such district and/or region is carried out by the head of the relevant district and/or regional military administration;

6) appointment of persons to positions and dismissal from positions, which are carried out by the head of the district military administration, are agreed with the head of the corresponding regional military administration;

7) the head of the regional military administration, the head of the district military administration, in agreement with the head of the relevant regional military administration, may release from the performance of duties the employees of the executive apparatus of such district and/or regional council (for such employees, a layoff is declared or their transfer to an equivalent or lower position).

4. In the event that the Verkhovna Rada of Ukraine adopts a decision provided for in **part two** or **three** of this article, the head of the military administration, the relevant regional and/or district military administration shall exercise the powers provided for in part two or three of this article, respectively, from the date of entry into force of the said decision of the Verkhovna Rada of Ukraine within the period stipulated by these parts.

In the case of elimination of threats to security and law and order in the territory of the region, at the request of the President of Ukraine, the Verkhovna Rada of Ukraine may adopt a decision on the resumption of the work of local self-government bodies in the territory of the relevant region before the end of the 30-day period provided for in **the second** or **third** part of this article, but not earlier than termination or cancellation of martial law.

If, within a 30-day period after the termination or abolition of martial law, there are grounds defined by law for the appointment of extraordinary elections of the relevant local council, the head of the military administration, the relevant regional and/or district military administration shall continue to exercise the powers provided for in **parts two** and **three** of this article until the election a new composition of relevant local self-government bodies, if the President of Ukraine has not made a decision on the formation of a military-civilian administration on this territory.

5. During the period of martial law, persons are appointed to civil service positions, positions in local self-government bodies, positions of managers of economic entities of the state sector of the economy, communal enterprises, institutions, organizations by the head of the civil service or the appointing entity, rural, township, city the chairman, the chairman of the district, district in the city, oblast council, the head of the relevant military administration without competitive selection, the obligation of which is provided for by law, on the basis of the submitted application, a completed identity card of the established model and documents confirming that such persons have Ukrainian citizenship, education and work experience in accordance with the requirements of the legislation established for the relevant positions, as well as in the presence in the Unified State Register of declarations of persons authorized to perform the functions of the state or local self-government, declarations of the person authorized to perform the functions of the state or local self-government for the past year.

*{Paragraph one of the fifth part of Article 10 as amended in accordance with Law No. 3384-IX dated September 20, 2023 }*

Civil servants and officials of local self-government, appointed in accordance with **the first paragraph** of this part, may not be transferred to other civil service positions or positions in local self-government bodies.

The effect of this part does not apply when appointing to public service positions, according to which a special law establishes the procedure for the performance of duties in the absence of the head of a state body (including in the case of termination of his powers or dismissal from office), except in cases, if established by a special law the procedure cannot be applied due to the lack of persons who can be entrusted with the duties of the head of the state body.

6. A person applying for a political position, a civil service position, a position in local self-government bodies, the position of head of an economic entity of the state sector of the economy, the position of head of a utility company, institution, organization, during the period of martial law does not submit a confirmation document the level of proficiency in the state language in accordance with the Law of Ukraine "On Ensuring the Functioning of the Ukrainian Language as the State Language".

*{Part six of Article 10 as amended by Law No. 3384-IX dated 09/20/2023 }*

7. Persons appointed during the period of martial law to political positions, as well as, in accordance with the first paragraph of the fifth part of this article, to civil service positions, positions in local self-government bodies, positions of heads of economic entities of the state sector of the economy, positions of heads of communal utilities enterprises, institutions, organizations, submit a document confirming the level of proficiency in the state language in accordance with the Law of Ukraine "On Ensuring the Functioning of the Ukrainian Language as the State Language" within three months from the date of termination or cancellation of martial law, if such a document was not submitted by them earlier.

*{Paragraph one of the seventh part of Article 10 as amended in accordance with Law No. 3384-IX dated September 20, 2023 }*

Persons appointed to positions during the period of martial law, in order to ensure the conduct of a special check provided for by the Law of Ukraine "On Prevention of Corruption", as well as the check provided for by the Law of Ukraine "On Purification of Power", submit the documents provided for in the second part of Article 57 of the Law of Ukraine. On Prevention of Corruption", no later than January 31, 2024, if such declarations and/or documents were not submitted by them earlier, or within 90 calendar days from the date of termination of the circumstances specified in paragraphs two and three of part eight of this article.

*{Part seven of Article 10 was supplemented with a new paragraph in accordance with Law No. 3384-IX dated 09/20/2023 }*

After the termination or cancellation of martial law, but no later than six months from the date of its termination or cancellation, to civil service positions, positions in local self-government bodies, positions of heads of economic entities of the state sector of the economy, positions of heads of communal enterprises, institutions, organizations, on which persons are appointed in accordance with the first paragraph of the fifth part of this article, a competition is announced. The maximum period of tenure of a person in the position to which he is appointed in accordance with the first paragraph of the fifth part of this article is 12 months from the date of termination or cancellation of martial law.

8. A special check provided for by the Law of Ukraine "On Prevention of Corruption" in relation to persons applying for positions or appointed during the period of martial law to positions that involve holding a responsible or particularly responsible position, and positions with an increased corruption risk, the list of which is approved by the National Agency for the Prevention of Corruption, as well as the verification provided for by the Law of Ukraine "On Purification of Power" in relation to persons applying for employment or appointed during the period of martial law to positions in respect of which measures for the purification of power (lustration) are carried out, under during the period of martial law, they are not carried out in the case of:

1) finding the body that is responsible for organizing a special inspection or an inspection provided for by the Law of Ukraine "On Purification of Power" in the territories where active hostilities are taking place or in the temporarily occupied territories of Ukraine, the list of which is determined in accordance with the procedure established by law;

2) performance of tasks in the interests of the national security and defense of Ukraine by persons appointed to the relevant position during the period of martial law, direct participation in the conduct of military (combat) operations, stay in the area of military (combat) operations and receiving additional remuneration assigned for military personnel, rank and file officers, police officers during the period of martial law, and/or in the temporarily occupied territory of Ukraine.

