# EXHIBIT 8



**COUNCIL** VERKHOVNA RADA OF UKRAINE
Legislation of Ukraine

# Civil Procedure Code of Ukraine

Document **1618-IV ()** , previous edition — **Edition** dated 12.31.2023 , basis - 2801-IX

(🛑 The last event — **Editorial** , will take place **on** 01.01.2028 , basis - 3585-IX . Look in history? )

⚠️ This is not the current version of the document. Go to current? )

ℹ️ Information   💾 save   🗂 Document card   🏛 Document content   🔍 Search in text   🖨 Text for printing     ⚙️ 🔗▾



## CIVIL PROCEDURE CODE OF UKRAINE

**(Annuals of the Verkhovna Rada of Ukraine (VVR), 2004, Nos. 40-41, 42, Article 492)**

{With changes introduced in accordance with Law
No. 2709-IV dated 23.06.2005 , VVR, 2005, No. 32, Article 422
by Code
No. 2747-IV dated 07.06.2005 , VVR, 2005, No. 35-36, No. 37, Article .446
Laws
No. 2875-IV dated 09.08.2005 , VVR, 2005, No. 52, Article 562
No. 3538-IV dated 03.15.2006 , VVR, 2006, No. 35, Article 295
No. 3551-IV dated 03.16.2006 , VVR, 2006, No. 35, Article 298
No. 3570-IV dated 16.03.2006 , VVR, 2006, No. 35, Article 303
No. 424-V dated 12.01.2006 , VVR, 2007, No. 9, Article 67
No. 483 -V dated 15.12.2006 , VVR, 2007, No. 9, Article 77
No. 543-V dated 01.09.2007 , VVR, 2007, No. 12, Article 103
No. 962-V dated 19.04.2007 , VVR, 2007, No. 31, Article 405}

{Regarding recognition of certain provisions as constitutional, see Decision of the Constitutional Court
No. 8-рп/2008 of April 22, 2008 }

{With changes introduced in accordance with Laws
No. 1397-VI dated 05/21/2009 , VVR, 2009, No. 41, Art. 596
No. 1474-VI dated 06.05.2009 , VVR, 2009, No. 44, Art
. from 06.25.2009 , VVR, 2010, No. 1, Article 5
No. 1720-VI from 11.17.2009 , VVR, 2010, No. 8, Article 51}

{For the official interpretation of the Code, see in the Decision of the Constitutional Court
No. 3-рп/2010 dated January 27, 2010 }

{With changes introduced in accordance with the Laws
No. 1837-VI dated 21.01.2010 , VVR, 2010, No. 12, Article 120
No. 1691-VI dated 18.02.2010 , VVR, 2010, No. 19, Article 154
No. 1876-VI from 11.02.2010 , VVR, 2010, No. 18, Article 139}

{For the official interpretation of the Code, see in the Decision of the Constitutional Court
No. 12-рп/2010 of April 28, 2010 }

{With changes introduced in accordance with the Laws
No. 2167-VI dated 11.05.2010 , VVR, 2010, No. 31, Article 416
No. 2289-VI dated 06.01.2010 , VVR, 2010, No. 33, Article 471
No. 2387-VI dated 07.01.2010 , VVR, 2010, No. 37, Article 495
No. 2398-VI dated 07.01.2010 , VVR, 2010, No. 38, Article 509}

{For the official interpretation of the Code, see in the Decision of the Constitutional Court
No. 18-рп/2010 dated 07.08.2010 }

{With changes introduced in accordance with Law
No. 2453-VI dated 07.07.2010 , VVR, 2010, No. 41-42, No. 43, No. 44-45, Article 529}

{ Regarding recognition of certain provisions as unconstitutional, see Decision of the Constitutional Court
No. 19-рп/2010 dated 09.09.2010 }

{With changes introduced in accordance with Laws
No. 2536-VI dated 09/21/2010 , VVR, 2011, No. 5, Article 34,
No. 2677-VI dated November 4, 2010 , VVR, 2011, No. 19-20, Article 142,
No. 2748 -VI from 02.12.2010 , VVR, 2011, No. 18, Article 124
by Code
No. 2755-VI from 02.12.2010 , VVR, 2011, No. 13-14, No. 15-16, No. 17, Article 112
by Laws
No. 2979 -VI from 02.03.2011 , VVR, 2011, No. 33, Article 330, No.
2981-VI from 02.03.2011 , VVR, 2011, No. 33, Article 332,
No. 3038-VI from 02.17.2011 , VVR, 2011, No. 34, Article 343}

{For the official interpretation of the Code, see in the Decision of the Constitutional Court
No. 4-рп/2011 dated 31.05.2011 }

{With changes introduced in accordance with Laws
No. 3674-VI dated 07/08/2011 , VVR, 2012, No. 14, Article 87
No. 3776-VI dated 09/22/2011 , VVR, 2012, No. 21, Article 195}

{For the official interpretation of the Code, see in the Decision of the Constitutional Court
No. 13-рп/2011 dated November 2, 2011 }

{With changes introduced in accordance with Law
No. 3932-VI dated 20.10.2011 , State Government, 2012, No. 22, Article 221}

{Regarding recognition of certain provisions as constitutional, see Decision of the Constitutional Court
No. 16-рп/2011 dated 08.12.2011
No. 17-рп/2011 dated 13.12.2011 }

{With changes introduced in accordance with Laws
No. 4176-VI dated 12.20.2011 , VVR, 2012, No. 29, Article 340
No. 4190-VI dated 12.20.2011 , VVR, 2012, No. 29, Article 342
No. 4416-VI dated 21.02.2012 , VVR, 2012, No. 42, art. 522,
No. 4452-VI dated 23.02.2012 , VVR, 2012, No. 50, art. 564,
No. 4565-VI dated 22.03.2012 , VVR, 2012, No. 51, Art. 574
No. 4566-VI dated 22.03.2012 , VVR, 2012, No. 51, Art. 575
No. 4652-VI dated 13.04.2012 , VVR, 2013, No. 21, Art. 208
No. 4847-VI dated 05.24.2012 , VVR, 2013, No. 16, Article 139
No. 5029-VI dated 03.07.2012 , VVR, 2013, No. 23, Article 218
No. 5041-VI dated 07.04.2012 , VVR, 2013, No. 25, Article 247
No. 5076 -VI from 07.05.2012 , VVR, 2013, No. 27, Article 282,
No. 5288-VI from 09.18.2012 , VVR, 2013, No. 37, Article 490,
No. 5477-VI from 11.06.2012 , VVR, 2013, No. 50, Art. 693
No. 245-VII dated 16.05.2013 , VVR, 2014, No. 12, Art. 178
No. 406-VII dated 07.04.2013 , VVR, 2014, No. 20-21, Art. 712
No. 721-VII from 16.01.2014 , VVR, 2014, No. 22, Article 801 - invalidated on the basis of
Law No. 732-VII dated 01.28.2014
No. 767-VII dated 02.23.2014 , VVR, 2014, No. 17, Article 593}

{For the official interpretation of the Code, see in the Decision of the Constitutional Court
No. 4-рп/2014 of April 22, 2014 }

{With changes introduced in accordance with Laws
No. 1206-VII dated 04/15/2014 , VVR, 2014, No. 24, Article 885
No. 1261-VII dated 05.13.2014 , VVR, 2014, No. 28, Article 937
No. 1263-VII dated 13.05.2014 , State Government, 2014, No. 27, Article 915
No. 1697-VII dated 14.10.2014 , State Government, 2015, Nos. 2-3, Article 12
No. 1700-VII dated 14.10.2014 , State Government, 2014, No. 49, Art. 2056
No. 192-VIII dated 12.02.2015 , VVR, 2015, No. 18, No. 19-20, Art. 132
No. 198-VIII dated 12.02.2015 , VVR, 2015, No. 17, Art. 118
No. 484 -VIII from 05.22.2015 , VVR, 2015, No. 33, Article 323
No. 541-VIII from 06.18.2015 , VVR, 2015, No. 32, Article 315
No. 629-VIII from 07.16.2015 , VVR, 2015, No. 43, Art. 386
No. 772-VIII dated 10.11.2015 , VVR, 2016, No. 1, Art. 2
No. 835-VIII dated 26.11.2015 , VVR, 2016, No. 2, Art. 17
No. 901-VIII dated 23.12. 2015 , VVR, 2016, No. 4, Article 44
No. 922-VIII dated 25.12.2015 , VVR, 2016, No. 9, Article 89
No. 990-VIII dated 02.04.2016 , VVR, 2016, No. 10, Article 107
No. 1404-VIII dated 02.06.2016 , VVR, 2016, No. 30, Article 542
No. 1533-VIII dated 20.09.2016 , VVR, 2016, No. 44, Article 747
No. 1847-VIII dated 09.02.2017 , VVR, 2017 , No. 12, Art. 133
No. 1977-VIII dated 23.03.2017 , VVR, 2017, No. 20, Art. 240
No. 1982-VIII dated 23.03.2017 , VVR, 2017, No. 18, Art. 222
No. 2037-VIII from 05/17/2017 , VVR, 2017, No. 25, Article 291
No. 2136-VIII dated 07/13/2017 , VVR, 2017, No. 35, Article 376}

{As amended by Law
No. 2147-VIII dated 03.10.2017 , VVR, 2017, No. 48, Article 436}

{With changes introduced in accordance with Laws
No. 2205-VIII dated 14.11.2017 , VVR, 2017, No. 51-52, Article
448 No. 2229-VIII dated 07.12.2017 , VVR, 2018, No. 5, Article 35
No. 2234 -VIII dated 07.12.2017 , VVR, 2018, No. 6-7, Article 40
No. 2268-VIII dated 18.01.2018 , VVR, 2018, No. 10, Article 54
No. 2475-VIII dated 07.03.2018 , VVR, 2018 , No. 36, Art. 272
No. 2581-VIII from 02.10.2018 , VVR, 2018, No. 46, Art. 371
No. 142-IX from 02.10.2019 , VVR, 2019, No. 45, Art. 291
No. 198-IX from 17.10.2019 , VVR, 2019, No. 50, Article 356
No. 263-IX dated 31.10.2019 , VVR, 2020, No. 2, Article 5
No. 390-IX dated 18.12.2019 , VVR, 2020, No. 15, Article .95
No. 440-IX dated 14.01.2020 , VVR, 2020, No. 28, Article 188
No. 460-IX dated 15.01.2020 , VVR, 2020, No. 29, Article 194
No. 540-IX dated 30.03.2020 , VVR .


IX from 06.18.2020 , VVR, 2020, No. 46, Article 399
No. 738-IX from 06.19.2020
No. 768-IX from 07.14.2020
No. 1089-IX from 12.16.2020
No. 1416-IX from 04.27.2021 , VVR .

