# EXHIBIT 9



# CABINET OF MINISTERS OF UKRAINE
# RESOLUTION

from February 28, 2022 No. 164
Kyiv

## Some issues of notary in the conditions of martial law

{With changes introduced in accordance with Resolutions of the CM
No. 209 dated 06.03.2022
No. 480 dated 19.04.2022
No. 719 dated 24.06.2022
No. 1364 dated 06.12.2022
No. 213 dated 10.03.2023
No. 469 dated 05/09/2023
No. 1038 dated 09/29/2023
No. 1309 dated 12/12/2023
No. 330 dated 03/26/2024 }

In accordance with Article 64 of the Constitution of Ukraine, Articles $12^1$ and 20 of the Law of Ukraine "On the Legal Regime of Martial Law", Articles 7 , 34 , 37 and 38 of the Law of Ukraine "On Notaries", the Decree of the President of Ukraine dated February 24, 2022. No. 64 "On the introduction of martial law in Ukraine" the Cabinet of Ministers of Ukraine **d e c r e e s :**

*{Introductory part with changes introduced in accordance with Resolution of the Cabinet of Ministers No. 1309 dated 12.12.2023 }*

1. To establish that in the conditions of martial law and within one month from the date of its termination or cancellation, notarial acts are performed taking into account the following features (prohibitions):

1) unfinished notarial actions at the request of a person associated with the aggressor state, defined by the resolution of the Cabinet of Ministers of Ukraine dated March 3, 2022. No. 187 "On ensuring the protection of national interests in future lawsuits by the state of Ukraine in connection with the military aggression of the Russian Federation" (Official Gazette of Ukraine, 2022, No. 25, Article 1272), are stopped. If such a person applies to perform a notarial act, the notary or an official who performs notarial acts shall refuse to perform it. The specified restrictions apply until the entry into force of the law on the settlement of relations involving persons associated with the aggressor state, and do not apply to appeals by legal entities defined in the sixth and seventh paragraphs of subparagraph 1 of item 1 of the said Resolution of the Cabinet of Ministers of Ukraine, and to notarial actions regarding :

*{The first paragraph of sub-item 1 of item 1 with changes introduced in accordance with Resolution of the CM No. 1309 dated 12.12.2023 }*

certification of the authenticity of the signature on the application for withdrawal from the citizenship of the Russian Federation;

issuance of a certificate of the right to inheritance;

proof of will of a prisoner of war;

a certificate of a deed regarding the alienation of shares, shares, shares in the authorized capital or other objects of civil rights certifying participation in a legal entity created and registered in accordance with the legislation of Ukraine, and/or certification of the authenticity of the signature on documents related to such alienation , if there is a decision of the Cabinet of Ministers of Ukraine to approve such alienation;

*{Subparagraph 1 of paragraph 1 is supplemented by a paragraph in accordance with Resolution of the Central Committee No. 330 of March 26, 2024 }*

*{Subparagraph 1 of paragraph 1 as amended by Resolutions of the Cabinet of Ministers No. 719 dated 06.24.2022 , No. 213 dated 03.10.2023 ; with changes introduced in accordance with Resolution of the Cabinet of Ministers No. 1038 of 09/29/2023 }*

*{Subparagraph 2 of paragraph 1 is excluded on the basis of Resolution of the CM No. 719 dated 24.06.2022 }*

3) to verify the validity of the power of attorney, which was drawn up without using special forms of notarial documents on white sheets of paper and certified by a notary in accordance with the legislation that provided for such certification, the interested person applies with a copy of it to the relevant notary, who is obliged within two working days to issue a certificate of confirmation or denial of such power of attorney;

*{Subparagraph 3 of paragraph 1 with changes introduced in accordance with Resolution of the Cabinet of Ministers No. 719 dated 06/24/2022 ; in the version of Resolution of the CM No. 469 dated 05/09/2023 }*

