# EXHIBIT 12



## КАБІНЕТ МІНІСТРІВ УКРАЇНИ
## ПОСТАНОВА

від 3 березня 2022 р. № 187
Київ

### Про забезпечення захисту національних інтересів за майбутніми позовами держави Україна у зв'язку з військовою агресією Російської Федерації

{Із змінами, внесеними згідно з Постановами КМ
№ 466 від 19.04.2022
№ 480 від 19.04.2022
№ 719 від 24.06.2022
№ 213 від 10.03.2023
№ 1038 від 29.09.2023
№ 330 від 26.03.2024}

Відповідно до статей 12$^1$, 20 Закону України "Про правовий режим воєнного стану", Указу Президента України від 24 лютого 2022 р. № 64 "Про введення воєнного стану в Україні" Кабінет Міністрів України **постановляє:**

1. Для забезпечення захисту національних інтересів за майбутніми позовами держави України у зв'язку з військовою агресією Російської Федерації установити до прийняття та набрання чинності Законом України щодо врегулювання відносин за участю осіб, пов'язаних з державою-агресором, мораторій (заборону) на:

1) виконання, у тому числі в примусовому порядку, грошових та інших зобов'язань, кредиторами (стягувачами) за якими є Російська Федерація або такі особи (далі - особи, пов'язані з державою-агресором):

громадяни Російської Федерації, крім тих, що проживають на території України на законних підставах;

*{Абзац другий підпункту 1 пункту 1 в редакції Постанови КМ № 480 від 19.04.2022}*

юридичні особи, створені та зареєстровані відповідно до законодавства Російської Федерації;

юридичні особи, створені та зареєстровані відповідно до законодавства України, кінцевим бенефіціарним власником, членом або учасником (акціонером), що має частку в статутному капіталі 10 і більше відсотків, якої є Російська Федерація, громадянин Російської Федерації, крім того, що проживає на території України на законних підставах, або юридична особа, створена та зареєстрована відповідно до законодавства Російської Федерації;

*{Абзац четвертий підпункту 1 пункту 1 із змінами, внесеними згідно з Постановою КМ № 480 від 19.04.2022}*

юридичні особи, утворені відповідно до законодавства іноземної держави, кінцевим бенефіціарним власником, членом або учасником (акціонером), що має частку в статутному капіталі 10 і більше відсотків, яких є Російська Федерація, громадянин Російської Федерації, крім того, що проживає на території України на законних підставах, або юридична особа, створена та зареєстрована відповідно до законодавства Російської Федерації, - у випадку виконання зобов'язань перед ними за рахунок коштів, передбачених у державному бюджеті.

*{Підпункт 1 пункту 1 доповнено новим абзацом згідно з Постановою КМ № 213 від 10.03.2023}*

Зазначене обмеження не застосовується до юридичних осіб, утворених та зареєстрованих відповідно до законодавства України:

*{Абзац підпункту 1 пункту 1 в редакції Постанов КМ № 466 від 19.04.2022, № 480 від 19.04.2022}*

які є банками або за рахунками яких на підставі нормативно-правових актів або рішень Національного банку дозволяється здійснення обслуговуючими банками видаткових операцій;

*{Абзац підпункту 1 пункту 1 в редакції Постанов КМ № 466 від 19.04.2022, № 480 від 19.04.2022; із змінами, внесеними згідно з Постановою КМ № 719 від 24.06.2022}*

які є постачальниками електронних комунікаційних мереж та/або електронних комунікаційних послуг, визначеними розпорядженням Національного центру оперативно-технічного управління мережами телекомунікацій, прийнятим відповідно до Порядку оперативно-технічного управління телекомунікаційними мережами в умовах надзвичайних ситуацій, надзвичайного та воєнного стану, затвердженого постановою Кабінету Міністрів України від 29 червня 2004 р. № 812 "Деякі питання оперативно-технічного управління телекомунікаційними мережами в умовах надзвичайних ситуацій, надзвичайного та воєнного стану" (Офіційний вісник України, 2004 р., № 26, ст. 1696);

*{Абзац підпункту 1 пункту 1 в редакції Постанов КМ № 466 від 19.04.2022, № 480 від 19.04.2022; із змінами, внесеними згідно з Постановою КМ № 1038 від 29.09.2023}*

*{Абзац дев'ятий підпункту 1 пункту 1 виключено на підставі Постанови КМ № 1038 від 29.09.2023}*

2) відчуження, передачу в заставу, будь-які інші дії, які мають чи можуть мати наслідком відчуження нерухомого майна, цінних паперів, права участі в юридичній особі (акцій, паїв, часток у статутному капіталі або інших об'єктів цивільних прав, що засвідчують участь в юридичній особі), прав вимоги до боржника у справах про банкрутство (неплатоспроможність), транспортних засобів, повітряних та морських суден, суден внутрішнього плавання Російською Федерацією або особами, пов'язаними з державою-агресором, крім:

*{Абзац перший підпункту 2 пункту 1 із змінами, внесеними згідно з Постановами КМ № 1038 від 29.09.2023, № 330 від 26.03.2024}*

безоплатного відчуження/передачі на користь держави Україна;

задоволення вимог Національного банку за наданими кредитами рефінансування з підтримки ліквідності банків;

відчуження Фондом гарантування вкладів фізичних осіб або уповноваженою особою Фонду майна банку, щодо якого Національним банком прийнято рішення про відкликання банківської ліцензії та ліквідацію банку;

*{Підпункт 2 пункту 1 доповнено абзацом згідно з Постановою КМ № 1038 від 29.09.2023}*

відчуження права участі в юридичній особі за наявності рішення Кабінету Міністрів України про погодження такого відчуження;

*{Підпункт 2 пункту 1 доповнено абзацом згідно з Постановою КМ № 330 від 26.03.2024}*

*{Підпункт 2 пункту 1 із змінами, внесеними згідно з Постановою КМ № 480 від 19.04.2022; в редакції Постанови КМ № 213 від 10.03.2023}*

3) відчуження, передачу в заставу, будь-які інші дії, які мають чи можуть мати наслідком відчуження нерухомого майна, цінних паперів, права участі в юридичній особі, прав вимоги до боржника у справах про банкрутство (неплатоспроможність), транспортних засобів, повітряних та морських суден, суден внутрішнього плавання на користь осіб, пов'язаних з державою-агресором, або Російської Федерації, крім набуття ними права власності на такі об'єкти на підставі рішення суду або свідоцтва про право на спадщину.

