# EXHIBIT 14

# COUNCIL VERKHOVNA RADA OF UKRAINE
Legislation of Ukraine

# Constitution of Ukraine

Document **254k/96-BP ()** , <u>valid</u> , current edition — **Edition** of **01.01.2020** , basis - <u>27-IX</u>

ⓘInformation  ⬇save  🗁Document card  🧭Document content  🔍Search in text  🖨Text for printing   ⚙ ⏷



## *CONSTITUTION OF UKRAINE*

### (Reports of the Verkhovna Rada of Ukraine (VVR), 1996, No. 30, Article 141)

{With changes introduced in accordance with Laws
<u>No. 2222-IV dated 08.12.2004</u> , VVR, 2005, No. 2, Article 44
<u>No. 2952-VI dated 02.01.2011</u> , VVR, 2011, No. 10, Article 68
<u>No. 586-VII from 19.09.2013</u> , VVR, 2014, No. 11, Art. 142
<u>No. 742-VII dated 21.02.2014</u> , VVR, 2014, No. 11, Art. 143
<u>No. 1401-VIII dated 06.02.2016</u> , VVR, 2016, No. 28, Art. 532
<u>No. 2680-VIII from 07.02.2019</u> , VVR, 2019, No. 9, Article 50
<u>No. 27-IX dated September 3, 2019</u> , VVR, 2019, No. 38, Article 160}

{Law of Ukraine <u>No. 2222-IV dated 08.12.2004</u> was recognized as not in accordance with the Constitution of Ukraine (is unconstitutional), according to the Decision of the Constitutional Court of Ukraine <u>No. 20-рп/2010 dated 30.09.2010</u> in connection with the violation of the constitutional procedure of its review and acceptance}

{Provisions of the Constitution of Ukraine adopted at the fifth session of the Verkhovna Rada of Ukraine on June 28, 1996, with amendments and additions introduced by Laws of Ukraine <u>No. 2222-IV dated 08.12.2004</u> , <u>No. 2952-VI dated 01.02.2011</u> , <u>No. 586-VII dated 19.09.2013</u> , recognized as such are valid on the territory of Ukraine by Resolution of the Verkhovna Rada of Ukraine <u>No. 750-VII dated February 22, 2014</u> }

{For the official interpretation of the Constitution, see in Decisions of the Constitutional Court
<u>No. 1-zp dated 13.05.97</u>
<u>No. 4-zp dated 03.10.97</u>
<u>No. 6-zp dated 25.11.97</u>
<u>No. 9-zp dated 25.12.97</u>
<u>No. 8-rp/98 dated 06.09.98</u>
<u>No. 11-rp /98 dated 07.07.98</u>
<u>No 1-рп/99 from 09.02.99</u>
<u>No. 4-рп/99 from 19.05.99</u>
<u>No. 7-рп/99 from 06.07.99</u>
<u>No. 9-рп/99 from 27.10.99</u>
<u>No. 10-рп/99 from 14.12.99</u>
<u>no. 4-рп/2000 dated 11.04.2000</u>
<u>No 6-рп/2000 dated 04/19/2000</u>
<u>No. 13-рп/2000 dated 11/16/2000</u>
<u>No. 15-рп/2000 dated 12/14/2000</u>
<u>No. 2-рп/2001 dated 03/28/2001</u>
<u>No. 4-рп/2001 dated 04/19/2001</u>
<u>No. 5-рп/2001 dated 05/17/2001</u>
<u>No. 7-рп/2001 dated 05/30/2001</u>
<u>No. 11-рп/2001 dated 07/13/2001</u>
<u>No. 14-рп/2001 dated 10/16/2001</u>
<u>No. 4-рп/2002 dated 03/20/2002</u>
<u>No. 7-рп/2002 dated 03/27/2002</u>
<u>No. 8-рп/2002 dated 05/07/2002</u>
<u>No. 10-рп/2002 dated 05/29/2002</u>
<u>No. 12-рп/2002 dated 06/18/2002</u>
<u>No. 15-рп/2002 dated</u>
<u>07/09/2002 16-рп/2002 dated 17.10.2002</u>

No. 17-рп/2002 dated 17.10.2002
No. 2-рп/2003 dated 28.01.2003
No. 5-рп/2003 dated 03.05.2003
No. 12-рп/2003 dated
26.06.2003 16-рп/2003 dated 14.10.2003
No. 19-рп/2003 dated 10.12.2003
No. 21-рп/2003 dated 25.12.2003
No. 22-рп/2003 dated 25.12.2003
No. 5-рп/2004 dated
04.03.2004 11-рп/2004 dated 19.05.2004
No. 19-рп/2004 dated 01.12.2004
No. 6-рп/2005 dated 05.10.2005
No. 9-рп/2005 dated 13.10.2005
No. 7-рп/2007 dated
09.10.2007 11-рп/2007 dated 11.12.2007
No. 12-рп/2007 dated 11.12.2007
No. 5-рп/2008 dated 04.02.2008
No. 6-рп/2008 dated 16.04.2008
No. 12-рп/2008 dated 25.06.2008
No. 16-рп/2008 dated 17.09.2008
No. 23-рп/2008 dated 15.10.2008
No. 26-рп/2008 dated 27.11.2008
No. 6-рп/2009 dated 26.02.2009
No. 7-рп/2009 dated
16.04.2009 8-рп/2009 dated 04/28/2009
No. 23-рп/2009 dated 09/30/2009
No. 7-рп/2010 dated 03/11/2010
No. 8-рп/2010 dated 03/11/2010
No. 10-рп/2010 dated 04/01/2010
No. 11-рп/2010 dated 06.04.2010
No. 12-рп/2011 dated 20.10.2011
No. 16-рп/2011 dated 08.12.2011
No. 19-рп/2011 dated 14.12.2011
No. 2-рп/2012 dated
20.01.2012 3-рп/2012 dated 01/25/2012
No. 9-рп/2012 dated 04/12/2012
No. 2-рп/2013 dated 05/29/2013
No. 4-рп/2013 dated 06/12/2013
No. 5-рп/2014 dated 05/15/2014
No. 1-р/2016 dated 15.03.2016
No. 11-р/2019 dated 02.12.2019 }

Verkhovna Rada of Ukraine on behalf of the Ukrainian people - citizens of Ukraine of all nationalities,

expressing the sovereign will of the people,

relying on the centuries-old history of Ukrainian state formation and on the basis of the right to self-determination exercised by the Ukrainian nation, the entire Ukrainian people,

taking care to ensure human rights and freedoms and decent living conditions,

caring for the strengthening of civil harmony on the land of Ukraine and confirming the European identity of the Ukrainian people and the irreversibility of Ukraine's European and Euro-Atlantic course,

*{Paragraph five of the preamble with changes introduced in accordance with Law No. 2680-VIII of 02.07.2019 }*

striving to develop and strengthen a democratic, social, legal state,

aware of responsibility before God, own conscience, previous, present and future generations,

guided by the Act of Proclamation of Independence of Ukraine of August 24, 1991 , approved by a national vote on December 1, 1991,

adopts this Constitution - the Basic Law of Ukraine.

## Chapter I
## GENERAL PRINCIPLES

**Article 1.** Ukraine is a sovereign and independent, democratic, social, legal state.

*{For the official interpretation of the provisions of Article 1, see in the Decision of the Constitutional Court No. 3-рп/2012 dated January 25, 2012 }*

**Article 2.** The sovereignty of Ukraine extends to its entire territory.

Ukraine is a unitary state.

The territory of Ukraine within the existing border is integral and inviolable.

**Article 3.** A person, his life and health, honor and dignity, inviolability and security are recognized as the highest social value in Ukraine.

Human rights and freedoms and their guarantees determine the content and direction of state activity. The state is responsible to the people for its activities. Affirmation and provision of human rights and freedoms is the main duty of the state.

**Article 4.** There is a single citizenship in Ukraine. The grounds for acquiring and terminating Ukrainian citizenship are determined by law.

**Article 5.** Ukraine is a republic.

The bearer of sovereignty and the only source of power in Ukraine is the people. The people exercise power directly and through state authorities and local self-government bodies.

*{For the official interpretation of the provision of the second part of Article 5, see in Decisions of the Constitutional Court No. 6-rp/2005 dated 05.10.2005 , No. 6-rp/2008 dated 16.04.2008 }*

The right to determine and change the constitutional order in Ukraine belongs exclusively to the people and cannot be usurped by the state, its bodies or officials.

*{For the official interpretation of the provisions of the third part of Article 5, see in Decisions of the Constitutional Court No. 6-rp/2005 dated 05.10.2005 , No. 6-rp/2008 dated 16.04.2008 }*

No one can usurp state power.

*{For the official interpretation of the provision of the fourth part of Article 5, see in the Decision of the Constitutional Court No. 6-pn/2005 dated 05.10.2005 }*

**Article 6.** State power in Ukraine is exercised on the basis of its division into legislative, executive and judicial.

Bodies of legislative, executive and judicial power exercise their powers within the limits established by this Constitution and in accordance with the laws of Ukraine.

**Article 7.** Local self-government is recognized and guaranteed in Ukraine.

**Article 8.** The principle of the rule of law is recognized and valid in Ukraine.

The Constitution of Ukraine has the highest legal force. Laws and other normative legal acts are adopted on the basis of the Constitution of Ukraine and must comply with it.

The norms of the Constitution of Ukraine are norms of direct effect. Addressing the court to protect the constitutional rights and freedoms of a person and a citizen directly on the basis of the Constitution of Ukraine is guaranteed.

**Article 9.** Current international treaties, the binding consent of which has been given by the Verkhovna Rada of Ukraine, are part of the national legislation of Ukraine.

The conclusion of international agreements, which contradict the Constitution of Ukraine, is possible only after making appropriate changes to the Constitution of Ukraine.

**Article 10.** Ukrainian is the state language in Ukraine.

*{For the official interpretation of the first part of Article 10, see in the Decision of the Constitutional Court No. 10-pn/99 dated 14.12.99 }*

The state ensures comprehensive development and functioning of the Ukrainian language in all spheres of social life throughout the territory of Ukraine.

In Ukraine, the free development, use and protection of Russian and other languages of the national minorities of Ukraine is guaranteed.

The state promotes the study of languages of international communication.

The use of languages in Ukraine is guaranteed by the Constitution of Ukraine and determined by law.

**Article 11.** The state promotes the consolidation and development of the Ukrainian nation, its historical consciousness, traditions and culture, as well as the development of the ethnic, cultural, linguistic and religious identity of all indigenous peoples and national minorities of Ukraine.

**Article 12.** Ukraine takes care of meeting the national, cultural and linguistic needs of Ukrainians living outside the state.

**Article 13.** The land, its subsoil, atmospheric air, water and other natural resources located within the territory of Ukraine, natural resources of its continental shelf, exclusive (sea) economic zone are objects of property rights of the Ukrainian people. On behalf of the Ukrainian people, the rights of the owner are exercised by state authorities and local self-government bodies within the limits specified by this Constitution.

Every citizen has the right to use natural objects owned by the people in accordance with the law.

Property obliges. Property should not be used to the detriment of people and society.

The state ensures the protection of the rights of all subjects of ownership and management, the social direction of the economy. All subjects of property rights are equal before the law.

**Article 14.** Land is the main national wealth under the special protection of the state.

Land ownership is guaranteed. This right is acquired and exercised by citizens, legal entities and the state exclusively in accordance with the law.

**Article 15.** Social life in Ukraine is based on the foundations of political, economic and ideological diversity.

No ideology can be recognized by the state as mandatory.

Censorship is prohibited.

The state guarantees freedom of political activity, which is not prohibited by the Constitution and laws of Ukraine.

**Article 16.** Ensuring ecological safety and maintaining ecological balance on the territory of Ukraine, overcoming the consequences of the Chernobyl disaster - a catastrophe of a planetary scale, preserving the gene pool of the Ukrainian people is the duty of the state.

**Article 17.** Protection of the sovereignty and territorial integrity of Ukraine, ensuring its economic and information security are the most important functions of the state, the business of the entire Ukrainian people.

Defense of Ukraine, protection of its sovereignty, territorial integrity and inviolability rely on the Armed Forces of Ukraine.

The provision of state security and the protection of the state border of Ukraine rely on the relevant military formations and law enforcement agencies of the state, the organization and procedure of which are determined by law.

The Armed Forces of Ukraine and other military formations may not be used by anyone to limit the rights and freedoms of citizens or to overthrow the constitutional order, remove authorities or obstruct their activities.

The state provides social protection for citizens of Ukraine serving in the Armed Forces of Ukraine and other military formations, as well as their family members.

The creation and operation of any armed formations not provided for by law are prohibited on the territory of Ukraine.

The location of foreign military bases is not allowed on the territory of Ukraine.

**Article 18.** Ukraine's foreign policy activities are aimed at ensuring its national interests and security by maintaining peaceful and mutually beneficial cooperation with members of the international community according to generally recognized principles and norms of international law.

**Article 19.** The legal order in Ukraine is based on principles according to which no one can be forced to do what is not provided for by law.

Bodies of state power and bodies of local self-government, their officials are obliged to act only on the basis, within the limits of authority and in the manner provided by the Constitution and laws of Ukraine.

*{For the official interpretation of the provisions of the second part of Article 19, see in the Decision of the Constitutional Court of Ukraine No. 7-рn/2009 dated 04/16/2009 }*

**Article 20.** The state symbols of Ukraine are the State Flag of Ukraine, the State Emblem of Ukraine and the State Anthem of Ukraine.

The State Flag of Ukraine is a flag made of two equally sized horizontal stripes of blue and yellow colors.

The large State Coat of Arms of Ukraine is established taking into account the small State Coat of Arms of Ukraine and the coat of arms of the Zaporizhzhya Army by a law adopted by at least two-thirds of the constitutional composition of the Verkhovna Rada of Ukraine.

The main element of the large State Coat of Arms of Ukraine is the Emblem of the Princely State of Volodymyr the Great (small State Coat of Arms of Ukraine).

State Anthem of Ukraine - national anthem to the music of M. Verbytskyi with the words approved by the law, which is adopted by at least two-thirds of the constitutional composition of the Verkhovna Rada of Ukraine.

The description of the state symbols of Ukraine and the procedure for their use shall be established by a law adopted by at least two-thirds of the constitutional composition of the Verkhovna Rada of Ukraine.

The capital of Ukraine is the city of Kyiv.

## Chapter II
## RIGHTS, FREEDOMS AND OBLIGATIONS OF A MAN AND A CITIZEN

**Article 21.** All people are free and equal in their dignity and rights. Human rights and freedoms are inalienable and inviolable.

**Article 22.** The rights and freedoms of a person and a citizen, established by this Constitution, are not exhaustive.

Constitutional rights and freedoms are guaranteed and cannot be revoked.

When adopting new laws or making changes to existing laws, it is not allowed to narrow the content and scope of existing rights and freedoms.

**Article 23.** Every person has the right to the free development of his personality, provided that the rights and freedoms of other people are not violated, and he has obligations to the society in which the free and comprehensive development of his personality is ensured.

**Article 24.** Citizens have equal constitutional rights and freedoms and are equal before the law.

There can be no privileges or restrictions based on race, color, political, religious or other beliefs, sex, ethnic and social origin, property status, place of residence, language or other characteristics.

The equality of the rights of women and men is ensured by: giving women equal opportunities with men in socio-political and cultural activities, in obtaining education and professional training, in work and remuneration for it; special measures regarding labor protection and women's health, establishment of pension benefits; creation of conditions that give women the opportunity to combine work with motherhood; legal protection, material and moral support for motherhood and childhood, including the provision of paid vacations and other benefits to pregnant women and mothers.

*{For the official interpretation of the provisions of Article 24, see in the Decision of the Constitutional Court No. 9-рn/2012 of April 12, 2012 }*

**Article 25.** A citizen of Ukraine cannot be deprived of citizenship and the right to change citizenship.

A citizen of Ukraine cannot be expelled from the borders of Ukraine or extradited to another state.

Ukraine guarantees care and protection to its citizens who are outside its borders.

**Article 26.** Foreigners and stateless persons residing in Ukraine on legal grounds enjoy the same rights and freedoms, and bear the same obligations as citizens of Ukraine, with exceptions established by the Constitution, laws or international treaties of Ukraine .

Foreigners and stateless persons may be granted asylum in accordance with the procedure established by law.

