# EXHIBIT 15

Case category no **916/1947/22: Economic affairs (from 01.01.2019); Cases of legal proceedings; Cases in disputes arising from corporate relations; on appealing decisions of general meetings of members of companies, management bodies.**

Sent for publication: **03.03.2023.** Registered: **03/04/2023.** Providing general access: **03/06/2023.**

Effective date: **08/02/2023**

The result of the appeal  **30.11.2023 Supreme Court: the decision of the court of appeal was canceled in full and the decision of the court of first instance was upheld**

Number of court proceedings: **not determined**



## COMMERCIAL COURT OF ODESSA REGION

## DECISION

## ON BEHALF OF UKRAINE

February 21, 2023 Odesa Case No. 916/1947/22

**The Economic Court of Odesa Region, composed of judge Bezdola DO**

**court session secretary Khristenko AO**

**during consideration of the case on the claim of** : natural person PERSON_1 ( ADDRESS_1 )

**to the defendant** : Limited Liability Company "Marconi, LTD" (Samolyotna St., building 45, Odesa, 65000)

**on** annulment and annulment of decisions,

**with the participation of representatives of the participants in the case:**

**from the plaintiff** : did not appear;

**from the defendant:** did not appear.

**INSTALLED** :

The individual PERSON_1 appealed to the Economic Court of the Odesa Region with a statement of claim against the Limited Liability Company "Marconi, LTD", in which he asks the court to invalidate and annul the decisions of the general meetings of the defendant, drawn up by the minutes dated 08/04/2022 No. b/n, registered in the register for Nos. 1224, 1225, 1226.

**Positions of the participants in the case**

In substantiating the grounds of the lawsuit, the plaintiff refers to the fact that due to the pandemic and martial law in Ukraine, he was unable to make a timely contribution to the authorized capital of the defendant and participate in the disputed meetings, at which decisions were made that violate the plaintiff's corporate rights. as the owner of 25% of the authorized capital of Marconi LLC. In addition, the plaintiff informed the court that he changed his citizenship of the Russian Federation to Bulgarian citizenship and his participation in the company in no way hinders the defendant's activities.

In the statement on elimination of deficiencies in the statement of claim (a.s. 75-76, item 1), the plaintiff, in particular, informed the court of the following circumstances: the plaintiff does not live on the territory of Ukraine most of the time, in connection with which communication with the participants of Marconi LLC , LTD" mostly takes place over the phone; the plaintiff received a notification about the late payment of the deposit and setting a deadline for repaying the debt on December 8, 2021 via the Viber mobile application; the plaintiff received the notice of the convening of the disputed general meeting in person from the lawyer of "Marconi, LTD" LLC on 27.06.2022 in the city of Varna and signed the receipt of this notice on its copy; about the impossibility of attending the disputed meeting, the plaintiff informed the manager and one of the founders of "Marconi, LTD" LLC OSOBA_2 by telephone, the plaintiff did not send written messages on this matter; the plaintiff confirmed that the statement of claim was signed by him directly in the city of Varna and transferred through a person he knows for submission to the court; the plaintiff confirmed that he is a citizen of the Republic of Bulgaria.

On September 13, 2022, the defendant received a response to the lawsuit (a.s. 92-104, item 1), in which the latter asks the court to refuse the plaintiff to satisfy the lawsuit in full, stressing that the plaintiff recognizes the circumstances of his advance notice of the need to enter his shares in the authorized capital of the company and on holding disputed general meetings. At the same time, the defendant notes that the plaintiff's obligation to make a contribution to the authorized capital of the company arose as early as 25.02.2014. The defendant also noted that the plaintiff did not inform LLC "Marconi, LTD" about the change in his citizenship and passport data. The defendant insists that there are no grounds for invalidating the disputed decisions of the general meeting, because the meeting of the participants of Marconi LLC on August 4, 2022 was convened and held in accordance with the requirements of the Law and the statute, the plaintiff had the opportunity to participate in this general meeting, including , in video conference mode, decisions at the meeting were made in the presence of a quorum and on issues that were included in the agenda. In addition, the defendant explained that the plaintiff's inaction regarding the notification of the change of citizenship of the Russian Federation to the citizenship of the Republic of Bulgaria led to the seizure of the defendant's accounts, due to the fact that the plaintiff is a shareholder of the defendant.