Conducting a special inspection provided for by the Law of Ukraine "On Prevention of Corruption", as well as an inspection provided for by the Law of Ukraine "On Purification of Power", in relation to persons appointed during the period of martial law, for whom such inspections were not carried out during this period, is carried out within 30 days from the date of the end of the term for submitting the documents necessary for conducting a special inspection, except in cases of dismissal of such a person before the entry into force of the Law of Ukraine "On Amendments to Certain Laws of Ukraine on Defining the Procedure for Submission of Declarations by Persons Authorized to Perform the Functions of the State or Local Self-Government, in the Conditions of martial law" or completion of the said checks during martial law.

A special check is not carried out in relation to persons who are appointed to positions based on the results of a competition for the same position, provided that a special check has already been carried out in relation to such persons during martial law.

*{Part eight of Article 10 as amended by Law No. 3384-IX dated September 20, 2023 }*

9. Persons appointed in accordance with the first paragraph of the fifth part of this article are subject to dismissal from their positions within three working days from the date of occurrence of any of the following circumstances:

failure to submit the declaration of the person authorized to perform the functions of the state or local self-government, provided for in Article 45 of the Law of Ukraine "On Prevention of Corruption", in accordance with clauses 2[7] of Chapter XIII "Final Provisions" of the Law of Ukraine "On Prevention of Corruption" (if such a declaration was not submitted earlier );

failure to submit a document confirming the level of proficiency in the state language in accordance with the Law of Ukraine "On Ensuring the Functioning of the Ukrainian Language as the State Language" in accordance with part seven of this article (by persons for whom the submission of such a document is mandatory).

Persons appointed to positions that involve taking a responsible or particularly responsible position, or to positions with increased corruption risk, the list of which is approved by the National Agency for the Prevention of Corruption, are subject to dismissal from their position within three working days from the date of occurrence of any of these circumstances:

failure to submit the declaration of the person authorized to perform the functions of the state or local self-government, provided for **in Article 45** of the Law of Ukraine "On Prevention of Corruption", in accordance with **clauses 2**[7] of Chapter XIII "Final Provisions" of the Law of Ukraine "On Prevention of Corruption" (if such a declaration was not submitted earlier );

failure to submit the documents provided for **in part two of** Article 57 of the Law of Ukraine "On Prevention of Corruption", except for the declaration of a person authorized to perform the functions of the state or local self-government, after the expiration of the terms established **by part seven** of this article;

failure to pass or refusal to pass a special check provided for **in Articles 56** and 57 of the Law of Ukraine "On Prevention of Corruption".

*{Part nine of Article 10 as amended by Law No. 3384-IX dated September 20, 2023 }*

10. Persons dismissed from civil service positions and service in local self-government bodies during the period of martial law may, within one year after the termination or cancellation of martial law, be accepted for equivalent or lower civil service positions and service in local self-government bodies without holding a competition.

The provisions of **the first paragraph** of this part do not apply to civil servants and local self-government officials appointed in accordance with **part five** of this article.

*{Article 10 as amended by Law No. 2259-IX dated May 12, 2022 }*

**Article 11.** Activities of the President of Ukraine under martial law

1. The President of Ukraine under martial law:

1) carries out general management of the introduction and implementation of measures of the legal regime of martial law;

2) makes a decision on the proposal of the National Security and Defense Council of Ukraine to involve the Armed Forces of Ukraine, other military formations and law enforcement agencies in the implementation of martial law measures;

3) carries out strategic management of the Armed Forces of Ukraine, other military formations and law enforcement agencies through the General Headquarters of the Armed Forces of Ukraine;

4) determines the procedure for completing military service.

2. During the period of martial law, the President of Ukraine may make a decision to remove an official from his position, the appointment and dismissal of which is within his authority, and assign the performance of duties to another person for the corresponding period. The person entrusted with the performance of duties in accordance with this part must meet the requirements established by law for occupying the relevant position, taking into account the provisions of this Law.

*{Article 11 is supplemented by a new part in accordance with Law No. 2259-IX dated 05/12/2022 }*

3. In the event that the term of office of the President of Ukraine expires during martial law, his powers shall be extended until the newly elected President of Ukraine, elected after the lifting of martial law, takes office.

4. The powers of the President of Ukraine, stipulated **by the Constitution of Ukraine** , cannot be limited in the conditions of martial law.

**Article 12.** Activities of the Verkhovna Rada of Ukraine under martial law

1. The Verkhovna Rada of Ukraine, in the event of the introduction of martial law in Ukraine or some of its localities, works in session mode.

2. If the term of office of the Verkhovna Rada of Ukraine expires during martial law, its powers shall be extended until the day of the first meeting of the first session of the Verkhovna Rada of Ukraine elected after the abolition of martial law.

3. The powers of the Verkhovna Rada of Ukraine, provided for **by the Constitution of Ukraine** , cannot be limited in the conditions of martial law.

4. During the period of martial law, the Verkhovna Rada of Ukraine may make a decision on the dismissal of an official from a position, the appointment to which and the dismissal from which are attributed to the powers of the Verkhovna Rada of Ukraine, except for the grounds provided for by special laws, also in the case of expressing no confidence in such an official ( with the exception of officials whose appointments and dismissals are carried out by the Verkhovna Rada of Ukraine at the request of the President of Ukraine or the Cabinet of Ministers of Ukraine).

The issue of expressing no confidence can be initiated by the Chairman of the Verkhovna Rada of Ukraine or at least one fourth of the People's Deputies of Ukraine from the constitutional composition of the Verkhovna Rada of Ukraine. Such an issue is considered at the plenary session of the Verkhovna Rada of Ukraine urgently in accordance with the **Regulations of the Verkhovna Rada of Ukraine** , without taking into account the procedures provided for by special laws determining the legal status of the relevant officials. The decision to express no confidence is considered adopted if the majority of the constitutional members of the Verkhovna Rada of Ukraine voted for it. The expression of no confidence by the Verkhovna Rada of Ukraine results in the dismissal of the official from his position.

*{Article 12 is supplemented by part four in accordance with Law No. 2259-IX dated 05/12/2022 }*

**Article 12**[1]. Activities of the Cabinet of Ministers of Ukraine under martial law

1. The Cabinet of Ministers of Ukraine in the event of the introduction of martial law in Ukraine or some of its localities:

1) works in accordance with the Regulations of the Cabinet of Ministers of Ukraine under martial law;

2) develops and implements the Plan for the introduction and provision of measures of the legal regime of martial law in certain localities of Ukraine, taking into account the threats and specifics of the specific situation that has developed;

3) organizes and directs central and other executive bodies under martial law;

4) after the start of an armed conflict, takes measures to create safe zones in accordance with the norms of international humanitarian law, organized in a way that makes it possible to ensure the protection of civilians;

*{The first part of Article 12[1] is supplemented by clause 4 in accordance with Law No. 2394-IX dated 07.09.2022 }*

5) determines the specifics of defense and public procurement, ensuring the protection of state customers and customers from military threats.