316
No. 1875-IX dated 11/16/2021 }

{Regarding recognition of certain provisions as unconstitutional, see Decision of the
Constitutional Court
No. 2-p(II)/2022 dated 04/06/2022 }

{With changes introduced in accordance with Laws
No. 2345-IX dated 01.07.2022
No. 2627-IX dated 21.09.2022
No. 2689-IX dated 18.10.2022
No. 2801-IX dated 01.12.2022
No. 2849-IX dated 13.12.2022
No. 2888 -IX dated January 12,
2023 No. 2974-IX dated March 20, 2023
No. 3022-IX dated April 10, 2023
No. 3111-IX dated May 29, 2023
No. 3200-IX dated June 29, 2023
No. 3302-IX dated August 9, 2023
No. 3310-IX dated 08/09/2023
No. 3424-IX dated 10/19/2023 }

{Regarding recognition of certain provisions as constitutional, see Decision of the
Constitutional Court
No. 10-p(II)/2023 dated 11/22/2023 }

{Regarding recognition of certain provisions as unconstitutional, see Decision of the
Constitutional Court
No. 10-p(II)/2023 dated 11/22/2023 }

*{In the text of the Code, the words "psychiatric institution" and "narcotics or psychiatric
institution" in all cases and numbers are replaced by the words "institution for the provision of
psychiatric care" in the corresponding case and number in accordance with Law No. 2205-VIII dated
November 14, 2017 }*

*{In the text of the Code, the words "electronic digital signature" in all cases and numbers are
replaced by the words "electronic signature" in the corresponding case and number in accordance
with Law No. 1416-IX dated 04/27/2021 }*

*{In the text of the Code, the word "information and telecommunications" in all cases and numbers
is replaced by the word "information and communication" in the corresponding case and number in
accordance with Law No. 2801-IX dated 12.01.2022 }*

*{In the text of the Code, the word "mass media" in all cases and numbers is replaced by the word
"media" in accordance with Law No. 2849-IX dated 13.12.2022 }*

*{In the text of the Code, the words "Unified judicial information and communication system" in
all cases are replaced by the words "Unified judicial information and telecommunication system" in
the corresponding case in accordance with Law No. 3200-IX dated 06/29/2023 }*

# Chapter I
# GENERAL PROVISIONS

## Chapter 1. Basic provisions

**Article 1.** Purpose of the Civil Procedure Code of Ukraine

1. The Civil Procedure Code of Ukraine determines the jurisdiction and powers of general courts
in civil disputes and other cases defined by this Code, establishes the procedure for conducting civil
proceedings.

**Article 8.** Openness of information regarding the case

1. No one can be deprived of the right to information about the date, time, and place of the hearing of his case or be limited in the right to receive oral or written information in court about the results of the hearing of his court case. Any person who is not a party to the case has the right to access court decisions in accordance with the procedure established by law.

2. Persons who did not take part in the case, if the court decided the issue of their rights, freedoms, interests and (or) obligations, who filed an appeal or cassation complaint against the relevant decision, have the right to familiarize themselves with the case materials, to make use of them extracts, remove copies from documents attached to the case, receive copies of court decisions in the manner prescribed by this Code.

3. Information about the court hearing the case, the parties to the case and the subject of the claim, the date of receipt of the claim (complaint) or any other claim or request in the case, including the person who submitted such a claim, the measures taken to ensure the claim and ( or) the evidence, the stage of consideration of the case, the place, date and time of the court session, the movement of the case from one court to another is open and subject to immediate publication on the official web portal of the judiciary of Ukraine in the manner determined by the Regulation on the Unified Judicial Information and Communication System and /or provisions determining the order of functioning of its separate subsystems (modules).

*{Part three of Article 8 as amended by Laws No. 1089-IX dated 16.12.2020 , No. 1416-IX dated 27.04.2021 }*

4. In the event that the court issues a decision to consider the case in a closed court session, information about the case is not disclosed, except for information about the participants in the case, the subject of the claim, the date of receipt of the claim statement, the stage of the case consideration, the place, date and time of the court session, the progress of the case from one court to another.

5. When disclosing information regarding the case provided for in parts three and four of this article, the following information may not be made public:

1) place of residence or stay of natural persons with address, telephone numbers or other means of communication, e-mail addresses, registration numbers of the taxpayer's registration card, details of identity documents, unique entry numbers in the Unified State Demographic Register;

2) vehicle registration numbers;

3) account numbers in banks, other financial institutions, non-bank payment service providers, numbers of payment cards, electronic wallets in electronic money issuers;

*{Clause 3 of the fifth part of Article 8 as amended by Law No. 2888-IX dated January 12, 2023 }*

4) information, to ensure the protection of which the consideration of the case or the execution of certain procedural actions took place in a closed court session.

Such information is replaced by letters or numbers.

**Article 9.** Language of civil proceedings

1. Civil proceedings in courts are conducted in the state language.

2. Courts ensure equality of rights of participants in the legal process on the basis of language.

3. Courts use the state language in the judicial process and guarantee the right of participants in the legal process to use their native language or the language they know in the legal process.

4. Participants in the legal process who do not know or do not know the state language well, have the right to make statements, provide explanations, appear in court and file petitions in their native language or in the language they know, while using the services of an interpreter, in accordance with the procedure established by this Code .

**Article 10.** The rule of law and legislation according to which the court decides cases

1. When considering a case, the court is guided by the principle of the rule of law.

2. The court hears cases in accordance with the Constitution of Ukraine , the laws of Ukraine, international treaties, the binding consent of which has been given by the Verkhovna Rada of Ukraine.

3. The court applies other legal acts adopted by the relevant body on the basis, within the limits of authority and in the manner established by the Constitution and laws of Ukraine.

4. When considering cases, the court applies the 1950 Convention for the Protection of Human Rights and Fundamental Freedoms and the Protocols to it, the binding consent of which was given by the Verkhovna Rada of Ukraine, and the practice of the European Court of Human Rights as a source of law.

5. The court shall apply the norms of the law of other states in the event that this is provided for by the law of Ukraine or an international treaty, the binding consent of which has been given by the Verkhovna Rada of Ukraine.

6. If the court concludes that a law or other legal act contradicts the Constitution of Ukraine , the court shall not apply such law or other legal act, but shall apply the norms of the Constitution of Ukraine as norms of direct effect.

In such a case, the court, after passing a decision in the case, turns to the Supreme Court to resolve the issue of submitting to the Constitutional Court of Ukraine a submission on the constitutionality of a law or other legal act, the decision on the constitutionality of which falls under the jurisdiction of the Constitutional Court of Ukraine.

7. In case of inconsistency of the legal act with the legal act of higher legal force, the court shall apply the norms of the legal act of higher legal force.

8. In the case of inconsistency of the legal act with the international treaty, the binding consent of which was given by the Verkhovna Rada of Ukraine, the court shall apply the international treaty of Ukraine.

9. If the disputed relations are not regulated by law, the court applies the law that regulates relations similar in content (analogy of law), and in the absence of such, the court proceeds from the general principles of legislation (analogy of law).

10. It is prohibited to refuse to consider the case on the grounds of absence, incompleteness, vagueness, contradiction of the legislation regulating disputed relations.

**Article 11.** Proportionality in civil proceedings

1. The court determines, within the limits established by this Code, the procedure for carrying out proceedings in the case in accordance with the principle of proportionality, taking into account: tasks of civil proceedings; ensuring a reasonable balance between private and public interests; features of the subject of the dispute; the price of the claim; the complexity of the case; the significance of the case for the parties, the time required to perform certain actions, the amount of court costs associated with the relevant procedural actions, etc.

**Article 12.** Competitiveness of the parties

1. Civil proceedings are conducted on the basis of adversarial parties.

2. Participants in the case have equal rights to exercise all procedural rights and obligations provided for by law.

3. Each party must prove the circumstances that are relevant to the case and to which it refers as the basis of its demands or objections, except for the cases established by this Code.

4. Each party bears the risk of the consequences associated with its taking or not taking procedural actions.

5. The court, while maintaining objectivity and impartiality:

1) manages the court process;

2) contributes to the settlement of the dispute by reaching an agreement between the parties;

3) explains, if necessary, to the participants in the legal process their procedural rights and obligations, the consequences of taking or not taking procedural actions;

4) assists participants in the legal process in exercising their rights provided for by this Code;

5) prevents the abuse of their rights by the participants in the court process and takes measures to ensure that they fulfill their obligations.

**Article 13.** Dispositiveness of civil proceedings

1. The court considers cases only upon the person's appeal submitted in accordance with this Code, within the limits of the claims made by the person and on the basis of the evidence submitted by the parties to the case or demanded by the court in the cases provided for by this Code.

2. Collection of evidence in civil cases is not an obligation of the court, except for the cases established by this Code. The court has the right to collect evidence related to the subject of the dispute on its own initiative only in cases where it is necessary for the protection of minors or minors or persons recognized by the court as incompetent or whose legal capacity is limited, as well as in other cases provided for by this Code.

3. The party to the case disposes of its rights regarding the subject of the dispute at its own discretion. This right is also available to the persons in whose interests claims are made, with the exception of those persons who do not have legal capacity.

4. The court involves the appropriate body or person, who is authorized by law to protect the rights, freedoms and interests of other persons, if the actions of the legal representative contradict the interests of the person he represents.

**Article 14.** Unified judicial information and communication system
*{Name of Article 14 in the version of Law No. 3200-IX dated 06/29/2023 }*

*{Regarding the implementation of amendments to Article 14 introduced by Law No. 3200-IX dated 06/29/2023 , see point 1 of section II}*

1. The Unified Judicial Information and Communication System functions in the courts.

2. Lawsuits and other statements, complaints and other procedural documents provided by law, which are submitted to the court and may be the subject of judicial proceedings, in the order of their receipt, are subject to mandatory registration in the Unified Judicial Information and Communication System on the day of receipt of the documents.

3. The determination of a judge or a panel of judges (rapporteur judge) for consideration of a specific case is carried out by the Unified Judicial Information and Communication System in the manner specified by this Code (automated allocation of cases).

4. The unified judicial information and communication system in accordance with the law ensures the exchange of documents (sending and receiving documents) in electronic form between courts, between the court and the participants in the legal process, between the participants in the legal process, as well as recording the legal process and the participation of the participants in the legal process in the legal process. meetings in video conference mode.

5. The court sends court decisions, court summons, court summons - notices and other procedural documents to the participants in the court process to their electronic offices, performs other procedural actions in electronic form using the Unified Court Information and Communication System or its separate subsystem (module), which ensures the exchange of documents in the manner determined by this Code, the Provisions on the Unified Judicial Information and Communication System and/or the provisions determining the procedure functioning of its separate subsystems (modules).

*{Part eight of Article 14 as amended by Law No. 1416-IX dated 04/27/2021 ; in the version of Law No. 3200-IX dated 29.06.2023 - regarding the implementation of the changes, see point 1 of section II }*

9. The court conducts consideration of the court case based on the materials in the forms specified by the Regulation on the Unified Judicial Information and Communication System and/or the provisions determining the order of functioning of its separate subsystems (modules).

*{Part nine of Article 14 in the version of Laws No. 1416-IX dated 04/27/2021 , No. 3200-IX dated 06/29/2023 - regarding the implementation of changes, see point 1 of section II }*

10. Procedural and other documents and evidence in paper form are kept in the annex to the case in the court of first instance and, if necessary, can be inspected by the participants in the case or the court of first instance or demanded by the court of appeal or cassation after receiving the corresponding appeal or cassation complaint.