4) in the event of a threat of illegal removal or loss of special forms of notarial documents that have not been used, such forms are subject to immediate destruction, to which the notary draws up an act, a copy of which is certified by the notary's signature (with a qualified electronic signature of the notary - for an electronic copy) is submitted (sent) to the state enterprise "National Information Systems" or its branch within two working days after the conclusion act In case of illegal removal or loss of special forms of notarial documents, the notary submits (sends) a signed notification about this (with a qualified electronic signature of the notary - for electronic notification) to the state enterprise "National Information Systems" or its branch within two working days;

5) in the event of a threat of illegal removal or loss of the seal of a private or state notary, it is subject to immediate destruction, which is drawn up by an act, a copy of which is certified by the notary's signature (with a qualified electronic signature of the notary - for an electronic copy) is submitted (sent) to the relevant territorial body of the Ministry justice within two working days after drawing up the act. In the case of unlawful removal or loss of the seal of a private or state notary, the notary submits (sends) a signed notification about this (with a qualified electronic signature of the notary - for electronic notification) to the relevant territorial body of the Ministry of Justice within two working days;

6) it is allowed to transfer special forms of notarial documents between notaries, including outside the notarial district, with the preparation of an act of acceptance and transfer in two copies, a copy of which is certified by the signature and seal of one of the notaries (with the superimposed qualified electronic signatures of the notaries or one of them - for an electronic copy) is submitted (sent) to the state enterprise "National Information Systems" or its branch within two working days after drawing up the act;

7) the term defined by the legislation for entering information by a notary into the unified and state registers operating in the system of the Ministry of Justice is extended for the time of their improper functioning, confirmed by the state enterprise "National Information Systems";

*{Subparagraph 8 of paragraph 1 is excluded on the basis of Resolution of the CM No. 1309 dated 12.12.2023 }*

*{Subparagraph 9 of paragraph 1 is excluded on the basis of Resolution of the CM No. 1309 dated 12.12.2023 }*

*{Subparagraph 10 of paragraph 1 is excluded on the basis of Resolution of the CM No. 1309 dated 12.12.2023 }*

*{Subparagraph 11 of paragraph 1 is excluded on the basis of Resolution of the CM No. 1309 dated 12.12.2023 }*

*{Subparagraph 12 of paragraph 1 is excluded on the basis of Resolution of the CM No. 1309 dated 12.12.2023 }*

*{Subparagraph 13 of paragraph 1 is excluded on the basis of Resolution of the CM No. 1309 dated 12.12.2023 }*

*{Sub-item 14 of item 1 is excluded on the basis of Resolution of the CM No. 1309 dated 12.12.2023 }*

15) performance of notarial acts by notaries, officials of local self-government bodies, whose workplace (office) is located within the territories temporarily occupied by the Russian Federation, included in the list of territories on which hostilities are (were) conducted or temporarily occupied by the Russian Federation, approved by the Ministry of issues of reintegration of temporarily occupied territories, for which the date of the end of temporary occupation has not been determined, is prohibited.

*{Subparagraph 15 of paragraph 1 as amended by Resolution of the CM No. 719 dated 06.24.2022 ; with changes introduced in accordance with Resolution of the Cabinet of Ministers No. 1364 dated 06.12.2022 ; in the version of Resolution of the CM No. 469 dated 05/09/2023 ; with changes introduced in accordance with Resolution of the Cabinet of Ministers No. 1309 dated 12.12.2023 }*

*{Sub-item 16 of item 1 is excluded on the basis of Resolution of the Cabinet of Ministers No. 719 dated 24.06.2022 }*

*{Sub-item 17 of item 1 is excluded on the basis of Resolution of the Cabinet of Ministers No. 469 dated 05.09.2023 }*

*{Subparagraph 18 of paragraph 1 is excluded on the basis of Resolution of the CM No. 469 dated 05/09/2023 }*

*{Subparagraph 19 of paragraph 1 is excluded on the basis of Resolution of the Cabinet of Ministers No. 719 dated 24.06.2022 }*

2. Execution of executive inscriptions on credit agreements that are not notarized is prohibited.

*{Item 3 is excluded on the basis of Resolution of the Cabinet of Ministers No. 469 of 05/09/2023 }*