*{Підпункт 3 пункту 1 в редакції Постанови КМ № 213 від 10.03.2023; із змінами, внесеними згідно з Постановами КМ № 1038 від 29.09.2023, № 330 від 26.03.2024}*

2. Установити, що:

1) правочини (у тому числі довіреності), укладені з порушенням мораторію, визначеного пунктом 1 цієї постанови, у тому числі якщо ними передбачається відповідне відчуження у майбутньому, є нікчемними;

2) нотаріальне посвідчення правочинів, що порушують мораторій, визначений пунктом 1 цієї постанови, забороняється. Державна реєстрація або інше визнання державними органами, органами місцевого самоврядування, їх посадовими особами, державними реєстраторами юридичних осіб, фізичних осіб-підприємців та громадських формувань, державними реєстраторами речових прав на нерухоме майно та їх обтяжень, особами, які надають публічні (адміністративні) послуги, правочинів, укладених з порушенням мораторію, визначеного пунктом 1 цієї постанови, забороняється.

2¹. Кабінет Міністрів України приймає рішення про погодження відчуження права участі в юридичній особі за наявності одночасно таких умов:

1) учасником, акціонером, іншою особою, яка бере участь в юридичній особі, створеній та зареєстрованій відповідно до законодавства України, або її бенефіціаром прямо або опосередковано є юридична особа, створена та зареєстрована відповідно до законодавства Російської Федерації, яка належить та належала станом на 23 лютого 2022 р. до міжнародної групи компаній (сукупності юридичних осіб, пов'язаних відносинами контролю та розташованих на території не менше 50 країн світу, загальна виручка яких від реалізації товарів та послуг за попередній фінансовий рік становить не менше суми, еквівалентної 10 млрд. євро);

2) органами управління материнської компанії міжнародної групи компаній або учасників, акціонерів юридичної особи, створеної та зареєстрованої відповідно до законодавства Російської Федерації, у межах їх компетенції, визначеної установчими документами, прийнято рішення про припинення діяльності юридичної особи, створеної та зареєстрованої відповідно до законодавства Російської Федерації, або припинення відносин контролю з такою юридичною особою у зв'язку з військовою агресією Російської Федерації проти України. Справжність підписів на такому рішенні засвідчується нотаріусом або іншою особою, уповноваженою на таке засвідчення відповідно до законодавства держави, в якій підписано рішення;

3) материнською компанією міжнародної групи компаній прийнято рішення про забезпечення до завершення календарного року, наступного за роком, в якому відчужено права участі в юридичній особі, відновлення діяльності юридичної особи, створеної та зареєстрованої відповідно до законодавства України, яка належить до міжнародної групи компаній, та забезпечення протягом одного року після такого відновлення зайнятості у такій юридичній особі не менше 50 працівників та сплати нею до державного та/або місцевого бюджетів податків та/або зборів у сумі не менше 10 млн. гривень. Справжність підписів на такому рішенні засвідчується нотаріусом або іншою особою, уповноваженою на таке засвідчення відповідно до законодавства держави, в якій підписано рішення;

4) права участі в юридичній особі відчужуються на користь особи:

яка є та була станом на 23 лютого 2022 р. членом відповідної міжнародної групи компаній або яка є материнською компанією відповідної міжнародної групи компаній;

місцезнаходженням якої не є держава, що:

- визнана державою-агресором та/або державою-окупантом щодо України;

- відповідно до публічних заяв FATF перебуває під посиленим моніторингом;

- визначена Європейською комісією як країна, що має стратегічні недоліки в національному режимі боротьби з відмиванням грошей і фінансуванням тероризму, що становлять значні загрози фінансовій системі Європейського Союзу;

- включена до переліку держав (юрисдикцій), що не виконують чи неналежним чином виконують рекомендації міжнародних, міжурядових організацій, задіяних у сфері боротьби з легалізацією (відмиванням) доходів, одержаних злочинним шляхом, або фінансуванням тероризму чи фінансуванням розповсюдження зброї масового знищення;

- віднесена Кабінетом Міністрів України до переліку офшорних зон;

яка не є особою:

- пов'язаною з державою-агресором;

- стосовно якої Україною, іноземними державами (крім держави-агресора та держав, щодо яких Україною застосовано секторальні санкції), міждержавними об'єднаннями та/або міжнародними організаціями (крім тих, в яких бере участь держава-агресор та/або держава, щодо якої Україною застосовано секторальні санкції) застосовано санкції відповідно до Закону України "Про санкції" та/або яку включено до переліку осіб, пов'язаних з провадженням терористичної діяльності або стосовно яких застосовано міжнародні санкції;

- стосовно якої з Єдиного державного реєстру юридичних осіб, фізичних осіб - підприємців та громадських формувань виключено інформацію про кінцевого бенефіціарного власника за вказівкою держателя Єдиного державного реєстру юридичних осіб, фізичних осіб - підприємців та громадських формувань або внесено відмітку про визнання Національним банком структури власності юридичної особи непрозорою.

*{Постанову доповнено пунктом $2^1$ згідно з Постановою КМ № 330 від 26.03.2024}*

$2^2$. Представник особи, яка є членом відповідної міжнародної групи компаній або материнської компанії міжнародної групи компаній (далі - заінтересована особа), подає до Мінекономіки у паперовій або електронній формі клопотання про погодження відчуження прав участі в юридичній особі (далі - клопотання) та підтвердні документи щодо відповідності умовам, визначеним пунктом $2^1$ і цієї постанови (далі - підтвердні документи).

Клопотання повинне містити інформацію про відповідність умовам, визначеним пунктом $2^1$ і цієї постанови, із зазначенням підтвердних документів окремо щодо кожної з таких умов.

Клопотання в електронній формі разом з доданими до нього копіями підтвердних документів підписується з використанням кваліфікованого електронного підпису.

Відповідальність за повноту і достовірність інформації, зазначеної у клопотанні, та за подання підтвердних документів у повному обсязі несе заінтересована особа, яка підписала таке клопотання.

Видані відповідно до законодавства іноземної держави документи повинні бути легалізовані (апостильовані) в установленому законодавством порядку, якщо інше не встановлено міжнародним договором.

Викладений іноземною мовою документ повинен бути перекладений на українську мову із засвідченням вірності перекладу з однієї мови на іншу або підпису перекладача в установленому законодавством порядку.