**Article 27.** Every person has an inalienable right to life.

No one can be arbitrarily deprived of life. The duty of the state is to protect human life.

Everyone has the right to protect his life and health, the life and health of other people from illegal encroachments.

**Article 28.** Everyone has the right to respect for his dignity.

No one shall be subjected to torture, cruel, inhuman or degrading treatment or punishment.

No person can be subjected to medical, scientific or other experiments without his free consent.

**Article 29.** Every person has the right to freedom and personal integrity.

No one may be arrested or detained except by reasoned court decision and only on the grounds and in the manner prescribed by law.

In the event of an urgent need to prevent or stop a crime, the authorities authorized to do so by law may apply detention of a person as a temporary preventive measure, the validity of which must be verified by a court within seventy-two hours. A detained person is immediately released if, within seventy-two hours from the moment of detention, he is not served with a reasoned court decision on detention.

Each arrested or detained person must be immediately informed of the reasons for the arrest or detention, his rights explained and given the opportunity to defend himself personally and to use the legal assistance of a defender from the moment of detention.

*{Part four of Article 29 as amended in accordance with Law No. 1401-VIII of June 2, 2016 }*

Every detainee has the right to challenge his detention in court at any time.

The relatives of the arrested or detained person must be immediately notified of the arrest or detention of a person.

**Article 30.** Everyone is guaranteed the inviolability of housing.

It is not allowed to enter a dwelling or other property of a person, conduct an inspection or search in them other than by reasoned decision of the court.

In urgent cases related to the saving of lives and property or the direct pursuit of persons suspected of committing a crime, another, established by law, procedure for entering a person's home or other possessions, conducting an inspection and search in them is possible.

**Article 31.** Confidentiality of correspondence, telephone conversations, telegraphic and other correspondence is guaranteed to everyone. Exceptions may be established by the court only in cases provided for by law, in order to prevent a crime or to find out the truth during the investigation of a criminal case, if it is impossible to obtain information in other ways.

**Article 32.** No one can be subjected to interference in his personal and family life, except for the cases stipulated by the Constitution of Ukraine.

*{For the official interpretation of the provision of the first part of Article 32, see in the Decision of the Constitutional Court No. 2-pn/2012 dated January 20, 2012 }*

It is not allowed to collect, store, use and distribute confidential information about a person without his consent, except in cases defined by law, and only in the interests of national security, economic well-being and human rights.

*{For the official interpretation of the provision of the second part of Article 32, see in the Decision of the Constitutional Court No. 2-pn/2012 dated January 20, 2012 }*

Every citizen has the right to get acquainted with information about himself in state authorities, local self-government bodies, institutions and organizations, which are not state or other secrets protected by law.

Everyone is guaranteed judicial protection of the right to refute inaccurate information about himself and his family members and the right to demand the removal of any information, as well as the right to compensation for material and moral damage caused by the collection, storage, use and distribution of such inaccurate information.

**Article 33.** Freedom of movement, free choice of place of residence, and the right to freely leave the territory of Ukraine are guaranteed to everyone who is legally present in the territory of Ukraine, with the exception of restrictions established by law.

A citizen of Ukraine cannot be deprived of the right to return to Ukraine at any time.

**Article 34.** Everyone is guaranteed the right to freedom of thought and speech, to the free expression of their views and beliefs.

Everyone has the right to freely collect, store, use and disseminate information orally, in writing or in any other way - of his choice.

*{For the official interpretation of the provisions of the second part of Article 34, see in the Decision of the Constitutional Court No. 2-pn/2012 dated January 20, 2012 }*

The exercise of these rights may be limited by law in the interests of national security, territorial integrity or public order in order to prevent riots or crimes, to protect public health, to protect the reputation or rights of others, to prevent the disclosure of information received in confidence, or to maintain authority and impartiality of justice.

*{For the official interpretation of the provision of the third part of Article 34, see in the Decision of the Constitutional Court No. 2-pn/2012 dated January 20, 2012 }*

**Article 35.** Everyone has the right to freedom of worldview and religion. This right includes the freedom to practice any religion or not to practice any religion, to conduct individual or collective religious cults and ritual rites, conduct religious activities without hindrance.

The exercise of this right may be limited by law only in the interests of protecting public order, health and morals of the population or protecting the rights and freedoms of other people.

The church and religious organizations in Ukraine are separated from the state, and the school - from the church. No religion can be recognized by the state as mandatory.

No one can be released from his duties to the state or refuse to comply with the laws based on religious beliefs. If the performance of military duty conflicts with the religious beliefs of a citizen, the performance of this duty must be replaced by an alternative (non-military) service.

**Article 36.** Citizens of Ukraine have the right to freedom of association in political parties and public organizations to exercise and protect their rights and freedoms and satisfy political, economic, social, cultural and other interests, with the exception of restrictions established by law in the interests of national security and public order, public health protection or protection of the rights and freedoms of other people.

Political parties in Ukraine contribute to the formation and expression of the political will of citizens, participate in elections. Only citizens of Ukraine can be members of political parties. Restrictions on membership in political parties are established exclusively by this Constitution and the laws of Ukraine.

Citizens have the right to participate in trade unions in order to protect their labor and socio-economic rights and interests. Professional unions are public organizations that unite citizens linked by common interests by the nature of their professional activity. Trade unions are formed without prior permission based on the free choice of their members. All trade unions have equal rights. Restrictions on membership in trade unions are established exclusively by this Constitution and the laws of Ukraine.

No one can be forced to join any association of citizens or have their rights restricted due to belonging or not belonging to political parties or public organizations.

All associations of citizens are equal before the law.

**Article 37.** The formation and activity of political parties and public organizations whose program goals or actions are aimed at the elimination of the independence of Ukraine, the change of the constitutional order by violent means, the violation of the sovereignty and territorial integrity of the state, the undermining of its security, the illegal seizure of state power, the promotion of war, violence, inciting interethnic, racial, religious enmity, encroachment on human rights and freedoms, public health are prohibited.

Political parties and public organizations cannot have paramilitary formations.

The creation and operation of organizational structures of political parties in bodies of executive and judicial power and executive bodies of local self-government, military formations, as well as in state enterprises, educational institutions and other state institutions and organizations is not allowed.

Prohibition of the activities of citizens' associations is carried out only by court order.

**Article 38.** Citizens have the right to participate in the management of state affairs, in all-Ukrainian and local referendums, to freely elect and be elected to state and local self-government bodies.

*{For the official interpretation of the provisions of the first part of Article 38, see in the Decision of the Constitutional Court No. 7-pn/99 dated 07.06.99 }*

Citizens enjoy an equal right of access to public service, as well as to service in local self-government bodies.

**Article 39.** Citizens have the right to gather peacefully, without weapons, and to hold meetings, rallies, marches and demonstrations, the executive power bodies or local self-government bodies are notified of their holding in advance.

*{For the official interpretation of the provisions of the first part of Article 39, see in the Decision of the Constitutional Court No. 4-pn/2001 of April 19, 2001 }*

Restrictions on the exercise of this right may be established by the court in accordance with the law and only in the interests of national security and public order - in order to prevent riots or crimes, to protect public health or to protect the rights and freedoms of other people.

**Article 40.** Everyone has the right to send individual or collective written appeals or to personally appeal to state authorities, local self-government bodies and officials and officials of these bodies, who are obliged to consider the appeal and give a reasoned answer within the time limit established by law.

**Article 41.** Everyone has the right to own, use and dispose of his property, the results of his intellectual and creative activity.

The right to private property is acquired in accordance with the procedure established by law.

Citizens can use objects of state and communal ownership to meet their needs in accordance with the law.

No one can be unlawfully deprived of the right to property. The right to private property is inviolable.

Forced expropriation of objects of private property rights can be applied only as an exception for reasons of public necessity, on the basis and in the manner established by law, and on the condition of prior and full compensation of their value. Compulsory expropriation of such objects followed by full reimbursement of their value is allowed only under conditions of war or emergency.

Confiscation of property can be applied only by a court decision in the cases, scope and procedure established by law.

The use of property cannot harm the rights, freedoms and dignity of citizens, public interests, worsen the ecological situation and natural qualities of the land.

**Article 42.** Everyone has the right to entrepreneurial activity that is not prohibited by law.

Entrepreneurial activity of deputies, officials and officials of state authorities and local self-government bodies is limited by law.

The state ensures the protection of competition in business activities. Abuse of a monopoly position on the market, unlawful restriction of competition and unfair competition are not allowed. Types and limits of monopoly are determined by law.

The state protects the rights of consumers, controls the quality and safety of products and all types of services and works, and promotes the activities of consumer public organizations.

**Article 43.** Everyone has the right to work, which includes the opportunity to earn a living by work that he freely chooses or freely agrees to.

The state creates conditions for the full exercise of the right to work by citizens, guarantees equal opportunities in choosing a profession and type of work, implements programs of vocational training, training and retraining of personnel in accordance with public needs.

The use of forced labor is prohibited. Military or alternative (non-military) service, as well as work or service performed by a person under a sentence or other court decision or in accordance with martial law and emergency laws, are not considered forced labor.

Everyone has the right to proper, safe and healthy working conditions, to wages not lower than those determined by law.

The employment of women and minors in work dangerous to their health is prohibited.

Citizens are guaranteed protection against illegal dismissal.

The right to timely remuneration for work is protected by law.

**Article 44.** Those who work have the right to strike to protect their economic and social interests.

The procedure for exercising the right to strike is established by law, taking into account the need to ensure national security, health protection, rights and freedoms of other people.

No one can be forced to participate or not to participate in a strike.

Prohibition of a strike is possible only on the basis of the law.

**Article 45.** Everyone who works has the right to rest.

This right is ensured by the provision of weekly rest days, as well as paid annual leave, the establishment of reduced working hours for certain professions and industries, reduced working hours at night.

The maximum duration of working hours, the minimum duration of rest and paid annual leave, weekends and holidays, as well as other conditions for exercising this right are determined by law.

**Article 46.** Citizens have the right to social protection, which includes the right to provide for them in case of total, partial or temporary loss of working capacity, loss of a breadwinner, unemployment due to circumstances beyond their control, as well as in old age and in other cases provided for by law.

This right is guaranteed by mandatory state social insurance at the expense of insurance contributions of citizens, enterprises, institutions and organizations, as well as budgetary and other sources of social security; creation of a network of state, communal, private institutions for the care of the disabled.

Pensions, other types of social benefits and assistance, which is the main source of livelihood, must ensure a standard of living not lower than the subsistence minimum established by law.

**Article 47.** Everyone has the right to housing. The state creates the conditions under which every citizen will be able to build housing, buy it as a property or rent it.

Citizens in need of social protection are provided with housing by the state and local self-government bodies free of charge or at a fee affordable to them in accordance with the law.

No one can be forcibly deprived of housing other than on the basis of the law by a court decision.

**Article 48.** Everyone has the right to an adequate standard of living for himself and his family, which includes adequate food, clothing, and housing.

**Article 49.** Everyone has the right to health care, medical assistance and medical insurance.

Health care is provided by state financing of relevant socio-economic, medical and sanitary and health and preventive programs.

The state creates conditions for effective and accessible medical care for all citizens. Medical assistance is provided free of charge in state and communal health care institutions; the existing network of such institutions cannot be reduced. The state promotes the development of medical institutions of all forms of ownership.

*{For the official interpretation of the provisions of the third part of Article 49, see in the Decision of the Constitutional Court No. 10-рп/2002 of May 29, 2002 }*

The state takes care of the development of physical culture and sports, ensures sanitary and epidemic well-being.

**Article 50.** Everyone has the right to an environment safe for life and health and to compensation for damage caused by the violation of this right.

Everyone is guaranteed the right of free access to information about the state of the environment, about the quality of food products and household items, as well as the right to its distribution. Such information cannot be classified by anyone.

**Article 51.** Marriage is based on the free consent of a woman and a man. Each of the spouses has equal rights and responsibilities in marriage and family.

Parents are obliged to support their children until they come of age. Adult children are obliged to take care of their disabled parents.

Family, childhood, motherhood and parenthood are protected by the state.

**Article 52.** Children have equal rights regardless of their origin, as well as whether they were born in or out of wedlock.

Any violence against a child and its exploitation are prosecuted by law.

Maintenance and upbringing of orphans and children deprived of parental care is entrusted to the state. The state encourages and supports charitable activities for children.

**Article 53.** Everyone has the right to education.

Complete general secondary education is mandatory.

The state ensures the availability and free of charge of preschool, full general secondary, professional and technical, higher education in state and communal educational institutions; development of preschool, full general secondary, extracurricular, vocational, higher and post-graduate education, various forms of education; provision of state scholarships and benefits to pupils and students.

*{For the official interpretation of the provisions of the third part of Article 53, see in the Decision of the Constitutional Court No. 5-рп/2004 dated 03.04.2004 }*

Citizens have the right to obtain higher education free of charge in state and communal educational institutions on a competitive basis.

Citizens belonging to national minorities are guaranteed by law the right to study in their native language or to study their native language in state and communal educational institutions or through national cultural societies.

**Article 54.** Citizens are guaranteed freedom of literary, artistic, scientific and technical creativity, protection of intellectual property, their copyrights, moral and material interests arising in connection with various types of intellectual activity.

Every citizen has the right to the results of his intellectual and creative activity; no one can use or distribute them without his consent, with exceptions established by law.

The state promotes the development of science, the establishment of scientific ties between Ukraine and the world community.

Cultural heritage is protected by law.

The state ensures the preservation of historical monuments and other objects of cultural value, takes measures to return to Ukraine the cultural values of the people that are outside its borders.

**Article 55.** The rights and freedoms of a person and a citizen are protected by the court.

*{For the official interpretation of the first part of Article 55, see in the Decision of the Constitutional Court No. 9-зп dated 12.25.97 }*

Everyone is guaranteed the right to appeal in court decisions, actions or inaction of state authorities, local self-government bodies, officials and officials.

*{For the official interpretation of the second part of Article 55, see in Decisions of the Constitutional Court No. 6-зп dated 25.11.97 , No. 19-рп/2011 dated 14.12.2011 }*

Everyone has the right to apply for the protection of their rights to the Commissioner for Human Rights of the Verkhovna Rada of Ukraine.

Everyone is guaranteed the right to file a constitutional complaint with the Constitutional Court of Ukraine on the grounds established by this Constitution and in the manner established by law.

*{Article 55 was supplemented with a new part in accordance with Law No. 1401-VIII dated 02.06.2016 }*

Everyone has the right, after using all national means of legal protection, to apply for the protection of their rights and freedoms to the relevant international judicial institutions or to the relevant bodies of international organizations of which Ukraine is a member or participant.

*{Part five of Article 55 as amended by Law No. 1401-VIII of June 2, 2016 }*

Everyone has the right to protect their rights and freedoms from violations and illegal encroachments by any means not prohibited by law.

**Article 56.** Everyone has the right to compensation at the expense of the state or local self-government bodies for material and moral damage caused by illegal decisions, actions or inaction of state authorities, local self-government bodies, their officials and officials in the exercise of their powers.

**Article 57.** Everyone is guaranteed the right to know their rights and duties.

Laws and other legal acts defining the rights and obligations of citizens must be brought to the attention of the population in the manner established by law.

Laws and other legal acts defining the rights and obligations of citizens that are not brought to the attention of the population in the manner established by law are invalid.

**Article 58.** Laws and other normative legal acts do not have retroactive effect in time, except when they mitigate or cancel the responsibility of a person.

*{For the official interpretation of the first part of Article 58, see in the Decision of the Constitutional Court No. 1-pn/99 dated 09.02.99 }*

No one can be held responsible for actions that were not recognized by law as a crime at the time of their commission.

*{For the official interpretation of Article 58, see in Decisions of the Constitutional Court No. 1-zp dated 13.05.97 , No. 6-pn/2000 dated 19.04.2000 }*

**Article 59.** Everyone has the right to professional legal assistance. In cases provided by law, this assistance is provided free of charge. Everyone is free to choose a defender of their rights.

*{Part one of Article 59 as amended in accordance with Law No. 1401-VIII of June 2, 2016 }*

*{For the official interpretation of the first part of Article 59, see in the Decision of the Constitutional Court No. 13-pn/2000 dated November 16, 2000 }*

*{For the official interpretation of the provisions of the first part of Article 59, see in the Decision of the Constitutional Court No. 23-pn/2009 dated September 30, 2009 }*

*{The second part of Article 59 is excluded on the basis of Law No. 1401-VIII dated June 2, 2016 }*

**Article 60.** No one is obliged to carry out clearly criminal orders or orders.

Legal responsibility arises for issuing and executing a clearly criminal order or order.