On November 30, 2022, the plaintiff submitted written explanations to the court (a.s. 145-147, item 1), in which the latter informed the court that PERSON_1 acquired the citizenship of the Republic of Bulgaria on August 8, 2017 and approximately at the end of 2017 / beginning of 2018 applied to the consulate of the Russian Federation in Bulgaria to withdraw from the citizenship of the Russian Federation, but the evidence of such an application was not preserved by the plaintiff. As the plaintiff notes, as of now he does not know the results of the consideration of the application submitted by him, while the plaintiff currently does not intend to contact the consulate of the Russian Federation in the Republic of Bulgaria to clarify the issue of consideration of the above-mentioned application for renunciation of citizenship, since the plaintiff has no desire to have something in common with the Russian Federation and its bodies, and also considering that the plaintiff condemns the military attack of the Russian Federation on Ukraine, he has fears about the negative consequences for him of the visit to the consulate.

During the consideration of the merits of the case at the court hearing, the plaintiff's representative fully supported the claims and insisted on their satisfaction. The defendant's representative objected to the lawsuit and asked the court to deny the plaintiff its satisfaction.

**Procedural actions in the case**

By the decision of the Economic Court of the Odesa region dated 16.08.2022, the claimant's statement of claim was left motionless with the establishment of a deadline for eliminating the deficiencies identified by the court.

Taking into account the claimant's elimination of the deficiencies of the claim within the period set by the court, by the court's decision dated 05.09.2022, the claim of the natural person of the claimant was accepted for consideration and proceedings were opened in case No. 916/1947/22; it was decided to consider the case according to the rules of general legal proceedings with the summons of the participants in the case; a preparatory meeting is scheduled for September 22, 2022 at 2:00 p.m.

By letters dated 17.08.2022 and 22.09.2022, the court notified the Odesa Regional Prosecutor's Office about the court's consideration of this case, with the aim of resolving the issue of the presence / absence of grounds for the prosecutor's entry into the case in accordance with Art. 53, 55 of the Civil Procedure Code of Ukraine and Art. 23 of the Law of Ukraine "On the Prosecutor's Office".

At the court session on September 22, 2022, the protocol decision extended the term of the preparatory proceedings for 30 days and postponed the preparatory session to October 11, 2022 at 1:45 p.m., October 11, 2022 to November 7, 2022 at 1:45 p.m., November 7, 2022 to 11/21/2022 at 5:00 p.m., 11/21/2022 to 11/29/2022 at 2:00 p.m.

The court session scheduled by the court for November 29, 2022 at 2 p.m. did not take place due to the lack of electricity in the court building. By decision of 11/29/2022, the court scheduled a preparatory meeting for 12/12/2022 at 12:30 p.m.

At the court session on 12.12.2022, the court announced a protocol decision to close the preparatory proceedings and set the case for consideration on the merits on 19.01.2023 at 2:00 p.m.

On January 19, 2023, a protocol decision was announced at the court session to adjourn the court session to February 2, 2023 at 4:00 p.m.

The court session scheduled by the court for 02.02.2023 at 16:00 did not take place due to the lack of electricity in the court building. By court order dated 02.02.2023, the court scheduled a court hearing for consideration of the merits of the case on 02.21.2023 at 12:00.

In the court session on February 21, 2023, the court announced the introductory and final parts of the decision.

**The circumstances of the case**

According to the certificate of state registration of a legal entity series A00 No. 253059 (a.s. 7, vol.1) on 05.05.1999, the state registration of a legal entity - Limited Liability Company "Marconi, LTD", EDRPOU code: 30390497 was carried out.

On February 25, 2014, a general meeting of LLC "Marconi, LTD" was held, issued by protocol No. 1 (a.s. 8-11, vol. 1). At these meetings, in particular, it was decided: to accept as members of the company INDIVIDUAL_1 with a contribution to the authorized capital of the company in the amount of UAH 250,000.00; in connection with the increase of the authorized capital of the company to UAH 1,000,000.00, the shares of the participants were distributed, the plaintiff's share is 25%; changes were made to the company's charter.