*{The first part of Article 12[1] was supplemented by clause 5 in accordance with Law No. 2526-IX dated 16.08.2022 }*

*{The law was supplemented by Article 12[1] in accordance with Law No. 1702-IX dated 07.16.2021 - it shall be enforced from 01.01.2022}*

**Article 12[2]** . Activities of courts, bodies and institutions of the justice system under martial law

1. In the conditions of the legal regime of martial law, courts, bodies and institutions of the justice system act exclusively on the basis, within the limits of authority and in the manner determined by the Constitution of Ukraine and the laws of Ukraine.

2. The powers of courts, bodies and institutions of the justice system provided for by the Constitution of Ukraine cannot be limited in the conditions of the legal regime of martial law.

*{The law was supplemented by Article 12[2] in accordance with Law No. 1702-IX dated 07.16.2021 - it shall be enforced from 01.01.2022}*

**Article 13.** Peculiarities of the effect of normative legal acts in the conditions of martial law

1. Normative legal acts of the Verkhovna Rada of the Autonomous Republic of Crimea, decisions of the Council of Ministers of the Autonomous Republic of Crimea, decisions of local executive bodies and local self-government bodies, which concern the rights and freedoms of a person and a citizen, which are limited in connection with the introduction of martial law, temporarily do not apply.

**Article 14.** Powers of the General Staff of the Armed Forces of Ukraine

1. General Staff of the Armed Forces of Ukraine:

1) participates in the preparation of a draft of a standard plan for the introduction and maintenance of the legal regime of martial law in Ukraine or its individual localities;

2) organizes training and conducts management of the Armed Forces of Ukraine, formations, units and bodies of other military formations and law enforcement agencies during their implementation of measures of the legal regime of martial law;

3) organizes the activities of military administrations, commands of the Armed Forces of Ukraine, departments of operational commands, commands of military units and units of the Armed Forces of Ukraine in the territory where martial law has been imposed;

4) develops and submits to the National Security and Defense Council of Ukraine proposals regarding the involvement of other military formations and law enforcement agencies in the implementation of martial law measures.

**Article 15.** Powers of military administrations

1. Military administrations in their activities are guided by the Constitution of Ukraine , laws of Ukraine "On the Defense of Ukraine" , "On Mobilization Training and Mobilization" , "On Critical Infrastructure" , this Law and other legal acts. The powers of military administrations are exercised by them in the manner determined by the laws of Ukraine for the exercise of the powers of relevant local state administrations and local self-government bodies, taking into account the specifics established by this Law.

During the mobilization and under the conditions of the legal regime of martial law within the administrative-territorial unit, the regional military administrations (if formed) coordinate and direct the activities of bodies and units that are part of the police system, the Security Service of Ukraine, territorial centers of recruitment and social support , local self-government bodies, enterprises, institutions, organizations, health care institutions regarding the implementation of mobilization measures.

*{The first part of Article 15 was supplemented by the second paragraph in accordance with Law No. 3633-IX dated April 11, 2024 }*

*{Part one of Article 15 as amended in accordance with Law No. 1882-IX dated 11/16/2021 }*

2. Military administrations of settlements in the relevant territory exercise the powers of:

1) introduction and implementation of measures of the legal regime of martial law;

2) ensuring effective use of natural, labor and financial resources;

3) involvement of enterprises, institutions and organizations regardless of the form of ownership on a contractual basis to participate in the comprehensive socio-economic development of villages, towns, cities, coordination of this work in the relevant territory;

4) placement on a contractual basis of orders for the production of products, performance of works (services) necessary for the territorial community, at enterprises, institutions and organizations;

5) drawing up and approving the local budget, making changes to it, ensuring the implementation of the corresponding budget;

6) setting the rates of local taxes and fees in accordance with the Tax Code of Ukraine , if the decision of the relevant council on these issues has not been adopted;

7) decision-making regarding the granting of benefits from the payment of local taxes and fees in accordance with the law, if the relevant council's decision on these issues has not been adopted;

8) setting tariffs for household, communal services (except for tariffs established by the national commission that carries out state regulation in the spheres of energy and communal services), transport and other services in accordance with the procedure and within the limits defined by legislation;

9) attracting on a contractual basis the funds of enterprises, institutions and organizations, regardless of the form of ownership, located in the relevant territory, and the funds of the population, as well as budget funds for the construction, expansion, repair and maintenance on a share basis of social and industrial infrastructure objects and on measures to protect the natural environment;

10) management of facilities of housing and communal services, household, trade services, transport and communication, which are communally owned by the respective territorial communities, ensuring their proper maintenance and efficient operation, the required level and quality of services to the population;

11) establishing for enterprises, institutions and organizations that are communally owned by the respective territorial communities, the amount of the share of profit, which is subject to inclusion in the local budget;

12) management of property that is communally owned by the relevant territorial community (except for solving issues of alienation, including by privatizing communal property and leasing communal property for a period of more than one year);

13) providing assistance to the owners of apartments (houses) in their reconstruction in case of damage as a result of hostilities, acts of terrorism, sabotage; organizations using their own funds and on a joint-stock basis for the construction, reconstruction and repair of communal and social facilities, residential buildings, as well as roads of local importance; execution or delegation on a competitive basis to the general construction organization (contracting organization) of the functions of the customer for the construction, reconstruction and repair of housing, other objects of social and production infrastructure of communal property;

14) providing, in accordance with the law, urban planning conditions and land development restrictions;

15) management of educational institutions, educational institutions, health care, cultural, physical education and sports institutions, social service providers belonging to territorial communities or transferred to them, youth and adolescent institutions at the place of residence; organization of their material, technical and financial support; organization of their provision of services, including social services;

*{Clause 15 of the second part of Article 15 as amended in accordance with Law No. 2126-IX dated March 15, 2022 ; as amended by Law No. 2193-IX dated April 14, 2022 }*