11. Unauthorized interference in the work of the Unified Judicial Information and Communication System and in the automated distribution of cases between judges entails liability established by law.

12. The unified judicial information and communication system is subject to protection using a comprehensive information protection system with confirmed compliance.

13. Provisions on the Unified Judicial Information and Communication System and/or provisions determining the functioning of its individual subsystems (modules) are developed by the State Judicial Administration of Ukraine and approved by the High Council of Justice after consultations with the Council of Judges of Ukraine.

*{Part thirteen of Article 14 as amended by Law No. 1416-IX dated April 27, 2021 }*

*{Article 14 as amended by Law No. 1089-IX dated 12/16/2020 }*

**Article 15.** Legal assistance

1. Participants in the case have the right to use legal assistance.

2. Representation in court as a type of legal aid is carried out exclusively by a lawyer (professional legal aid), except for cases established by law.

3. Free legal aid is provided in accordance with the procedure established by the law regulating the provision of free legal aid.

**Article 16.** Basic provisions of pre-trial dispute settlement

1. The parties shall take measures for the pre-trial settlement of the dispute by mutual agreement or in cases where such measures are mandatory according to the law.

2. Persons who have violated the rights and legitimate interests of other persons are obliged to renew them without waiting for a claim or lawsuit to be presented.

**Article 17.** The right to review the case and appeal the court decision

1. Participants in the case, as well as persons who did not take part in the case, if the court decided the issue of their rights, freedoms, interests and (or) duties, have the right to an appellate review of the case and, in cases specified by law, to a cassation appeal court decision.

2. A cassation appeal against the court decision of the court of first instance is not allowed without its revision in the appellate procedure.

**Article 18.** Bindingness of court decisions

1. Court decisions that have entered into legal force are binding on all state authorities and local self-government bodies, enterprises, institutions, organizations, officials or officials and citizens and are subject to enforcement throughout the territory of Ukraine, and in cases established by international treaties , whose binding consent was granted by the Verkhovna Rada of Ukraine, and beyond.

2. Failure to comply with a court decision is the basis for liability established by law.

3. The binding nature of a court decision does not deprive persons who did not participate in the case of the opportunity to appeal to the court, if the issue of their rights, freedoms or interests is resolved by the adopted court decision.

## Chapter 2. Civil jurisdiction

## § 1. Subject and subject jurisdiction

**Article 19.** Cases relating to the jurisdiction of general courts

1. Courts consider cases arising from civil, land, labor, family, residential and other legal relations in the order of civil proceedings, except for cases which are considered in the order of other proceedings.

Courts consider in civil proceedings also requirements regarding registration of property and property rights, other registration actions, if such requirements are derived from a dispute regarding such property or property rights, if this dispute is subject to consideration in the local general court and referred to it for consideration with such requirements .

2. Civil proceedings are conducted according to the rules provided for by this Code, in the order:

1) injunctive proceedings;

2) legal proceedings (general or simplified);

3) a separate proceeding.

3. Injunctive proceedings are intended for consideration of cases on applications for recovery of small sums of money, in respect of which there is no dispute or the applicant is not aware of its existence.

4. The simplified legal proceedings are intended for the consideration of:

*{The first paragraph of the fourth part of Article 19 as amended by Law No. 2475-VIII dated July 3, 2018 }*

1) minor cases;

*{Paragraph of the fourth part of Article 19 as amended by Law No. 2475-VIII of July 3, 2018 }*

2) matters arising from labor relations;

*{Paragraph of the fourth part of Article 19 as amended by Law No. 2475-VIII of July 3, 2018 }*

3) cases regarding the granting by the court of permission for the temporary departure of the child outside of Ukraine to the parent who lives separately from the child, who does not have alimony arrears, and to whom the second parent has refused to provide notarized consent for such departure;

*{Paragraph of the fourth part of Article 19 as amended by Law No. 2475-VIII of July 3, 2018 }*

4) cases of minor complexity and other cases for which quick resolution of the case is a priority.

*{Paragraph of the fourth part of Article 19 as amended by Law No. 2475-VIII of July 3, 2018 }*

General legal proceedings are intended for consideration of cases which, due to complexity or other circumstances, are inappropriate to consider in simplified legal proceedings.

5. The conditions under which the court has the right to consider claims for recovery of monetary sums in injunctive proceedings, and cases - in general or simplified legal proceedings, are determined by this Code.

6. For the purposes of this Code, minor cases are:

*{Clause 1 of the sixth part of Article 19 is recognized as not in accordance with the Constitution of Ukraine (is unconstitutional), according to the Decision of the Constitutional Court No. 10-p(II)/2023 dated 22.11.2023 . Clause 1 of part six of Article 19 shall expire six months after the date of adoption of the Decision by the Constitutional Court of Ukraine}* 1) cases in which the cost of the claim does not exceed one hundred amounts of the subsistence minimum for able-bodied persons;

2) cases of minor complexity, recognized by the court as insignificant, except for cases that are subject to consideration only according to the rules of general legal proceedings, and cases in which the price of the claim exceeds two hundred and fifty amounts of the subsistence minimum for able-bodied persons;

*{Clause 2 of the sixth part of Article 19 as amended in accordance with Law No. 460-IX dated 15.01.2020 }*

3) cases concerning the collection of alimony, its increase, the payment of additional costs for the child, the collection of a penalty (penalty) for late payment of alimony, the indexation of alimony, the change of the method of its collection, if such claims are not related to establishing or disputing paternity (maternity) ;

*{Part six of Article 19 is supplemented by paragraph 3 in accordance with Law No. 460-IX dated January 15, 2020 }*

4) divorce proceedings;

*{Part six of Article 19 is supplemented by paragraph 4 in accordance with Law No. 460-IX dated January 15, 2020 }*

*{Clause 5 of the sixth part of Article 19 is recognized as not in accordance with the Constitution of Ukraine (is unconstitutional), according to the Decision of the Constitutional Court No. 10-p(II)/2023 dated 22.11.2023 . Clause 5 of the sixth part of Article 19 shall expire six months from the date of adoption by the Constitutional Court of Ukraine Decision}* 5) cases on the protection of consumer rights, in which the price of the claim does not exceed two hundred and fifty amounts of the subsistence minimum for able-bodied persons.

*{Part six of Article 19 is supplemented by clause 5 in accordance with Law No. 460-IX dated January 15, 2020 }*

7. A separate proceeding is intended for consideration of cases on confirmation of the presence or absence of legal facts that are important for the protection of the rights and interests of a person or the creation of conditions for the exercise of personal non-property or property rights by him or confirmation of the presence or absence of indisputable rights.

8. Courts consider cases on appeals against decisions of arbitration courts, on issuing executive letters for the enforcement of decisions of arbitration courts, on contesting decisions of international commercial arbitration, as well as on recognition and granting permission to enforce decisions of international commercial arbitration, a foreign court.

9. For the purposes of this Code, the amount of the subsistence minimum for able-bodied persons is calculated as of January 1 of the calendar year in which the relevant application or complaint is submitted, a procedural action is taken, or a court decision is passed.

**Article 20.** Consideration of several related requirements

1. Claims that are subject to consideration according to the rules of different types of judicial proceedings are not allowed to be combined into one proceeding, unless otherwise established by law.

**Article 21.** The right of the parties to refer the dispute to arbitration

1. The parties have the right to refer the dispute to an arbitration court, except for cases established by law.

10. The issue of recusal of the secretary of the court session, expert, specialist, translator is decided by the composition of the court considering the case. The court considering the application for recusal hears the person to whom the recusal is filed, if he wishes to provide an explanation, as well as the opinion of the participants in the case. The non-appearance of the person to whom the recusal has been declared at the court session in which the recusal issue is decided does not prevent the court from considering the recusal issue.

11. Based on the results of the resolution of the appeal, the court issues a decision.

**Article 41.** Consequences of impeachment of a court (judge)

1. In case of satisfaction of the application for recusal of the judge who is considering the case alone, the case is considered in the same court by another judge, who is determined in accordance with the procedure established by Article 33 of this Code.

2. In the case of satisfaction of the application for impeachment of one of the judges or the entire composition of the court, if the case is considered by a panel of judges, the case is considered in the same court by the same quantitative composition of the panel of judges without the participation of the impeached judge or by another composition of judges determined in accordance with the procedure established by the article 33 of this Code.

3. If, after the objections (self-excuses) have been satisfied or if there are grounds specified in Article 37 of this Code, it is impossible to form a new composition of the court to consider the case, the case shall be transferred to another court, determined in accordance with the procedure established by this Code, by order of the head of the court.

# Chapter 4. Participants in the legal process

## § 1. Participants in the case

**Article 42.** Composition of the participants in the case

1. In cases of legal proceedings, participants in the case are parties, third parties.

2. When considering claims in injunctive proceedings, the parties to the case are the applicant and the debtor.

3. In cases of separate proceedings, participants in the case are the applicants and other interested parties.

4. Bodies and persons authorized by law to apply to the court in the interests of other persons may also participate in cases.

5. In cases of appeal against the decision of the arbitration court, contestation of the decision of international commercial arbitration and the issuance of an executive document for the enforcement of the decision of the arbitration court, international commercial arbitration, the parties to the case are the participants (parties) of the arbitration proceedings, persons who did not participate in the arbitration proceedings, if the arbitral tribunal decided the issue of their rights and obligations, as well as the parties to the arbitration.

**Article 43.** Rights and obligations of the parties to the case

1. Participants in the case have the right:

1) get acquainted with case materials, make extracts and copies from them, receive copies of court decisions;

2) submit evidence; participate in court sessions, unless otherwise determined by law; participate in the examination of evidence; ask questions to other participants in the case, as well as to witnesses, experts, specialists;

3) submit statements and motions, provide explanations to the court, present their arguments, considerations regarding issues that arise during the court proceedings, and objections to statements, motions, arguments, and reasoning of other persons;

4) read the protocol of the court session, the recording of the court session by technical means, make copies of them, submit written comments regarding their incorrectness or incompleteness;

5) to appeal court decisions in cases specified by law;

6) use other procedural rights defined by law.

2. The participants in the case are obliged to:

1) show respect for the court and other participants in the legal process;

2) to contribute to the timely, comprehensive, complete and objective establishment of all the circumstances of the case;

3) appear at a court session upon a court summons, if their appearance is recognized as mandatory by the court;

4) submit all evidence available to them in the manner and within the time limits established by law or the court, do not hide evidence;

5) to provide the court with full and reliable explanations on the issues raised by the court, as well as by the participants in the case at the court hearing;

6) perform procedural actions within the time limits established by law or the court;

7) perform other procedural duties determined by law or court.

3. In the event that a party to the case fails to fulfill its obligations, the court applies to such a party to the case the measures of procedural coercion provided for by this Code.

4. For misleading the court regarding the factual circumstances of the case, the guilty persons bear the responsibility established by law.

5. Documents (including procedural documents, written and electronic evidence, etc.) may be submitted to the court, and procedural actions may be taken by the participants in the case in electronic form using the Unified Court Information and Communication System, except for the cases provided for by this Code.

6. Procedural documents in electronic form must be submitted to the court by the parties to the case using the Unified Judicial Information and Communication System in the manner determined by the Regulations on the Unified Judicial Information and Communication System and/or the provisions determining the order of functioning of its separate subsystems (modules).