4. In the conditions of martial law, powers of attorney, in addition to powers of attorney for the right to dispose of immovable property, manage and dispose of securities, corporate rights, and wills of servicemen of the Armed Forces, others formed in accordance with the laws of military formations, as well as employees of law enforcement (special) bodies, civil law enforcement agencies protection, which are involved in the implementation of measures to ensure national security and defense, repel and deter armed aggression of a foreign state, can be certified by the commander (head) of these formations (bodies) or another person authorized by such a commander (head) with subsequent sending of such wills, powers of attorney through the General Staff of the Armed Forces, the Ministry of Defense, the relevant law enforcement (special) or other body to the Ministry of Justice or its territorial body to ensure their registration by notaries in the Unified Register of Powers of Attorney, Inheritance register. The head of the camp (institution where the precinct was established) for prisoners of war can certify the will of the prisoner of war.

Commanders (heads) of these formations (bodies, institutions) or another person authorized by such a commander (head) certify powers of attorney and wills in accordance with **the Procedure for certification of wills and powers of attorney equivalent to notarized ones** , approved by the resolution of the Cabinet of Ministers of Ukraine dated June 15, 1994. No. 419 (ZP of Ukraine, 1994, No. 10, Article 249; Official Gazette of Ukraine, 2006, No. 27, Article 1966), and recommendations of the Ministry of Justice.

Certified wills and powers of attorney are registered by the commanders (heads) of these formations (bodies, institutions) or another person authorized by such commanders (heads) under a separate serial number in the register for the registration of wills and powers of attorney, the form of which is approved by the Ministry of Justice. The number under which the will or power of attorney is registered is indicated in the certification inscription.

The General Staff of the Armed Forces, the Ministry of Defense, the relevant law enforcement (special) or other body (institution) within five days after receiving powers of attorney and wills ensure their transfer to the Ministry of Justice or its territorial body.

The Ministry of Justice ensures their transfer to the territorial body of the Ministry within two working days after receiving the power of attorney and will.

*{The fifth paragraph of clause 4 in the wording of Resolution of the CM No. 719 dated 06/24/2022 }*

The territorial body of the Ministry of Justice, within two working days after receiving the power of attorney, ensures their transfer to the notary/state notary office for further registration in the Unified Register of Powers of Attorney or the Inheritance Register.

*{Item 4 was supplemented with a new paragraph in accordance with Resolution of the Cabinet of Ministers No. 719 of June 24, 2022 }*

The notary/state notary office within three working days after receiving the certificates of power of attorney, will is obliged to ensure their registration (accounting), enter information about them in the Unified register of powers of attorney or the Register of Inheritance, keep these documents and transfer them to the relevant state notary archive for safekeeping within three months after the termination or cancellation of martial law.

*{Seventh paragraph of clause 4 with changes introduced in accordance with Resolution of the Cabinet of Ministers No. 719 dated 06/24/2022 }*

The territorial body of the Ministry of Justice notifies the Ministry about the registration of a power of attorney, a will, entering information about them into the Unified Register of Powers of Attorney or the Inheritance Register, and the Ministry of Justice notifies the body (institution) from which the relevant documents were received.

*{Item 4 is supplemented by a paragraph in accordance with Resolution of the CM No. 719 dated 06/24/2022 }*

*{The operative part in the wording of Resolution of the CM No. 480 dated 04/19/2022 }*

| **Prime Minister of Ukraine** | **D. SHMYGAL** |
|---|---|

**Ind. 29**



Some notary issues in the conditions of martial law
Resolution of the Cabinet of Ministers of Ukraine dated February 28, 2022 No. 164
**Redaction** dated **March 27, 2024** , basis — 330-2024-p
*Permanent address:*
*https://zakon.rada.gov.ua/go/164-2022 -%D0%BF*

The legislation of Ukraine is valid
as of November 10, 2024


164–2022–р

## Publications of the document

- **Government Courier** dated February 28, 2022 — No. 43
- **Official Gazette of Ukraine** from 01.04.2022 — 2022, No. 25, p. 88, article 1250, act code 110470/2022