Мінекономіки перевіряє клопотання та підтвердні документи щодо відповідності зазначеної в них інформації вимогам пункту $2^1$ цієї постанови, її повноту та подання підтвердних документів у повному обсязі.

Якщо за результатами перевірки не виявлено невідповідності інформації, зазначеної у клопотанні або підтвердних документах, вимогам пункту $2^1$ цієї постанови, її неповноту або подання підтвердних документів не в повному обсязі, Мінекономіки надсилає клопотання та підтвердні документи до Мін'юсту та інших заінтересованих органів (далі - заінтересовані органи) для проведення перевірки в межах компетенції достовірності інформації, що міститься в них.

Мінекономіки повертає заінтересованій особі клопотання та підтвердні документи з обґрунтуванням підстав:

у строк до 20 робочих днів, - якщо під час проведення перевірки Мінекономіки виявлено невідповідність інформації, зазначеної у клопотанні або підтвердних документах, вимогам пункту $2^1$ і цієї постанови, її неповноту або подання підтвердних документів не в повному обсязі;

у строк до 120 робочих днів, - якщо за результатами проведення перевірки заінтересованими органами виявлено недостовірність або обґрунтовані сумніви у достовірності інформації, зазначеної у клопотанні або підтвердних документах.

Заінтересована особа може повторно звернутися із клопотанням та підтвердними документами до Мінекономіки після усунення причин, що стали підставою для такого повернення.

У разі підтвердження заінтересованими органами достовірності або відсутності обґрунтованих сумнівів у достовірності інформації, що міститься у клопотанні та підтвердних документах, Мінекономіки готує проект рішення Кабінету Міністрів України про погодження відчуження прав участі в юридичній особі та вносить його разом із клопотанням та підтвердними документами в установленому порядку на розгляд Кабінету Міністрів України.

*{Постанову доповнено пунктом $2^2$ згідно з Постановою КМ № 330 від 26.03.2024}*

3. Ця постанова набирає чинності з дня її опублікування та діє до набрання чинності Законом України щодо врегулювання відносин за участю осіб, пов'язаних з державою-агресором, але не більше одного місяця з дня припинення чи скасування воєнного стану.

**Прем'єр-міністр України**                                              Д. ШМИГАЛЬ

Інд. 67



Про забезпечення захисту національних інтересів за майбутніми позовами держави Україна у зв'язку з військовою агресією Російської Федерації
Постанова Кабінету Міністрів України від 03.03.2022 № 187
Редакція від 27.03.2024, підстава — 330-2024-п
*Постійна адреса:*
https://zakon.rada.gov.ua/go/187-2022-%D0%BF

Законодавство України
станом на 11.07.2024
чинний

187-2022-п

## Публікації документа

- **Урядовий кур'єр** від 04.03.2022 — № 47
- **Офіційний вісник України** від 01.04.2022 — 2022 р., № 25, стор. 166, стаття 1272, код акта 110448/2022



# КАБИНЕТ МИНИСТРОВ УКРАИНЫ
## ПОСТАНОВЛЕНИЕ

от 3 марта 2022 г. № 187
Киев

### Об обеспечении защиты национальных интересов в будущих исках государства Украина в связи с военной агрессией Российской Федерации

{С изменениями, внесенными в соответствии с Постановлениями КМ
№ 466 от 19.04.2022 г.
№ 480 от 19.04.2022 г.
№ 719 от 24.06.2022 г.
№ 213 от 10.03.2023 г.
№ 1038 от 29.09.2023 г.
№ 330 от 26.03.2024 г.}

В соответствии со статьями 12$^1$, 20 Закона Украины «О правовом режиме военного положения», Указом Президента Украины от 24 февраля 2022 г. № 64 «О введении военного положения в Украине» Кабинет министров Украины **постановляет**:

1. Для обеспечения защиты национальных интересов в будущих исках государства Украины в связи с военной агрессией Российской Федерации установить до принятия и вступления в силу Закона Украины об урегулировании отношений с участием лиц, связанных с государством-агрессором, мораторий (запрет) на:

1) исполнение, в том числе в принудительном порядке, денежных и иных обязательств, кредиторами (взыскателями) по которым является Российская Федерация либо такие лица (далее - лица, связанные с государством-агрессором):

граждане Российской Федерации, кроме тех, что проживают на территории Украины на законных основаниях;

*{Абзац второй подпункта 1 пункта 1 в редакции Постановления КМ № 480 от 19.04.2022 г.}*

юридические лица, созданные и зарегистрированные в соответствии с законодательством Российской Федерации;

юридические лица, созданные и зарегистрированные в соответствии с законодательством Украины, конечным бенефициарным собственником, членом либо участником (акционером), имеющим долю в уставном капитале 10 и более процентов, которых является Российская Федерация, гражданин Российской Федерации, кроме тех, что проживают на территории Украины на законных основаниях, либо юридическое лицо, созданное и зарегистрированное в соответствии с законодательством Российской Федерации;

*{Абзац четвертый подпункта 1 пункта 1 с изменениями, внесенными в соответствии с Постановлением КМ № 480 от 19.04.2022 г.}*

юридические лица, учрежденные в соответствии с законодательством иностранного государства, конечным бенефициарным собственником, членом либо участником (акционером), имеющим долю в уставном капитале 10 и более процентов, которых является Российская Федерация, гражданин Российской Федерации, кроме тех, что проживают на территории Украины на законных основаниях, либо юридическое лицо, созданное и зарегистрированное в соответствии с законодательством Российской Федерации, - в случае исполнения обязательств перед ними за счет средств, предусмотренных в государственном бюджете.