**Article 61.** No one can be brought twice to the same type of legal responsibility for the same offense.

The legal responsibility of a person has an individual character.

**Article 62.** A person is considered innocent of committing a crime and cannot be subjected to criminal punishment until his guilt is proven in a legal manner and established by a court verdict.

No one is obliged to prove his innocence in committing a crime.

The accusation cannot be based on evidence obtained illegally, as well as on assumptions. All doubts regarding the proven guilt of a person are interpreted in his favor.

*{For the official interpretation of the provision of the third part of Article 62, according to which the prosecution cannot be based on evidence obtained illegally, see in the Decision of the Constitutional Court No. 12-pn/2011 dated 20.10.2011 }*

In the case of annulment of the court verdict as unjust, the state compensates the material and moral damage caused by the unjustified conviction.

**Article 63.** A person is not responsible for refusing to give a statement or explanation about himself, family members or close relatives, whose circle is defined by law.

A suspect, accused or defendant has the right to defense.

A convicted person enjoys all the rights of a person and a citizen, with the exception of restrictions defined by law and established by a court verdict.

**Article 64.** The constitutional rights and freedoms of a person and a citizen may not be limited, except in cases provided for by the Constitution of Ukraine.

In the conditions of war or state of emergency, separate restrictions of rights and freedoms may be established with an indication of the period of validity of these restrictions. The rights and freedoms stipulated by Articles 24 , 25 , 27 , 28 , 29 , 40 , 47 , 51 , 52 , 55 , 56 , 57 , 58 , 59 , 60 , 61 , 62 , 63 of this Constitution cannot be limited .

*{For the official interpretation of Article 64, see in the Decision of the Constitutional Court No. 9-zp dated 12.25.97 }*

**Article 65.** Protection of the Motherland, independence and territorial integrity of Ukraine, respect for its state symbols is the duty of citizens of Ukraine.

Citizens perform military service in accordance with the law.

**Article 66.** Everyone is obliged not to cause damage to nature, cultural heritage, to compensate for the damages caused by him.

**Article 67.** Everyone is obliged to pay taxes and fees in the manner and amounts established by law.

Every year, all citizens submit declarations of their property status and income for the previous year to the tax inspectorates at their place of residence in accordance with the procedure established by law.

**Article 68.** Everyone is obliged to strictly adhere to the Constitution of Ukraine and the laws of Ukraine, not to encroach on the rights and freedoms, honor and dignity of other people.

Ignorance of laws does not exempt from legal responsibility.

# Chapter III
## ELECTIONS. REFERENDUM

**Article 69.** People's will is expressed through elections, referendums and other forms of direct democracy.

*{For the official interpretation of the provisions of Article 69, see in the Decision of the Constitutional Court No. 6-pn/2008 of April 16, 2008 }*

**Article 70.** Citizens of Ukraine who have reached the age of eighteen on the day of their holding have the right to vote in elections and referenda.

Citizens who have been recognized by the court as incapacitated do not have the right to vote.

**Article 71.** Elections to state authorities and local self-government bodies are free and take place on the basis of universal, equal and direct suffrage by secret ballot.

Voters are guaranteed free expression of will.

**Article 72.** The All-Ukrainian referendum is appointed by the Verkhovna Rada of Ukraine or the President of Ukraine in accordance with their powers established by this Constitution.

The All-Ukrainian referendum is declared on a people's initiative at the request of at least three million citizens of Ukraine who have the right to vote, provided that the signatures on the appointment of the referendum are collected in at least two-thirds of the oblasts and at least one hundred thousand signatures in each oblast.

*{For the official interpretation of the provisions of the second part of Article 72, see in the Decision of the Constitutional Court No. 6-pn/2008 of April 16, 2008 }*

**Article 73.** The issue of changing the territory of Ukraine shall be resolved exclusively by an all-Ukrainian referendum.

**Article 74.** Referendums are not allowed on tax, budget and amnesty bills.

## Chapter IV
## THE SUPREME COUNCIL OF UKRAINE

**Article 75.** The only body of legislative power in Ukraine is the parliament - Verkhovna Rada of Ukraine.

*{For the official interpretation of the provisions of Article 75, see in the Decision of the Constitutional Court No. 17-pn/2002 dated 17.10.2002 }*

**Article 76.** The constitutional composition of the Verkhovna Rada of Ukraine is four hundred and fifty People's Deputies of Ukraine, who are elected on the basis of universal, equal and direct suffrage by secret ballot for a term of five years.

A citizen of Ukraine who has reached the age of twenty-one on election day, has the right to vote and has lived in Ukraine for the past five years can be elected a People's Deputy of Ukraine.

A citizen who has a criminal record for committing an intentional crime cannot be elected to the Verkhovna Rada of Ukraine, if this criminal record has not been extinguished and not removed in accordance with the procedure established by law.

The powers of people's deputies of Ukraine are determined by the Constitution and laws of Ukraine.

The term of office of the Verkhovna Rada of Ukraine is five years.

*{Article 76 as amended by Law No. 742-VII dated February 21, 2014 }*

**Article 77.** Regular elections to the Verkhovna Rada of Ukraine take place on the last Sunday of October of the fifth year of the Verkhovna Rada of Ukraine's mandate.

*{Part one of Article 77 as amended by Laws No. 2952-VI dated 02.01.2011 , No. 742-VII dated 02.21.2014 }*

Extraordinary elections to the Verkhovna Rada of Ukraine are appointed by the President of Ukraine and are held within sixty days from the date of publication of the decision on early termination of the powers of the Verkhovna Rada of Ukraine.

The procedure for holding elections of People's Deputies of Ukraine is established by law.

**Article 78.** People's deputies of Ukraine exercise their powers on a permanent basis.

People's deputies of Ukraine cannot hold any other representative mandate, be in public service, hold other paid positions, engage in other paid or entrepreneurial activities (except for teaching, scientific and creative activities), be a member of the governing body or supervisory board of an enterprise or organization that has for profit.

Requirements regarding the incompatibility of the deputy's mandate with other types of activities are established by law.

In the event of the occurrence of circumstances that violate the requirements regarding the incompatibility of the deputy's mandate with other types of activities, the People's Deputy of Ukraine shall, within twenty days from the date of occurrence of such circumstances, terminate such activity or submit a personal application to terminate the powers of the People's Deputy of Ukraine.

*{Article 78 as amended by Law No. 742-VII dated February 21, 2014 }*

**Article 79.** Before taking office, people's deputies of Ukraine take the following oath before the Verkhovna Rada of Ukraine:

"I swear loyalty to Ukraine. I undertake to defend the sovereignty and independence of Ukraine with all my actions, to take care of the good of the Motherland and the well-being of the Ukrainian people.

I swear to abide by the Constitution of Ukraine and the laws of Ukraine, to fulfill my duties in the interests of all compatriots."

The oldest People's Deputy of Ukraine reads the oath before the opening of the first session of the newly elected Verkhovna Rada of Ukraine, after which the deputies seal the oath with their signatures under its text.

Refusal to take the oath results in the loss of the deputy's mandate.

The powers of People's Deputies of Ukraine begin from the moment of taking the oath.

*{For the official interpretation of Article 79, see in the Decision of the Constitutional Court No. 1-zp dated 13.05.97 }*

**Article 80.** People's deputies of Ukraine are not legally responsible for the results of voting or statements in the parliament and its bodies, with the exception of liability for insult or slander.

*{Article 80 as amended by Law No. 27-IX dated September 3, 2019 }*

**Article 81.** The powers of People's Deputies of Ukraine shall be terminated simultaneously with the termination of the powers of the Verkhovna Rada of Ukraine.

The powers of a people's deputy of Ukraine are terminated prematurely in the event of:

1) drawing up powers based on his personal application;

2) entry into force of a guilty verdict against him;

3) recognition by the court as incapacitated or missing;

4) termination of his citizenship or his departure for permanent residence outside Ukraine;

5) if within twenty days from the date of occurrence of circumstances that lead to the violation of requirements regarding the incompatibility of the deputy's mandate with other types of activities, these circumstances are not eliminated by him;

6) non-entry of a People's Deputy of Ukraine elected from a political party (electoral bloc of political parties) into the parliamentary faction of this political party (electoral bloc of political parties) or withdrawal of a People's Deputy of Ukraine from the composition of such a faction;

7) his death.

The powers of a people's deputy of Ukraine are terminated early also in the case of early termination of the powers of the Verkhovna Rada of Ukraine in accordance with the Constitution of Ukraine - on the opening day of the first meeting of the Verkhovna Rada of Ukraine of a new convocation.

The decision on the early termination of the powers of a people's deputy of Ukraine in the cases provided for in clauses 1, 4 of the second part of this article shall be taken by the Verkhovna Rada of Ukraine, and in the case provided for in clause 5 of the second part of this article, by the court.

In the event that a court verdict against a People's Deputy of Ukraine enters into force, a People's Deputy of Ukraine is recognized as incapacitated or missing, his powers shall be terminated from the date of entry into force of the court's decision, and in the event of the death of a People's Deputy of Ukraine - from the date of death, certified by a death certificate.

In the event that a People's Deputy of Ukraine, elected from a political party (electoral bloc of political parties), does not join the parliamentary faction of this political party (electoral bloc of political parties) or if a People's Deputy of Ukraine leaves such a faction, his powers are terminated prematurely on the basis of the law by decision of the higher of the governing body of the relevant political party (electoral bloc of political parties) from the date of adoption of such a decision.

*{Article 81 as amended by Law No. 742-VII dated February 21, 2014 }*

**Article 82.** The Verkhovna Rada of Ukraine works in session.

The Verkhovna Rada of Ukraine is empowered under the condition that at least two-thirds of its constitutional members are elected.

The Verkhovna Rada of Ukraine shall meet for its first session no later than the thirtieth day after the official announcement of the election results.

The first meeting of the newly elected Verkhovna Rada of Ukraine is opened by the oldest People's Deputy of Ukraine.

*{Article 82 as amended by Law No. 742-VII dated February 21, 2014 }*

**Article 83.** Regular sessions of the Verkhovna Rada of Ukraine begin on the first Tuesday of February and the first Tuesday of September each year.

Extraordinary sessions of the Verkhovna Rada of Ukraine, with an agenda, are convened by the Chairman of the Verkhovna Rada of Ukraine at the request of the President of Ukraine or at the request of at least one third of the People's Deputies of Ukraine from the constitutional composition of the Verkhovna Rada of Ukraine.

In the event of the announcement of a decree of the President of Ukraine on the introduction of martial law or a state of emergency in Ukraine or some of its localities, the Verkhovna Rada of Ukraine shall meet for a two-day period without convening.

If the term of office of the Verkhovna Rada of Ukraine expires during the period of martial law or a state of emergency, its powers shall be extended until the day of the first meeting of the first session of the Verkhovna Rada of Ukraine elected after the abolition of the state of martial law or emergency.

The working procedure of the Verkhovna Rada of Ukraine is established by the Constitution of Ukraine and the Regulations of the Verkhovna Rada of Ukraine .

In the Verkhovna Rada of Ukraine, based on the results of the elections and on the basis of agreement on political positions, a coalition of parliamentary factions is formed, which includes the majority of People's Deputies of Ukraine from the constitutional composition of the Verkhovna Rada of Ukraine.

The coalition of deputy factions in the Verkhovna Rada of Ukraine is formed within one month from the day of the opening of the first meeting of the Verkhovna Rada of Ukraine, which is held after regular or special elections of the Verkhovna Rada of Ukraine, or within one month from the day of the termination of the activity of the coalition of deputy factions in the Verkhovna Rada of Ukraine.

The coalition of deputy factions in the Verkhovna Rada of Ukraine, in accordance with this Constitution, makes proposals to the President of Ukraine regarding the candidacy of the Prime Minister of Ukraine, and also, in accordance with this Constitution, makes proposals regarding candidates for the Cabinet of Ministers of Ukraine.

The principles of formation, organization of activity and termination of activity of the coalition of deputy factions in the Verkhovna Rada of Ukraine are established by the Constitution of Ukraine and the Regulations of the Verkhovna Rada of Ukraine .

The deputy faction in the Verkhovna Rada of Ukraine, which includes the majority of People's Deputies of Ukraine from the constitutional composition of the Verkhovna Rada of Ukraine, has the rights of a coalition of deputy factions in the Verkhovna Rada of Ukraine, provided for by this Constitution.

*{Article 83 as amended by Law No. 742-VII dated February 21, 2014 }*

**Article 84.** Sessions of the Verkhovna Rada of Ukraine shall be held openly. The closed meeting is held by the decision of the majority of the constitutional composition of the Verkhovna Rada of Ukraine.

Decisions of the Verkhovna Rada of Ukraine are made exclusively at its plenary sessions by voting.

*{For the official interpretation of the second part of Article 84, see in Decisions of the Constitutional Court No. 11-pn/98 dated 07.07.98 , No. 16-pn/2003 dated 14.10.2003 }*

Voting at meetings of the Verkhovna Rada of Ukraine is carried out by a People's Deputy of Ukraine in person.

*{For the official interpretation of the third part of Article 84, see in the Decision of the Constitutional Court No. 11-pn/98 dated 07.07.98 }*

*{For the official interpretation of the provisions of Article 84, see in the Decision of the Constitutional Court No. 17-pn/2002 dated 17.10.2002 }*

**Article 85.** The powers of the Verkhovna Rada of Ukraine include:

1) introducing amendments to the Constitution of Ukraine within the limits and in the order provided for by Chapter XIII of this Constitution;

2) appointment of an all-Ukrainian referendum on issues defined by Article 73 of this Constitution;

3) adoption of laws;

4) approving the State Budget of Ukraine and making changes to it, monitoring the implementation of the State Budget of Ukraine, making a decision on the report on its implementation;

5) determination of the principles of domestic and foreign policy, implementation of the state's strategic course for the acquisition of full membership of Ukraine in the European Union and the North Atlantic Treaty Organization;

*{Clause 5 of the first part of Article 85 as amended by Law No. 2680-VIII dated February 7, 2019 }*

6) approval of national programs of economic, scientific and technical, social, national and cultural development, environmental protection;

7) appointment of the elections of the President of Ukraine within the terms stipulated by this Constitution;

8) listening to the annual and extraordinary messages of the President of Ukraine on the internal and external situation of Ukraine;

9) declaration of a state of war and conclusion of peace at the request of the President of Ukraine, approval of the decision of the President of Ukraine on the use of the Armed Forces of Ukraine and other military formations in the event of armed aggression against Ukraine;

10) removal of the President of Ukraine from office in accordance with the special procedure (impeachment) established by Article 111 of this Constitution;

11) review and decision-making regarding the approval of the Program of Activities of the Cabinet of Ministers of Ukraine;

12) appointment at the request of the President of Ukraine of the Prime Minister of Ukraine, the Minister of Defense of Ukraine, the Minister of Foreign Affairs of Ukraine, appointment at the request of the Prime Minister of Ukraine of other members of the Cabinet of Ministers of Ukraine, the Chairman of the Antimonopoly Committee of Ukraine, the Chairman of the State Committee for Television and Radio Broadcasting of Ukraine , Chairman of the State Property Fund of Ukraine, dismissal of the specified persons from their positions, resolution of the issue of resignation of the Prime Minister of Ukraine, members of the Cabinet of Ministers of Ukraine;

12$^{1}$ ) appointment to the position and dismissal from the position at the request of the President of Ukraine of the Head of the Security Service of Ukraine;

13) exercising control over the activities of the Cabinet of Ministers of Ukraine in accordance with this Constitution and the law;

14) approval of decisions on Ukraine's provision of loans and economic assistance to foreign states and international organizations, as well as on Ukraine's receipt of loans from foreign states, banks and international financial organizations, not provided for by the State Budget of Ukraine, control over their use;

15) adoption of the Regulations of the Verkhovna Rada of Ukraine;

16) appointment and dismissal of the Chairman and other members of the Accounting Chamber;

17) appointment and dismissal of the Commissioner of the Verkhovna Rada of Ukraine for human rights; listening to his annual reports on the state of observance and protection of human rights and freedoms in Ukraine;

18) appointment and dismissal of the Chairman of the National Bank of Ukraine at the request of the President of Ukraine;