On February 25, 2014, the state registration of the new edition of the defendant's charter was carried out, approved by the decision of the general meeting dated February 25, 2014, issued by protocol No. 1 (a.s. 12-26, vol. 1). According to this statute, one of the participants of the defendant is a citizen of the Russian Federation INDIVIDUAL_1.

Further, on 22.04.2019, a general meeting of LLC "Marconi, LTD" was held, formalized by protocol No. b/n (a.s. 27-28, t.1), at which a decision was made, in particular, to approve changes to the company's charter through its exposition in the new edition (a.s. 29-41, vol. 1).

Yes, in accordance with clause 1.5. of this statute, the members of the company are:

1) a natural person-citizen of Ukraine - PERSON_3, passport series NUMBER_1, issued by the Kyiv State Department of the Ministry of Internal Affairs of Ukraine in the Odesa region on April 29, 2002, place of residence: ADDRESS_2, registration number of the taxpayer's registration card: NUMBER_2, who contributes 250,000.00 to his share account UAH, which is equal to 25% of the authorized capital of the company;

2) a natural person-citizen of Ukraine - PERSON_2, passport No. NUMBER_3, place of residence: ADDRESS_3, registration number of the taxpayer's registration card: NUMBER_4, who contributes UAH 250,000.00 to his share account, which is equal to 25% of the authorized capital of the company;

3) a natural person-citizen of Ukraine - INDIVIDUAL_4, passport series NUMBER_5, issued by the Central RW of the OMU of the Ministry of Internal Affairs of Ukraine in the Odesa region on December 21, 1995, place of residence: ADDRESS_4, registration number of the taxpayer's registration card: NUMBER_6, who contributes 250,000 to the account of his share, UAH 00, which is equal to 25% of the authorized capital of the company;

4) natural person-citizen of the Russian Federation - PERSON_1, passport series NUMBER_7, issued by the passport-visa department of the air force of the Ostankino district of Moscow on April 4, 2006, place of residence: ADDRESS_5, registration number of the taxpayer's registration card: NUMBER_8, who contributes to the account of his share UAH 250,000.00, which is equal to 25% of the authorized capital of the company.

According to p. 3.1. of the statute, the highest body of the company is the general meeting of participants (hereinafter referred to as the "meeting"). According to the conditions of sub-section 3.2.2. p. 3.2. of the statute, meetings provide for the joint presence of company members in one place to discuss issues on the agenda or may be held in video conference mode, which allows all meeting participants to be seen and heard at the same time. Under such circumstances, it is considered that a natural person has given his consent to his recording on photo, film, television or video tape or with the help of electronic communications in the manner provided for in Art. 307 of the Civil Code of Ukraine and other norms of the current legislation of Ukraine.

According to p. 3.3. of the statute, the meeting's competence includes, in particular, issues related to: making changes to the statute of the company (subsection 3.3.2.); changes in the size of the authorized capital of the company (subsection 3.3.3.); redistribution of shares between company participants in cases provided for by law and this charter (subsection 3.3.5.); making other decisions referred to by the law and this charter within the competence of meetings (subsection 3.3.18.).

According to sub-section 3.4.2., 3.4.3. of the charter of the meeting's decision on the issues provided for in sub. 3.3.4., 3.3.5., 3.3.8., 3.3.9. of this Charter, are adopted unanimously by all members of the company who have the right to vote on the relevant issues. Meeting decisions on all other issues are made by a majority vote of all members of the company who have the right to vote on the relevant issues.

According to the content of subsection 3.5.1. p. 3.5. of the statute, meetings are convened in the cases provided for by law and this statute, as well as: 1) at the initiative of the executive body of the company; 2) at the request of a participant or participants of the company, who on the day of submitting the request collectively own 10 percent or more of the authorized capital of the company.

According to sub-section 3.5.4., 3.5.5., 3.5.6. p. 3.5. of the articles of association, the executive body of the company convenes the meeting by sending a notice about it to each member of the company by mail with a description of the attachment. The request for convening the meeting is submitted to the executive body of the company in writing, indicating the proposed agenda. In the case of convening meetings on the initiative of the company's participants, such a requirement must contain information

on the size of shares in the authorized capital of the company owned by such participants. The executive body of the company is obliged to take all the necessary actions for convening the meeting no later than 20 days from the date of receipt of the request to hold such a meeting and is obliged to notify the members of the company no less than 30 days before the scheduled date of the meeting.