16) provision of social and cultural institutions that are communally owned by the respective territorial communities, as well as the population with fuel, electricity, gas and other energy carriers; solving issues of water supply, drainage and wastewater treatment; monitoring the quality of drinking water;

17) resolution of issues related to the provision of funeral services at the expense of local budget funds in connection with the burial of single citizens, war and labor veterans, as well as other categories of low-income citizens; provision of assistance for the burial of citizens in other cases provided for by law;

18) ensuring the organization of conscription of citizens for military service by conscription of officers and alternative (non-military) service, referrals for basic military service, training of young people for military service; assistance in the organization of training (inspection) and special military meetings; ensuring delivery to enterprises, institutions and organizations, regardless of the form of ownership, as well as to the population of the order of the head of the local state administration (military, military-civilian) or the head of the territorial recruitment and social support center on conducting mobilization events or calling conscripts and reservists to territorial centers staffing and social support;

*{Clause 18 of the second part of Article 15 as amended by Law No. 3633-IX dated 04/11/2024 }*

19) ensuring on the territory of the relevant settlements personal and primary military records of conscripts, conscripts and reservists, ensuring reservation of conscripts for the period of mobilization and wartime, providing reporting on these issues;

*{Clause 19 of the second part of Article 15 as amended by Law No. 3633-IX dated 04/11/2024 }*

20) organization and implementation of activities related to mobilization training, mobilization, demobilization and civil protection;

*{Clause 20 of the second part of Article 15 as amended by Law No. 3633-IX of April 11, 2024 }*

20 [1] ) implementation during mobilization in accordance with the established procedure of timely notification and ensuring the arrival of citizens who are involved in the fulfillment of the duty of mobilization in the manner specified by the Law of Ukraine "On Mobilization Preparation and

Mobilization", vehicles and equipment at assembly points and in military units by taking appropriate information and organizational and technical measures;

*{The second part of Article 15 is supplemented by Clause 20[1] in accordance with Law No. 3633-IX dated 11.04.2024 }*

21) solving, in accordance with the legislation, issues related to the provision of military units, institutions, and educational institutions of the Armed Forces of Ukraine with service premises and living space, other facilities, as well as utility services; control over their use, provision of services;

*{Clause 21 of the second part of Article 15 as amended in accordance with Law No. 2126-IX dated 03/15/2022 }*

22) facilitating the organization of production and supplies to the troops by enterprises and organizations under communal ownership of ordered products, services, and energy resources;

22[1]) interaction with state authorities, other state bodies, defense forces and security forces, local self-government bodies, enterprises, institutions and organizations, providing them and receiving from them information, documents and materials necessary for the performance of powers in accordance with the procedure established by law on issues of mobilization and demobilization;

*{The second part of Article 15 is supplemented by Clause 22[1] in accordance with Law No. 3633-IX dated 04/11/2024 }*

23) implementation of measures to create appropriate conditions for the functioning of checkpoints across the state border of Ukraine;

24) assistance to the State Border Service of Ukraine in maintaining the appropriate regime at the state border;

25) establishment of enhanced protection and ensuring, in cooperation with relevant economic entities, the stable functioning of important objects of the national economy and objects that ensure the livelihood of the population;

*{Clause 25 of the second part of Article 15 as amended in accordance with Law No. 1882-IX dated November 16, 2021 ; as amended by Law No. 2394-IX dated July 9, 2022 }*

26) solving in accordance with the law issues of land relations regulation (except for solving issues of alienation of land plots from communal ownership and leasing of such land plots for a period of more than one year);

27) resolving, in accordance with the law, issues of granting a permit for the special use of natural resources of local importance for a period of no more than one year, as well as the cancellation of such a permit;

28) creation in accordance with the law at the expense of the local budget of specialized institutions for the provision of free primary legal aid, the appointment and dismissal of the heads of these institutions, the involvement of individuals or legal entities under private law in the provision of free primary legal aid in accordance with the procedure established by law;

*{Clause 28 of the second part of Article 15 as amended by Law No. 3022-IX dated 04/10/2023 }*

29) facilitating the activities of the court, prosecutor's office, justice, security service, National Police, advocacy and the State Criminal Enforcement Service of Ukraine;

*{Clause 29 of the second part of Article 15 as amended in accordance with Law No. 766-VIII dated November 10, 2015 }*

30) listening to information from prosecutors and heads of National Police bodies about the state of law, fighting crime, protecting public safety and order, and the results of activities in the relevant territory;

*{Clause 30 of the second part of Article 15 as amended in accordance with Law No. 766-VIII dated 10.11.2015 }*

31) annulment of acts of executive bodies of the relevant council that do not comply with the Constitution , laws of Ukraine, other acts of legislation, decisions of the relevant council adopted within its powers;

32) establishing, in accordance with the legislation, rules for ensuring cleanliness and order in the settlement, trading in the markets, maintaining silence in public places, for the violation of which administrative responsibility is provided;

33) making, within the limits specified by law, decisions on the prevention of emergency situations and elimination of their consequences, protection of the population and territories from emergency situations, extinguishing fires, combating epidemics, epizootics, epiphytotics;

*{Clause 33 of the second part of Article 15 as amended by Law No. 2394-IX dated 07/09/2022 }*

34) making a decision on the early termination of the powers of bodies of territorial self-organization of the population in cases provided for by law;

35) establishment in accordance with the legislation of communal emergency and rescue services, fire and rescue units to provide local and/or voluntary fire protection, implementation of measures to ensure their activities;

*{Clause 35 of the second part of Article 15 as amended by Law No. 2394-IX dated 07/09/2022 }*

36) provision of centralized temporary storage of archival documents accumulated in the process of documenting official, labor or other legal relations of legal entities and individuals in the relevant territory, and other archival documents that do not belong to the National Archival Fund;

37) solving issues of household waste management, disposal and burial of animal corpses;

*{Clause 37 of the second part of Article 15 as amended in accordance with Law No. 2320-IX dated 06/20/2022 }*

38) organizations of local markets;

39) establishing the mode of operation of enterprises of communal economy, trade and public catering, household services that are communally owned by the respective territorial communities;

40) approval of routes and timetables of local passenger transport regardless of the form of ownership, coordination of these issues in relation to transit passenger transport in cases provided for by law;

41) ensuring maintenance of cemeteries, other burial places and their protection;