*{Part six of Article 43 as amended by Law No. 1416-IX dated April 27, 2021 }*

7. In the case of submitting to the court in electronic form a statement on the merits of the case, a counterclaim, a statement to increase or decrease claims, a statement to change the subject or grounds of the claim, a statement to involve a third party, an appeal, a cassation appeal and documents related to are attached, the party to the case is obliged to provide proof of sending such materials to other parties to the case.

Such documents are sent in electronic form using the Unified Court Information and Communication System or its separate subsystem (module) that ensures the exchange of documents, by sending to the electronic cabinet of another party to the case, and in the event that the other party to the case does not have an electronic cabinet or lacks information about the presence of an electronic cabinet of another party to the case - in paper form by a letter with a description of the attachment.

If another party to the case in accordance with **the sixth part** of Article 14 of this Code is obliged to register an electronic cabinet, but has not registered it, the party to the case who submits documents to the court in electronic form using the electronic cabinet is exempted from the obligation to send copies of documents to such party affairs.

The court, sending such a party to the case subpoenas and notices, rulings in the cases provided for by this Code, notes in these documents the obligation of such a person to register his electronic account and the possibility of familiarizing himself with the case materials through the Unified Court Information and Communication System or its separate subsystem (a module that provides document exchange).

*{Part seven of Article 43 as amended by Laws No. 1416-IX dated 04/27/2021 , No. 3200-IX dated 06/29/2023 }*

8. If the documents are submitted to the court by the parties to the case or sent to other parties to the case in electronic form, such documents shall be affixed with a qualified electronic signature of the party to the case (his representative) in accordance with the requirements of the laws of Ukraine **"On electronic documents and electronic document management"** and **"On electronic identification and electronic trust services"** .

*{The first paragraph of the eighth part of Article 43 as amended by Law No. 2801-IX dated December 1, 2022 }*

If the documents are submitted to the court by the parties to the case or sent to other parties to the case in paper form, such documents are sealed with the handwritten signature of the party to the case (his representative).

9. If the lawsuit, appeal, cassation complaint is submitted to the court in electronic form, the plaintiff, the person who filed the complaint, must submit to the court statements on the merits of the case, petitions and written evidence exclusively in electronic form, except in cases where permission is granted by the court for their submission in paper form.

10. If this Code establishes a requirement to indicate in the content of the procedural document the identification code of a legal entity in the Unified State Register of Enterprises and Organizations of Ukraine, as well as the registration number of the taxpayer's registration card or the number and series of the passport for natural persons - citizens of Ukraine, a party to the case who is a body of state power or another state body not registered under the legislation of Ukraine as a legal entity, or an official who acts on behalf of such a body, is released from the obligation to indicate such information about himself.

*{Article 43 is supplemented by part ten in accordance with Law No. 3424-IX dated 19.10.2023 }*

**Article 44.** Inadmissibility of abuse of procedural rights

1. Participants in the legal process and their representatives must exercise their procedural rights in good faith; abuse of procedural rights is not allowed.

2. Depending on the specific circumstances, the court may recognize as an abuse of procedural rights actions that contradict the task of civil proceedings, in particular:

1) filing a complaint against a court decision that is not subject to appeal, is not valid or the validity of which has ended (expired), filing a petition (application) to resolve an issue that has already been decided by the court, in the absence of other grounds or new circumstances, filing a knowingly groundless recusal or committing other similar actions aimed at unreasonably delaying or obstructing the consideration of a case or the execution of a court decision;

2) filing several lawsuits against the same defendant(s) with the same subject and on the same grounds, or filing several lawsuits with a similar subject and on similar grounds, or committing other actions, the purpose of which is to manipulate the automated distribution of cases between judges ;

3) submission of a knowingly groundless claim, a claim in the absence of a subject of dispute or in a dispute that is obviously artificial in nature;

4) unjustified or artificial combination of claims for the purpose of changing the jurisdiction of the case or knowingly groundless involvement of a person as a defendant (co-defendant) for the same purpose;

5) conclusion of a settlement agreement aimed at harming the rights of third parties, deliberate non-notification of persons who should be involved in the case.

2. Depending on the specific circumstances, the court may recognize as an abuse of procedural rights actions that contradict the task of civil proceedings, in particular:

1) filing a complaint against a court decision that is not subject to appeal, is not valid or the validity of which has ended (expired), filing a petition (application) to resolve an issue that has already been decided by the court, in the absence of other grounds or new circumstances, filing a knowingly groundless recusal or committing other similar actions aimed at unreasonably delaying or obstructing the consideration of a case or the execution of a court decision;

2) filing several lawsuits against the same defendant(s) with the same subject and on the same grounds, or filing several lawsuits with a similar subject and on similar grounds, or committing other actions, the purpose of which is to manipulate the automated distribution of cases between judges ;

3) submission of a knowingly groundless claim, a claim in the absence of a subject of dispute or in a dispute that is obviously artificial in nature;

4) unjustified or artificial combination of claims for the purpose of changing the jurisdiction of the case or knowingly groundless involvement of a person as a defendant (co-defendant) for the same purpose;

5) conclusion of a settlement agreement aimed at harming the rights of third parties, deliberate non-notification of persons who should be involved in the case.

3. If the submission of a complaint, statement, petition is recognized as an abuse of procedural rights, the court, taking into account the circumstances of the case, has the right to leave the complaint, statement, or petition without consideration or to return it.

4. The court is obliged to take measures to prevent the abuse of procedural rights. In the case of abuse of procedural rights by a participant in the court process, the court applies to him the measures defined by this Code.

**Article 45.** Ensuring the protection of the rights of minors or minors during the trial

1. During the consideration of the case, in addition to the rights and obligations specified in Article 43 of this Code, a minor or minor also has the following procedural rights:

1) directly or through a representative or legal representative to express his opinion and receive his help in expressing such an opinion;

2) receive information about court proceedings through a representative or legal representative;

3) to exercise other procedural rights and perform procedural duties stipulated by the international treaty, the binding consent of which was given by the Verkhovna Rada of Ukraine.

2. The court shall explain to a minor or a minor his rights and the possible consequences of the actions of his representative or legal representative if he is old enough to understand their meaning.

3. The court contributes to the creation of appropriate conditions for the minor or minor to exercise his or her rights, defined by law and provided for by an international treaty, the binding consent of which has been given by the Verkhovna Rada of Ukraine.

**Article 46.** Civil procedural legal capacity

1. The ability to have civil procedural rights and obligations of a party, a third party, an applicant, an interested person (civil procedural legal capacity) has all natural and legal entities.

**Article 47.** Civil procedural capacity

1. Individuals who have reached the age of majority, as well as legal entities, have the ability to personally exercise civil procedural rights and fulfill their duties in court (civil procedural capacity).

2. Minors between the ages of fourteen and eighteen, as well as persons whose civil legal capacity is limited, may personally exercise civil procedural rights and fulfill their duties in court in cases arising from relationships in which they personally participate, if otherwise not established by law. The court may involve the legal representative of a minor or a person whose civil capacity is limited to participate in such cases.

3. In case of registration of the marriage of an individual who has not reached the age of majority, he acquires civil procedural capacity from the moment of registration of the marriage. Civil procedural legal capacity is also acquired by a minor who has been granted full civil legal capacity in accordance with the procedure established by this Code.

**Article 48.** Parties

1. The parties in a civil proceeding are the plaintiff and the defendant.

2. The claimant and the defendant can be individuals and legal entities, as well as the state.

**Article 49.** Procedural rights and obligations of the parties

1. The parties enjoy equal procedural rights.

2. In addition to the rights and obligations specified in Article 43 of this Code:

1) the plaintiff has the right to refuse the claim (all or part of the claims), the defendant has the right to admit the claim (all or part of the claims) at any stage of the court process;

2) the plaintiff has the right to increase or decrease the amount of claims before the end of the preparatory session or before the start of the first court session, if the case is considered in the order of simplified claim proceedings;

3) the defendant has the right to file a counterclaim within the terms established by this Code.

3. Before the end of the preparatory meeting, the plaintiff has the right to change the subject or grounds of the lawsuit by submitting a written statement. In a case considered according to the rules of simplified legal proceedings, a change in the subject or grounds of the lawsuit is allowed no later than five days before the start of the first court session in the case.

4. If the case is referred to the court of first instance for a new consideration, a change in the subject matter, the grounds of the claim is not allowed, except for the cases specified in this article.

Changing the subject matter or the grounds of the claim during a new trial of the case is allowed within the terms established by part three of this article, only if it is necessary to protect the plaintiff's rights in connection with a change in the actual circumstances of the case that occurred after the end of the preparatory session, or if the case was considered according to the rules of simplified legal proceedings, - after the beginning of the first court session during the initial consideration of the case.

*{The second paragraph of the fourth part of Article 49 as amended in accordance with Law No. 2234-VIII dated 07.12.2017 }*

5. In the case of submission of any application provided for in clause 2 of part two, parts three , and four of this article, evidence of sending copies of such application and documents attached to it to other parties to the case shall be submitted to the court. Such sending can be carried out in electronic form through an electronic cabinet, taking into account the provisions of Article 43 of this Code. If such evidence is not submitted, the court does not accept the application for consideration and returns the relevant application to the applicant, as noted in the decision.

*{Part five of Article 49 as amended by Law No. 3200-IX of June 29, 2023 }*

6. The court does not accept a waiver of a claim, a reduction in the amount of claims, recognition of a claim by a defendant in a case in which a person is represented by his legal representative, if his actions are contrary to the interests of the person he represents.

7. The parties may reconcile, including through mediation, at any stage of the court process.

The result of the parties' agreement can be formalized by a settlement agreement.

*{Part seven of Article 49 as amended by Law No. 1875-IX dated November 16, 2021 }*

8. The applicant and interested persons in cases of separate proceedings have the rights and obligations of the parties, except for the cases provided for in Chapter IV of this Code.

**Article 50.** Participation in the case of several plaintiffs or defendants

1. The lawsuit may be filed jointly by several plaintiffs or against several defendants. Each of the plaintiffs or defendants in relation to the other party acts independently in civil proceedings.

2. Participation in the case of several plaintiffs and (or) defendants (procedural participation) is allowed if:

1) the subject of the dispute is the joint rights or obligations of several plaintiffs or defendants;

2) the rights and obligations of several plaintiffs or defendants arose from the same basis;

3) the subject of the dispute is homogeneous rights and obligations.

**Article 51.** Involvement of a co-defendant in the case. Replacement of an improper defendant

1. The court of first instance has the right, at the request of the plaintiff, to involve the co-defendant before the end of the preparatory proceedings, and in the case of consideration of the case according to the rules of the simplified claim proceedings - before the beginning of the first court session.

2. If the lawsuit is not filed against the person who should be responsible for the lawsuit, the court shall replace the original defendant with the appropriate defendant before the end of the preparatory proceedings, and in the case of consideration of the case according to the rules of simplified lawsuit proceedings - before the beginning of the first court session at the request of the plaintiff, without closing the proceedings in the case

3. After the expiration of the terms specified in parts one and two of this article, the court may involve a co-defendant in the case or replace the original defendant with a proper defendant only if the plaintiff proves that he did not know and could not have known before filing the lawsuit in the case of the reason for the involvement of such a co-defendant or the replacement of an improper defendant.