*{Подпункт 1 пункта 1 дополнен новым абзацем в соответствии с Постановлением КМ № 213 от 10.03.2023 г.}*

Указанное ограничение не применяется к юридическим лицам, созданным и зарегистрированным в соответствии с законодательством Украины:

*{Абзац подпункта 1 пункта 1 в редакции Постановлений КМ № 466 от 19.04.2022 г., № 480 от 19.04.2022 г.}*

которые являются банками либо по счетам которых на основании нормативно-правовых актов или решений Национального банка разрешается выполнение обслуживающими банками расходных операций;

*{Абзац подпункта 1 пункта 1 в редакции Постановлений КМ № 466 от 19.04.2022 г., № 480 от 19.04.2022 г.; с изменениями, внесенными в соответствии с Постановлением КМ № 719 от 24.06.2022 г.}*

которые являются поставщиками электронных коммуникационных мереж и (или) электронных коммуникационных услуг, установленными распоряжением Национального центра оперативно-технического управления сетями телекоммуникаций, принятым в соответствии с Порядком оперативно-технического управления телекоммуникационными сетями в условиях чрезвычайных ситуаций, чрезвычайного и военного положения, утвержденного Постановлением Кабинета Министров Украины от 29 июня 2004 г. № 812 «Некоторые вопросы оперативно-техничного управления телекоммуникационными сетями в условиях чрезвычайных ситуаций, чрезвычайного и военного положения» (Официальный вестник Украины, 2004 г., № 26, ст. 1696);

*{Абзац подпункта 1 пункта 1 в редакции Постановлений КМ № 466 от 19.04.2022 г., № 480 от 19.04.2022 г.; с изменениями, внесенными в соответствии с Постановлением КМ № 1038 от 29.09.2023 г.}*

*{Абзац девятый подпункта 1 пункта 1 исключен на основании Постановления КМ № 1038 от 29.09.2023 г.}*

2) отчуждение, передача в залог, любые иные действия, которые приводят или могут привести к отчуждению недвижимого имущества, ценных бумаг, права участия в юридическом лице (акций, паев, долей в уставном капитале либо иных объектов гражданских прав, которые удостоверяют участие в юридическом лице), прав требования к должнику по делам о банкротстве (неплатежеспособности), транспортных средствах, воздушных и морских судах, судах внутреннего плавания Российской Федерацией либо лицами, связанными с государством-агрессором, кроме:

*{Абзац первый подпункта 2 пункта 1 с изменениями, внесенными в соответствии с Постановлениями КМ № 1038 от 29.09.2023 г., № 330 от 26.03.2024 г.}*

безвозмездного отчуждения/передачи в пользу государства Украина;

удовлетворения требований Национального банка по выданным кредитам рефинансирования для поддержки ликвидности банков;

отчуждения Фондом гарантирования вкладов физических лиц либо уполномоченным лицом Фонда имущества банку, в отношении которого Национальным банком принято решение об отзыве банковской лицензии и ликвидацию банка;

*{Подпункт 2 пункта 1 дополнен абзацем в соответствии с Постановлением КМ № 1038 от 29.09.2023}*

отчуждения права участия в юридическом лице при наличии решения Кабинета Министров Украины о согласовании такого отчуждения;

*{Подпункт 2 пункта 1 дополнен абзацем в соответствии с Постановлением КМ № 330 от 26.03.2024 г.}*

*{Подпункт 2 пункта 1 с изменениями, внесенными в соответствии с Постановлением КМ № 480 от 19.04.2022 г.; в редакции Постановления КМ № 213 от 10.03.2023 г.}*

3) отчуждение, передача в залог, любые иные действия, которые приводят или могут привести к отчуждению недвижимого имущества, ценных бумаг, права участия в юридическом лице, прав требования к должнику по делам о банкротстве (неплатежеспособности), транспортных средствах, воздушных и морских судах, судах внутреннего плавания в пользу лиц, связанных с государством-агрессором, либо Российской Федерации, кроме приобретения ими права собственности на такие объекты на основании решения суда либо свидетельства о праве на наследство.

*{Подпункт 3 пункта 1 в редакции Постановления КМ № 213 от 10.03.2023 г.; с изменениями, внесенными в соответствии с Постановлениями КМ № 1038 от 29.09.2023 г., № 330 от 26.03.2024 г.}*

2. Установить, что:

1) сделки (в том числе доверенности), заключенные в нарушение моратория, установленного пунктом 1 данного Постановления, в том числе если ими предусматривается соответствующее отчуждение в будущем, являются ничтожными;

2) нотариальное заверение сделок, которые нарушают мораторий, установленный пунктом 1 настоящего Постановления, запрещается. Государственная регистрация либо иное признание государственными органами, органами местного самоуправления, их должностными лицами, государственными регистраторами юридических лиц, физических лиц-предпринимателей и общественный организаций, государственными регистраторами вещных прав на недвижимое имущество и их обременений, лицами, оказывающими публичные (административные) услуги, сделок, заключенные в нарушение моратория, установленного пунктом 1 данного Постановления, запрещается.

2¹. Кабинет министров Украины принимает решение о согласовании отчуждения права участия в юридическом лице при наличии одновременно таких условий:

1) участником, акционером, иным лицом, которое принимает участие в юридическом лице, созданном и зарегистрированном в соответствии с законодательством Украины, либо его бенефициаром прямо либо косвенно является юридическое лицо, созданное и зарегистрированное в соответствии с законодательством Российской Федерации, которое относится и относилось по состоянию на 23 февраля 2022 г. до международной группе компаний (совокупности юридических лиц, связанных отношениями контроля и расположенных на территории не менее 50 стран мира, совокупная выручка которых от реализации товаров и услуг за предыдущий финансовый год составляет не менее суммы, эквивалентной 10 млрд евро);

2) органами управления материнской компании международной группы компаний либо участников, акционеров юридического лица, созданного и зарегистрированного в соответствии с законодательством Российской Федерации, в пределах их компетенции, установленной учредительными документами, принято решение о приостановлении деятельности юридического лица, созданного и зарегистрированного в соответствии с законодательством Российской Федерации, либо о приостановлении отношений контроля с таким юридическим лицом в связи с военной агрессией Российской Федерации против Украины. Верность подписей на таком решении удостоверяется нотариусом либо иным лицом, уполномоченным на такое удостоверение в соответствии с законодательством государства, в котором подписано решение;

3) материнской компанией международной группы компаний принято решение об обеспечении до завершения календарного года, наступающего за годом, в котором отчуждены права участия в юридическом лице, возобновления деятельности юридического лица, созданного и зарегистрированного в соответствии с законодательством Украины, которое относится к международной группе компаний, и обеспечении в течение одного года после такого возобновления занятости в таком юридическом лице не менее 50 работников и уплаты ей в государственный и (или) местный бюджеты налогов и (или) сборов в размере не менее 10 млн гривен. Верность подписей на таком решении удостоверяется нотариусом либо иным лицом, уполномоченным на такое удостоверение в соответствии с законодательством государства, в котором подписано решение;

4) права участия в юридическом лице отчуждаются в пользу лица:

которое является и было по состоянию на 23 февраля 2022 г. членом соответствующей международной группы компаний либо которая является материнской компанией соответствующей международной группы компаний;

местонахождением которой не является государство, которое:

- признано государством-агрессором и (или) государством-оккупантом в отношении Украины;

- В соответствии с публичными заявлениями FATF находится под усиленным мониторингом;

- определено Европейской комиссией как страна, имеющая стратегические недочеты в национальном режиме борьбы с отмыванием денег и финансированием терроризма, которые представляют собой значительные угрозы для финансовой системы Европейского Союза;

- включено в перечень государств (юрисдикций), которые не исполняют или ненадлежащим образом исполняют рекомендации международных, межправительственных организаций, задействованных в сфере борьбы с легализацией (отмыванием) доходов, полученных преступным путем, либо финансированием терроризма или финансированием распространения оружия массового уничтожения;

- отнесено Кабинетом министров Украины к перечню оффшорных зон; которая не является лицом:

- связанным с государством-агрессором;

- в отношении которого Украиной, иностранными государствами (кроме государства-агрессора и государств, в отношении которых Украиной применены секторальные санкции), межгосударственными объединениями и (или) международными организациями (кроме тех, в которых принимает участие государство-агрессор и (или) государство, в отношении которого Украиной применены секторальные санкции) применены санкции в соответствии с Законом Украины «О санкциях» и (или) которое включено в перечень лиц, связанных с осуществлением террористической деятельности, либо в отношении которого применены международные санкции;

- в отношении которого из Единого государственного реестра юридических лиц, физических лиц - предпринимателей и общественных организаций исключена информация о конечном бенефициарном собственнике по указанию держателя Единого государственного реестра юридических лиц, физических лиц - предпринимателей и общественный организаций либо внесена отметка о признание Национальным банком структуры собственности юридического лица непрозрачной.

*{Постановление дополнено пунктом 2$^1$ в соответствии с Постановлением КМ № 330 от 26.03.2024 г.}*

2$^1$. Представитель лица, которое является членом соответствующей международной группы компаний либо материнской компании международной группы компаний (далее - заинтересованное лицо), подает в Минэкономики в бумажной либо электронной форме ходатайство о согласовании отчуждения прав участия в юридическом лице (далее - ходатайство) и подтверждающие документы в отношении соответствия условиям, установленным пунктом 2$^1$ и настоящим Постановление (далее -подтверждающие документы).

Ходатайство должно содержать информацию о соответствии условиям, установленным пунктом 2$^1$ и настоящим Постановлением, с указанием подтверждающих документов отдельно для каждого из таких условий.

Ходатайство в электронной форме с приложенными к нему копиями подтверждающих документов подписывается с использованием квалифицированной электронной подписи.

Ответственность за полноту и достоверность информации, указанной в ходатайстве, а также за подачу подтверждающих документов в полном объеме несет заинтересованное лицо, подписавшее такое ходатайство.

Выданные в соответствии с законодательством иностранного государства документы

должны быть легализованы (апостилированы) в установленном законодательством порядке, если иное не предусмотрено международным договором.

Составленный на иностранном языке документ должен быть переведен на украинский язык с удостоверением верности перевода с одного языка на другой или подписи переводчика в установленном законодательством порядке.

Минэкономики проверяет ходатайство и подтверждающие документы в отношении соответствия указанной в них информации требованиям пункта $2^1$ настоящего Постановления, ее полноту и подачу подтверждающих документов в полном объеме.

Если по результатам проверки не выявлено несоответствия информации, указанной в ходатайстве либо подтверждающих документах, требованиям пункта $2^1$ настоящего Постановления, ее неполноты либо подачи подтверждающих документов не в полном объеме, Минэкономики направляет ходатайство и подтверждающие документы в Минюст и иным заинтересованным органам (далее - заинтересованные органы) для проведения проверки в пределах компетенции достоверности размещенной в них информации.

Минэкономики возвращает заинтересованному лицу ходатайство и подтверждающие документы с указанием оснований:

в срок до 20 рабочих дней, - если во время проведения проверки Минэкономики выявлено несоответствие информации, указанной в ходатайстве либо подтверждающих документах, требованиям пункта $2^1$ и настоящего Постановления, ее неполнота либо подача подтверждающих документов не в полном объеме;

в срок до 120 рабочих дней, - если по результатам проведения проверки заинтересованными органами выявлена недостоверность либо обоснованные сомнения в достоверности информации, указанной в ходатайстве либо подтверждающих документах.

Заинтересованное лицо может повторно обратиться с ходатайством и подтверждающими документами в Минэкономики после устранения причин, которые послужили основанием для такого возврата.

В случае подтверждения заинтересованными органами достоверности либо отсутствия обоснованных сомнений в достоверности информации, содержащейся в ходатайстве и подтверждающих документах, Минэкономики готовит проект решения для Кабинета Министров Украины о согласовании отчуждения прав участия в юридическом лице и вносит его вместе с ходатайством и подтверждающими документами в установленном порядке на рассмотрение в Кабинет министров Украины.

*{Постановление дополнено пунктом $2^2$ в соответствии с Постановлением КМ № 330 от 26.03.2024 г.}*

3. Настоящее постановление вступает в силу с дня его опубликования и действует до вступления в силу Закона Украины об урегулировании отношений с участием лиц, связанных с государством- агрессором, но не более одного месяца с дня приостановления или отмены военного положения.

| Премьер-министр Украины ШМЫГАЛЬ | Д. |
|---|---|

Инд. 67



Об обеспечении защиты национальных интересов в будущих исках государства Украина в связи с военной агрессией Российской Федерации
Постановление Кабинета министров Украины от 03.03.2022 г. № 187
Редакция от 27.03.2024, основание — 330-2024-п
*Постоянный адрес:*
*https://zakon.rada.gov.ua/go/187-2022-%D0%BF*

Законодательство Украины
по состоянию на 11.07.2024 г.
действующий



## Публикации документа

- **Правительственный курьер** от 04.03.2022 г. — № 47
- **Официальный вестник Украины** от 01.04.2022 — 2022 г., № 25, стр. 166, статья 1272, код акта 110448/2022

Перевод данного текста сделан мной, переводчиком Ульбашевой Фатимой Владиславовной.