19) appointment to positions and dismissal from positions of half of the members of the Council of the National Bank of Ukraine;

20) appointment and dismissal of half of the members of the National Council of Ukraine on Television and Radio Broadcasting;

21) appointment and dismissal of members of the Central Election Commission at the request of the President of Ukraine;

22) approval of the general structure, number, and definition of functions of the Security Service of Ukraine, the Armed Forces of Ukraine, other military formations formed in accordance with the laws of Ukraine, as well as the Ministry of Internal Affairs of Ukraine;

23) approval of the decision to provide military aid to other states, to send units of the Armed Forces of Ukraine to another state, or to allow units of the armed forces of other states to enter the territory of Ukraine;

24) establishment of state symbols of Ukraine;

25) consent to appointment and dismissal by the President of Ukraine of the Prosecutor General; expressing no confidence in the Prosecutor General, resulting in his resignation from office;

*{Clause 25 of the first part of Article 85 as amended by Law No. 1401-VIII of June 2, 2016 }*

26) appointment of a third of the members of the Constitutional Court of Ukraine;

*{Clause 26 of the first part of Article 85 as amended by Law No. 1401-VIII of June 2, 2016 }*

*{Clause 27 of the first part of Article 85 is excluded on the basis of Law No. 1401-VIII dated June 2, 2016 }*

28) early termination of the powers of the Verkhovna Rada of the Autonomous Republic of Crimea in the presence of a conclusion of the Constitutional Court of Ukraine that it violated the Constitution of Ukraine or the laws of Ukraine; appointment of extraordinary elections to the Verkhovna Rada of the Autonomous Republic of Crimea;

29) formation and liquidation of districts, establishing and changing the boundaries of districts and cities, assigning settlements to the category of cities, naming and renaming settlements and districts;

30) appointment of regular and special elections to local self-government bodies;

31) approval within two days from the moment of the President of Ukraine's appeal of decrees on the introduction of martial law or a state of emergency in Ukraine or in some of its localities, on general or partial mobilization, on the declaration of some localities as zones of an ecological emergency;

32) provision by law of consent to the binding nature of international treaties of Ukraine and denunciation of international treaties of Ukraine;

33) implementation of parliamentary control within the limits defined by this Constitution and the law;

34) making a decision to send a request to the President of Ukraine at the request of a people's deputy of Ukraine, a group of people's deputies of Ukraine or a committee of the Verkhovna Rada of Ukraine, previously supported by at least one third of the constitutional composition of the Verkhovna Rada of Ukraine;

35) appointment and dismissal of the head of staff of the Verkhovna Rada of Ukraine; approval of the budget of the Verkhovna Rada of Ukraine and the structure of its apparatus;

36) approval of the list of objects of state ownership that are not subject to privatization, determination of the legal basis for the withdrawal of objects of private ownership;

37) approval by law of the Constitution of the Autonomous Republic of Crimea, amendments to it.

The Verkhovna Rada of Ukraine also exercises other powers that, according to the Constitution of Ukraine, are assigned to it.

*{Article 85 as amended by Law No. 742-VII dated February 21, 2014 }*

**Article 86.** A People's Deputy of Ukraine has the right at a session of the Verkhovna Rada of Ukraine to address a request to the bodies of the Verkhovna Rada of Ukraine, to the Cabinet of Ministers of Ukraine, to the heads of other state authorities and local self-government bodies, as well as to the heads of enterprises, institutions and organizations located on the territory of Ukraine, regardless of their subordination and forms of ownership.

*{For the official interpretation of the provisions of the first part of Article 86, see in Decisions of the Constitutional Court No. 4-pn/99 dated 19.05.99 , No. 4-pn/2000 dated 11.04.2000 , No. 4-pn/2002 dated 20.03.2002 , No. 5-pn/2003 dated 05.03.2003 , No. 16 -rp/2003 from 14.10.2003 }*

Heads of state authorities and local self-government bodies, enterprises, institutions and organizations are obliged to inform the People's Deputy of Ukraine about the results of consideration of his request.

**Article 87.** The Verkhovna Rada of Ukraine, upon the proposal of the President of Ukraine or at least one-third of the People's Deputies of Ukraine from the constitutional composition of the Verkhovna Rada of Ukraine, may consider the question of the responsibility of the Cabinet of

Ministers of Ukraine and adopt a resolution of no confidence in the Cabinet of Ministers of Ukraine by a majority of the constitutional composition of the Verkhovna Rada of Ukraine.

The question of the responsibility of the Cabinet of Ministers of Ukraine cannot be considered by the Verkhovna Rada of Ukraine more than once during one regular session, as well as within a year after the approval of the Program of Activities of the Cabinet of Ministers of Ukraine or during the last session of the Verkhovna Rada of Ukraine.

*{Article 87 as amended by Law No. 742-VII dated February 21, 2014 }*

**Article 88.** The Verkhovna Rada of Ukraine elects from among its members the Chairman of the Verkhovna Rada of Ukraine, the First Deputy and Deputy Chairman of the Verkhovna Rada of Ukraine and recalls them from these positions.

*{Part one of Article 88 as amended by Law No. 742-VII dated February 21, 2014 }*

Chairman of the Verkhovna Rada of Ukraine:

1) leads the meeting of the Verkhovna Rada of Ukraine;

2) organizes the work of the Verkhovna Rada of Ukraine, coordinates the activities of its bodies;

*{Clause 2 of the second part of Article 88 as amended by Law No. 742-VII dated 21.02.2014 }*

3) signs acts adopted by the Verkhovna Rada of Ukraine;

4) represents the Verkhovna Rada of Ukraine in communications with other state authorities of Ukraine and authorities of other states;

5) organizes the work of the apparatus of the Verkhovna Rada of Ukraine.

The Chairman of the Verkhovna Rada of Ukraine exercises the powers provided for by this Constitution in accordance with the procedure established by the Regulations of the Verkhovna Rada of Ukraine .

*{Part three of Article 88 as amended by Law No. 742-VII dated February 21, 2014 }*

**Article 89.** The Verkhovna Rada of Ukraine shall create committees of the Verkhovna Rada of Ukraine from among the People's Deputies of Ukraine and elect chairmen, first deputies, deputy chairmen and secretaries for the implementation of legislative work, preparation and preliminary consideration of issues assigned to its powers, and performance of control functions in accordance with the Constitution of Ukraine these committees.

The Verkhovna Rada of Ukraine, within the limits of its powers, may create temporary special commissions for the preparation and preliminary consideration of issues.

The Verkhovna Rada of Ukraine shall form temporary investigative commissions to conduct an investigation on matters of public interest, if at least one-third of the constitutional members of the Verkhovna Rada of Ukraine have voted for it.

Conclusions and proposals of temporary investigative commissions are not decisive for the investigation and the court.

The organization and order of activity of the committees of the Verkhovna Rada of Ukraine, its temporary special and temporary investigative commissions are established by law.

*{Article 89 as amended by Law No. 742-VII dated February 21, 2014 }*

**Article 90.** The powers of the Verkhovna Rada of Ukraine shall be terminated on the opening day of the first meeting of the Verkhovna Rada of Ukraine of a new convocation.

The President of Ukraine has the right to prematurely terminate the powers of the Verkhovna Rada of Ukraine if:

1) within one month, a coalition of parliamentary factions has not been formed in the Verkhovna Rada of Ukraine in accordance with Article 83 of this Constitution;

2) within sixty days after the resignation of the Cabinet of Ministers of Ukraine, the personal composition of the Cabinet of Ministers of Ukraine was not formed;

3) during thirty days of one regular session, plenary sessions cannot start.

The decision on early termination of the powers of the Verkhovna Rada of Ukraine is taken by the President of Ukraine after consultations with the Chairman of the Verkhovna Rada of Ukraine, his deputies and heads of parliamentary factions in the Verkhovna Rada of Ukraine.

The powers of the Verkhovna Rada of Ukraine elected at extraordinary elections held after the President of Ukraine prematurely terminated the powers of the Verkhovna Rada of Ukraine of the previous convocation cannot be terminated within one year from the day of its election.

The powers of the Verkhovna Rada of Ukraine cannot be prematurely terminated by the President of Ukraine in the last six months of the term of office of the Verkhovna Rada of Ukraine or the President of Ukraine.

*{Article 90 as amended by Law No. 742-VII dated February 21, 2014 }*

**Article 91.** The Verkhovna Rada of Ukraine adopts laws, resolutions and other acts by a majority of its constitutional members, except for the cases provided for by this Constitution.

*{For the official interpretation of the provisions of Article 91, see in Decisions of the Constitutional Court No. 17-рп/2002 dated 17.10.2002 , No. 16-рп/2003 dated 14.10.2003 }*

**Article 92.** Only the laws of Ukraine determine:

1) human and citizen rights and freedoms, guarantees of these rights and freedoms; basic duties of a citizen;

2) citizenship, legal personality of citizens, status of foreigners and stateless persons;

3) rights of indigenous peoples and national minorities;

4) order of use of languages;

5) the principles of the use of natural resources, the exclusive (marine) economic zone, the continental shelf, the development of outer space, the organization and operation of power systems, transport and communication;

6) basics of social protection, forms and types of pension provision; principles of regulation of labor and employment, marriage, family, protection of childhood, motherhood, parenthood; upbringing, education, culture and health care; environmental safety;

7) legal regime of ownership;

8) legal principles and guarantees of entrepreneurship; competition rules and antimonopoly regulations;

9) principles of foreign relations, foreign economic activity, customs affairs;

10) principles of regulation of demographic and migration processes;

11) principles of formation and activity of political parties, other associations of citizens, mass media;

12) organization and activity of executive authorities, foundations of public service, organization of state statistics and informatics;

13) territorial organization of Ukraine;

*{For the official interpretation of paragraph 13 of the first part of Article 92, see in the Decision of the Constitutional Court No. 11-pn/2001 of July 13, 2001 }*

14) judicial system, judiciary, status of judges; principles of forensic examination; organization and activity of the prosecutor's office, notary, pre-trial investigation bodies, bodies and institutions for the execution of punishments; procedure for execution of court decisions; principles of the organization and activity of the bar;

*{Clause 14 of the first part of Article 92 as amended by Law No. 1401-VIII of June 2, 2016 }*

15) principles of local self-government;

16) the status of the capital of Ukraine; special status of other cities;

17) basics of national security, organization of the Armed Forces of Ukraine and maintenance of public order;

18) legal regime of the state border;

19) legal regime of martial law and state of emergency, zones of ecological emergency;

20) organization and procedure of holding elections and referenda;

21) organization and order of activity of the Verkhovna Rada of Ukraine, status of People's Deputies of Ukraine;

22) principles of civil liability; actions that are crimes, administrative or disciplinary offenses, and responsibility for them.

*{For the official interpretation of clause 22 of the first part of Article 92, see in the Decision of the Constitutional Court No. 7-pn/2001 dated 30.05.2001 }*

Only the laws of Ukraine establish:

1) The state budget of Ukraine and the budget system of Ukraine; taxation system, taxes and fees; principles of creation and functioning of financial, monetary, credit and investment markets; the status of the national currency, as well as the status of foreign currencies on the territory of Ukraine; procedure for formation and repayment of state internal and external debt; the procedure for issuing and circulating state securities, their types and types;

2) the procedure for sending units of the Armed Forces of Ukraine to other states; the procedure for admission and conditions of stay of units of the armed forces of other states on the territory of Ukraine;

3) units of weight, measure and time; the procedure for establishing state standards;

4) the procedure for the use and protection of state symbols;

5) state awards;

6) military ranks, diplomatic ranks and other special ranks;

7) public holidays;

8) the order of formation and functioning of free and other special zones with an economic or migration regime different from the general one.

Amnesty is declared by law of Ukraine.

**Article 93.** The right of legislative initiative in the Verkhovna Rada of Ukraine belongs to the President of Ukraine, people's deputies of Ukraine and the Cabinet of Ministers of Ukraine.

Bills designated by the President of Ukraine as urgent are considered by the Verkhovna Rada of Ukraine out of turn.

*{Article 93 as amended by Law No. 742-VII dated February 21, 2014 }*

**Article 94.** The Chairman of the Verkhovna Rada of Ukraine signs the law and immediately sends it to the President of Ukraine.

Within fifteen days after receiving the law, the President of Ukraine signs it, taking it into effect, and officially promulgates it or returns the law with his motivated and formulated proposals to the Verkhovna Rada of Ukraine for reconsideration.

*{For the official interpretation of the second part of Article 94, see in Decisions of the Constitutional Court No. 11-pn/98 dated 07.07.98 , No. 6-pn/2008 dated 04.16.2008 }*

If the President of Ukraine does not return the law for reconsideration within the prescribed period, the law is considered approved by the President of Ukraine and must be signed and officially promulgated.

If, during the re-examination, the law is again adopted by the Verkhovna Rada of Ukraine by at least two-thirds of its constitutional members, the President of Ukraine is obliged to sign it and officially promulgate it within ten days. If the President of Ukraine has not signed such a law, it shall be immediately officially promulgated by the Chairman of the Verkhovna Rada of Ukraine and published under his signature.

*{Part four of Article 94 as amended by Law No. 742-VII dated February 21, 2014 }*

The law enters into force ten days after its official promulgation, unless otherwise provided by the law itself, but not earlier than the day of its publication.

*{For the official interpretation of the fifth part of Article 94, see in the Decision of the Constitutional Court No. 4-zp dated 03.10.97 }*

**Article 95.** The budget system of Ukraine is built on the principles of fair and impartial distribution of public wealth between citizens and territorial communities.

*{For the official interpretation of the provisions of the first part of Article 95, see in the Decision of the Constitutional Court No. 3-pn/2012 dated January 25, 2012 }*

The law on the State Budget of Ukraine defines any state expenditures for general societal needs, the size and target direction of these expenditures.

*{For the official interpretation of the provision of the second part of Article 95, see in the Decision of the Constitutional Court No. 3-pn/2012 dated January 25, 2012 }*

The state strives for a balanced budget of Ukraine.

*{For the official interpretation of the provisions of the third part of Article 95, see in Decisions of the Constitutional Court No. 26-pn/2008 dated 27.11.2008 , No. 3-pn/2012 dated 25.01.2012 }*

Regular reports on revenues and expenditures of the State Budget of Ukraine must be made public.

**Article 96.** The state budget of Ukraine is approved annually by the Verkhovna Rada of Ukraine for the period from January 1 to December 31, and in special circumstances - for another period.

The Cabinet of Ministers of Ukraine submits a draft law on the State Budget of Ukraine for the following year to the Verkhovna Rada of Ukraine no later than September 15 of each year. Together with the draft law, a report on the implementation of the State Budget of Ukraine for the current year is submitted.

*{For the official interpretation of the provision of the second part of Article 96, see in the Decision of the Constitutional Court No. 3-pn/2012 dated January 25, 2012 }*

**Article 97.** The Cabinet of Ministers of Ukraine, in accordance with the law, submits to the Verkhovna Rada of Ukraine a report on the implementation of the State Budget of Ukraine.

The submitted report must be made public.

**Article 98.** Control on behalf of the Verkhovna Rada of Ukraine over the receipt of funds to the State Budget of Ukraine and their use is carried out by the Accounting Chamber.

The organization, powers and procedure of the Accounting Chamber are determined by law.

*{Article 98 as amended by Laws No. 586-VII dated 19.09.2013 , No. 742-VII dated 21.02.2014 }*

**Article 99.** The monetary unit of Ukraine is the hryvnia.

Ensuring the stability of the monetary unit is the main function of the central bank of the state - the National Bank of Ukraine.

**Article 100.** The Council of the National Bank of Ukraine develops the basic principles of monetary policy and exercises control over its implementation.

The legal status of the Council of the National Bank of Ukraine is determined by law.

**Article 101.** Parliamentary control over the observance of constitutional rights and freedoms of a person and a citizen is carried out by the Human Rights Commissioner of the Verkhovna Rada of Ukraine **.**

# Chapter V
# THE PRESIDENT OF UKRAINE

**Article 102.** The President of Ukraine is the head of the state and speaks on its behalf.

The President of Ukraine is the guarantor of state sovereignty, territorial integrity of Ukraine, compliance with the Constitution of Ukraine, human and citizen rights and freedoms.

The President of Ukraine is the guarantor of the implementation of the state's strategic course towards full membership of Ukraine in the European Union and the North Atlantic Treaty Organization.