According to p. 3.6. According to the charter, the director is the executive body of the company that manages its current activities.

On 12.05.2014, 12.10.2018 and 12.07.2021, the accountant addressed the director of the company with official memos regarding the plaintiff's failure to make a contribution to the authorized capital of the company in the amount of UAH 250,000.00 (a.s. 97-98, vol. 1). The fact that the plaintiff did not contribute to the authorized capital of the defendant is recognized by the parties.

On December 8, 2021, the company addressed the plaintiff with a warning about the overdue deposit (a.s. 77, item 1), in which the plaintiff was set a deadline for repayment of the debt until December 31, 2021 and warned that in the event of failure to make a deposit to repay the debt in in the amount of UAH 250,000.00 during the additional term, the issue of excluding PERSON_1 from the membership of the company will be resolved. According to the plaintiff's explanations, he received this warning by means of telephone communication on 08.12.2021, in confirmation of which the plaintiff attached the relevant evidence to the case materials (a.s. 78, vol. 1).

As the plaintiff noted, he verbally appealed to the other members of the company to grant him a postponement of the contribution to the authorized capital, but there was no written communication on this matter between the latter. In the case file, there is no evidence that the defendant set additional terms for the plaintiff to pay the contribution to the authorized capital.

Further, the company initiated the issue of convening and holding general meetings of the company on 03.03.2022, 04.20.2022 and 06.03.2022 (a.s. 99-100, vol. 1), however, according to the explanations of the parties, such meetings did not actually take place, and nothing else can be seen from the case materials.

On 06/21/2022, the company issued a notice of convening a general meeting of "Marconi, LTD" LLC on 08/04/2022 at 11:00 a.m., at the address: ADDRESS_6, with the following agenda: 1) exclusion of INDIVIDUAL_1 from the company's members, reduction of authorized capital by unpaid share PERSON_1; 2) approval of the new version of the company's charter. In the said notification, the plaintiff was informed about the possibility to participate in the general meeting in video conference mode (subsection 3.2.2. clause 3.2. of the statute). The plaintiff received the specified message personally on 27.06.2022, which is confirmed by a note with the plaintiff's signature and is recognized as the last.

The plaintiff emphasizes that he informed the company about the impossibility to attend the meeting on August 4, 2022, which is due to military actions in Ukraine and asked the company to hold the meeting after the end of martial law, in order to ensure the realization of the plaintiff's rights. As the plaintiff noted, such notification was made verbally, the plaintiff did not send a written request to the company to the defendant.

On August 4, 2022, the general meeting of LLC "Marconi, LTD" was held, which was formalized by protocol No. b/n (a.s. 42-45, t.1), which was attended by company members: PERSON_3, PERSON_2 and PERSON_4. The following issues were put on the agenda of the general meeting: 1) exclusion of the members of the company PERSON_1, reduction of the authorized capital by the amount of the unpaid share of PERSON_1; 2) approval of the new version of the Charter.

So, according to the first issue of the agenda, the company members, who collectively hold 75% of the votes, decided to: exclude PERSON_1 from the company members; to reduce the authorized capital of the company from UAH 1,000,000.00 to UAH 750,000.00, which is equal to 100% of the authorized capital of the company; to distribute shares in the authorized capital of the company among the participants as follows: citizen of Ukraine INDIVIDUAL_3 owns UAH 250,000.00, which is 33% of the authorized capital; citizen of Ukraine PERSON_2 owns UAH 250,000.00, which is 34% of the authorized capital; citizen of Ukraine INDIVIDUAL_4 owns UAH 250,000.00, which is 33% of the authorized capital. On the second issue, they decided to approve the new edition of the company's charter (a.s. 46-54, vol. 1), in connection with the adoption of a decision on the first agenda.

The plaintiff did not agree with the above-mentioned decisions of the defendant, in connection with which he appealed to the court, which is considered within the scope of this case.