42) involvement of enterprises, institutions and organizations that do not belong to the communal property of the respective territorial communities to participate in serving the population by means of transport and communication;

43) adoption of decisions on the prohibition of trade in weapons, powerful chemical and poisonous substances;

*{The second part of Article 15 is supplemented by Clause 43 in accordance with Law No. 1702-IX dated 07.16.2021 - it shall be enforced from 01.01.2022; with changes introduced in accordance with Law No. 3817-IX dated 18.06.2024 }*

44) ensuring the implementation of state guarantees specified by the laws of Ukraine under martial law;

*{The second part of Article 15 is supplemented by Clause 44 in accordance with Law No. 2126-IX dated 03.15.2022 }*

45) making decisions on the inspection of buildings and structures damaged as a result of hostilities. Inspection of buildings and structures damaged as a result of hostilities is carried out in accordance with the Law of Ukraine "On Regulation of Town Planning Activities";

*{The second part of Article 15 is supplemented by Clause 45 in accordance with Law No. 2259-IX dated 05.12.2022 }*

46) making decisions on the dismantling of buildings and structures, which, according to the results of the survey specified in clause 45 of this part, are recognized as dangerous and as posing a threat to people's lives (except for defense and special purpose objects, objects of cultural heritage and objects facilities covered by the Law of Ukraine "On the Use of Nuclear Energy and Radiation Safety"). Dismantling orders for such buildings and structures are submitted to the Unified State Electronic System in the field of construction in accordance with the procedure established by the Cabinet of Ministers of Ukraine in the Procedure for the Management of the Unified State Electronic System in the Field of Construction ;

*{The second part of Article 15 is supplemented by Clause 46 in accordance with Law No. 2259-IX dated 12.05.2022 }*

47) making decisions on submitting a proposal to the National Security and Defense Council of Ukraine, approved by the regional military administration, regarding the forced alienation or seizure of movable property that is used or can be used to ensure the activities of enterprises of the defense-industrial complex of Ukraine and in respect of which there is a risk of its interruption functioning in connection with the presence of such property on the territory of the administrative-territorial unit of Ukraine, in relation to which there is a threat of its temporary occupation and whose borders are located at a distance of no more than 30 kilometers from the area of military (combat) operations or from the temporarily occupied territory.

*{The second part of Article 15 is supplemented by Clause 47 in accordance with Law No. 2561-IX dated 06.09.2022 }*

Military administrations of settlements exercise the delegated powers of executive authorities granted to local self-government bodies by the laws of Ukraine.

3. District and regional military administrations shall exercise in the relevant territory the powers assigned to their competence by this Law, as well as in the case of the adoption by the Verkhovna Rada of Ukraine at the request of the President of Ukraine of the decision provided for in part three of Article 10 of this Law, or in the case of temporary occupation or encirclement of administrative center of the area of authority with:

*{The first paragraph of the third part of Article 15 as amended by Law No. 2259-IX dated May 12, 2022 }*

1) drawing up and approving district and regional budgets, amending them, approving reports on their implementation; distribution of funds transferred from the state budget in the form of subsidies, subventions, respectively, between district budgets, local budgets of cities of regional significance, villages, settlements, cities of district significance;

2) implementation of management of objects jointly owned by territorial communities of villages, towns, cities, districts in cities under the management of district and regional councils (except for solving issues of alienation, including through privatization, of such objects); appointment and dismissal of their managers;

3) resolution of issues of regulation of land relations in accordance with the law (except resolution of issues of alienation of land plots from communal ownership);

4) resolving, in accordance with the law, issues of granting a permit for the special use of natural resources of district and oblast importance, as well as the cancellation of such a permit;

5) establishment of rules for the use of water intake structures intended to meet the drinking, household and other needs of the population, sanitary protection zones of water supply sources, restrictions or prohibitions on the use of drinking water by enterprises for industrial purposes;

6) making, within the limits defined by law, decisions on protecting the population and territories from emergency situations, liquidating the consequences of emergency situations, combating natural disasters, epidemics, and epizootics;

7) establishment of enhanced protection of critical infrastructure facilities and facilities that ensure the vital activities of the population;

*{Clause 7 of the third part of Article 15 as amended in accordance with Law No. 1882-IX dated 11/16/2021 }*

8) making decisions on appeals to the court regarding the recognition as illegal of acts of local executive bodies, enterprises, institutions and organizations that limit the rights of territorial communities in the sphere of their common interests;

9) listening to information from prosecutors and heads of National Police bodies about the state of law, fighting crime, protecting public safety and order, and the results of activities in the relevant territory;

*{Clause 9 of the third part of Article 15 as amended in accordance with Law No. 766-VIII dated 10.11.2015 }*

10) establishment of tariffs for housing and communal services in accordance with the procedure and within the limits defined by legislation;

11) adoption of decisions on the prohibition of trade in weapons, powerful chemical and poisonous substances;

*{The third part of Article 15 is supplemented by Clause 11 in accordance with Law No. 1702-IX dated 07.16.2021 - shall be enforced from 01.01.2022; with changes introduced in accordance with Law No. 3817-IX dated 18.06.2024 }*

12) ensuring the implementation of state guarantees, defined by the laws of Ukraine, in the conditions of martial law.

*{The third part of Article 15 is supplemented by Clause 12 in accordance with Law No. 2126-IX dated 03.15.2022 }*

4. In the event of the introduction of a legal regime of martial law in Ukraine or some of its localities, regional state administrations (regional military administrations - in the case of their formation) with the approval and in the order determined by the Cabinet of Ministers of Ukraine, within the limits of temporary restrictions on the constitutional rights and freedoms of a person and a citizen , as well as the rights and legal interests of legal entities, provided for by the decree of the President of Ukraine on the introduction of martial law, may introduce and carry out the measure of the legal regime of martial law in types of prohibition of trade in alcoholic beverages and substances produced on an alcohol basis during the period of the day determined by such bodies.

*{Article 15 was supplemented by a new part in accordance with Law No. 3817-IX dated 06/18/2024 }*

5. If it is necessary to move (evacuate) production facilities of enterprises of any form of ownership from the combat zone, the regional, Kyiv city military administration from whose territory the production facilities are moved (evacuated), and the regional military administration (and in case of termination or cancellation of military state in the relevant territory - regional, Kyiv city state administration), to the territory of which such facilities are moved (evacuated), make a joint decision, which determines:

1) a list of persons who are granted the right to lease, without conducting land auctions, a plot of land owned by the state or communal property for the placement of production facilities of enterprises relocated (evacuated) from the war zone;

2) a list of enterprises whose production facilities are subject to relocation (evacuation) from the combat zone.