4. A decision shall be issued on the involvement of a co-defendant or the replacement of an improper defendant. At the request of a new defendant or an involved co-defendant, the proceedings begin anew.

5. The defendant, replaced by another defendant, has the right to file a claim for compensation for court costs incurred by him as a result of the plaintiff's unjustified actions. The issue of distribution of court costs is resolved in the decision to replace the improper defendant.

**Article 52.** Third parties who make independent claims regarding the subject of the dispute

1. Third parties who make independent claims regarding the subject of the dispute may join the case before the end of the preparatory proceedings or before the beginning of the first court session, if the case is considered in the order of simplified claim proceedings, by filing a claim against one or more parties.

2. The court issues a decision on the acceptance of the statement of claim and the entry of a third party into the case.

3. Third parties who make independent claims regarding the subject of the dispute enjoy all the rights and bear all the obligations of the claimant.

4. After a third party enters the case, who has made independent claims regarding the subject of the dispute, the case is considered first at the request of a party to the case.

**Article 53.** Third parties who do not make independent claims regarding the subject of the dispute

1. Third parties who do not make independent claims regarding the subject of the dispute may enter the case on the side of the plaintiff or defendant before the end of the preparatory proceedings in the case or before the beginning of the first court session, if the case is considered in the order of

3. Legal representatives may entrust the management of the case in court to other persons.

**Article 60.** Persons who can be representatives

1. A lawyer or a legal representative can be a representative in court.

2. During consideration of disputes arising from labor relations, as well as cases in minor disputes (minor cases), a representative may be a person who has reached the age of eighteen and has civil procedural capacity, with the exception of the persons specified in Article 61 of this Code.

3. Authorities or other persons, who are granted the right to apply to the court in the interests of minors or minors or persons recognized by the court as incompetent or whose legal capacity is limited, are represented in court by their officials, except when such authorities and persons are parties or a third party in the case.

4. One and the same person can simultaneously represent several plaintiffs or several defendants or several third parties on the same side, provided there is no conflict of interest between them.

**Article 61.** Persons who cannot be representatives

1. A person who participates in a case as a secretary of a court session, an expert, a specialist, a translator and a witness or is an assistant to a judge considering a case cannot be a representative in court.

2. A person cannot be a representative if he represents or has represented another person in this case, whose interests in this case conflict with the interests of his principal.

3. A person cannot be a representative if he is or was a mediator during the mediation of a dispute related to a case pending in court.

*{Article 61 was supplemented by a new part in accordance with Law No. 1875-IX dated November 16, 2021 }*

4. Judges, prosecutors, investigators, employees of subdivisions carrying out operational and investigative activities cannot be representatives in court, except when they act on behalf of the relevant body that is a party or a third party in the case, or as legal representatives.

**Article 62.** Documents confirming the powers of representatives

1. The powers of representatives of the parties and other participants in the case must be confirmed by the following documents:

1) power of attorney of an individual or legal entity;

2) a child's birth certificate or a decision to appoint a guardian, custodian or custodian of inherited property.

2. The power of attorney of a natural person must be certified by a notary public or, in cases specified by law, by another person.

In the case of granting the stated request for a certificate of power of attorney of an individual for conducting the case under consideration, the court without going to the deliberation room issues a decision, which is entered by the secretary of the court session into the protocol of the court session, and the power of attorney itself or a copy of it certified by the judge's signature is attached to the case.

The power of attorney of an individual, upon whose application a decision was made to provide him with free secondary legal aid, may be certified by an official of the body (institution) that made such a decision.

3. A power of attorney on behalf of a legal entity is issued under the signature (qualified electronic signature) of an official authorized to do so by law, constituent documents.

*{Part three of Article 62 as amended by Law No. 2801-IX dated 12.01.2022 }*

4. The powers of a lawyer as a representative are confirmed by one of the following documents:

1) power of attorney;

2) a warrant issued in accordance with the Law of Ukraine "On Advocacy and Advocacy";

3) a mandate from a body (institution) authorized by law to provide free legal aid, issued in accordance with the Law of Ukraine "On Free Legal Aid".

*{Part four of Article 62 as amended by Law No. 3022-IX dated April 10, 2023 }*

5. The correspondence of the copy of the document confirming the authority of the representative to the original can be certified by the judge's signature.

6. The originals of the documents specified in this article, copies of them certified by a judge, or copies of them certified in accordance with the procedure established by law, shall be attached to the case materials.

7. If the representative submits a statement on the merits of the case in electronic form, he can add to it a power of attorney or an electronic order, which is affixed with a qualified electronic signature in accordance with the requirements of the law and the Regulation on the Unified Judicial Information and Communication System and/or the provisions that determine the order of functioning of its separate subsystems (modules).

*{Part seven of Article 62 as amended by Laws No. 1416-IX dated 04/27/2021 , No. 2801-IX dated 12/01/2022 }*

8. When a representative submits an application, complaint, or petition to the court, he shall attach a power of attorney or other document certifying his authority, if there is no confirmation of such authority in the case at the time of submitting the relevant application, complaint, or petition.

9. Powers of attorney or other documents that confirm the authority of the representative and have been certified in other states must be legalized in accordance with the procedure established by law, unless otherwise established by international treaties, the binding consent of which has been given by

the Verkhovna Rada of Ukraine.

*{Article 62 as amended by Law No. 1089-IX dated 16.12.2020 }*

**Article 63.** Appointment or replacement of a legal representative by the court

1. In the absence of a legal representative of a party or a third person recognized as incompetent or limited in civil capacity, the court shall appoint a guardian or custodian and involve them in the case as legal representatives on the application of the guardianship authority.

2. If, during the consideration of the case, it is established that a minor or a minor deprived of parental care does not have a legal representative, the court shall, by a decision, establish guardianship or guardianship over him/her accordingly at the request of the body of guardianship and guardianship, appoint a guardian or custodian and involve them in participating in case as legal representatives.

3. If the legal representative does not have the right to conduct a case in court due to the grounds established by law, the court shall replace the legal representative at the request of the guardianship authority.

4. The court may appoint or replace a legal representative at the request of a minor or a minor, if it is in his or her interests.

5. Dismissal of a guardian or custodian if appointed by the court and their appointment of other persons shall be carried out in accordance with the procedure established by the second part of Article 300 of this Code.

**Article 64.** Powers of a representative in court

1. A representative who has the authority to conduct a case in court exercises procedural rights and obligations on behalf of the person he represents.

2. Limitations of the representative's powers to perform a certain procedural action must be stipulated in the power of attorney or warrant issued to him.

3. The grounds and procedure for termination of representation by power of attorney are determined by the Civil Code of Ukraine .

4. The court must be notified of termination of representation or limitation of powers of a representative by proxy by submitting a written statement.

5. In the event of termination of the representative's authority to represent a person in a case, the representative may not be a representative of the other party, a third party on the other side, or a third party with independent claims regarding the subject of the dispute in the same case.

## § 3. Other participants in the legal process

**Article 65.** Other participants in the legal process

1. Participants in the legal process, in addition to the participants in the case and their representatives, are the judge's assistant, court secretary, court administrator, witness, expert, legal expert, translator, specialist.

**Article 66.** Assistant judge

1. The judge's assistant ensures the preparation and organizational support of the judicial process.

2. Assistant judge:

1) participates in the preparation of court cases, prepares drafts of requests, letters, other materials related to the consideration of a specific case, executive documents on behalf of the judge;

2) prepares copies of court decisions for sending to the parties in the case and other participants in the case in accordance with the requirements of procedural legislation, monitors the timeliness of sending copies of court decisions;

3) executes other orders of the judge related to the organization of the consideration of court cases.

3. The judge's assistant, on the authority of the judge (chairman of the judicial panel), may, in the absence of the secretary of the court session, exercise his powers. During the exercise of such powers, the judge's assistant may be challenged on the grounds provided by this Code for the challenge of the secretary of the court session.

**Article 67.** Secretary of the court session

1. The secretary of the court session:

1) executes subpoenas and notices;

2) checks which of the participants in the court process appeared at the court session, which of the participants in the court process participates in the court session in video conference mode, and reports this to the presiding judge;

3) ensures control over the full recording of the court session by technical means and the conduct of the court session in video conference mode;

4) ensures the record keeping of the court session;

5) ensures registration of case materials;

6) carries out other assignments of the chairman related to the consideration of the case.

2. The secretary of the court session may clarify the essence of the procedural action in order to correctly reflect it in the minutes of the court session.

3. The secretary of the court session performs the duties of the bailiff in his absence.

**Article 68.** Court bailiff

**Article 121.** Reasonableness of procedural terms

1. The court must establish reasonable terms for taking procedural actions.

2. The term is reasonable if it provides time sufficient, taking into account the circumstances of the case, for the execution of a procedural action, and corresponds to the task of civil proceedings.

**Article 122.** Calculation of procedural terms

1. The terms established by law or the court are calculated in years, months and days, and may also be determined by an indication of an event that must inevitably occur.

**Article 123.** Beginning of procedural terms

1. The course of the procedural term begins from the next day after the corresponding calendar date or the occurrence of the event that is associated with its beginning.

**Article 124.** Expiration of procedural terms

1. The term, calculated in years, ends on the corresponding month and date of the last year of the term.

2. The term, calculated in months, ends on the corresponding date of the last month of the term. If the end of the term calculated in months falls on a month that does not have a corresponding number, the term ends on the last day of this month.

3. If the end of the term falls on a weekend, holiday or other non-working day, the last day of the term is the first working day after it.

4. The expiration of the term, the expiration of which is connected with an event that must inevitably occur, ends the day after the occurrence of the event.

5. The last day of the term lasts up to 24 hours, but when a procedural action should have been taken during this period in a court where working hours end earlier, the term ends at the end of this time.

6. The term shall not be considered missed if, before its expiration, the application, complaint, other documents or materials, or funds are mailed or transferred by other appropriate means of communication.

**Article 125.** Suspension of procedural terms

1. Termination of proceedings in a case stops the course of procedural terms.

2. From the day of resumption of proceedings, the course of procedural terms continues.

**Article 126.** Consequences of missing procedural deadlines

1. The right to perform a procedural action is lost with the expiration of the term established by law or the court.

2. Documents submitted after the expiration of the procedural terms remain without consideration, except for the cases provided for by this Code.

**Article 127.** Renewal and extension of procedural terms

1. At the request of a party to the case, the court renews the missed procedural period established by law, if it considers the reasons for its omission to be valid, except for cases when this Code establishes the impossibility of such renewal.

2. The procedural period established by the court may be extended by the court upon the application of a party to the case, submitted before the expiration of this period, or at the initiative of the court.

3. Unless otherwise established by law, an application for renewal of the procedural term established by law shall be considered by the court in which the procedural action in respect of which the term has been missed is to be performed, and an application for extension of the procedural term established by the court shall be considered by the court that established the term, without notification of the parties to the case.