## Российская Федерация
## Город Москва
### Седьмого августа две тысячи двадцать четвертого года

Я, Юракова Диана Шевкетовна, временно исполняющая обязанности нотариуса города Москвы Корсик Марии Александровны, свидетельствую подлинность подписи переводчика Ульбашевой Фатимы Владиславовны.

Подпись сделана в моем присутствии.

Личность подписавшего документ установлена.

Зарегистрировано в реестре: № 77/2139-н/77-2024-37-2390

Уплачено за совершение нотариального действия: 400 руб. 00 коп.

Д.Ш. Юракова

Всего прошнуровано,
пронумеровано и скреплено печатью
_____8_____ лист(а)(ов)

врио Нотариуса



# CABINET OF MINISTERS OF UKRAINE
# RESOLUTION

dated March 3, 2022, No. 187
Kyiv

## On Ensuring the Protection of National Interests in Future Lawsuits by the State of Ukraine in Connection with the Military Aggression of the Russian Federation

{With changes introduced in accordance with Resolutions of the CM
No. 466 dated 04/19/2022
No. 480 dated 04/19/2022
No. 719 dated 06/24/2022
No. 213 dated 03/10/2023
No. 1038 dated 09/29/2023
No. 330 dated 03/26/2024}

In accordance with Articles $12^1$, 20 of the Law of Ukraine "On the Legal Regime of Martial Law", Decree of the President of Ukraine dated February 24, 2022 No. 64 "On the Introduction of Martial Law in Ukraine", the Cabinet of Ministers of Ukraine **has decided:**

1. In order to ensure the protection of national interests in future lawsuits by the state of Ukraine in connection with the military aggression of the Russian Federation, to establish a moratorium (ban) on:

1) Conducting, including by force, of monetary and other obligations by creditors (collectors) connected with the Russian Federation or the following persons (hereinafter referred to as persons associated with the aggressor state):

citizens of the Russian Federation, except for those residing in the territory of Ukraine on legal grounds;

*{The second paragraph of sub-item 1 of item 1 in the wording of Resolution of the CM No. 480 dated 04/19/2022}*

legal entities created and registered in accordance with the legislation of the Russian Federation;

legal entities created and registered in accordance with the legislation of Ukraine, the ultimate beneficial owner, member or participant (shareholder), having a share in the authorized capital of 10 percent or more, which is the Russian Federation, a citizen of the Russian Federation, except for those who live on the territory of Ukraine on legal grounds, or a legal entity created and registered in accordance with the legislation of the Russian Federation;

*{The fourth paragraph of sub-item 1 of item 1 with changes introduced in accordance with Resolution of the CM No. 480 dated 04/19/2022 }*

legal entities created and registered in accordance with the legislation of Ukraine, the ultimate beneficial owner, member or participant (shareholder), having a share in the authorized capital of 10 percent or more, which is the Russian Federation, a citizen of the Russian Federation, except for those who live on the territory of Ukraine on legal grounds, or a legal entity created and registered in accordance with the legislation of the Russian Federation, in case of fulfillment of obligations to them at the expense of funds provided for in the state budget.

*{Sub-item 1 of item 1 has been supplemented with a new paragraph in accordance with Resolution of the CM No. 213 dated 03/10/2023}*

This restriction does not apply to legal entities formed and registered in accordance with the legislation of Ukraine:

*{The paragraph of sub-item 1 of item 1 in the wording of Resolution of the CM No. 466 dated 04/19/2022, No. 480 dated 04/19/2022}*

which are banks or on whose accounts, on the basis of normative legal acts or decisions of the National Bank, the servicing banks are allowed to carry out expenditure operations;

*{The paragraph of sub-item 1 of item 1 as amended by Resolutions of the CM No. 466 dated 04/19/2022, No. 480 dated 04/19/2022; with changes introduced in accordance with Resolution of the CM No. 719 dated 06/24/2022}*

who are suppliers of electronic communication networks and/or electronic communication services, defined by the order of the National Center for Operational and Technical Management of Telecommunication Networks, adopted in accordance with the Procedure for Operational and Technical Management of Telecommunication Networks in Emergency Situations, State of Emergency and Martial Law, approved by the Resolution of the Cabinet of Ministers of Ukraine from June 29, 2004 No. 812 "Some Issues of Operational and Technical Management of Telecommunication Networks in

Emergency Situations, State of Emergency and Martial Law" (Official Newspaper of Ukraine, 2004, No. 26, Art. 1696).

*{The paragraph of sub-item 1 of item 1 as amended by Resolutions of the CM No. 466 dated 04/19/2022, No. 480 dated 04/19/2022; with changes introduced in accordance with Resolution of the CM No. 1038 dated 09/29/2023}*

*{The ninth paragraph of sub-item 1 of item 1 is excluded on the basis of Resolution of the CM No. 1038 dated 09/29/2023}*

2) Alienation, pledge, any other actions that have or may result in the alienation of immovable property, securities, the right to participate in a legal entity (shares, land shares, shares in the authorized capital or other objects of civil rights certifying participation in a legal entity), rights of claim against the debtor in cases of bankruptcy (insolvency), vehicles, air and sea vessels, vessels of inland navigation by the Russian Federation or persons related to the aggressor state, except for:

*{The first paragraph of sub-item 2 of item 1 as amended in accordance with Resolutions of the CM No. 1038 dated 09/29/2023, No. 330 dated 03/26/2024}*

free alienation/transfer in favor of the state of Ukraine;

meeting the requirements of the National Bank for refinancing loans granted to support the liquidity of banks;

alienation by the Deposit Guarantee Fund of Individuals or by an authorized person of the Bank Property Fund, in respect of which the National Bank has made a decision to revoke the banking license and liquidate the bank;

*{Sub-item 2 of item 1 is supplemented by a paragraph in accordance with Resolution of the CM No. 1038 dated 09/29/2023}*

alienation of the right to participate in a legal entity if there is a decision of the Cabinet of Ministers of Ukraine to approve such an alienation.

*{Sub-item 2 of item 1 is supplemented by a paragraph in accordance with Resolution of the CM No. 330 dated 03/26/2024}*

*{Sub-item 2 of item 1 with changes introduced in accordance with Resolution of the CM No. 480 dated 04/19/2022; in the version of Resolution of the CM No. 213 dated 03/10/2023}*

3) Alienation, pledge, any other actions that have or may result in the alienation of real estate, securities, the right to participate in a legal entity, rights of claim against the debtor in cases of bankruptcy (insolvency), vehicles, air and sea vessels, inland navigation vessels for the benefit of persons associated with the aggressor state or the Russian Federation, except for their acquisition of ownership rights to such objects on the basis of a court decision or a certificate of the right to inheritance.