*{Article 102 is supplemented by part three in accordance with Law No. 2680-VIII dated 02.07.2019 }*

**Article 103.** The President of Ukraine is elected by the citizens of Ukraine on the basis of universal, equal and direct suffrage by secret ballot for a term of five years.

*{For the official interpretation of the provisions of the first part of Article 103, see in the Decision of the Constitutional Court No. 5-рп/2014 of May 15, 2014 }*

A citizen of Ukraine who has reached thirty-five years of age, has the right to vote, has lived in Ukraine for the last ten years before the election day and speaks the state language can be elected President of Ukraine.

One and the same person cannot be the President of Ukraine for more than two consecutive terms.

*{For the official interpretation of the provisions of the third part of Article 103, see in the Decision of the Constitutional Court No. 22-рп/2003 dated 12.25.2003 }*

The President of Ukraine cannot have another representative mandate, hold a position in state authorities or citizens' associations, as well as engage in other paid or entrepreneurial activities or be a member of the governing body or supervisory board of a profit-making enterprise.

Regular elections of the President of Ukraine are held on the last Sunday of March of the fifth year of the President of Ukraine's term of office. In case of early termination of the powers of the President of Ukraine, the elections of the President of Ukraine shall be held within ninety days from the date of termination of the powers.

*{Part five of Article 103 as amended by Laws No. 2952-VI dated 02.01.2011 , No. 742-VII dated 02.21.2014 }*

*{For the official interpretation of the provisions of the fifth part of Article 103, see in the Decision of the Constitutional Court No. 5-рп/2014 of May 15, 2014 }*

The procedure for holding elections of the President of Ukraine is established by law.

**Article 104.** The newly elected President of Ukraine takes office no later than thirty days after the official announcement of the election results, from the moment of taking the oath to the people at the solemn meeting of the Verkhovna Rada of Ukraine.

The President of Ukraine is sworn in by the Chairman of the Constitutional Court of Ukraine.

The President of Ukraine takes the following oath:

"I, (name and surname), elected by the will of the people as the President of Ukraine, assuming this high office, solemnly swear allegiance to Ukraine. I undertake to defend the sovereignty and independence of Ukraine, to take care of the good of the Motherland and the well-being of the Ukrainian people in all my affairs, defend the rights and freedoms of citizens, adhere to the Constitution of Ukraine and the laws of Ukraine, fulfill one's duties in the interests of all compatriots, raise Ukraine's authority in the world."

The President of Ukraine, elected in extraordinary elections, takes the oath within five days after the official announcement of the election results.

*{For the official interpretation of the provisions of Article 104, see in the Decision of the Constitutional Court No. 17-рп/2002 dated 17.10.2002 }*

**Article 105.** The President of Ukraine enjoys the right of inviolability during the performance of his powers.

*{For the official interpretation of the first part of Article 105, see in the Decision of the Constitutional Court No. 19-рп/2003 dated 10.12.2003 }*

Persons guilty of encroachment on the honor and dignity of the President of Ukraine shall be prosecuted on the basis of the law.

The title of the President of Ukraine is protected by law and is preserved by it for life, unless the President of Ukraine has been removed from office by impeachment.

**Article 106.** The President of Ukraine:

1) ensures state independence, national security and legal succession of the state;

2) addresses messages to the people and annual and extraordinary messages to the Verkhovna Rada of Ukraine about the internal and external situation of Ukraine;

3) represents the state in international relations, directs the foreign policy activities of the state, conducts negotiations and concludes international treaties of Ukraine;

4) makes a decision on the recognition of foreign states;

5) appoints and dismisses heads of diplomatic missions of Ukraine in other states and international organizations; accepts credentials and letters of revocation of diplomatic representatives of foreign states;

6) appoints an all-Ukrainian referendum on changes to the Constitution of Ukraine in accordance with Article 156 of this Constitution, announces an all-Ukrainian referendum on the people's initiative;

*{For the official interpretation of paragraph 6 of the first part of Article 106, see in the Decision of the Constitutional Court No. 23-рп/2008 dated 15.10.2008 }*

7) appoints extraordinary elections to the Verkhovna Rada of Ukraine within the terms established by this Constitution;

8) terminates the powers of the Verkhovna Rada of Ukraine in the cases provided for by this Constitution;

*{Clause 8 of the first part of Article 106 as amended by Law No. 742-VII of February 21, 2014 }*

9) submits, at the proposal of the coalition of deputy factions in the Verkhovna Rada of Ukraine, formed in accordance with Article 83 of the Constitution of Ukraine, a submission on the appointment of the Prime Minister of Ukraine by the Verkhovna Rada of Ukraine no later than the fifteenth day after receiving such a proposal;

*{Clause 9 of the first part of Article 106 as amended by Law No. 742-VII dated February 21, 2014 }*

10) submits to the Verkhovna Rada of Ukraine a submission on the appointment of the Minister of Defense of Ukraine, the Minister of Foreign Affairs of Ukraine;

*{Clause 10 of the first part of Article 106 as amended by Law No. 742-VII dated February 21, 2014 }*

11) appoints and dismisses the Prosecutor General with the consent of the Verkhovna Rada of Ukraine;

*{Clause 11 of the first part of Article 106 as amended by Laws No. 742-VII dated 02.21.2014 , No. 1401-VIII dated 06.02.2016 }*

12) appoints and dismisses half of the members of the Council of the National Bank of Ukraine;

*{Clause 12 of the first part of Article 106 as amended by Law No. 742-VII dated February 21, 2014 }*

13) appoints and dismisses half of the members of the National Council of Ukraine on Television and Radio Broadcasting;

*{Clause 13 of the first part of Article 106 as amended by Law No. 742-VII dated February 21, 2014 }*

14) submits a submission to the Verkhovna Rada of Ukraine on the appointment and dismissal of the Head of the Security Service of Ukraine;

*{Clause 14 of the first part of Article 106 as amended by Law No. 742-VII dated February 21, 2014 }*

15) suspends the effect of acts of the Cabinet of Ministers of Ukraine on the grounds of inconsistency with this Constitution with a simultaneous appeal to the Constitutional Court of Ukraine regarding their constitutionality;

*{Clause 15 of the first part of Article 106 as amended by Law No. 742-VII dated February 21, 2014 }*

16) cancels acts of the Council of Ministers of the Autonomous Republic of Crimea;

*{Clause 16 of the first part of Article 106 as amended by Law No. 742-VII dated February 21, 2014 }*

17) is the Supreme Commander of the Armed Forces of Ukraine; appoints to positions and dismisses from positions above the command of the Armed Forces of Ukraine, other military formations; carries out leadership in the spheres of national security and defense of the state;

18) heads the National Security and Defense Council of Ukraine;

19) submits a petition to the Verkhovna Rada of Ukraine to declare a state of war and, in the event of armed aggression against Ukraine, makes a decision on the use of the Armed Forces of Ukraine and other military formations formed in accordance with the laws of Ukraine;

*{Clause 19 of the first part of Article 106 as amended by Law No. 742-VII dated February 21, 2014 }*

20) adopts, in accordance with the law, a decision on general or partial mobilization and introduction of martial law in Ukraine or in some of its localities in case of threat of attack, danger to the state independence of Ukraine;

21) makes, if necessary, a decision to introduce a state of emergency in Ukraine or in some of its localities, as well as declare, if necessary, some localities of Ukraine as zones of an ecological emergency - with the subsequent approval of these decisions by the Verkhovna Rada of Ukraine;

22) appoints a third of the members of the Constitutional Court of Ukraine to positions;

*{Clause 22 of the first part of Article 106 as amended by Laws No. 742-VII dated 02.21.2014 , No. 1401-VIII dated 06.02.2016 }*

*{Clause 23 of the first part of Article 106 is excluded on the basis of Law No. 1401-VIII dated June 2, 2016 }*

24) assigns higher military ranks, higher diplomatic ranks and other higher special ranks and class ranks;

25) awards state awards; establishes presidential awards and awards them;

26) makes a decision on acceptance of Ukrainian citizenship and termination of Ukrainian citizenship, on granting asylum in Ukraine;

27) pardons;

28) creates, within the limits of the funds provided for in the State Budget of Ukraine, advisory, advisory and other auxiliary bodies and services for the exercise of its powers;

29) signs laws adopted by the Verkhovna Rada of Ukraine;

30) has the right to veto laws adopted by the Verkhovna Rada of Ukraine (except for laws on amendments to the Constitution of Ukraine) with their subsequent return for reconsideration by the Verkhovna Rada of Ukraine;

*{Clause 30 of the first part of Article 106 as amended by Law No. 742-VII dated February 21, 2014 }*

31) exercises other powers specified by the Constitution of Ukraine.

The President of Ukraine cannot transfer his powers to other persons or bodies.

The President of Ukraine, on the basis of and in accordance with the Constitution and laws of Ukraine, issues decrees and orders that are mandatory for implementation on the territory of Ukraine.

Acts of the President of Ukraine, issued within the scope of powers provided for in clauses 5, 18, 21 of this article, are sealed with the signatures of the Prime Minister of Ukraine and the minister responsible for the act and its implementation.

*{Part four of Article 106 as amended by Laws No. 742-VII dated 02.21.2014 , No. 1401-VIII dated 06.02.2016 }*

**Article 107.** The Council of National Security and Defense of Ukraine is a coordinating body on issues of national security and defense under the President of Ukraine.

The Council of National Security and Defense of Ukraine coordinates and controls the activities of executive authorities in the field of national security and defense.

The Chairman of the National Security and Defense Council of Ukraine is the President of Ukraine.

The personal composition of the National Security and Defense Council of Ukraine is formed by the President of Ukraine.

The National Security and Defense Council of Ukraine ex officio includes the Prime Minister of Ukraine, the Minister of Defense of Ukraine, the Head of the Security Service of Ukraine, the Minister of Internal Affairs of Ukraine, and the Minister of Foreign Affairs of Ukraine.

The Chairman of the Verkhovna Rada of Ukraine may participate in the meetings of the National Security and Defense Council of Ukraine.

Decisions of the National Security and Defense Council of Ukraine are implemented by decrees of the President of Ukraine.

The competence and functions of the National Security and Defense Council of Ukraine are determined by law.

**Article 108.** The President of Ukraine shall exercise his powers before taking office as the newly elected President of Ukraine.

The powers of the President of Ukraine are prematurely terminated in the event of:

1) resignations;

2) inability to fulfill one's powers due to one's health;

*{Clause 2 of the second part of Article 108 as amended in accordance with Law No. 1401-VIII dated 02.06.2016 }*

3) removal from office by impeachment;

4) death.

**Article 109.** The resignation of the President of Ukraine takes effect from the moment he personally announces his resignation at a meeting of the Verkhovna Rada of Ukraine.

**Article 110.** The inability of the President of Ukraine to exercise his powers due to the state of his health must be established at a meeting of the Verkhovna Rada of Ukraine and confirmed by a decision made by a majority of its constitutional members on the basis of a written submission to the Supreme Court - at the request of the Verkhovna Rada of Ukraine, and a medical opinion.

*{Article 110 as amended by Law No. 1401-VIII of June 2, 2016 }*

**Article 111.** The President of Ukraine may be removed from office by the Verkhovna Rada of Ukraine by impeachment if he commits treason or another crime.

*{For the official interpretation of the first part of Article 111, see in the Decision of the Constitutional Court No. 19-рп/2003 dated 10.12.2003 }*

The issue of removal of the President of Ukraine from office by impeachment is initiated by a majority of the constitutional composition of the Verkhovna Rada of Ukraine.

To carry out the investigation, the Verkhovna Rada of Ukraine creates a special temporary investigative commission, which includes a special prosecutor and special investigators.

The conclusions and proposals of the temporary investigative commission are considered at a meeting of the Verkhovna Rada of Ukraine.

If there are reasons, the Verkhovna Rada of Ukraine, by at least two-thirds of its constitutional composition, makes a decision on the accusation of the President of Ukraine.

The decision to remove the President of Ukraine from office by impeachment is adopted by the Verkhovna Rada of Ukraine by at least three-fourths of its constitutional members after the Constitutional Court of Ukraine has reviewed the case and received its opinion on compliance with the constitutional procedure of investigation and consideration of the impeachment case and receiving the opinion of the Supreme Court that that the acts of which the President of Ukraine is accused contain signs of treason or other crime.

*{Part six of Article 111 as amended in accordance with Law No. 1401-VIII of June 2, 2016 }*

**Article 112.** In case of premature termination of the powers of the President of Ukraine in accordance with Articles 108, 109, 110, 111 of this Constitution, the performance of the duties of the President of Ukraine for the period before the election and entry into office of the new President of

Ukraine is entrusted to the Chairman of the Verkhovna Rada of Ukraine. The Chairman of the Verkhovna Rada of Ukraine during his performance of the duties of the President of Ukraine may not exercise the powers provided for in Clauses 2, 6-8, 10-13, 22, 24, 25, 27, 28 of Article 106 of the Constitution of Ukraine.

*{Article 112 as amended by Law No. 742-VII dated February 21, 2014 }*

## Chapter VI
## CABINET OF MINISTERS OF UKRAINE. OTHER BODIES OF THE EXECUTIVE AUTHORITY

**Article 113.** The Cabinet of Ministers of Ukraine is the highest body in the system of executive authorities.

The Cabinet of Ministers of Ukraine is responsible to the President of Ukraine and the Verkhovna Rada of Ukraine, controlled and accountable to the Verkhovna Rada of Ukraine within the limits provided by this Constitution.

In its activities, the Cabinet of Ministers of Ukraine is governed by this Constitution and laws of Ukraine, as well as decrees of the President of Ukraine and resolutions of the Verkhovna Rada of Ukraine adopted in accordance with the Constitution and laws of Ukraine.

*{Article 113 as amended by Law No. 742-VII dated February 21, 2014 }*

**Article 114.** The Cabinet of Ministers of Ukraine includes the Prime Minister of Ukraine, the First Vice Prime Minister, vice prime ministers, and ministers.

The Prime Minister of Ukraine is appointed by the Verkhovna Rada of Ukraine on the proposal of the President of Ukraine.

Candidates for the post of Prime Minister of Ukraine are submitted by the President of Ukraine on the proposal of a coalition of parliamentary factions in the Verkhovna Rada of Ukraine, formed in accordance with Article 83 of the Constitution of Ukraine, or a parliamentary faction that includes the majority of people's deputies of Ukraine from the constitutional composition of the Verkhovna Rada of Ukraine .

The Minister of Defense of Ukraine, the Minister of Foreign Affairs of Ukraine are appointed by the Verkhovna Rada of Ukraine on the proposal of the President of Ukraine, other members of the Cabinet of Ministers of Ukraine are appointed by the Verkhovna Rada of Ukraine on the proposal of the Prime Minister of Ukraine.

The Prime Minister of Ukraine manages the work of the Cabinet of Ministers of Ukraine, directs it to the implementation of the Program of Activities of the Cabinet of Ministers of Ukraine, approved by the Verkhovna Rada of Ukraine.

*{Article 114 as amended by Law No. 742-VII dated February 21, 2014 }*

**Article 115.** The Cabinet of Ministers of Ukraine presents its mandate to the newly elected Verkhovna Rada of Ukraine.

The Prime Minister of Ukraine, other members of the Cabinet of Ministers of Ukraine have the right to announce their resignation to the Verkhovna Rada of Ukraine.

The resignation of the Prime Minister of Ukraine, the adoption by the Verkhovna Rada of Ukraine of the resolution of no confidence in the Cabinet of Ministers of Ukraine have as a consequence the resignation of the entire composition of the Cabinet of Ministers of Ukraine. In these cases, the Verkhovna Rada of Ukraine carries out the formation of a new composition of the Cabinet of Ministers of Ukraine within the terms and in the manner determined by this Constitution.

The Cabinet of Ministers of Ukraine, which submitted its mandate to the newly elected Verkhovna Rada of Ukraine or whose resignation was accepted by the Verkhovna Rada of Ukraine, continues to exercise its powers until the newly formed Cabinet of Ministers of Ukraine begins work.