At the same time, the plaintiff informed the court that he does not live on the territory of Ukraine and is a citizen of the Republic of Bulgaria, in confirmation of which he indicated in the lawsuit the address of residence: ADDRESS_7, entrance. 12, fl. 2, app. 1 and submitted a copy of the passport and other evidence to the court (paragraphs 55-56, 79-83, vol. 1).

At the same time, according to the minutes of the meeting of the defendant's participants dated February 25, 2014 (a.s. 8-11, item 1), the defendant's articles of association (a.s. 12-26, 29-41, item 1), an extract from the Unified of the State Register of Legal Entities, Individual Entrepreneurs and Public Organizations of the State of Ukraine, made by the court at the time of filing the claim by the plaintiff, the plaintiff is a citizen of the Russian Federation and registered at the address: ADDRESS_8 (a.s. 64-68, vol.1).

<u>The case materials do not contain any evidence of termination of the plaintiff's citizenship of the Russian Federation, the plaintiff's residence in the territory of the state of Ukraine, and were not submitted by the plaintiff.</u>

**Legislation applied by the court to disputed relations**

In accordance with Part 1 of Art. 15 of the Civil Code of Ukraine, every person has the right to protection of his civil right in case of its violation, non-recognition or dispute.

According to part 1, 2 of Art. 16 of the Civil Code of Ukraine, every person has the right to apply to the court for the protection of his personal non-property or property right and interest. Ways to protect civil rights and interests can be: 1) recognition of the right; 2) recognition of the deed as invalid; 3) termination of an infringing action; 4) restoration of the situation that existed before the violation; 5) forced performance of duty in kind; 6) change of legal relationship; 7) termination of the legal relationship; 8) compensation for damages and other methods of compensation for property damage; 9) compensation for moral (non-property) damage; 10) recognition of illegal decisions, actions or inactions of the state authority, the authority of the Autonomous Republic of Crimea or the local self-government body, their officials and officials.

In accordance with Clause 1, Part 1, Art. 5 of the Law of Ukraine "On Limited and Additional Liability Companies" (hereinafter - the Law), the members of the company have the right, in particular, to participate in the management of the company in the manner prescribed by this Law and the company's charter.

Article 6 of the Law stipulates that the members of the company are obliged to: 1) comply with the charter; 2) implement the decisions of the general meeting of the company's members. Participants may have obligations established by law and the company's charter.

Part 1 of Art. 13 of the Law establishes that the contribution of a company participant can be money, securities, other property, unless otherwise established by law. Article 2 of the Law establishes that members of the company who have not fully contributed are jointly and severally liable for its obligations within the value of the unpaid part of the contribution of each member.

In accordance with part 1, 2 of Art. 15 of the Law, if the participant is late in making the contribution or its part, the executive body of the company must send him a written warning about the delay. The warning must contain information about the untimely contribution or its part and the additional term given for repayment of the debt. The additional period granted for debt repayment is established by the company's executive body or the company's charter, but may not exceed 30 days. If a member of

the company has not made a contribution to repay the debt within the given additional period, the executive body of the company must convene a general meeting of members, which can make one of the following decisions: 1) to exclude a member of the company who is in debt from making a contribution; 2) on the reduction of the authorized capital of the company by the amount of the unpaid part of the share of the participant of the company; 3) on the redistribution of the unpaid share (part of the share) among other members of the company without changing the size of the authorized capital of the company and the payment of such debt by the relevant members; 4) on the liquidation of the company.

According to Part 3 of Art. 15 of the Law, the votes falling on the share of the participant who has debts to the company are not taken into account when determining the voting results for decision-making in accordance with   the second part    of this article.

According to Art. 29 of the Law, the general meeting of participants is the highest body of the company. Each member of the company has the right to be present at the general meeting of members, to participate in the discussion of issues on the agenda and to vote on the agenda of the general meeting of members. Each member of the company at the general meeting of members has the number of votes proportional to the size of his share in the authorized capital of the company, unless otherwise provided by the statute.

According to the content of part 1, 2 of Art. 30 of the Law, the general meeting of participants can resolve any issues of the company's activities, except for issues assigned to the exclusive competence of other bodies of the company by law or by the company's charter. The competence of the general meeting of participants includes, in particular: making changes to the company's charter, making a decision on the company's activities based on the model charter; change in the size of the authorized capital of the company; redistribution of shares among company members in the cases provided for by this Law; making other decisions assigned by law to the competence of general meetings of participants.