The procedure for determining enterprises whose production facilities are subject to relocation (evacuation) from the combat zone, and persons who are granted the right to lease, without conducting land auctions, a plot of land owned by the state, communal property for the location of the production facilities of enterprises relocated (evacuated) from the combat zone actions, approved by the Cabinet of Ministers of Ukraine. Such a procedure should include, among other things, the collection of information necessary for consideration of the issue of establishing and changing the purpose of a land plot in accordance with **the Land Code of Ukraine** and **the Law of Ukraine** "On Regulation of Urban Development".

*{Article 15 is supplemented by a new part in accordance with Law No. 2247-IX dated 05/12/2022 }*

6. Regional and Kyiv city military administrations make decisions on placement of temporary storage sites for waste from destruction caused by hostilities, acts of terrorism, sabotage or work to eliminate their consequences.

*{Article 15 is supplemented by a new part in accordance with Law No. 2247-IX dated 05/12/2022 }*

7. The head of the military administration:

1) ensures compliance with **the Constitution** and laws of Ukraine, implementation of acts of the President of Ukraine and relevant executive bodies in the relevant territory;

2) organizes the work of the relevant military administration and supervises its activities, bears personal responsibility for the execution of the powers entrusted to it by the military administration;

3) appoints and dismisses officials and officials, other employees of the relevant military administration;

4) is a manager of budget funds;

5) represents the relevant military administration and territorial community in relations with state bodies, local self-government bodies, public associations, enterprises, institutions and organizations regardless of the form of ownership, citizens;

6) apply to the court to declare illegal acts of local self-government bodies, local executive bodies, enterprises, institutions and organizations that limit the rights and interests of the territorial community;

7) concludes contracts on behalf of the territorial community, the relevant military administration in accordance with the legislation;

8) issues orders and decrees within the limits of his powers, which have the same legal force as the decisions of the relevant council (councils). Orders issued within the powers of local councils must be made public, except for those containing restricted information;

9) conducts personal reception of citizens and ensures in the relevant territory compliance with the legislation regarding consideration of appeals from citizens and public associations.

8. Territorial communities in the territories of which hostilities are taking place, as well as settlements that are surrounded, are determined by the relevant regional military administrations in agreement with the General Staff of the Armed Forces of Ukraine.

*{Article 15 is supplemented by a part in accordance with Law No. 2259-IX dated 12.05.2022 }*

**Article 15** [1]. Powers of the central body of the executive power, which ensures the formation and implementation of the state policy on the maintenance of prisoners of war

1. During the period of martial law in Ukraine, the central body of the executive power, which ensures the formation and implementation of the state policy on the detention of prisoners of war, establishes camps for the detention of prisoners of war.

2. Regulations on camps for the detention of prisoners of war are approved by the central executive body, which ensures the formation and implementation of the state policy on the detention of prisoners of war.

3. Detention of prisoners of war in camps for detention of prisoners of war and precincts for detention of prisoners of war is carried out in accordance with the procedure determined by the Cabinet of Ministers of Ukraine, in compliance with Ukraine's international obligations, in particular in the field of international humanitarian law, and the requirements of Ukrainian legislation.

*{The Law was supplemented by Article 15 [1] in accordance with Law No. 2158-IX dated March 24, 2022 }*

**Article 16.** Involvement of military formations and law enforcement agencies in the implementation of measures of the legal regime of martial law

1. According to the decision of the National Security and Defense Council of Ukraine, put into effect in accordance with the established procedure by the decree of the President of Ukraine, military formations formed in accordance with the laws of Ukraine are involved together with law enforcement agencies in solving tasks related to the introduction and implementation of measures of the legal regime of martial law. according to their purpose and specific activity.

**Article 17.** Promotion of activities of military command and military administrations

1. The state authorities of Ukraine, the Verkhovna Rada of the Autonomous Republic of Crimea, the Council of Ministers of the Autonomous Republic of Crimea and local self-government bodies, enterprises, institutions, organizations, public associations, as well as citizens are obliged to contribute to the activities of the military command and military administrations in the implementation and implementing measures of the legal regime of martial law in the relevant territory.

**Article 18.** Interaction of military command and military administrations with state authorities under martial law

1. The procedure for the interaction of the military command and military administrations with the ministries and other central bodies of the executive power to ensure compliance with the legal regime of martial law, the protection of the safety of citizens and the interests of the state, as well as the subordination or operative subordination to them of other military formations and law enforcement agencies formed in accordance with the laws of Ukraine , or their units, military units, institutions and organizations is determined by the Supreme Commander-in-Chief of the Armed Forces of Ukraine.

**Article 19.** Guarantees of legality in the conditions of martial law

1. In the conditions of martial law, the following are prohibited:

changing the Constitution of Ukraine ;

amendment of the Constitution of the Autonomous Republic of Crimea ;

conducting elections of the President of Ukraine, as well as elections to the Verkhovna Rada of Ukraine, the Verkhovna Rada of the Autonomous Republic of Crimea and local self-government bodies;

conducting all-Ukrainian and local referenda;

conducting strikes, mass meetings and actions.

2. The Verkhovna Rada of Ukraine, no later than ninety days from the date of termination or cancellation of martial law, if regular or special elections to the relevant bodies were to be held during the period during which martial law was imposed, makes a decision on the appointment of elections for deputies of the Verkhovna Rada Autonomous Republic of Crimea, local elections.

**Article 20.** Legal status and restrictions on the rights and freedoms of citizens and the rights and legal interests of legal entities under martial law

1. The legal status and limitations of the rights and freedoms of citizens and the rights and legal interests of legal entities under martial law are determined in accordance with the Constitution of Ukraine and this Law.

2. In the conditions of martial law, the rights and freedoms of a person and a citizen, provided for in the second part of Article 64 of the Constitution of Ukraine, cannot be restricted .