*{Part three of Article 127 as amended in accordance with Law No. 2234-VIII dated 07.12.2017 }*

4. Simultaneously with the submission of the application for the renewal of the procedural term, a procedural action must be taken (filed application, complaint, documents, etc.), in respect of which the deadline was missed.

5. Missing the deadline established by law or the court for a participant in the case to submit evidence, other materials or perform certain actions does not release such a participant from the obligation to perform the corresponding procedural action.

6. The court issues a decision on the renewal or extension of the procedural term.

7. The court issues a decision on the refusal to renew or extend the procedural term, which is sent to the person who submitted the relevant application no later than the day after the day of its decision.

8. The decision on refusal to renew or extend the procedural term may be appealed in the manner established by this Code.

## Chapter 7. Subpoenas and notices

**Article 128.** Court subpoenas

1. The court summons the participants in the case to a court session or to participate in the execution of a procedural action, if it deems their attendance mandatory.

2. The court informs the participants of the case about the date, time and place of the court session or the execution of the corresponding procedural action, if their appearance is not mandatory.

3. Court subpoenas are carried out by subpoenas.

4. Court notices are carried out by court summons-notices.

5. The summons must be served in such a way that the summoned persons have enough time to appear in court and prepare to participate in the trial, but no later than five days before the court session, and the court summons-notification - in advance.

6. The court summons, and in the cases established by this Code, together with copies of the relevant documents, is sent to the electronic cabinet of the relevant party to the case, and in the absence thereof - together with the receipt by registered letter with notification of delivery or by courier to the address, by the specified party or other party to the case.

*{The first paragraph of the sixth part of Article 128 as amended by Law No. 3200-IX dated 06/29/2023 }*

With their consent, subpoenas may be issued to a party or its representative to serve on the relevant participants in the legal process. The court summons can be served directly in court, and in case of postponement of the case consideration, the date, time and place of the next meeting can be notified under a receipt.

7. If the participants in the case do not provide information about their address, the court summons is sent to:

1) to legal entities and natural persons - entrepreneurs - at the address of location (place of residence) specified in the Unified State Register of legal entities, natural persons - entrepreneurs and public formations;

2) natural persons who do not have the status of entrepreneurs - at the address of their place of residence or place of stay, registered in accordance with the procedure established by law.

8. The date of delivery of the summons is:

1) the day of delivery of the court summons for receipt;

2) the day the court receives the notice of delivery of the subpoena to the person's electronic account;

3) the day on which the notice of refusal to receive a subpoena or the absence of a person at the address of the location, place of residence or stay of the person notified by this person to the court is placed in the postal message;

4) the day on which a notice of refusal to receive a court summons or a notice of the absence of a person at the address of the location, place of residence or stay of the person registered in the manner established by law is placed in the postal message, if this person has not notified the court of a different address.

If the summons is sent to the electronic office later than 5 p.m., the summons is considered served on the working day following the day it was sent, regardless of whether the court receives a notification of its delivery.

*{Part eight of Article 128 as amended by Law No. 3200-IX dated June 29, 2023 }*

9. The court summons or informs a witness, expert, translator, specialist, and in cases of urgent need provided for by this Code, in particular in cases of issuing a restraining order - also the parties to the case by telephone, telegram, facsimile means, e-mail or message via other means of communication (in particular, mobile) that provide recording of a message or call.

*{Part nine of Article 128 as amended by Law No. 2229-VIII dated 07.12.2017 }*

10. A court summons to a legal entity is sent to its location or to the location of its representative office, branch, if the lawsuit arose in connection with their activities.

11. The defendant, a third person, a witness, whose registered place of residence (residence), location or place of work is unknown, as well as an interested person in cases of issuance of a restraining order are summoned to court through an announcement on the official website of the judicial authorities of Ukraine, which must be placed no later than ten days in advance, and in the case of consideration of a case on the issuance of a restraining order - no later than 24 hours before the date of the relevant court meeting With the publication of the announcement of the summons, the person is considered notified of the date, time and place of the hearing.

*{Part eleven of Article 128 as amended by Law No. 2229-VIII dated December 7, 2017 }*

12. The procedure for publishing announcements on the web portal of the judiciary of Ukraine is determined by the Regulation on the Unified Judicial Information and Communication System and/or the regulations determining the procedure for the functioning of its separate subsystems (modules).

*{Part twelve of Article 128 as amended in accordance with Law No. 1416-IX 04/27/2021 }*

13. In the presence of a corresponding written statement of a party to the case who does not have an electronic cabinet, and technical possibility, notification of the appointment of the case for consideration and the date, time and place of the court session or the corresponding procedural action may be carried out by the court using mobile communication devices , which ensure the recording of a message or summons, by sending text messages to such a party to the case indicating the web address of the relevant decision in the Unified State Register of Court Decisions in the manner determined by the Regulation on the Unified Judicial Information and Communication System and/or the provisions determining the procedure for its operation individual subsystems (modules).

*{Part thirteen of Article 128 as amended in accordance with Law No. 1416-IX of April 27, 2021 ; as amended by Law No. 3200-IX dated June 29, 2023 }*

*{Article 128 as amended by Law No. 1089-IX dated 12/16/2020 }*

**Article 129.** Contents of a court summons and announcement of summons to court

1. The summons must contain:

1. The application for cancellation of the court order shall be submitted no later than the next day to the judge determined in accordance with the procedure established by Article 33 of this Code.

2. The debtor's application for annulment of the court order submitted after the expiration of the term established by the first part of Article 170 of this Code shall be returned if the court, based on the application of the person who submitted it, does not find grounds for renewing the term for submitting this application.

The court returns the application for cancellation of the court order to the debtor, having also established that the application was submitted by a person who, in accordance with the sixth part of Article 14 of this Code, is obliged to register an electronic cabinet, but did not register it.

*{The second part of Article 171 was supplemented by the second paragraph in accordance with Law No. 3200-IX dated 06.29.2023 }*

3. If there are no grounds for returning the application for the cancellation of the court order, the judge, no later than two days after its submission, issues a decision on the cancellation of the court order, in which he explains to the applicant (collector) his right to apply to the court with the same requirements in a simplified manner legal proceedings. In the decision to cancel the court order, the court, at the request of the debtor, decides on the issue of reversing the execution of the court order in the manner established by Article 444 of this Code.

**Article 172.** Acquisition of legal force by a court order and its delivery to the debt collector

1. If the court does not receive an application from the debtor to cancel the court order within five days after the deadline for its submission, the court order becomes legally binding, except for the cases of issuing a court order in accordance with clauses 4 and 5 of the first part of Article 161 of this Code, when the court order enters into force on the day of its issuance.

*{Part one of Article 172 as amended by Law No. 2475-VIII dated 03.07.2018 }*

2. The court, within five days from the date of entry into force of the court order, sends its copy (text) containing information about the web address of such court order in the Unified State Register of Court Decisions and the Unified State Register of Executive Documents to the debt collector to his electronic cabinet , and in the absence of an electronic account - by registered letter with delivery notice or registered letter.

*{Part two of Article 172 as amended by Law No. 3200-IX dated 06/29/2023 }*

**Article 173.** Correction of an error in a court order, recognition of a court order as unenforceable, postponement or postponement of its execution

1. The court may make corrections to the court order, recognize it as unenforceable, or delay or postpone the execution of the court order in accordance with the procedure established by Articles 432 , 435 of this Code.

# Chapter III
# ACTION PROCEEDINGS

## Chapter 1. Written statements of the parties to the case

### § 1. Statements on the merits of the case

**Article 174.** Types and content of statements on the merits of the case

1. When considering a case by a court in the procedure of a claim proceeding, the parties to the case present in writing their demands, objections, arguments, explanations and considerations regarding the subject of the dispute exclusively in statements on the merits of the case, defined by this Code.

2. Statements on the merits of the case are: statement of claim; response to the statement of claim (response); response to feedback; denial; explanation of a third party regarding the claim or response.

3. The grounds, time and order of submission of statements on the merits of the case are determined by this Code or by the court in the cases provided for by this Code.

4. Submission of statements on the merits of the case is the right of the participants in the case. The court can oblige the state body or the local self-government body to submit an appropriate statement on the merits of the case (except for a statement of claim).

5. The court may allow a party to the case to submit additional explanations regarding a separate issue that arose during the consideration of the case, if it deems it necessary.

**Article 175.** Statement of claim

1. In the statement of claim, the plaintiff sets out his claims regarding the subject of the dispute and their justification.

2. The statement of claim shall be submitted to the court in writing and signed by the plaintiff or his representative, or by another person who is granted the right to apply to the court in the interests of another person.

3. The statement of claim must contain:

1) name of the court of first instance to which the application is submitted;

2) full name (for legal entities) or name (surname, first name and patronymic) (for individuals) of the parties and other participants in the case, their location (for legal entities) or place of residence or stay (for individuals ), postal code, identification code of a legal entity in the Unified State Register of Enterprises and Organizations of Ukraine (for legal entities registered under the legislation of Ukraine), as well as the registration number of the taxpayer's registration card (for individuals), if available, or the passport number and series for natural persons - citizens of Ukraine (if such information is known to the plaintiff), known numbers of means of communication and e-mail addresses, information about the presence or absence of an electronic account;

*{Clause 2 of the third part of Article 175 as amended by Law No. 3200-IX dated 06/29/2023 }*

3) indication of the price of the claim, if the claim is subject to a monetary assessment; reasonable calculation of amounts charged or disputed;

4) the content of claims: the method (methods) of protecting rights or interests provided for by law or a contract, or another method (methods) of protecting rights and interests, which does not contradict the law and which the plaintiff asks the court to determine in the decision; if the lawsuit is filed against several defendants - the content of the claims against each of them;

5) a statement of the circumstances by which the plaintiff substantiates his claims; indication of evidence confirming the specified circumstances;

6) information on taking measures for pre-trial settlement of the dispute, if such were carried out, including if a mandatory pre-trial dispute settlement procedure is defined by law;

7) information on taking measures to secure evidence or a lawsuit before filing a claim statement, if such were carried out;

8) a list of documents and other evidence attached to the application; indication of evidence that cannot be submitted together with the claim (if any); an indication of whether the plaintiff or another person has original written or electronic evidence, copies of which are attached to the application;

9) preliminary (estimated) calculation of the amount of court costs incurred by the plaintiff and expected to be incurred in connection with the consideration of the case;

10) the plaintiff's confirmation that he has not filed another lawsuit(s) against the same defendant(s) with the same subject and on the same grounds.

4. If a claim is filed by a person exempted from paying court fees in accordance with the law, it shall state the grounds for exempting the plaintiff from paying court fees.

5. In the case of filing a claim by a person who is legally granted the right to apply to the court in the interests of another person, the grounds for such an application must be specified in the application.