*{Sub-item 3 of item 1 in the wording of Resolution of the CM No. 213 dated 03/10/2023; with changes introduced in accordance with Resolutions of the CM No. 1038 dated 09/29/2023, No. 330 dated 03/26/2024}*

2. To establish that:

1) Transactions (including powers of attorney) concluded in violation of the moratorium specified in item 1 of this Resolution, including if they provide for appropriate alienation in the future, are null and void;

2) Notarization of transactions that violate the moratorium specified in item 1 of this Resolution is prohibited. State registration or other recognition by state bodies, local self-government bodies, their officials, state registrars of legal entities, individual entrepreneurs and public organizations, state registrars of property rights to immovable property and their encumbrances, persons providing public (administrative) services of transactions concluded in violation of the moratorium specified in item 1 of this Resolution are prohibited.

$2^1$. The Cabinet of Ministers of Ukraine makes a decision on approval of the alienation of the right to participate in a legal entity if the following conditions are simultaneously present:

1) A participant, shareholder, other person participating in a legal entity created and registered in accordance with the legislation of Ukraine or its beneficiary, directly or indirectly, is a legal entity created and registered in accordance with the legislation of the Russian Federation, owned as of February 23, 2022 by an international group of companies (combinations of legal entities connected by control relations and located in at least 50 countries of the world, whose total revenue from the sale of goods and services for the previous financial year is at least the equivalent of 10 billion euros);

2) Management bodies of the parent company of an international group of companies or participants, shareholders of a legal entity created and registered in accordance with the legislation of the Russian Federation, within the limits of their competence, determined by the founding documents, have adopted a decision to terminate the activity of a legal entity created and registered in accordance with the legislation of the Russian Federation or termination of control relations with such a legal entity in connection with the military aggression of the Russian Federation against Ukraine. The authenticity of the signatures on such a decision is certified by a notary public or another person authorized for such certification in accordance with the legislation of the state in which the decision was signed;

3) The parent company of the international group of companies made a decision to ensure until the end of the calendar year following the year in which the rights to participate in the legal entity were alienated the restoration of the activity of the legal entity created and registered in accordance with the legislation of Ukraine, which belongs to the international group of companies, and ensuring during one year after such resumption of employment in such a legal entity at least 50 employees and its payment to the state and/or local budgets of taxes and/or fees in the amount of at least 10 million hryvnias. The

authenticity of the signatures on such a decision is certified by a notary public or another person authorized for such certification in accordance with the legislation of the state in which the decision was signed;

4) Participation rights in a legal entity are alienated in favor of a person:

which is and was as of February 23, 2022 a member of the relevant international group of companies or which is the parent company of the relevant international group of companies;

the location of which is not a state that:

- recognized as an aggressor state and/or an occupying state in relation to Ukraine;

- according to public statements, FATF is under increased monitoring;

- determined by the European Commission as a country with strategic deficiencies in the national regime of combating money laundering and terrorist financing, which pose significant threats to the financial system of the European Union;

- was included in the list of states (jurisdictions) that do not implement or improperly implement the recommendations of international, intergovernmental organizations involved in the fight against legalization (laundering) of assets obtained through crime or financing of terrorism or financing of the proliferation of weapons of mass destruction;

- was included by the Cabinet of Ministers of Ukraine in the list of offshore zones;

which is not a person:

- associated with the aggressor state;

- in relation to which Ukraine, foreign states (except the aggressor state and states against which Ukraine has applied sectoral sanctions), interstate associations and/or international organizations (except those in which the aggressor state participates and/or the state in respect of which Ukraine sectoral sanctions have been applied) applied sanctions in accordance with the Law of Ukraine "On Sanctions" and/or which is included in the list of persons connected with the conduct of terrorist activities or in respect of whom international sanctions have been applied;

- in relation to which the information about the ultimate beneficial owner has been excluded from the Unified State Register of Legal Entities, Individual Entrepreneurs and Public Organizations at the direction of the holder of the Unified State Register of Legal Entities, Individual Entrepreneurs and Public Organizations, or a note has been made that the National Bank recognized the ownership structure of the legal entity as opaque.

*{The Resolution was supplemented by item $2^1$ in accordance with Resolution of the CM No. 330 dated 03/26/2024}*

$2^2$. A representative of a person who is a member of the relevant international group of companies or the parent company of an international group of companies (hereinafter — the interested person) submits to the Ministry of Economy in paper or electronic form a request for approval of the alienation of participation rights in a legal entity (hereinafter — the request) and supporting documents regarding compliance with the conditions specified in clause $2^1$ of this Resolution (hereinafter — supporting documents).

The petition must contain information on compliance with the conditions specified in item $2^1$ and this Resolution, indicating supporting documents separately for each of these conditions.

The petition in electronic form together with the attached copies of supporting documents is signed using a qualified electronic signature.

Responsibility for the completeness and reliability of the information specified in the petition and for the submission of supporting documents in full is carried by the interested person who signed such a petition.

Documents issued in accordance with the legislation of a foreign state must be legalized (apostilled) in accordance with the procedure established by law, unless otherwise established by an international treaty.

A document written in a foreign language must be translated into Ukrainian with a certification of the accuracy of the translation from one language to another or the translator's signature in accordance with the procedure established by law.

The Ministry of Economy checks petitions and supporting documents regarding compliance of the information specified in them with the requirements of item $2^1$ of this Resolution, its completeness and submission of supporting documents in full.

If, according to the results of the inspection, no inconsistency of the information is specified in the petition or supporting documents with the requirements of item $2^1$ of this Resolution, its incompleteness or submission of supporting documents not in full, the Ministry of Economy sends the petition and supporting documents to the Ministry of Justice and other interested bodies (hereinafter — interested bodies) to check within their competence the authenticity of the information contained in them.

The Ministry of Economy returns to the interested person the request and supporting documents with justification of the grounds:

within a period of up to 20 working days, if during the inspection of the Ministry of Economy it is found that the information specified in the petition or supporting documents does not comply with the requirements of item $2^1$ and this Resolution, is incomplete or the submission of supporting documents is not complete;

within a period of up to 120 working days, if, based on the results of the inspection by the interested

bodies, unreliability or justified doubts about the reliability of the information specified in the request or supporting documents were found.