*{Article 115 as amended by Law No. 742-VII dated February 21, 2014 }*

**Article 116.** The Cabinet of Ministers of Ukraine:

1) ensures the state sovereignty and economic independence of Ukraine, implementation of the internal and external policy of the state, implementation of the Constitution and laws of Ukraine, acts of the President of Ukraine;

1[1] ) ensures the implementation of the state's strategic course for the acquisition of full membership of Ukraine in the European Union and the North Atlantic Treaty Organization;

*{Article 116 is supplemented by clauses 1[1] in accordance with Law No. 2680-VIII dated 02.07.2019 }*

2) takes measures to ensure human and citizen rights and freedoms;

*{For the official interpretation of clause 2 of Article 116, see in the Decision of the Constitutional Court No. 3-pn/2012 dated January 25, 2012 }*

3) ensures implementation of financial, price, investment and tax policy; policies in the spheres of labor and population employment, social protection, education, science and culture, nature protection, environmental safety and nature management;

*{For the official interpretation of clause 3 of Article 116, see in the Decision of the Constitutional Court No. 3-pn/2012 dated January 25, 2012 }*

4) develops and implements national programs of economic, scientific and technical, social and cultural development of Ukraine;

5) provides equal conditions for the development of all forms of ownership; manages state-owned objects in accordance with the law;

6) develops a draft law on the State Budget of Ukraine and ensures the implementation of the State Budget of Ukraine approved by the Verkhovna Rada of Ukraine, submits a report on its implementation to the Verkhovna Rada of Ukraine;

*{For the official interpretation of clause 6 of Article 116, see in the Decision of the Constitutional Court No. 3-рп/2012 dated January 25, 2012 }*

7) carries out measures to ensure the defense capability and national security of Ukraine, public order, fight against crime;

8) organizes and ensures the implementation of foreign economic activities of Ukraine, customs affairs;

9) directs and coordinates the work of ministries and other executive bodies;

9$^1$ ) forms, reorganizes and liquidates in accordance with the law ministries and other central bodies of the executive power, acting within the limits of the funds provided for the maintenance of the bodies of the executive power;

*{Article 116 is supplemented by clause 9$^1$ in accordance with Law No. 742-VII dated 21.02.2014 }*

9$^2$ ) appoints to positions and dismisses from positions at the request of the Prime Minister of Ukraine heads of central executive bodies who are not part of the Cabinet of Ministers of Ukraine;

*{Article 116 is supplemented by clause 9$^2$ in accordance with Law No. 742-VII dated 21.02.2014 }*

10) exercise other powers specified by the Constitution and laws of Ukraine.

*{Clause 10 of Article 116 as amended by Law No. 742-VII dated February 21, 2014 }*

**Article 117.** The Cabinet of Ministers of Ukraine, within the limits of its competence, issues resolutions and orders that are binding.

Acts of the Cabinet of Ministers of Ukraine are signed by the Prime Minister of Ukraine.

Regulatory and legal acts of the Cabinet of Ministers of Ukraine, ministries and other central bodies of executive power are subject to registration in accordance with the procedure established by law.

**Article 118.** Executive power in regions and districts, the cities of Kyiv and Sevastopol is exercised by local state administrations.

*{For the official interpretation of the provisions of the first part of Article 118, see in Decisions of the Constitutional Court No. 21-rp/2003 dated 12.25.2003 , No. 9-rp/2005 dated 10.13.2005 }*

The specifics of the exercise of executive power in the cities of Kyiv and Sevastopol are determined by separate laws of Ukraine.

*{For the official interpretation of the provision of the second part of Article 118, see in Decisions of the Constitutional Court No. 21-rp/2003 dated 12.25.2003 , No. 9-rp/2005 dated 10.13.2005 }*

The composition of local state administrations is formed by the heads of local state administrations.

*{For the official interpretation of the provisions of the third part of Article 118, see in the Decision of the Constitutional Court No. 21-pn/2003 dated 12.25.2003 }*

Heads of local state administrations are appointed and dismissed by the President of Ukraine at the request of the Cabinet of Ministers of Ukraine.

*{For the official interpretation of the provision of the fourth part of Article 118, see in Decisions of the Constitutional Court No. 21-rp/2003 dated 12.25.2003 , No. 9-rp/2005 dated 10.13.2005 }*

Heads of local state administrations in the exercise of their powers are responsible to the President of Ukraine and the Cabinet of Ministers of Ukraine, accountable and subject to control by higher-level executive authorities.

Local state administrations are accountable to and under the control of the councils in terms of the powers delegated to them by the respective district or regional councils.

Local state administrations are accountable and under the control of higher-level executive authorities.

Decisions of heads of local state administrations that contradict the Constitution and laws of Ukraine, other acts of Ukrainian legislation, may be canceled by the President of Ukraine or the head of a higher-level local state administration in accordance with the law.

The regional or district council can express no confidence in the head of the relevant local state administration, on the basis of which the President of Ukraine makes a decision and gives a reasoned answer.

If two-thirds of the deputies from the relevant council expressed no confidence in the head of the district or oblast state administration, the President of Ukraine makes a decision on the resignation of the head of the local state administration.

**Article 119.** Local state administrations in the relevant territory ensure:

1) implementation of the Constitution and laws of Ukraine, acts of the President of Ukraine, the Cabinet of Ministers of Ukraine, other executive bodies;

2) legality and law and order; observance of the rights and freedoms of citizens;

3) implementation of state and regional programs of socio-economic and cultural development, environmental protection programs, and in places of compact residence of indigenous peoples and national minorities - also programs of their national and cultural development;

4) preparation and implementation of relevant regional and district budgets;

5) a report on the implementation of relevant budgets and programs;

6) interaction with local self-government bodies;

7) implementation of other powers granted by the state, as well as delegated by the relevant councils.

**Article 120.** Members of the Cabinet of Ministers of Ukraine, heads of central and local executive bodies do not have the right to combine their official activities with other work (except for teaching, scientific and creative work outside of working hours), to be part of the governing body or supervisory board of an enterprise or organization, which aims to make a profit.

*{Part one of Article 120 as amended by Law No. 742-VII dated February 21, 2014 }*

The organization, powers and order of activity of the Cabinet of Ministers of Ukraine, other central and local bodies of executive power are determined by the Constitution and laws of Ukraine.

*{Chapter VII "PROSECUTOR'S OFFICE" is excluded on the basis of Law No. 1401-VIII dated 02.06.2016 }*

# Chapter VIII
# JUSTICE

**Article 124.** Justice in Ukraine is administered exclusively by courts.

Delegation of court functions, as well as appropriation of these functions by other bodies or officials, are not allowed.

The jurisdiction of the courts extends to any legal dispute and any criminal prosecution. In cases provided for by law, courts consider other cases as well.

Mandatory pre-trial dispute settlement procedure may be determined by law.

The people directly participate in the administration of justice through juries.

Ukraine can recognize the jurisdiction of the International Criminal Court under the conditions defined by the Rome Statute of the International Criminal Court .

*{Part six of Article 124 enters into force on June 30, 2019 - see Clause 1 of Section II of Law No. 1401-VIII of June 2, 2016 }*

*{Article 124 as amended by Law No. 1401-VIII dated June 2, 2016 }*

**Article 125.** The judicial system in Ukraine is built on the principles of territoriality and specialization and is determined by law.

The court is formed, reorganized and liquidated by law, the draft of which is submitted to the Verkhovna Rada of Ukraine by the President of Ukraine after consultations with the Supreme Council of Justice.

The Supreme Court is the highest court in the judicial system of Ukraine.

According to the law, higher specialized courts can act.

Administrative courts operate to protect the rights, freedoms and interests of individuals in the field of public legal relations.

Creation of extraordinary and special courts is not allowed.

*{Article 125 as amended by Law No. 1401-VIII dated June 2, 2016 }*

**Article 126.** Independence and inviolability of a judge are guaranteed by the Constitution and laws of Ukraine.

It is forbidden to influence the judge in any way.

Without the consent of the High Council of Justice, a judge may not be detained or kept in custody or arrested until the court pronounces a guilty verdict, with the exception of the judge's detention during or immediately after the commission of a serious or particularly serious crime.

A judge may not be held accountable for a court decision he has made, except for committing a crime or a disciplinary offense.

The judge holds office indefinitely.

The grounds for dismissing a judge are:

1) inability to exercise authority due to health;

2) violation by the judge of requirements regarding incompatibility;

3) committing a significant disciplinary offense, gross or systematic neglect of duties, which is incompatible with the status of a judge or revealed his incompatibility with the position held;

4) submission of an application for resignation or resignation from the position at one's own will;

5) refusal to transfer to another court in case of liquidation or reorganization of the court in which the judge holds office;

6) violation of the obligation to confirm the legality of the source of origin of the property.

The powers of the judge are terminated in the event of:

1) reaching sixty-five years of age by a judge;

2) termination of Ukrainian citizenship or acquisition by a judge of citizenship of another state;

3) entry into legal force of a court decision declaring a judge missing or declared dead, declared incapacitated or partially incapacitated;

4) death of a judge;

5) entry into legal force of a guilty verdict against a judge for committing a crime.

The state ensures the personal safety of the judge and his family members.

*{Article 126 as amended by Law No. 1401-VIII dated June 2, 2016 }*

**Article 127.** Justice is administered by judges. In cases determined by law, justice is carried out with the participation of juries.

A judge cannot belong to political parties, trade unions, participate in any political activity, have a representative mandate, hold any other paid positions, perform other paid work, except scientific, teaching or creative.

A citizen of Ukraine, not younger than thirty and not older than sixty-five years, who has a higher legal education and professional activity in the field of law for at least five years, is competent, honest and speaks the state language can be appointed to the position of judge. The law may provide for additional requirements for appointment to the position of a judge.

For judges of specialized courts, in accordance with the law, other requirements regarding education and experience of professional activity may be established.

*{Article 127 as amended by Law No. 1401-VIII of June 2, 2016 }*

**Article 128.** The appointment to the position of a judge is carried out by the President of Ukraine upon the submission of the High Council of Justice in accordance with the procedure established by law.

Appointment to the post of judge is carried out by competition, except for cases specified by law.

The Chairman of the Supreme Court is elected and dismissed by secret ballot by the Plenum of the Supreme Court in accordance with the procedure established by law.

*{Article 128 as amended by Law No. 1401-VIII dated June 2, 2016 }*

**Article 129.** A judge, while administering justice, is independent and governed by the rule of law.

The main principles of judicial proceedings are:

1) equality of all participants in the legal process before the law and the court;

2) ensuring proof of guilt;

3) adversarial nature of the parties and freedom in providing their evidence to the court and in proving their persuasiveness before the court;

4) maintenance of a public accusation in court by the prosecutor;

5) providing the accused with the right to defense;

6) publicity of the judicial process and its complete recording by technical means;

7) reasonable terms of court consideration of the case;

8) provision of the right to an appellate review of the case and, in cases specified by law, to a cassation appeal of the court decision;

9) the binding nature of the court decision.

Other principles of judicial proceedings may also be determined by law.

Judicial proceedings are conducted by a single judge, a panel of judges or a jury.

For disrespecting the court or the judge, the guilty persons are brought to legal responsibility.

*{Article 129 as amended by Law No. 1401-VIII of June 2, 2016 }*

**Article 129**[1]**.** The court makes a decision on behalf of Ukraine. The court decision is binding.

The state ensures the execution of the court decision in accordance with the law.

The court supervises the execution of the court decision.

*{The Constitution was supplemented by Article 129*[1] *in accordance with Law No. 1401-VIII of June 2, 2016 }*

**Article 130.** The state provides funding and proper conditions for the functioning of courts and the activities of judges. In the State Budget of Ukraine, expenses for the maintenance of courts are determined separately, taking into account the proposals of the High Council of Justice.

The amount of the judge's remuneration is established by the law on the judiciary.

*{Article 130 as amended by Law No. 1401-VIII dated June 2, 2016 }*

**Article .** In order to protect the professional interests of judges and resolve issues of the internal activity of courts in accordance with the law, judicial self-government operates.

*{The Constitution was supplemented by Article 130*[1] *in accordance with Law No. 1401-VIII of June 2, 2016 }*

**Article 131.** The Supreme Council of Justice operates in Ukraine, which:

1) submits an application for the appointment of a judge to a position;

2) makes a decision regarding a violation by a judge or a prosecutor of requirements regarding incompatibility;

3) considers complaints against the relevant body's decision to bring a judge or prosecutor to disciplinary responsibility;

4) makes a decision to dismiss a judge from office;

5) gives consent to detain a judge or keep him in custody;

6) makes a decision on the temporary suspension of a judge from the administration of justice;

7) takes measures to ensure the independence of judges;

8) makes a decision on the transfer of a judge from one court to another;

9) exercise other powers specified by this Constitution and the laws of Ukraine.

The Supreme Council of Justice consists of twenty-one members, ten of whom are elected by the Congress of Judges of Ukraine from among judges or retired judges, two are appointed by the President of Ukraine, two are elected by the Verkhovna Rada of Ukraine, two are elected by the Congress of Lawyers of Ukraine, two - chooses all-Ukrainian the conference of prosecutors, two - elected by the congress of representatives of legal higher education institutions and scientific institutions.

The procedure for the election (appointment) of members of the Supreme Council of Justice is determined by law.

The Chairman of the Supreme Court is an ex officio member of the Supreme Council of Justice.

The term of office of the elected (appointed) members of the High Council of Justice is four years. The same person cannot serve as a member of the Supreme Council of Justice for two consecutive terms.

A member of the High Council of Justice cannot belong to political parties, trade unions, participate in any political activity, have a representative mandate, hold any other paid positions (except for the position of the Chairman of the Supreme Court), perform other paid work, except scientific, teaching or creative

A member of the High Council of Justice must belong to the legal profession and meet the criterion of political neutrality.

The law may stipulate additional requirements for a member of the Supreme Council of Justice.

The Supreme Council of Justice acquires powers subject to the election (appointment) of at least fifteen of its members, the majority of whom are judges.

In accordance with the law, bodies and institutions are formed in the justice system to ensure the selection of judges, prosecutors, their professional training, evaluation, consideration of cases regarding their disciplinary responsibility, financial and organizational support of courts.

*{Article 131 as amended by Law No. 1401-VIII of June 2, 2016 }*

**Article 131**[1]**.** There is a prosecutor's office in Ukraine, which carries out:

1) maintenance of a public prosecution in court;

2) organization and procedural management of pre-trial investigations, resolution of other issues during criminal proceedings in accordance with the law, supervision of covert and other investigative and search actions of law enforcement agencies;

3) representation of the state's interests in court in exceptional cases and in the manner specified by law.

The organization and procedure of the prosecutor's office shall be determined by law.

The prosecutor's office in Ukraine is headed by the Prosecutor General, who is appointed and dismissed by the President of Ukraine with the consent of the Verkhovna Rada of Ukraine.

The term of office of the Prosecutor General is six years. The same person cannot hold the position of Prosecutor General for two consecutive terms.

Early dismissal from the position of the Prosecutor General is carried out exclusively in the cases and on the grounds specified by this Constitution and the law.

*{The Constitution was supplemented by Article 131*[1] *in accordance with Law No. 1401-VIII dated June 2, 2016 }*

**Article** **.** A bar exists to provide professional legal assistance in Ukraine.

The independence of the bar is guaranteed.

The principles of the organization and activity of the bar and the implementation of the bar in Ukraine are determined by law.

A lawyer exclusively represents another person in court, as well as defense against criminal charges.

The law may define exceptions regarding representation in court in labor disputes, disputes regarding the protection of social rights, regarding elections and referenda, in minor disputes, as well as regarding the representation of minors or minors and persons recognized by the court as incompetent or whose legal capacity is limited.

*{The Constitution was supplemented by Article 131*[2] *in accordance with Law No. 1401-VIII of June 2, 2016 }*

# Chapter IX
## TERRITORIAL ORGANIZATION OF UKRAINE

**Article 132.** The territorial system of Ukraine is based on the principles of unity and integrity of the state territory, a combination of centralization and decentralization in the exercise of state power, balance and socio-economic development of regions, taking into account their historical, economic, ecological, geographical and demographic features, ethnic and cultural traditions .

**Article 133.** The system of administrative and territorial organization of Ukraine consists of: Autonomous Republic of Crimea, oblasts, districts, cities, districts within cities, towns and villages.