According to part 1-5 of Art. 32 of the Law, the general meeting of participants is convened by the executive body of the company. The company's charter may specify another body authorized to convene general meetings of participants. The executive body of the company convenes a general meeting of members by sending a notification to each member of the company. The executive body of the company is obliged to notify the members of the company at least 30 days before the scheduled date of the general meeting of members, unless another term is established by the company's charter. The notice provided for  in part three    of this article is sent by mail with a description of the attachment. Another way of notification may be established by the articles of association. The date, time, venue, and agenda are indicated in the notice of the general meeting of participants. If the agenda includes the issue of making changes to the company's charter, a draft of the proposed changes is attached to the notification.

According to Part 1-3, Article 7. 33 of the Law, general meetings of participants are held in accordance with the procedure established by law and the company's charter. The members of the society participate in the general meeting of members personally or through their representatives. General meetings of participants provide for the joint presence of company participants in one place to discuss issues on the agenda or can be held in video conference mode, which allows all participants of the general meeting of participants to be seen and heard at the same time, or with the use of other means of electronic identification. General meetings of participants are held at the location of the company, unless otherwise established by the company's charter. Holding general meetings outside the territory of Ukraine is allowed only with the unanimous written consent of all members of the company.

According to Part 1 of Art. 20 of the Law of Ukraine "On the Legal Regime of Martial Law", the legal status and limitations of the rights and freedoms of citizens and the rights and legal interests of legal entities under martial law conditions are determined in accordance with   the Constitution of Ukraine    and this Law.

By Decree of the President of Ukraine No. 64/2022 dated February 24, 2022, approved by the Law of Ukraine "On Approval of the Decree of the President of Ukraine "On the Introduction of Martial Law in Ukraine", martial law was introduced in Ukraine from 05:30 on February 24, 2022 for a period of 30 days. This period was extended on the basis of the relevant Decrees of the President of Ukraine and continues as of this time.

According to p. 3, 4 of the Decree of the President of Ukraine dated February 24, 2022 No. 64/2022 in connection with the introduction of martial law in Ukraine, the constitutional rights and freedoms of a person and a citizen, provided for in Articles 30 - 34, may be temporarily limited during the period of the legal regime of martial law , 38, 39, 41 - 44, 53 of the Constitution of Ukraine, as well as introducing temporary restrictions on rights and legal interests of legal entities within the scope and scope necessary to ensure the possibility of introducing and implementing measures of the legal regime of martial law, which are provided for by the first part of Article 8 of the Law of Ukraine "On the Legal Regime of Martial Law". The Cabinet of Ministers of Ukraine is urgently instructed to: 1) put into effect the plan for introducing and ensuring the measures of the legal regime of martial law in Ukraine; 2) provide financing and take other measures within the limits of authority related to the introduction of the legal regime of martial law on the territory of Ukraine.

According to p. 1 of the Resolution of the Cabinet of Ministers of Ukraine of 03.03.2022 No. 187 "On ensuring the protection of national interests in future lawsuits of the State of Ukraine in connection with the military aggression of the Russian Federation" (hereinafter - Resolution No. 187) to ensure the protection of national interests in future lawsuits of the State of Ukraine in the connection with the military aggression of the Russian Federation was established before the adoption and entry into force of the Law of Ukraine on the regulation of relations with the participation of persons associated with the aggressor state, a moratorium (ban) on:

1) performance, including by force, of monetary and other obligations by creditors (collectors) for whom the Russian Federation is or such persons (hereinafter referred to as *persons connected with the aggressor state* ): citizens of the Russian Federation, except for those , who live on the territory of Ukraine on legal grounds; legal entities created and registered in accordance with the legislation of the Russian Federation; legal entities created and registered in accordance with the legislation of Ukraine, the ultimate beneficial owner, member or participant (shareholder), having a share in the authorized capital of 10 percent or more, which is the Russian Federation, a citizen of the Russian Federation, except for those who live on the territory of Ukraine on legal grounds,    or a legal entity created and registered in accordance with the legislation of the Russian Federation;

2) alienation, pledge, any other actions that have or may have the effect of alienation of real estate, securities, corporate rights, vehicles, air and sea vessels, inland navigation vessels by the Russian Federation or persons related to by the aggressor state, except for gratuitous alienation in favor of the state of Ukraine;

3) alienation, pledge, any other actions that have or may result in the alienation of real estate, securities, corporate rights, vehicles, air and sea vessels, inland navigation vessels in favor of persons connected to the state - the aggressor, or in favor of the Russian Federation.