3. In the course of work of persons subject to compulsory labor, compliance with such standards as the minimum wage, the minimum vacation period and rest time between shifts, the maximum working time, taking into account the health status of the person, etc., is ensured. During the time when the working person is involved in the performance of labor duties outside the place of his work under the employment contract, after the completion of such work, the corresponding workplace (position) is kept for him.

4. During the period of martial law, male citizens of Ukraine between the ages of 18 and 60 are required to carry a military registration document together with an identity document and present them at the request of an authorized representative of the district (city) territorial center staffing and social support or a police officer, as well as a representative of the State Border Service of Ukraine in the border lane, the controlled border area and at checkpoints across the state border of Ukraine.

*{Article 20 is supplemented by part four in accordance with Law No. 3633-IX dated 04.11.2024 }*

5. The performance of consular actions in foreign diplomatic institutions of Ukraine under the conditions of martial law based on the applications of male citizens of Ukraine aged 18 to 60 who have not updated their personal data within the time limits specified by this Law is carried out on the condition that they are simultaneously updated.

The validity of military registration documents is checked by a consular official of a foreign diplomatic institution of Ukraine in accordance with the procedure established by the Cabinet of Ministers of Ukraine.

The provision of the first paragraph of this part does not apply in the case of:

registration of an identity card for return to Ukraine;

taking consular actions against children of citizens of Ukraine, whose second parent is a foreigner or stateless person;

taking actions based on the statements of citizens of Ukraine who are under arrest, detained or deprived of liberty abroad.

*{Article 20 is supplemented by part five in accordance with Law No. 3633-IX dated 04.11.2024 }*

6. In the conditions of martial law, the issuance of a passport of a citizen of Ukraine and a passport of a citizen of Ukraine for travel abroad by a separate unit (branch, representative office) of a state enterprise located outside of Ukraine, which belongs to the sphere of management of the State Migration Service of Ukraine, for male citizens of Ukraine aged 18 to 60 years is carried out on the condition that the specified persons have military registration documents.

The validity of military registration documents is checked by an employee of a separate unit (branch, representative office) in accordance with the procedure established by the Cabinet of Ministers of Ukraine.

*{Article 20 is supplemented by part six in accordance with Law No. 3633-IX dated April 11, 2024 }*

**Article 21.** Legal status of foreigners, stateless persons and legal entities of foreign states under martial law

1. The legal status of foreigners and stateless persons, legal entities of foreign states, who are on the territory of Ukraine during the martial law, is determined by the Constitution and laws of Ukraine, international treaties of Ukraine, consent to the bindingness of which has been given by the Verkhovna Rada of Ukraine.

**Article 22.** Inadmissibility of using the legal regime of martial law to seize power and violate the rights and freedoms of citizens and the rights and legitimate interests of legal entities

1. The introduction of martial law cannot be the basis for the use of torture, cruel or degrading treatment or punishment. Any attempt to use the imposition of martial law to seize power entails liability under the law.

**Article 23.** Compensation for losses incurred during the introduction of martial law or return of preserved property

1. Forcible expropriation of privately or communally owned property in the conditions of the legal regime of martial law, if the previous full compensation of the value of such property has not been carried out, entails the subsequent full compensation of its value in the manner determined by law.

In the case of confiscation of such property (assets) into state revenue as a sanction provided for in Clause 1 [1] of the first part of Article 4 of the Law of Ukraine "On Sanctions", reimbursement of its value shall not be made.

*{The first part of Article 23 was supplemented by the second paragraph in accordance with Law No. 2257-IX dated 12.05.2022 }*

2. If the property that was forcibly expropriated from legal entities and individuals remains after the abolition of the legal regime of martial law, the former owner or a person authorized by him has the right to demand the return of such property in a court of law under the conditions specified by law.

3. The former owner of property forcibly expropriated in connection with the introduction and implementation of measures of the legal regime of martial law may demand that he be provided with other property instead, if possible.

**Article 24.** Informing the Secretary General of the UN and foreign countries

1. In accordance with the International Covenant on Civil and Political Rights, in the event of the introduction of martial law, Ukraine shall immediately notify through the Secretary General of the United Nations to the states participating in this covenant, the restriction of the rights and freedoms of man and citizen, which is a deviation from the obligations under the International Covenant on Civil and Political Rights. pact, and about the limit of these deviations and the reasons for making such a decision.

2. The notification shall also specify the date of termination of the relevant deviations from the obligations stipulated by the International Covenant on Civil and Political Rights .

3. Ukraine notifies the UN Secretary General of changes in the limit of deviations from obligations under the International Covenant on Civil and Political Rights or the validity period of restrictions on rights and freedoms and the reasons for making such a decision in the manner specified in parts one and two of this article.

**Article 25.** Liability for violation of the legal regime of martial law

1. Persons guilty of violating the requirements or failing to comply with the measures of the legal regime of martial law shall be prosecuted in accordance with the law.

**Article 26.** Justice under martial law

1. Justice in the territory where martial law has been imposed is carried out only by courts. Courts established in accordance with the Constitution of Ukraine operate on this territory .

2. Abbreviation or acceleration of any forms of judicial proceedings is prohibited.

3. In case of impossibility to administer justice by the courts operating in the territory where martial law has been imposed, the laws of Ukraine may change the territorial jurisdiction of court cases considered in these courts, or the location of the courts may be changed in accordance with the procedure established by law.

4. Creation of extraordinary and special courts is not allowed.

**Article 27.** Control over the activities of the military command, executive power bodies and local self-government bodies

1. The National Security and Defense Council of Ukraine exercises control over the activities of the military command, executive power bodies and local self-government bodies under martial law.

**Article 28.** Final provisions

1. This Law enters into force on the day following its publication.

Normative legal acts adopted before this Law enters into force shall be effective in the part that does not contradict this Law.

2. Recognize as having lost the validity of the Law of Ukraine "On the Legal Regime of Martial Law" (Vedomosti of the Verkhovna Rada of Ukraine, 2000, No. 28, Article 224; 2003, No. 27, Article 209; 2009, No. 19, 2010, No. 119, No. 208, No. 16, Article 110).