6. The statement of claim may include other information necessary for the correct resolution of the dispute.

**Article 176.** Price of the claim

1. The price of the claim is determined:

1) in lawsuits for the collection of monetary funds - the amount that is collected, or the disputed amount according to an executive or other document, according to which the collection is carried out in an undisputed (non-acceptance) manner;

2) in lawsuits for the recognition of ownership of property or its claim - by the value of the property;

3) in lawsuits for the collection of alimony - the totality of all payments, but not more than six months;

4) in lawsuits about timely payments and disbursements - the totality of all payments or disbursements, but for no more than three years;

5) in lawsuits about perpetual or lifetime payments and disbursements - by the totality of payments or disbursements for three years;

6) in lawsuits about the reduction or increase of payments or expenses - by the amount by which the payments or expenses are reduced or increased, but not more than in one year;

7) in lawsuits for the termination of payments or disbursements - by the totality of remaining payments or disbursements, but not for more than one year;

8) in lawsuits for the termination of a contract of employment (lease) or a contract of employment (lease) of housing - by the totality of payments for the use of property or housing during the period remaining until the end of the contract, but not more than three years;

9) in lawsuits about the right of ownership of immovable property owned by individuals under private property rights, - by the actual value of the immovable property, and for immovable property owned by legal entities - not lower than its balance sheet value;

10) in lawsuits consisting of several independent claims - the total amount of all claims.

2. If the claim price determined by the claimant obviously does not correspond to the actual value of the disputed property or at the time of filing the claim it is impossible to establish its exact price, the amount of the court fee is preliminarily determined by the court with subsequent collection of the underpaid or overpaid court fee in accordance with the price of the claim established by the court when deciding the case.

3. In the event of an increase in the amount of the claims or a change in the subject of the claim, the unpaid amount of the court fee must be paid before applying to the court with the corresponding statement. In the event of a reduction in the size of the claims, the issue of refunding the amount of the court fee shall be resolved in accordance with the law.

**Article 177.** Documents attached to the statement of claim

1. The plaintiff must add to the statement of claim its copies and copies of all documents attached to it, according to the number of defendants and third parties.

In the case of submitting a statement of claim and the documents attached to it to the court in electronic form through the electronic office, the plaintiff is obliged to add to the statement of claim proof of sending copies of the documents submitted to the court to the other participants in the case, taking into account the provisions of Article 43 of this Code.

*{Part one of Article 177 as amended by Law No. 1416-IX dated 04/27/2021 ; as amended by Law No. 3200-IX dated June 29, 2023 }*

2. The rules of this article regarding the submission of copies of documents do not apply to lawsuits arising from labor relations, as well as to compensation for damage caused as a result of a criminal offense or mutilation, other health damage or death of a natural person, illegal decisions, actions or inaction of authorities , which carry out investigative activities, pre-trial investigation, prosecutor's office or court.

*{Part two of Article 177 as amended by Law No. 720-IX dated 06/17/2020 }*

3. If necessary, petitions and statements of the plaintiff for exemption (postponement, reduction) from payment of the court fee, appointment of expert examination, demand for evidence, etc. are attached to the statement of claim.

4. Documents confirming the payment of the court fee in the prescribed manner and amount, or documents confirming the grounds for exemption from payment of the court fee in accordance with the law, shall be attached to the statement of claim.

5. The claimant is obliged to add to the statement of claim all the evidence available to him, confirming the circumstances on which the claims are based (if written or electronic evidence is submitted, the claimant can add copies of the relevant evidence to the statement of claim).

6. A copy (or the original) of the contested act or contract or a certified extract from it shall also be attached to the statement declaring the act or contract invalid, and in the absence of the act or contract from the plaintiff, a request for its demand.

7. A power of attorney or other document confirming the authority of the plaintiff's representative is attached to the statement of claim signed by the plaintiff's representative.

**Article 178.** Appeal

1. In the response, the defendant outlines objections to the claim.

2. The response is signed by the defendant or his representative.

3. The review must contain:

1) name (name) of the plaintiff and case number;

2) full name (for legal entities) or first name (surname, first name and patronymic) (for individuals) of the defendant, his location (for legal entities) or place of residence or stay (for individuals), postal code , the identification code of the legal entity in the Unified State Register of Enterprises and Organizations of Ukraine (for legal entities registered under the legislation of Ukraine), the registration number of the taxpayer's registration card (for natural persons), if available, or the passport number and series (for natural persons - citizens of Ukraine ), numbers of means of communication, e-mail address (if available), information about the presence or absence of an electronic account;

*{Clause 2 of the third part of Article 178 as amended by Law No. 3200-IX dated 06.29.2023 }*

3) in case of full or partial recognition of claims - claims recognized by the defendant;

4) the circumstances recognized by the defendant, as well as the legal assessment of the circumstances provided by the plaintiff, with which the defendant agrees;

5) objections (if any) to the circumstances and legal grounds of the claim cited by the plaintiff, with which the defendant does not agree, with reference to relevant evidence and legal norms;

6) a list of documents and other evidence to be attached to the appeal, and an indication of the documents and evidence that cannot be submitted together with the appeal, with an indication of the reasons for their non-submission;

7) objections (if any) to the amount of court costs declared by the plaintiff, which the plaintiff has incurred and expects to incur before the end of the consideration of the case on the merits;

8) a preliminary (approximate) calculation of the amount of court costs incurred by the defendant and expected to be incurred in connection with the consideration of the case.

4. A copy of the response and the documents attached to it must be sent (provided) to the other participants in the case at the same time as the response is sent (provided) to the court.

5. The following are attached to the feedback:

1) evidence confirming the circumstances on which the defendant's objections are based, if such evidence is not provided by the plaintiff;

2) documents confirming the sending (provision) of the response and the evidence attached to it to other participants in the case.

6. A power of attorney or other document confirming the authority of the defendant's representative is attached to the response signed by the defendant's representative.

7. The response is submitted within the term established by the court, which cannot be less than fifteen days from the date of delivery of the decision to open proceedings in the case. The court should establish such a deadline for submitting a response that will allow the defendant to prepare it and relevant evidence, and other participants in the case to receive a response no later than the first preparatory meeting in the case.

8. If the defendant fails to respond within the time limit set by the court without valid reasons, the court shall decide the case based on the available materials.

9. The court has the right to decide the case based on the available materials also in the event that a response is filed by a person who, in accordance with the sixth part of Article 14 of this Code, is obliged to register an electronic cabinet, but did not register it and did not give valid reasons for not fulfilling this obligation.

3. Proceedings in the case at the stage of its review are essentially stopped only on the grounds established by <u>clauses 1-3</u> , <u>4-1</u> <sup><u>of</u></sup> the first part of Article 251 and <u>clauses 1-3 of the first part of Article 252</u> this Code.

*{Part three of Article 210 as amended by Law <u>No. 1875-IX dated 11/16/2021</u> }*

**Article 211.** Court session

1. Consideration of the case takes place in a court session.

2. The court informs the participants of the case about the place, date and time of the court session.

3. A party to the case has the right to submit a request for consideration of the case in his absence. If such a request has been made by all the participants in the case, the judicial review of the case is carried out on the basis of the materials available to the court.

4. The court session is held in a specially equipped room - the court session hall. If necessary, separate procedural actions may be conducted outside the court premises.

5. During the consideration of the case on the merits, the court promotes the reconciliation of the parties.

**Article 212.** Participation in a court session by video conference

1. The participants in the case have the right to participate in the court session in the mode of video conference outside the court premises, provided that the court has the appropriate technical capability, which the court notes in the decision to open the proceedings in the case, except for the cases when the appearance of this participant in the court session recognized by the court as mandatory.

2. A party to the case submits an application for participation in the court session via video conference outside the court premises no later than five days before the court session. A copy of the application is sent to other participants in the case at the same time.

3. The participants in the case take part in the court session in videoconference mode outside the court premises using their own technical means and means of electronic identification that have a high level of trust, in accordance with the requirements of the laws of Ukraine <u>"On electronic documents and electronic document circulation"</u> and <u>"On electronic identification and electronic trust services"</u> , in the manner determined by the Regulation on the Unified Judicial Information and Communication System and/or the provisions determining the procedure for the functioning of its separate subsystems (modules).

*{Part three of Article 212 as amended by Laws <u>No. 1416-IX dated April 27, 2021</u> , <u>No. 2801-IX dated December 1, 2022</u> }*

4. During the quarantine established by the Cabinet of Ministers of Ukraine in accordance with <u>the Law of Ukraine</u> "On the Protection of the Population from Infectious Diseases", the participants in the case can participate in the court session in the mode of video conference outside the court premises using their own technical means. Confirmation of the identity of the participant in the case is carried out using means of electronic identification that have a high level of trust, in accordance with the requirements <u>of the Law of Ukraine</u> "On Electronic Identification and Electronic Trust Services", and in the absence thereof - in accordance with the procedure determined by <u>the Law of Ukraine</u> "On the Unified State Demographic Register and documents confirming the citizenship of Ukraine, certifying a person or his special status" or by the State Judicial Administration of Ukraine.

*{Article 212 was supplemented by a new part in accordance with Law <u>No. 540-IX dated March 30, 2020</u> ; as amended by Laws <u>No. 3302-IX dated August 9, 2023</u> , <u>No. 2801-IX dated December 1, 2022</u> }*

5. Risks of technical impossibility of participating in a video conference outside the court premises, interruption of communication, etc. are borne by the participant in the case who submitted the relevant application.

6. The court may pass a decision on the participation of a party to the case in a court session via video conference in the court premises designated by the court.

7. A witness, translator, specialist, expert can participate in a court session in the mode of video conference only in the court premises.

8. In the petition for participation in the court session in the mode of video conference in the court premises, the court, in which it is necessary to ensure its holding, must be indicated. Such a petition may be submitted no later than five days before the relevant court session.

9. A copy of the decision on the participation of a person in a court session in the video conference mode in the court premises is immediately sent to the court, which is obliged to organize its implementation, and to the person who will participate in the court session in the video conference mode.

10. The court, which ensures the conduct of the video conference, verifies the attendance and establishes the identity of those who appeared, as well as verifies the powers of the representatives.

11. The technical means and technologies used by the court and the participants in the legal process must ensure proper image and sound quality, as well as information security. Participants in the court process must be provided with the opportunity to hear and see the course of the court session, ask questions and receive answers, exercise other procedural rights and obligations.

12. The video conference, in which the participants of the case take part, is recorded by the court considering the case with the help of technical means of video and sound recording. The video and audio recording of the video conference shall be attached to the case materials in the manner determined by the Regulation on the Unified Judicial Information and Communication System and/or the provisions determining the order of functioning of its separate subsystems (modules).

*{Part twelve of Article 212 as amended by Law <u>No. 3200-IX dated 06/29/2023</u> }*

13. The court, in accordance with the procedure provided for in this article, on its own initiative or at the request of a participant in the legal process, who is held in a pre-trial detention facility or in a penal institution, may issue a decision on his participation in the court session via video conference in the premises of such an institution . At the same time, the actions provided for by part nine of this article are carried out by an official of such an institution.

*{Article 212 as amended by Law No. 1089-IX dated 16.12.2020 }*

**Article 213.** Immediacy of judicial proceedings. Breaks in the court session

1. During the trial, the court must directly examine the evidence in the case.

2. The case is considered by the same composition of the court. In case of replacement of one of the judges during the trial, the case shall be considered first, except for the cases established by this Code.

3. Adjournments may be announced in the court session, the duration of which is determined according to the circumstances of the case that caused them.