An interested person can re-apply with a petition and supporting documents to the Ministry of Economy after eliminating the reasons that became the basis for such a return.

In case of confirmation by the interested authorities of the authenticity or absence of reasonable doubts about the authenticity of the information contained in the petition and supporting documents, the Ministry of Economy prepares a draft decision of the Cabinet of Ministers of Ukraine on approval of the alienation of participation rights in a legal entity and submits it together with the petition and supporting documents in the prescribed manner to consideration of the Cabinet of Ministers of Ukraine.

*{The Resolution was supplemented by item $2^2$ in accordance with Resolution of the CM No. 330 dated 03/26/2024}*

3. This Resolution enters into force from the day of its publication and is effective until the Law of Ukraine on the regulation of relations involving persons connected with the aggressor state enters into force, but no more than one month from the day of termination or cancellation of martial law.

**Premier Minister of Ukraine**                                **D. SHMYGAL**

Ind. 67



On Ensuring the Protection of National Interests in Future Lawsuits of the State of Ukraine in Connection with the Military Aggression of the Russian Federation
CMU Resolution dated 03/03/2022 No. 187
Edition of 03/27/2024, basis — 330-2024-п
*Permanent address:*
*https://zakon.rada.gov.ua/go/187-2022-%D0%BF*

**Legislation of Ukraine**
as of 07/11/2024
valid

## Publications

- **Uriadoviy Kurier** dated 03/04/2022 — No. 47
- **Official Newspaper of Ukraine** dated 04/01/2022 — 2022, No. 25, p. 166, Article 1272, act code 110448/2022

*Перевод данного текста с русского языка на английский язык сделан мной, переводчиком Ульбашевой Фатимой Владиславовной.*

*The translation of this text was performed by me, the translator Ulbasheva Fatima Vladislavovna.*

_____/signature/_____

| | |
|---|---|
| **Российская Федерация** | **The Russian Federation** |
| **Город Москва** | **The city of Moscow** |
| **Седьмого августа две тысячи двадцать четвертого года** | **07.08.2024** |
| Я, Юракова Диана Шевкетовна, временно исполняющая обязанности нотариуса города Москвы Корсик Марии Александровны, свидетельствую подлинность подписи переводчика Ульбашевой Фатимы Владиславовны. Подпись сделана в моем присутствии. Личность подписавшего документ установлена. | I, Yurakova Diana Shevketovna, deputy notary of the city Moscow for Korsik Maria Alexandrovna, certify the authenticity of signature, made by the translator Ulbasheva Fatima Vladislavovna. The signature was made in my presence. Her identity is established. |
| Зарегистрировано в реестре: № 77/2139-н/77-2024- 37-2391 | It is registered in the register under № 77/2139-н/77-2024- |
| Уплачено за совершение нотариального действия: 400 руб. 00 коп. | Paid for notarial act: 400 rubles 00 kop. |

_____/signature/_____   Д.Ш. Юракова

_____/signature/_____   D. Sh. Yurakova

*Seal: Notary Korsik M. A.*
*Notarial district of c. Moscow*
*ITN 246010528465 ***

Всего прошнуровано, пронумеровано и скреплено печатью (12) лист(ов)

Stitched up, numbered and sealed (12) pages

ВРИО Нотариуса

Deputy notary /signature/

*Seal: Notary Korsik M. A.*
*Notarial district of c. Moscow*
*ITN 246010528465 ***

# APOSTILLE
(Convention de La Haye du 5 octobre 1961)

| | | |
|---|---|---|
| 1. | **Страна:** <br> Country / Pays: | Российская Федерация |

| | |
|---|---|
| **Настоящий официальный документ** <br> This public document / Le présent acte public | |
| 2. был подписан <br> has been signed by <br> a été signé par | Юракова Д.Ш. |
| 3. выступающим в качестве <br> acting in the capacity of <br> agissant en qualité de | врио нотариуса |
| 4. скреплен печатью / штампом <br> bears the seal / stamp of <br> est revêtu du sceau / timbre de | нотариус г. Москвы Корсик Мария Александровна |

**Удостоверено**
Certified / Attesté

| | | | | |
|---|---|---|---|---|
| 5. | В <br> at / à | Г. Москва | 6. Дата <br> the / le | 07.08.2024 |
| 7. | учреждение <br> by / par | Алимов А.А. <br> Заместитель начальника отдела международной правовой помощи и проставления апостиля Главного управления Министерства юстиции Российской Федерации по Москве | | |
| 8. | № <br> N° / sous n° | 77/36479-24 | | |
| 9. | Печать / штамп: <br> Seal / stamp: <br> Sceau / timbre: | [seal] | 10. Подпись <br> Signature: <br> Signature: | [signature] |



Данный апостиль удостоверяет лишь подлинность подписи и должность лица, подписавшего официальный документ, и при необходимости подлинность печати или штампа, которым скреплен этот документ.

Апостиль не заверяет достоверность самого документа, для которого он был оформлен.

Информацию по проверке апостиля можно найти, отсканировав QR- код, либо перейдя по ссылке:https://minjust.gov.ru/ru/pages/apostil-ispf/?aposid=2586491h-406-fs74-91a-685b -2987539a87df

This apostille certifies only the authenticity of the signature and the position of the official who signed the official document, and, if necessary, the authenticity of the seal or stamp affixed to the said document.

The apostille does not certify the authenticity of the document for which it was issued.

Information on apostille verification can be found by scanning a QR code or by referring to the following link: https://minjust.gov.ru/ru/pages/apostil-ispf/?aposid=2586491h-406-fs74-91a-685b-2987539a87df

Cette apostille ne certifie que l'authenticité de la signature et le poste du fonctionnaire qui a signé le document officiel et, le cas échéant, l'authenticité du sceau ou du cachet apposé sur ledit document.

L'apostille n'assure pas la véracité du document lui-même pour lequel il a été délivré.

Les informations de vérification de l'apostille peuvent être trouvées en scannant le code QR ou en consultant le lien suivant: https://minjust.gov.ru/ru/pages/apostil-ispf/?aposid=2586491h-406-fs74-91a-685b-2987539a87df

Прошито, пронумеровано и скреплено печатью

_13_ ( _тринадцать_ ) лист _ов_

Заместитель начальника отдела
Главного управления Министерства юстиции
Российской Федерации по Москве

А.А. Алимов