*{For the official interpretation of the first part of Article 133, see in the Decision of the Constitutional Court No. 11-pn/2001 of July 13, 2001 }*

Ukraine includes: Autonomous Republic of Crimea, Vinnytsia, Volyn, Dnipropetrovsk, Donetsk, Zhytomyr, Zakarpattia, Zaporizhzhya, Ivano-Frankivsk, Kyiv, Kirovohrad, Luhansk, Lviv, Mykolaiv, Odesa, Poltava, Rivne, Sumy, Ternopil, Kharkiv, Kherson , Khmelnytskyi, Cherkasy, Chernivtsi, Chernihiv regions, the cities of Kyiv and Sevastopol.

The cities of Kyiv and Sevastopol have a special status determined by the laws of Ukraine.

*{For the official interpretation of the provision of the third part of Article 133, see in Decisions of the Constitutional Court No. 21-rp/2003 dated 12.25.2003 , No. 9-rp/2005 dated 10.13.2005 }*

# Chapter X
## AUTONOMOUS REPUBLIC OF CRIMEA

**Article 134.** The Autonomous Republic of Crimea is an integral part of Ukraine and, within the limits of the powers defined by the Constitution of Ukraine, resolves the issues assigned to it.

**Article 135.** The Autonomous Republic of Crimea has a Constitution of the Autonomous Republic of Crimea, which is adopted by the Verkhovna Rada of the Autonomous Republic of Crimea and approved by the Verkhovna Rada of Ukraine by at least half of the constitutional composition of the Verkhovna Rada of Ukraine.

Normative legal acts of the Verkhovna Rada of the Autonomous Republic of Crimea and decisions of the Council of Ministers of the Autonomous Republic of Crimea cannot contradict the Constitution and laws of Ukraine and are adopted in accordance with the Constitution of Ukraine, laws of Ukraine, acts of the President of Ukraine and the Cabinet of Ministers of Ukraine and their implementation.

**Article 136.** The representative body of the Autonomous Republic of Crimea is the Verkhovna Rada of the Autonomous Republic of Crimea, whose deputies are elected on the basis of universal, equal, direct suffrage by secret ballot. The term of office of the Verkhovna Rada of the Autonomous Republic of Crimea, whose deputies are elected at regular elections, is five years. The termination of the powers of the Verkhovna Rada of the Autonomous Republic of Crimea results in the termination of the powers of its deputies.

*{Part one of Article 136 as amended by Laws No. 2952-VI dated 02.01.2011 , No. 742-VII dated 02.21.2014 }*

Regular elections to the Verkhovna Rada of the Autonomous Republic of Crimea take place on the last Sunday of October of the fifth year of the mandate of the Verkhovna Rada of the Autonomous Republic of Crimea, elected at regular elections.

*{Article 136 was supplemented with a new part in accordance with Laws No. 2952-VI dated 02.01.2011 , No. 742-VII dated 02.21.2014 }*

*{For the official interpretation of the provision of the second part of Article 136, see in the Decision of the Constitutional Court No. 2-pn/2013 dated 05/29/2013 }*

The Verkhovna Rada of the Autonomous Republic of Crimea, within the limits of its powers, adopts decisions and resolutions that are binding in the Autonomous Republic of Crimea.

The government of the Autonomous Republic of Crimea is the Council of Ministers of the Autonomous Republic of Crimea. The Chairman of the Council of Ministers of the Autonomous Republic of Crimea is appointed and dismissed by the Verkhovna Rada of the Autonomous Republic of Crimea in agreement with the President of Ukraine.

The powers, order of formation and activity of the Verkhovna Rada of the Autonomous Republic of Crimea and the Council of Ministers of the Autonomous Republic of Crimea are determined by the Constitution of Ukraine and the laws of Ukraine, normative legal acts of the Verkhovna Rada of the Autonomous Republic of Crimea on matters within its competence.

Justice in the Autonomous Republic of Crimea is administered by the courts of Ukraine.

*{Part six of Article 136 as amended by Law No. 1401-VIII dated June 2, 2016 }*

**Article 137.** The Autonomous Republic of Crimea carries out normative regulation on the following issues:

1) agriculture and forests;

2) reclamation and quarries;

3) public works, crafts and industries; charity;

4) urban planning and housing;

5) tourism, hotel business, fairs;

6) museums, libraries, theaters, other cultural institutions, historical and cultural reserves;

7) public transport, highways, water pipes;

8) hunting, fishing;

9) sanitary and hospital services.

Due to the inconsistency of the normative-legal acts of the Verkhovna Rada of the Autonomous Republic of Crimea with the Constitution of Ukraine and the laws of Ukraine, the President of Ukraine may suspend the effect of these normative-legal acts of the Verkhovna Rada of the Autonomous Republic of Crimea with a simultaneous appeal to the Constitutional Court of Ukraine regarding their constitutionality.

**Article 138.** The jurisdiction of the Autonomous Republic of Crimea includes:

1) appointment of elections of deputies of the Verkhovna Rada of the Autonomous Republic of Crimea, approval of the composition of the election commission of the Autonomous Republic of Crimea;

2) organization and holding of local referenda;

3) management of property belonging to the Autonomous Republic of Crimea;

4) development, approval and implementation of the budget of the Autonomous Republic of Crimea on the basis of the unified tax and budget policy of Ukraine;

5) development, approval and implementation of programs of the Autonomous Republic of Crimea on issues of socio-economic and cultural development, rational nature use, environmental protection - in accordance with national programs;

6) recognition of the status of localities as resorts; establishment of zones of sanitary protection of resorts;

7) participation in ensuring the rights and freedoms of citizens, national harmony, promoting the protection of law and order and public safety;

8) ensuring the functioning and development of state and national languages and cultures in the Autonomous Republic of Crimea; protection and use of historical monuments;

9) participation in the development and implementation of state programs for the return of deported peoples;

10) initiating the introduction of a state of emergency and establishing zones of an ecological emergency in the Autonomous Republic of Crimea or in some of its localities.

The laws of Ukraine may also delegate other powers to the Autonomous Republic of Crimea.

**Article 139.** The Representation of the President of Ukraine operates in the Autonomous Republic of Crimea, the status of which is determined by the law of Ukraine.

## Chapter XI
## LOCAL GOVERNMENT

**Article 140.** Local self-government is the right of a territorial community - residents of a village or a voluntary association of residents of several villages, towns and cities into a rural community - to independently resolve issues of local importance within the limits of the Constitution and laws of Ukraine.

*{For the official interpretation of the first part of Article 140, see in Decisions of the Constitutional Court No. 12-rp/2002 dated 18.06.2002 , No. 21-rp/2003 dated 25.12.2003 }*

The specifics of local self-government in the cities of Kyiv and Sevastopol are determined by separate laws of Ukraine.

*{For the official interpretation of the provisions of the second part of Article 140, see in Decisions of the Constitutional Court No. 21-rp/2003 dated 12.25.2003 , No. 9-rp/2005 dated 10.13.2005 }*

Local self-government is carried out by the territorial community in accordance with the procedure established by law, both directly and through local self-government bodies: village, settlement, city councils and their executive bodies.

*{For the official interpretation of the provisions of the third part of Article 140, see in the Decision of the Constitutional Court No. 21-pn/2003 dated 12.25.2003 }*

District and regional councils are local self-government bodies that represent the common interests of territorial communities of villages, towns, and cities.

The issue of organizing the management of districts in cities belongs to the competence of city councils.

*{For the official interpretation of the fifth part of Article 140, see in the Decision of the Constitutional Court No. 11-pn/2001 of July 13, 2001 }*

Village, village, and city councils may allow, on the initiative of residents, to create house, street, neighborhood, and other self-organization bodies of the population and endow them with part of their own competence, finances, and property.

**Article 141.** The composition of the village, settlement, city, district, oblast council includes deputies who are elected by the residents of the village, town, city, district, region on the basis of universal, equal, direct suffrage by secret ballot. The term of office of the village, settlement, city, district, oblast council, whose deputies are elected at regular elections, is five years. The termination of the powers of the village, township, city, district, oblast council has the consequence of the termination of the powers of the deputies of the corresponding council.

*{Part one of Article 141 as amended by Laws No. 2952-VI dated 02.01.2011 , No. 742-VII dated 02.21.2014 }*

Territorial communities, on the basis of universal, equal, direct suffrage, elect by secret ballot, respectively, the head of a village, settlement, or city, who heads the executive body of the council and presides over its meetings. The term of office of a village, settlement, or city mayor elected at regular elections is five years.

*{Part two of Article 141 as amended by Laws No. 2952-VI dated 02.01.2011 , No. 742-VII dated 02.21.2014 }*

Regular elections of village, township, city, district, regional councils, village, township, and city heads take place on the last Sunday of October of the fifth year of the authority of the respective council or the respective head elected at regular elections.

*{Article 141 is supplemented by a new part in accordance with Laws No. 2952-VI dated 02.01.2011 , No. 742-VII dated 02.21.2014 }*

*{For the official interpretation of the provisions of the third part of Article 141, see in the Decision of the Constitutional Court No. 2-pn/2013 dated 05/29/2013 }*

The status of heads, deputies and executive bodies of the council and their powers, the order of formation, reorganization, liquidation are determined by law.

The head of the district and the head of the regional council are elected by the respective council and head the executive apparatus of the council.

**Article 142.** The material and financial basis of local self-government is movable and immovable property, revenues of local budgets, other funds, land, natural resources owned by territorial communities of villages, towns, cities, districts in cities, as well as objects of their common use property under the management of district and regional councils.

*{For the official interpretation of the first part of Article 142, see in the Decision of the Constitutional Court No. 11-pn/2001 of July 13, 2001 }*

Territorial communities of villages, towns, and cities may combine communally owned objects, as well as budget funds for the implementation of joint projects or for joint financing (maintenance) of communal enterprises, organizations, and institutions, on a contractual basis, and create appropriate bodies and services for this purpose.

The state participates in the formation of local self-government budget revenues, financially supports local self-government. Expenses of local self-government bodies, which arose as a result of decisions of state authorities, are compensated by the state.

**Article 143.** Territorial communities of villages, towns, and cities directly or through local self-government bodies formed by them manage communally owned property; approve programs of socio-economic and cultural development and monitor their implementation; approve the budgets of the relevant administrative-territorial units and monitor their implementation; establish local taxes and fees in accordance with the law; ensure the holding of local referenda and the implementation of their results; form, reorganize and liquidate communal enterprises, organizations and institutions, as well as exercise control over their activities; solve other issues of local importance, assigned by law to their competence.

*{For the official interpretation of the provisions of the first part of Article 143, see in the Decision of the Constitutional Court No. 10-pn/2010 dated 01.04.2010 }*

Regional and district councils approve programs of socio-economic and cultural development of the respective regions and districts and monitor their implementation; approve district and regional budgets, which are formed from state budget funds for their respective distribution between territorial communities or for the implementation of joint projects and from funds attracted on a contractual basis from local budgets for the implementation of joint socio-economic and cultural programs, and control their implementation; solve other issues assigned by law to their competence.

Local self-government bodies may be granted separate powers of executive bodies by law. The state finances the exercise of these powers in full at the expense of the State Budget of Ukraine or by assigning separate national taxes to the local budget in accordance with the procedure established by law, and transfers relevant state-owned objects to local self-government bodies.

Local self-government bodies are subject to the control of the relevant executive bodies in matters of their exercise of the powers of executive authorities.

**Article 144.** Local self-government bodies, within the scope of powers defined by law, make decisions that are binding on the relevant territory.

Decisions of local self-government bodies due to their inconsistency with the Constitution or the laws of Ukraine are suspended in accordance with the procedure established by law with a simultaneous appeal to the court.

*{For the official interpretation of the provisions of Article 144, see in the Decision of the Constitutional Court of Ukraine No. 7-pn/2009 dated 04/16/2009 }*

**Article 145.** The rights of local self-government are protected in court.

**Article 146.** Other issues of local self-government organization, formation, activity and responsibility of local self-government bodies shall be determined by law.

## Chapter XII
## THE CONSTITUTIONAL COURT OF UKRAINE

**Article 147.** The Constitutional Court of Ukraine resolves the issue of conformity of the Constitution of Ukraine with the laws of Ukraine and, in the cases stipulated by this Constitution, other acts, carries out the official interpretation of the Constitution of Ukraine, as well as other powers in accordance with this Constitution.

The activity of the Constitutional Court of Ukraine is based on the principles of the rule of law, independence, collegiality, transparency, reasonableness, and the binding nature of its decisions and conclusions.

*{Article 147 as amended by Law No. 1401-VIII dated June 2, 2016 }*

**Article 148.** Eighteen judges of the Constitutional Court of Ukraine are members of the Constitutional Court of Ukraine.

The President of Ukraine, the Verkhovna Rada of Ukraine and the Congress of Judges of Ukraine each appoint six judges of the Constitutional Court of Ukraine.

The selection of candidates for the position of judge of the Constitutional Court of Ukraine is carried out on a competitive basis in accordance with the procedure established by law.

A judge of the Constitutional Court of Ukraine can be a citizen of Ukraine who speaks the state language, has reached forty years of age on the day of appointment, has a higher legal education and at least fifteen years of professional activity in the field of law, high moral qualities and is a lawyer with a recognized level of competence.

A judge of the Constitutional Court of Ukraine may not belong to political parties, trade unions, participate in any political activity, have a representative mandate, hold any other paid positions, perform other paid work, except scientific, teaching or creative.

A judge of the Constitutional Court of Ukraine is appointed for nine years without the right to be reappointed.

A judge of the Constitutional Court of Ukraine acquires powers from the day he takes the oath at a special plenary session of the Court.

The Constitutional Court of Ukraine, at a special plenary session of the Court, elects its Chairman by secret ballot for only one three-year term.

*{Article 148 as amended by Law No. 1401-VIII dated June 2, 2016 }*

**Article 148**[1]. The state provides funding and proper conditions for the activity of the Constitutional Court of Ukraine. In the State Budget of Ukraine, expenses for the Court's activities are determined separately, taking into account the proposals of its Chairman.

The amount of remuneration of a judge of the Constitutional Court of Ukraine is established by the law on the Constitutional Court of Ukraine.

*{The Constitution was supplemented by Article 148*[1] *in accordance with Law No. 1401-VIII of June 2, 2016 }*

**Article 149.** The independence and inviolability of a judge of the Constitutional Court of Ukraine is guaranteed by the Constitution and laws of Ukraine.

Influence on a judge of the Constitutional Court of Ukraine in any way is prohibited.

Without the consent of the Constitutional Court of Ukraine, a judge of the Constitutional Court of Ukraine may not be detained or kept in custody or under arrest until the court pronounces a guilty verdict, with the exception of the judge's detention during or immediately after the commission of a serious or particularly serious crime.

A judge of the Constitutional Court of Ukraine cannot be held accountable for voting in connection with the adoption of decisions by the Court and the provision of conclusions by it, with the exception of committing a crime or a disciplinary offense.

The state ensures the personal safety of the judge of the Constitutional Court of Ukraine and his family members.

*{Article 149 as amended by Law No. 1401-VIII dated June 2, 2016 }*

**Article 149**[1]. The powers of a judge of the Constitutional Court of Ukraine shall be terminated in the event of:

1) expiration of his term of office;

2) reaching the age of seventy;

3) termination of Ukrainian citizenship or acquisition of citizenship of another state;

4) entry into legal force of a court decision declaring him missing or declared dead, declared incapacitated or partially incapacitated;

5) entry into force of a guilty verdict against him for committing a crime;

6) death of a judge of the Constitutional Court of Ukraine.

The grounds for dismissing a judge of the Constitutional Court of Ukraine from office are:

1) inability to perform one's powers due to one's health;

2) his violation of requirements regarding incompatibility;

3) his commission of a significant disciplinary offense, gross or systematic neglect of his duties, which is incompatible with the status of a judge of the Court or revealed his incompatibility with the position held;

4) his submission of a statement of resignation or resignation from his position at his own will.

The decision to dismiss a judge of the Constitutional Court of Ukraine is adopted by at least two-thirds of its constitutional composition.

*{The Constitution was supplemented by Article 149*[1] *in accordance with Law No. 1401-VIII of June 2, 2016 }*

**Article 150.** The powers of the Constitutional Court of Ukraine include:

1) resolution of issues of compliance with the Constitution of Ukraine (constitutionality):

laws and other legal acts of the Verkhovna Rada of Ukraine;

*{For the official interpretation of the provisions of the second paragraph of the first part of Article 150, paragraph 1, see in the Decision of the Constitutional Court No. 7-pn/2002 of March 27, 2002 }*

acts of the President of Ukraine;

*{For the official interpretation of the provisions of the paragraph of the third clause of the first part of Article 150, see in the Decision of the Constitutional Court No. 7-pn/2002 of March 27, 2002 }*

acts of the Cabinet of Ministers of Ukraine;

legal acts of the Verkhovna Rada of the Autonomous Republic of Crimea.