Clause 2 of Resolution No. 187 establishes that deeds (including powers of attorney) concluded in violation of the moratorium specified in Clause 1 of this resolution, including if they provide for appropriate alienation in the future, **are null and void.**

According to Part 1-3 of Article 13 of the Civil Procedure Code of Ukraine, proceedings in commercial courts are conducted on the basis of adversarial parties. Participants in the case have equal rights to exercise all procedural rights and obligations provided for by this Code. Each party must prove the circumstances that are relevant to the case and to which it refers as the basis of its claims or objections, except for cases established by law.

According to Part 1-2 of Art. 73 of the Civil Procedure Code of Ukraine, evidence is any data on the basis of which the court establishes the presence or absence of circumstances (facts) that justify the claims and objections of the parties to the case, and other circumstances that are important for the resolution of the case. These data are established by the following means: 1) written, physical and electronic evidence; 2) conclusions of experts; 3) testimony of witnesses.

In accordance with Part 1-2 of Art. 86 of the Civil Procedure Code of Ukraine, the court assesses the evidence according to its internal conviction, which is based on a comprehensive, complete, objective and direct examination of the evidence available in the case. No evidence has a predetermined force for the court. The court assesses the propriety, admissibility, and credibility of each piece of evidence separately, as well as the probability and interrelationship of the pieces of evidence as a whole.

**The position of the court**

The dispute in this case concerns the issue of invalidating the decisions of the general meetings of the participants of the limited liability company "Marconi, LTD", which were formalized by the protocol dated 04.08.2022 No. b/n.

Taking into account the need to fulfill the requirements of the procedural law regarding the evaluation of all the arguments of the participants in the case, the court notes the following.

Thus, according to established judicial practice, grounds for invalidating the decisions of the general meeting of shareholders (participants) of a business company may be: violation of the requirements of the law and/or constituent documents during the convening and holding of the general meeting of the company; depriving the shareholder (participant) of the company of the opportunity to participate in the general meeting; violation of the rights or legal interests of the shareholder (participant) of the company by the decision of the general meeting. At the same time, not all violations of legislation committed during the convening and holding of the general meetings of the business association are grounds for invalidating the decisions made at them.

As established by the court, on August 4, 2022, a general meeting of Marconi LLC was held, at which decisions were made regarding: the exclusion of the plaintiff from the membership of the company, in connection with the plaintiff's delay of the additional period established by the company for repayment of the debt from the plaintiff's contribution to the authorized capital of the company in the amount of UAH 250,000.00; reduction of the authorized capital by the amount of the plaintiff's unpaid share; approval of the new version of the Charter.

Emphasizing the illegality of the above-mentioned decisions, the plaintiff refers to the fact that: according to an agreement with other members of the company, which took place orally, the plaintiff was granted a delay to make the contribution until February 28, 2022, but he was unable to fulfill this obligation due to with force majeure circumstances caused by the state of war in Ukraine; the plaintiff could not be present at the disputed meetings, in connection with which the plaintiff asked the defendant by telephone to postpone their holding to another date.

As established by the court, there is no evidence in the case file to confirm the circumstances regarding: the plaintiff's contribution to the defendant's authorized capital in the amount of UAH 250,000.00; granting by the company to the plaintiff a postponement for repayment of the deposit debt until February 28, 2022 or another period after this date; occurrence of force majeure circumstances in disputed relations for the claimant who lives in the territory of another state; the plaintiff's appeal to the defendant with a request to postpone the date of the general meeting; impossibility of the plaintiff to participate in the general meeting on August 4, 2022, including in the video conference mode. At the same time, the case materials confirm that the plaintiff was notified of the general meeting in compliance with the terms set by the Law, and the issues discussed at the disputed meeting correspond to the agenda specified in the notification that the plaintiff received. Therefore, the arguments that the plaintiff identified as grounds for the lawsuit were not confirmed during the court's consideration of the case.