2 [1] . In the case of the introduction of martial law in certain localities in connection with the armed aggression of the Russian Federation in the Donetsk and Luhansk regions:

1) on the day of entry into force of the act of the President of Ukraine on the establishment of a military administration, the following powers shall be terminated in accordance with this Law:

of the regional council, its executive apparatus, officials and officials of local self-government who work in these bodies, - in case of formation of the relevant regional military administration;

of the district council, its executive apparatus, officials and officials of local self-government who work in these bodies, - in case of formation of the corresponding district military administration;

village, settlement, city, district councils in cities (in the case of their creation), their executive bodies, village, settlement, city mayors, other officials and officials of local self-government who work in these local self-government bodies, elders - in the case of the formation of a military administration of the relevant settlement (settlements);

2) district, oblast military administrations, together with the powers of local state administrations, exercise powers to introduce and implement measures of the legal regime of martial law in the relevant territory, as well as exercise the powers provided for in clauses 1-10 of part three of Article 15 of this Law;

3) military administrations of settlements, district, regional military administrations exercise their powers until the day of the first meeting of the first session of the corresponding council elected after the abolition of martial law;

4) direction, coordination and control over the activities of regional military administrations in matters of defense, public safety and order, the implementation of measures of the legal regime of martial law are carried out by the United Operational Headquarters of the Armed Forces of Ukraine under the general leadership of the General Headquarters of the Armed Forces of Ukraine, and in other matters - The Cabinet of Ministers of Ukraine within its powers; direction, coordination and control over the activities of district military administrations in matters of defense, public safety and order, implementation of martial law measures are carried out by regional military administrations, and in other matters by the Cabinet of Ministers of Ukraine, regional state administrations within their powers;

5) The General Staff of the Armed Forces of Ukraine exercises the powers provided for in clauses 1 , 3 and 4 of Article 14 of this Law, as well as the organization of training and implementation of general leadership of the Armed Forces of Ukraine, units, units and bodies of other military formations formed in accordance with the laws of Ukraine and law enforcement agencies during their implementation of measures of the legal regime of martial law;

6) The commander of the combined forces directs the forces and means of the Armed Forces of Ukraine, other military formations formed in accordance with the laws of Ukraine, which are directly involved in the implementation of measures to ensure national security and defense, repulse and deter armed aggression of the Russian Federation and the legal regime of military state, through the relevant bodies of military administration.

*{Article 28 is supplemented by clause 2[1] in accordance with Law No. 2268-VIII dated 18.01.2018 }*

2[2]. To establish that temporarily, during the period of martial law in Ukraine, introduced by the Decree of the President of Ukraine "On the introduction of martial law in Ukraine" dated February 24, 2022 No. 64/2022 , approved by the Law of Ukraine "On the approval of the Decree of the President of Ukraine "On the introduction of martial law in of Ukraine" dated February 24, 2022 No. 2102-IX , regarding persons applying for the position of judge, judge of the Constitutional Court of Ukraine, member of the High Council of Justice, member of the High Qualification Commission of Judges of Ukraine, a special check is conducted in accordance with the law, as well as a check, provided for by the Law of Ukraine "On Purification of Power".

*{Article 28 is supplemented by clause 2[2] in accordance with Law No. 3277-IX dated 07.27.2023 }*

2[3]. To establish that for the purpose of creating a service of disciplinary inspectors of the High Council of Justice, temporarily, during the period of martial law in Ukraine, introduced by the Decree of the President of Ukraine "On the introduction of martial law in Ukraine" dated February 24, 2022 No. 64/2022 , approved by the Law of Ukraine "On approval of the Decree of the President of Ukraine "On the introduction of martial law in Ukraine" dated February 24, 2022 No. 2102-IX :

1) the appointment of a person to the position of head of the service of disciplinary inspectors of the High Council of Justice and his deputy, disciplinary inspector of the High Council of Justice is carried out on the basis of a competition;

2) persons applying for the position of head of the disciplinary inspectors service of the High Council of Justice and his deputy, disciplinary inspector of the High Council of Justice, submit a declaration of a person authorized to perform the functions of the state or local self-government, provided for by the Law of Ukraine "On Prevention of Corruption", and a document on confirmation of the level of mastery of the state language in accordance with the Law of Ukraine "On Ensuring the Functioning of the Ukrainian Language as the State Language";

3) persons applying for the position of head of the disciplinary inspectors service of the High Council of Justice and his deputy, disciplinary inspector of the High Council of Justice, are subject to a special check provided for by the Law of Ukraine "On Prevention of Corruption".

*{Article 28 is supplemented by clauses 2[3] in accordance with Law No. 3378-IX dated 09/06/2023 }*

2[4]. To establish that temporarily, during the period of martial law in Ukraine, introduced by the Decree of the President of Ukraine "On the introduction of martial law in Ukraine" dated February 24, 2022 No. 64/2022 , approved by the Law of Ukraine "On the approval of the Decree of the President of Ukraine "On the introduction of martial law in of Ukraine" dated February 24, 2022 No. 2102-IX , the appointment of persons to the positions of official and unofficial full-time employees of the Bureau of Economic Security of Ukraine is carried out on the basis of a competition.

*{Article 28 is supplemented by clauses 2[4] in accordance with Law No. 3840-IX dated 06/20/2024 }*

3. The Cabinet of Ministers of Ukraine within one month from the date of entry into force of this Law:

to prepare and submit to the Verkhovna Rada of Ukraine a draft law on amendments to the Law of Ukraine "On the transfer, forced alienation or seizure of property under the legal regime of martial law or a state of emergency" in connection with the adoption of this Law;

to adopt normative legal acts necessary for the implementation of this Law and to bring their decisions into compliance with this Law;

to ensure that the ministries, other central and local bodies of executive power bring their regulatory acts into compliance with this Law.

**President of Ukraine**                                    P. Poroshenko

**Kyiv,**
**May 12, 2015**
**No. 389-VIII**



On the legal regime of martial law
Law of Ukraine dated May 12, 2015 No. 389-VIII
**Revision** dated **July 27, 2024** , basis — <u>3817-IX</u>
*Permanent address:*
*https://zakon.rada.gov.ua/go/389-19*

**The legislation of Ukraine** is valid
as of November 7, 2024


389–19

# Publications of the document

- **Voice of Ukraine** dated June 10, 2015 — No. 101
- **Government Courier** dated June 10, 2015 — No. 102
- **Official Gazette of Ukraine** dated June 19, 2015 — 2015, No. 46, p. 13, article 1449, act code 77281/2015
- **Information of the Verkhovna Rada of Ukraine** dated July 10, 2015 — 2015, No. 28, p. 1509, Article 250