**Article 214.** Presiding at a court session

1. In the case of a single-person hearing, the judge who hears the case is the presiding judge of the court session.

During the collegial hearing of the case, the presiding judge in the court session is the judge-rapporteur, determined by the Unified Court Information and Communication System during the division of the case.

2. The presiding judge, in accordance with the task of civil proceedings, manages the course of the court session, ensures compliance with the sequence and order of procedural actions, the exercise of procedural rights and duties by the participants in the court process, directs the court proceedings to ensure a full, comprehensive and objective clarification of the circumstances of the case, eliminating from the court proceedings everything that is not of essential importance for the resolution of the case.

3. If any of the participants in the case, as well as witnesses, experts, specialists, translators, object to the actions of the presiding judge, these objections are entered into the protocol of the court session, and the court issues a decision on their acceptance or rejection.

4. The presiding officer takes the necessary measures to ensure proper order in the court session.

5. The presiding officer examines complaints about the actions or inaction of the bailiff in relation to the performance of the duties assigned to him, and issues a resolution on this.

*{Article 214 as amended by Law No. 1089-IX dated 12/16/2020 }*

**Article 215.** Addressing the court in a court session

1. Participants in the case, witnesses, translators, experts, specialists, as well as other persons present at the court session address the court with the words "Your Honor."

**Article 216.** Duties of persons present in the courtroom

1. Persons present in the courtroom must stand up when the court enters and exits. The persons present in the hall listen to the decision of the court while standing. Participants in the court process and other persons present in the courtroom address the court and each other, provide explanations, statements, conclusions, consultations, etc. while standing.

2. Deviation from the requirements established by the first part of this article is allowed with the permission of the chairman.

3. Participants in the court process, as well as other persons present in the courtroom, are obliged to unquestioningly comply with the orders of the presiding judge, to observe the established procedure in the courtroom and to refrain from any actions that show clear contempt for the court or established in the court rules

4. For showing disrespect to the court, the guilty persons shall be held liable, established by law. The issue of bringing a party to the case or another person present in the courtroom to responsibility for contempt of court shall be decided by the court immediately after the offense has been committed, for which a break is announced in the court session to consider the case, or after the court session ends.

5. Participants in the case hand over documents and other materials to the presiding officer through the bailiff.

## § 2. Opening of the consideration of the case on the merits

**Article 217.** Opening of the court session

1. At the time appointed for consideration of the case, the presiding officer opens the court session and announces which case will be considered.

2. The secretary of the court session reports to the court which of the participants in the court process appeared at the court session, which of the participants in the court process participated in the court session in video conference mode, whether those participants in the court process who did not appear were notified of the date and time and the place of the court session in accordance with the procedure provided by this Code.

3. When the presiding judge declares the court session open, the substantive consideration of the case begins.

4. The presiding judge establishes the identities of those participating in the court session, and also checks the powers of the representatives.

**Article 218.** Explanation to the translator of his rights and duties. Translator's oath

1. The presiding officer shall explain to the translator his rights and duties established by this Code, and shall warn the translator against the receipt of criminal liability for knowingly incorrect translation and for refusing without valid reasons to perform the duties assigned to him.

**Article 493.** Consideration of an application to resume lost court proceedings

1. When considering an application to resume a lost court proceeding, the court takes into account:

1) part of the case that has survived (separate volumes, tokens, materials from the court archive, etc.);

2) documents sent (issued) by the court to participants in the legal process and other persons before the case was lost, copies of such documents;

3) materials of executive proceedings, if it was carried out based on the results of the case review;

4) any other documents and materials submitted by the participants in the court process, provided that such documents and materials are sufficient for reopening the case;

5) information from the Unified State Register of Court Decisions;

6) data contained in the Unified Judicial Information and Communication System;

7) any other information, documents, etc., obtained in a legal manner from other official sources.

2. The court may interrogate as witnesses the persons who were present during the execution of procedural actions, the participants in the case (their representatives), and, in necessary cases, the persons who were part of the court that considered the case from which the proceedings were lost, as well as persons , who executed the court decision, and take other procedural actions provided for by this Code, with the aim of restoring the lost court proceedings.

3. Consideration of the application for the restoration of lost court proceedings is carried out according to the rules of simplified legal proceedings with notification of the parties to the case, taking into account the features provided for in this section, within thirty days from the date of receipt of the application to the court.

*{Article 493 as amended by Law No. 1089-IX dated 12/16/2020 }*

**Article 494.** Court ruling on the consequences of consideration of an application for resumption of lost court proceedings

1. On the basis of the collected and verified materials, the court issues a decision on the restoration of the lost court proceedings in full or in the part that, in its opinion, needs to be restored.

2. The court's ruling on the resumption of lost court proceedings shall state on the basis of which specific data submitted to the court and examined at the court session, the court considers the content of the reinstated court decision to be established, the court's conclusions on the provenance of what evidence was examined by the court and what procedural actions are given were committed from lost proceedings.

3. If the collected materials are insufficient for the exact restoration of the lost court proceedings, the court refuses to restore the lost court proceedings and explains to the participants of the case the right to re-apply with the same application if the necessary documents are available.

4. After the decision of the court specified in the third part of this article enters into force, the court of cassation closes the cassation proceedings on the cassation appeal in the case in which the proceedings were lost.

**Article 495.** Exemption of the applicant from court costs

1. In the case of resumption of lost proceedings, the applicant is exempted from paying court costs. In case of submission of a knowingly false statement, court costs incurred by other participants in the case shall be reimbursed by the applicant in full, as the court shall issue a decision.

## Chapter XI
## PROCEEDINGS IN CASES INVOLVING FOREIGN PERSONS

**Article 496.** Procedural rights and obligations of foreign persons

1. Foreigners, stateless persons, foreign legal entities, foreign states (their bodies and officials) and international organizations (hereinafter - foreign persons) have the right to apply to the courts of Ukraine to protect their rights, freedoms or interests.

2. Foreign persons have procedural rights and obligations on an equal footing with natural and legal persons of Ukraine, except for the cases provided for by the Constitution and laws of Ukraine, as well as international treaties, the binding consent of which has been given by the Verkhovna Rada of Ukraine.

**Article 497.** Jurisdiction of courts of Ukraine in civil cases with a foreign element

1. Jurisdiction of the courts of Ukraine in civil cases with a foreign element is determined by this Code, a law or an international treaty, the binding consent of which has been given by the Verkhovna Rada of Ukraine.

2. In cases established by law or an international treaty, the binding consent of which has been given by the Verkhovna Rada of Ukraine, the jurisdiction of the courts of Ukraine in civil cases with a foreign element may be determined by agreement of the parties.

*{Article 497 is supplemented by part two in accordance with Law No. 2627-IX dated 09/21/2022 }*

**Article 498.** Appeal of a court of Ukraine with a judicial mandate to provide legal assistance to a foreign court or other competent body of a foreign state

1. In the event that in the process of consideration of a court case, it is necessary to hand over documents, obtain evidence, conduct separate procedural actions on the territory of another state, the court of Ukraine may apply to a foreign court or another competent body of a foreign state (hereinafter - a foreign court) with a corresponding judicial mandate in according to the procedure established by this Code or an international treaty, the binding consent of which has been given by the Verkhovna Rada of Ukraine.

2. The mandate of the court of Ukraine is sent in accordance with the procedure established by this Code or an international treaty, the consent of which is binding has been given by the Verkhovna Rada of Ukraine, and if no international treaty has been concluded - to the Ministry of Justice of Ukraine, which sends the mandate to the Ministry of Foreign Affairs of Ukraine for transmission through diplomatic channels.

**Article 499.** Content and form of a court mandate to provide legal assistance

1. The content and form of the court mandate for the provision of legal assistance must meet the requirements of an international treaty, the binding consent of which has been given by the Verkhovna Rada of Ukraine, and if it has not been concluded - the requirements of parts two to four of this article.

2. In the court order on the provision of legal assistance, the following shall be specified:

1) name of the court considering the case;

2) in the presence of an international agreement, the binding consent of which has been given by the Verkhovna Rada of Ukraine, to which Ukraine and the state to which the mandate is addressed are parties, - a reference to its provisions;

3) name of the case under consideration;

4) surname, first name, patronymic and year of birth of a natural person or name of a legal entity, information about their place of residence (residence) or location, as well as other data necessary for the execution of the assignment;

5) procedural status of persons against whom procedural actions must be taken;

6) a clear list of procedural actions to be taken;

7) other data, if it is stipulated by the relevant international treaty, the binding consent of which has been given by the Verkhovna Rada of Ukraine, or it is required by a foreign court that will execute the mandate.

3. The court order for the provision of legal assistance shall be drawn up in Ukrainian. A certified translation in the official language of the relevant state is attached to the court order, unless otherwise established by an international treaty, the binding consent of which has been granted by the Verkhovna Rada of Ukraine.

4. A court order for the provision of legal assistance, procedural and other documents attached to it are certified by the signature of the judge who draws up the order, and sealed with a seal.

**Article 500.** Execution of judicial mandates of foreign courts in Ukraine

1. Courts of Ukraine carry out orders from foreign courts to provide legal assistance regarding the delivery of subpoenas or other documents, questioning of parties or witnesses, conducting an examination or on-site inspection, performing other procedural actions assigned to them in the manner established by an international treaty, consent to the obligation the validity of which is provided by the Verkhovna Rada of Ukraine, and if an international agreement has not been concluded - through diplomatic channels.

2. A court order shall not be accepted for execution if it:

1) may lead to a violation of the sovereignty of Ukraine or create a threat to its national security;

2) does not belong to the jurisdiction of this court;

3) contradicts the laws or an international agreement, the binding consent of which has been given by the Verkhovna Rada of Ukraine.

3. Execution of a court mandate is carried out in accordance with this Code. At the request of a foreign court, procedural actions may be taken during the execution of a court mandate with the application of the law of another state, if such application does not conflict with the laws of Ukraine.

4. In the case of a request from a foreign court regarding the personal presence of its authorized representatives or participants in court proceedings during the execution of a court order, the court of Ukraine, which executes the order, shall decide on the issue of consent to such participation.

5. The execution of a court mandate is confirmed by the minutes of the court session, other documents drawn up or received during the execution of the mandate, which are certified by the judge's signature and sealed with a seal.

6. In the event that it is not possible to execute the mandate of a foreign court, the court of Ukraine shall return such mandate to the foreign court without execution in accordance with the procedure established by the international treaty, the binding consent of which has been given by the Verkhovna Rada of Ukraine, or if the international treaty has not been concluded - through diplomatic channels specifying the reasons and submits relevant documents confirming this.

**Article 501.** Execution of a judicial mandate of a foreign court to serve a summons or other documents

1. The order of a foreign court to serve a summons or other documents is executed in a court session or by an authorized employee of the court at the place of residence (stay, place of work) of a natural person or the location of a legal entity.

2. A subpoena or other documents subject to delivery by order of a foreign court shall be delivered personally to a natural person or his or her representative or a representative of a legal entity under receipt.

3. In the subpoena sent for the purpose of executing the order of a foreign court to serve documents, in addition to the information specified in Article 129 of this Code, information on the consequences of refusing to receive documents and not appearing in court to receive documents in accordance with parts five and the sixth of this article.