*{The sixth paragraph of the first part of Article 150 is excluded on the basis of Law No. 1401-VIII dated June 2, 2016 }*

2) official interpretation of the Constitution of Ukraine;

*{Clause 2 of the first part of Article 150 as amended in accordance with Law No. 1401-VIII of June 2, 2016 }*

3) exercising other powers provided for by the Constitution of Ukraine.

*{The first part of Article 150 was supplemented by paragraph 3 in accordance with Law No. 1401-VIII dated 02.06.2016 }*

Issues provided for in clauses 1 and 2 of the first part of this article are considered according to the constitutional submissions of: the President of Ukraine; at least forty-five people's deputies of Ukraine; Supreme Court; Commissioner of the Verkhovna Rada of Ukraine for human rights; Verkhovna Rada of the Autonomous Republic of Crimea.

*{Part two of Article 150 as amended by Law No. 1401-VIII dated June 2, 2016 }*

**Article 151.** The Constitutional Court of Ukraine, at the request of the President of Ukraine, or at least forty-five People's Deputies of Ukraine, or the Cabinet of Ministers of Ukraine, issues conclusions on the conformity of current international treaties of Ukraine with the Constitution of Ukraine or those international treaties submitted to the Verkhovna Rada of Ukraine for approval their obligation.

The Constitutional Court of Ukraine, at the request of the President of Ukraine or at least forty-five People's Deputies of Ukraine, provides conclusions on the compliance with the Constitution of Ukraine (constitutionality) of issues proposed for submission to the All-Ukrainian referendum on people's initiative.

At the request of the Verkhovna Rada of Ukraine, the Constitutional Court of Ukraine provides an opinion on compliance with the constitutional procedure of investigation and consideration of the case of removal of the President of Ukraine from office by impeachment.

*{Article 151 as amended by Law No. 1401-VIII dated June 2, 2016 }*

**Article 151** [1] **.** The Constitutional Court of Ukraine resolves the issue of conformity of the Constitution of Ukraine (constitutionality) with the law of Ukraine based on a constitutional complaint of a person who believes that the law of Ukraine applied in the final court decision in his case contradicts the Constitution of Ukraine. A constitutional complaint can be filed if all other national remedies have been exhausted.

*{The Constitution was supplemented by Article 151* [1] *in accordance with Law No. 1401-VIII of June 2, 2016 }*

**Article** **.** Decisions and conclusions adopted by the Constitutional Court of Ukraine are binding, final and cannot be appealed.

*{The Constitution was supplemented by Article 151* [2] *in accordance with Law No. 1401-VIII dated June 2, 2016 }*

**Article 152.** Laws and other acts by decision of the Constitutional Court of Ukraine shall be declared unconstitutional in whole or in part, if they do not correspond to the Constitution of Ukraine or if the procedure for their review, adoption or entry into force established by the Constitution of Ukraine has been violated.

*{Part one of Article 152 as amended by Law No. 1401-VIII of June 2, 2016 }*

Laws, other acts or their separate provisions recognized as unconstitutional lose their validity from the date of adoption by the Constitutional Court of Ukraine of a decision on their unconstitutionality, unless otherwise established by the decision itself, but not earlier than the day of its adoption.

*{Part two of Article 152 as amended by Law No. 1401-VIII dated June 2, 2016 }*

Material or moral damage caused to individuals or legal entities by acts and actions recognized as unconstitutional shall be compensated by the state in accordance with the procedure established by law.

**Article 153.** The order of organization and activity of the Constitutional Court of Ukraine, the status of judges of the Court, the grounds and procedure of appeals to the Court, the procedure for its consideration of cases and the execution of Court decisions are determined by the Constitution of Ukraine and the law.

*{Article 153 as amended by Law No. 1401-VIII of June 2, 2016 }*

# Chapter XIII
## AMENDMENTS TO THE CONSTITUTION OF UKRAINE

**Article 154.** A draft law on amendments to the Constitution of Ukraine may be submitted to the Verkhovna Rada of Ukraine by the President of Ukraine or at least one third of the People's Deputies of Ukraine from the constitutional composition of the Verkhovna Rada of Ukraine.

**Article 155.** The draft law on amendments to the Constitution of Ukraine, except for Chapter I "General Principles", Chapter III "Elections. Referendum" and Chapter XIII "Amendments to the Constitution of Ukraine", previously approved by a majority of the constitutional composition of the Verkhovna Rada of Ukraine, is considered adopted, if at the next regular session of the Verkhovna Rada of Ukraine, at least two-thirds of the constitutional composition of the Verkhovna Rada of Ukraine voted for him.

*{For the official interpretation of the provisions of Article 155, see in the Decision of the Constitutional Court No. 1-рп/2016 dated 15.03.2016 }*

**Article 156.** The bill on amendments to Section I "General Principles", Section III "Elections. Referendum" and Section XIII "Amendments to the Constitution of Ukraine" shall be submitted to the Verkhovna Rada of Ukraine by the President of Ukraine or by at least two-thirds of the constitutional composition of the Verkhovna Rada of Ukraine and, subject to its adoption by at least two-thirds of the constitutional composition of the Verkhovna Rada of Ukraine, is approved by an all-Ukrainian referendum appointed by the President of Ukraine.

Resubmission of the draft law on amendments to Chapters I, III and XIII of this Constitution on the same issue is possible only before the next convocation of the Verkhovna Rada of Ukraine.

**Article 157.** The Constitution of Ukraine cannot be changed if the changes involve the cancellation or restriction of the rights and freedoms of a person and a citizen, or if they are aimed at eliminating independence or violating the territorial integrity of Ukraine.

The Constitution of Ukraine cannot be changed during a state of war or emergency.

**Article 158.** A draft law on amendments to the Constitution of Ukraine, which was considered by the Verkhovna Rada of Ukraine, and the law was not adopted, may be submitted to the Verkhovna Rada of Ukraine no earlier than one year from the date of adoption of the decision on this draft law.

The Verkhovna Rada of Ukraine cannot change the same provisions of the Constitution of Ukraine twice during its term of office.

*{For the official interpretation of the provision of the second part of Article 158, see in the Decision of the Constitutional Court No. 8-рп/98 dated 09.06.98 }*

**Article 159.** The draft law on amendments to the Constitution of Ukraine is considered by the Verkhovna Rada of Ukraine in the presence of the opinion of the Constitutional Court of Ukraine regarding the compliance of the draft law with the requirements of Articles 157 and 158 of this Constitution.

*{For the official interpretation of Article 159, see in the Decision of the Constitutional Court No. 8-рп/98 dated 09.06.98 }*

## Chapter XIV
## FINAL PROVISIONS

**Article 160.** The Constitution of Ukraine enters into force on the day of its adoption.

*{For the official interpretation of Article 160, see in the Decision of the Constitutional Court No. 4-зп dated 03.10.97 }*

**Article 161.** The day of adoption of the Constitution of Ukraine is a public holiday - the Day of the Constitution of Ukraine.

## Chapter XV
## TRANSITIONAL PROVISIONS

1. Laws and other normative acts adopted before the entry into force of this Constitution are valid to the extent that they do not contradict the Constitution of Ukraine.

2. After the adoption of the Constitution of Ukraine, the Verkhovna Rada of Ukraine exercises the powers provided for by this Constitution.

Regular elections to the Verkhovna Rada of Ukraine are held in March 1998.

*{For the official interpretation of paragraph 2 of the Transitional Provisions, see in the Decision of the Constitutional Court No. 1-зп dated 13.05.97 }*

3. Regular elections of the President of Ukraine are held on the last Sunday of October 1999.

4. Within three years after the entry into force of the Constitution of Ukraine, the President of Ukraine has the right to issue decrees approved by the Cabinet of Ministers of Ukraine and signed by the Prime Minister of Ukraine on economic issues not regulated by laws, with the simultaneous submission of a corresponding draft law to the Verkhovna Rada of Ukraine in the manner established Article 93 of this Constitution.

Such a decree of the President of Ukraine enters into force if within thirty calendar days from the date of submission of the draft law (with the exception of the days of the intersessional period) the Verkhovna Rada of Ukraine does not adopt a law or does not reject the submitted draft law by a majority of its constitutional members, and remains in effect until the law adopted by the Verkhovna Rada enters into force Council of Ukraine on these issues.

5. The Cabinet of Ministers of Ukraine is formed in accordance with this Constitution within three months after its entry into force.

6. The Constitutional Court of Ukraine is formed in accordance with this Constitution within three months after its entry into force. Prior to the establishment of the Constitutional Court of Ukraine, the Verkhovna Rada of Ukraine interprets laws.

7. After the entry into force of this Constitution, the heads of local state administrations acquire the status of heads of local state administrations in accordance with Article 118 of this Constitution, and after the election of the heads of the respective councils, they constitute the powers of the heads of these councils.

8. Village, settlement, city councils and the heads of these councils after the Constitution of Ukraine enters into force exercise the powers specified by it until the election of a new composition of these councils in March 1998.

District and regional councils, elected before this Constitution enters into force, exercise the powers specified by it to form a new composition of these councils in accordance with the Constitution of Ukraine.

District councils in cities and the heads of these councils after this Constitution enters into force exercise their powers in accordance with the law.

9. The prosecutor's office continues to perform, in accordance with the current laws, the function of pre-trial investigation before the start of the functioning of bodies to which the relevant functions will be transferred by law, as well as the function of supervising the observance of laws in the execution of court decisions in criminal cases, when applying other coercive measures related to restriction of the personal freedom of citizens, - before the entry into force of the law on the establishment of a dual system of regular penitentiary inspections.

*{Item 9 of Chapter XV as amended by Law No. 1401-VIII dated June 2, 2016 }*

10. Until the adoption of laws defining the specifics of the exercise of executive power in the cities of Kyiv and Sevastopol in accordance with Article 118 of this Constitution, executive power in these cities shall be exercised by the respective state administrations.

11. Part one of Article 99 of this Constitution shall come into force after the introduction of the national currency - the hryvnia.

12. The Supreme Court of Ukraine and the Supreme Arbitration Court of Ukraine exercise their powers in accordance with the current legislation of Ukraine until the formation of the system of courts of general jurisdiction in Ukraine in accordance with Article 125 of this Constitution, but for no longer than five years.

Judges of all courts in Ukraine, elected or appointed before the date of entry into force of this Constitution, continue to exercise their powers in accordance with current legislation until the end of the term for which they were elected or appointed.

Judges whose powers have expired on the day this Constitution enters into force shall continue to exercise their powers for one year.

13. For five years after this Constitution enters into force, the existing procedure for the arrest, detention and detention of persons suspected of committing a crime, as well as the procedure for conducting an inspection and search of a person's home or other possessions, shall be preserved.

*{Item 14 of Chapter XV is excluded on the basis of Law No. 2680-VIII of 02.07.2019 }*

15. Regular elections to the Verkhovna Rada of Ukraine after the restoration of the provisions of the Constitution of Ukraine in the version of June 28, 1996 according to the Decision of the Constitutional Court of Ukraine dated September 30, 2010 No. 20-рп/2010 in the case of compliance with the procedure for amending the Constitution of Ukraine are held on the last Sunday October 2012.

*{Chapter XV is supplemented by item 15 in accordance with Law No. 2952-VI dated February 1, 2011 }*

16. The regular elections of the President of Ukraine after the restoration of the provisions of the Constitution of Ukraine in the version of June 28, 1996 according to the Decision of the Constitutional Court of Ukraine of September 30, 2010 No. 20-рп/2010 in the case of compliance with the procedure for amending the Constitution of Ukraine will be held on the last Sunday of March 2015 year

*{Chapter XV is supplemented by item 16 in accordance with Law No. 2952-VI dated February 1, 2011 }*

16[1] . From the date of entry into force of the Law of Ukraine "On Amendments to the Constitution of Ukraine (Regarding Justice)":

1) before the formation of the Supreme Council of Justice, its powers are exercised by the Supreme Council of Justice. The Supreme Council of Justice is formed through the reorganization of the Supreme Council of Justice. Until the election (appointment) of the members of the Supreme Council of Justice, this body acts as a member of the Supreme Council of Justice during the term of their powers, but which cannot last longer than until April 30, 2019. The election (appointment) of the members of the High Council of Justice shall be carried out no later than April 30, 2019;

2) the powers of judges appointed for a term of five years shall be terminated at the end of the term for which they were appointed. Such judges may be appointed to the position of judge in the manner determined by law;

3) judges, who are elected judges for an indefinite period, continue to exercise their powers until they are dismissed or until their powers are terminated on the grounds specified by the Constitution of Ukraine;

4) the suitability for the position of a judge appointed for a term of five years or elected as a judge indefinitely before the entry into force of the Law of Ukraine "On Amendments to the Constitution of Ukraine (Regarding Justice)" must be assessed in accordance with the procedure established by law. Findings based on the results of such an assessment of a judge's incompatibility with the position held by the criteria of competence, professional ethics or integrity, or the judge's refusal to undergo such an assessment, is grounds for the judge's dismissal from office. The procedure and comprehensive grounds for appealing the decision to dismiss a judge based on the evaluation results are established by law;

5) in cases of reorganization or liquidation of individual courts, formed before the entry into force of the Law of Ukraine "On Amending the Constitution of Ukraine (Regarding Justice)", judges of such courts have the right to submit an application for resignation or an application for participation in a competition for another position of judge in the order , defined by law. The specifics of transferring a judge to a position in another court may be determined by law;

6) until the introduction of the new administrative-territorial system of Ukraine in accordance with the amendments to the Constitution of Ukraine regarding the decentralization of power, but no later than December 31, 2017, the formation, reorganization and liquidation of courts shall be carried out by the President of Ukraine on the basis and in the order determined by law;

7) within two years, the transfer of a judge from one court to another is carried out by the President of Ukraine on the basis of a corresponding submission of the High Council of Justice;

8) judges of the Constitutional Court of Ukraine, appointed before the entry into force of the Law of Ukraine "On Amending the Constitution of Ukraine (Regarding Justice)", continue to exercise their powers until termination of their powers or dismissal in accordance with the procedure provided for in Article of the Constitution of Ukraine, without the right to re-appointment . The powers of a judge of the Constitutional Court of Ukraine, who has reached sixty-five years of age on the day of entry into force of the Law of Ukraine "On Amendments to the Constitution of Ukraine (Regarding Justice)", but the decision to dismiss such a judge has not been passed, shall be terminated;

9) representation in accordance with the law by the prosecutor's office of citizens in courts in cases in which proceedings were initiated before the entry into force of the Law of Ukraine "On Amending the Constitution of Ukraine (Regarding Justice)" is carried out according to the rules that were in effect before it entered into force - until the adoption in relevant cases of final court decisions that are not subject to appeal;

10) The Prosecutor General of Ukraine, appointed to the post before the entry into force of the Law of Ukraine "On Amendments to the Constitution of Ukraine (Regarding Justice)", exercises the powers of the Prosecutor General until dismissal in accordance with the established procedure, but not longer than the term for which he was appointed, and not can hold office for two consecutive terms;

11) representation in accordance with paragraph 3 of the first part of Article 131 [1] and Article 131 [2] of this Constitution exclusively by prosecutors or lawyers in the Supreme Court and courts of cassation instance is carried out from January 1, 2017; in appellate courts - from January 1, 2018; in courts of first instance - from January 1, 2019.

From January 1, 2020, state authorities and local self-government bodies are represented in courts exclusively by prosecutors or lawyers.

Representation in court in proceedings initiated before the entry into force of the Law of Ukraine "On Amendments to the Constitution of Ukraine (Regarding Justice)" is carried out according to the rules that were in force before it entered into force - until the adoption of final court decisions in the relevant cases, which are not subject to appeal .

*{Chapter XV is supplemented by clause 16 [1] in accordance with Law No. 1401-VIII dated 02.06.2016 }*

\*\*\*

**The Constitution of Ukraine**
**was adopted at the fifth session of the Verkhovna Rada of Ukraine**
**on June 28, 1996**

Software and technical support — Management of computerized systems

Information content — Division of databases of regulatory and legal information

© Verkhovna Rada of Ukraine 1994-2024