Meanwhile, the court considers it necessary to note the following.

By Decree of the President of Ukraine No. 64/2022 dated February 24, 2022, martial law was introduced in Ukraine from 05:30 on February 24, 2022, which is still in effect. In connection with the introduction of martial law in Ukraine temporarily, for the period of the legal regime of martial law, the state of Ukraine takes temporary measures to limit the rights and legitimate interests of individuals and legal entities within the limits and to the extent necessary to ensure the possibility of introducing and implementing measures of the legal regime martial law

Thus, by Resolution No. 187, the Cabinet of Ministers of Ukraine introduced a moratorium, in particular, on alienation, transfer as collateral, as well as the implementation of any other actions that have or may result in the alienation of securities and corporate rights by persons associated with the aggressor state , except gratuitous alienation in favor of the state of Ukraine, and in favor of these persons. At the same time, persons related to the aggressor state are defined, in particular, as citizens of the Russian Federation who do not live on the territory of Ukraine, and legal entities created and registered in accordance with the legislation of Ukraine, the ultimate beneficial owner, member or participant (shareholder) , which has a share in 10 or more percent of the authorized capital, which is a citizen of the Russian Federation who does not live on the territory of the state of Ukraine.

From the case file, the court established that the plaintiff is a citizen of the Russian Federation and a shareholder of the defendant with a share of 25 percent of the authorized capital, who does not live on the territory of the state of Ukraine. This is confirmed by information from the Unified State Register of Legal Entities, Individual Entrepreneurs, and Public Organizations of the State of Ukraine as of the time the plaintiff filed the lawsuit, as well as by decisions and statutes of the defendant dated before the defendant's disputed meetings. To refute these circumstances, the plaintiff did not submit any proper and admissible evidence to the court, at the same time, the plaintiff's arguments regarding his submission of an application for the termination of Russian citizenship are based only on the explanations of the plaintiff's representative, and even in these explanations, the plaintiff's representative said that the plaintiff does not know the outcome of the consideration of this statements

Therefore, under these circumstances, the court states that, within the meaning of Resolution No. 187, at the time the defendant held the disputed general meeting, both the plaintiff and the defendant are persons associated with the aggressor state. At the same time, the Law specifies that the members of the company who have not fully contributed are jointly and severally liable for its obligations within the value of the unpaid part of the contribution of each member.

Therefore, the defendant's actions in the disputed legal relationship, which consist in the exclusion of the plaintiff from the defendant's participants and the reduction of the defendant's authorized capital, are subject to a moratorium (ban) established by the Government of Ukraine, as they result in the termination (alienation) of the plaintiff's corporate rights and a decrease in monetary terms of the authorized capital the defendant in relation to persons related to the aggressor state, <u>and therefore are null and void, ie those that do not bear legal consequences, except for those related to their disability.</u>

Therefore, under the established circumstances, the court came to the conclusion that the plaintiff's claim should be rejected completely.

**Distribution of court costs**

According to Clause 2, Part 1, Art. 129 of the Civil Procedure Code of Ukraine in disputes arising from the performance of contracts and for other reasons, the court fee is assigned to the parties in proportion to the amount of satisfied claims.

Given that the claimant's claim is inadmissible, the court fee paid by the claimant when filing the claim should be charged to the claimant.

**Guided by Art. Art. 129, 232, 233, 236, 237, 238, 240, 241 of the Economic Procedural Code of Ukraine, court**

**DECIDED:**

**1** . The claim is completely rejected.

**2** . The court fee in the amount of UAH 2,481.00 shall be paid to the plaintiff.

The court's decision becomes legally binding in accordance with Art. 241 of the Civil Procedure Code of Ukraine and can be appealed in the appellate procedure to the South-Western Appellate Commercial Court by filing an appeal within the terms specified in Art. 256 of the Civil Procedure Code of Ukraine.

The full text of the decision was drawn up on March 3, 2023.

11/16/24, 1:43 PM Case 1:24-cv-03287-AT Document 89-15 Unified State Register of Court decisions Filed 11/19/24 Page 7 of 7

**Judge DO Misery**