# EXHIBIT 16

Case category no **910/19191/21: Economic affairs (from 01.01.2019); Cases of legal proceedings; Cases in disputes arising from transactions, in particular, contracts; Failure to fulfill or improper fulfillment of obligations; provision of services.**

Sent for publication: **07/08/2022.** Registered: **07/08/2022.** Provision of general access: **07/13/2022.**

Effective date: **07/29/2022**

Number of court proceedings: **not determined**



**COMMERCIAL COURT of the city of KYIV** 01054, Kyiv, B. Khmelnytskogo str., 44-V, tel. (044) 284-18-98, E-mail: inbox@ki.arbitr.gov.ua **ON BEHALF OF UKRAINE**

DECISION

Kyiv

**07.07.2022 Case No. 910/19191/21 Commercial Court of the City of Kyiv,** composed of judge Kurdelchuk ID, with the participation of the secretary of the court session Rosuchan KO, considered in an open court session

**case no. 910/19191/21**

**according to the claim of** the Limited Liability Company "Successful Team" Russian Steel" (TIN 7801313537 KPP 770301001 BIK 044525555 OGRN 1167847296099 OKPO 03581196, Beregovii Pereizd, building 5-A, building 1, office 10, Moscow, Russian Federation, 121087, law yer Roman Mykolayovych Khorolskyi, a/s 129, Kyiv, 02100 E-mail: INFORMATION_1 )

**to** Marbo Ukraine Limited Liability Company (EDRPOU Code 41474411, Metropolitan Vasyl Lypkivskyi St., Building 45, Office 501, Kyiv, 03035)

**about** recovery of UAH 627,178.98

**without the participation of representatives of the parties to the case due to their non-appearance,**

**INSTALLED:**

The limited liability company "Success Team "Russian Steel" (resident of the Russian Federation) (hereinafter - the plaintiff) appealed to the Commercial Court of the city of Kyiv with a claim against the limited liability company "Marbo Ukraine" (hereinafter - the defendant) for the collection of debts under the Purchase Agreement sale No. 24-04/20 dated 04/24/2020.

By the decision of the Commercial Court of the city of Kyiv dated 25.11.2021, the claim was left motionless and the plaintiff was given a deadline to eliminate the shortcomings of the claim by submitting to the court: - a notarized translation into Ukrainian of the Purchase and Sale Agreement No. 24-04/20 dated 04.24.2020 and all added evidence.

The claims are based on the following.

In support of the claims, the plaintiff refers to the defendant's failure to fulfill the contractual obligation to supply the goods under the sales contract dated 03.23.2020 No. 24-04/20 dated 04.24.2020.

According to the terms of the sales contract concluded between the parties, the plaintiff undertook to hand over the goods to the defendant, the latter to accept and pay for it. The defendant did not pay the delivery from 05/14/2020 (account No. 641) in the amount of 1,248,500.00 Russian rubles, which is the equivalent of 451,207.90 UAH.

A fine of 486,915.00 rubles (175,971.08 UAH) was charged for late payment.

By the decision of the Commercial Court of the city of Kyiv dated 10.01.2022, the claim was accepted for consideration and the proceedings in the case were opened. It was decided to consider the case in the order of general legal proceedings.

By the decision of the Commercial Court of the city of Kyiv dated February 10, 2022, the claim was left without movement and the plaintiff was set a deadline to eliminate the deficiencies of the claim by submitting to the court a document confirming the payment of the court fee in the amount of UAH 9,407.68. (original payment order).

In addition, the court established that the plaintiff did not comply with the requirements of Clause 5 of the operative part of the resolution dated January 10, 2022 on the opening of proceedings in the case in terms of providing the requested documents and evidence.

On February 16, 2022, the plaintiff filed a motion to eliminate the deficiencies and as proof of payment of the court fee, a printed receipt ID 3276-5336-3856-3182 dated February 14, 2022 was provided on a paper medium, and in fulfillment of paragraph 5 of the resolution part of the resolution dated January 10, 2022, written evidence compiled by a foreign language

Crediting the court fee to the special fund of the state budget of Ukraine is confirmed by a statement, unique document number 354172694 in the Treasury.

Since the plaintiff eliminated the deficiencies of the claim statement within the time limit set by the court, the court continues the consideration of the case, which issues a decision no later than the next day after receiving information about the elimination of deficiencies.

By the decision of the Commercial Court of the city of Kyiv dated 17.02.2022, the proceedings in the case were continued and a preparatory meeting was scheduled for 17.03.2022

The court session on 03/17/2022 did not take place due to Russia's unprovoked and unjustified war against Ukraine, based on outright deliberate Russian lies.

By the decision of the Commercial Court of the city of Kyiv dated 29.03.2022, the participants in the case were informed that due to the impossibility of establishing the final expression of will of the participants of the case and properly informing their representatives about/for the resolution of the tasks of the judiciary as a result of the unprovoked and unjustified war of Russia against Ukraine, based on outright deliberate Russian lies, the meeting is adjourned and the participants in the case will be informed about the date, time and place of the meeting in the manner prescribed by The Economic Procedural Code of Ukraine.

By the decision of the Commercial Court of the city of Kyiv dated 04/18/2022, the participants in the case were notified of the appointment of a preparatory meeting on 05/18/2022.

By the decision of the Commercial Court of the city of Kyiv dated 18.05.2022, the preparatory proceedings were closed and the case was scheduled for trial on the merits at the court session on 14.06.22 .

The representative of the plaintiff supported the request for consideration of the case without his participation.

Due to the non-appearance of the defendant on 14.06.2022 and the lack of evidence in the court of proper notification of the date, time and place of the meeting, the court session was postponed to 07.07.2022

At the court session on 07.07.2022, the defendant's representatives did not appear, the court was not informed about the reasons for the non-appearance; within the term set by the court, the defendant did not submit a response to the statement of claim to the court.

Court rulings were sent to the defendant at the address specified in the statement of claim and in the Unified State Register of Legal Entities, Individual Entrepreneurs and Public Organizations (Mitropolita Vasyl Lypkivskyi Street, Building 45, Office 501, Kyiv, 03035), which is confirmed by the notations of the court office on the back of such decisions.

Attached to the case materials are return envelopes for postal items (No. 0105480133761; No. 0105480260739/6500707093093; No. 0105480261387; No. 0105478468250), which were sent to the defendant with the reason for return (delivery): "the addressee is not available at the specified address."

Pursuant to the provisions of Clause 4 of Part 6 of Article 242 of the Commercial Procedure Code of Ukraine, the day of service of the court decision is, in particular, the day of the notation of the absence of a person at the address of the location, place of residence or stay of the person notified by this person to the court in the postal notification (Clause 4)

Under such circumstances, the Commercial Court concluded that the defendant was properly notified of the case.

In accordance with the second part of Article 178 of the Economic Procedure Code of Ukraine, if the defendant fails to respond within the time limit set by the court without valid reasons, the court has the right to resolve the dispute based on the available case materials.

Decrees of the President of Ukraine "On the introduction of martial law in Ukraine" dated 24.02.2022 No. 64/2022, dated 14.03.2022 No. 133/2022, dated 18.04.2022 No. 259/2022 and dated 17.05.2022 No. 341/2022 approved by the Law of Ukraine dated 24.02.2022 No. 2102-IX, as amended by Decrees dated 14.03.2022 No. 133/2022, approved by the Law of Ukraine dated 15.03.2022 No. 2119-IX, and dated 18.04.2022 No. 259/2022, dated 21.04.2022 No. 2212-IX) martial law was introduced from 05:30 on February 24, 2022 and extended from 05:30 on May 25, 2022 for a period of 90 days for a period of 30 days in connection with the military aggression of the Russian Federation against Ukraine.

Taking into account the martial law regime and the possibility of air raids in the city of Kyiv, the Commercial Court of the city of Kyiv has established a special working regime and implemented appropriate organizational measures.

The case was considered in a reasonable time, taking into account the above circumstances.

In the court session on 07/05/2022, the introductory and final parts of the decision were announced in accordance with Article 233 of the Economic Procedural Code of Ukraine.

The court, in accordance with the requirements of Articles 222-223 of the Commercial Procedure Code of Ukraine, did not fully record the court session by technical means due to the non-appearance of the parties, the court session secretary kept the minutes of the court sessions, which are attached to the case file.

After considering the documents and materials submitted by the plaintiff, comprehensively and fully clarifying the factual circumstances on which the claim is based, objectively evaluating the evidence that has legal significance for considering the case and resolving the dispute on the merits, the Commercial Court of the City of Kyiv

**INSTALLED:**

On 04/24/2020, the plaintiff (buyer) and the defendant (seller) concluded the Sales Agreement No. 24-04/20, according to which the seller undertook to transfer (deliver) the goods to the buyer, and the buyer to accept and

pay for the goods in accordance with the specifications of of the Agreement (clause 2.1. of the Agreement).

In accordance with clause 3.3. of the Agreement, the total value of the goods delivered under the agreement is determined by arithmetically adding the values of the goods specified in the relevant specifications to the Agreement.

According to clause 3.4. Agreement, payment of the goods is made by the buyer in rubles of the Russian Federation in the amount of 100% of the advance payment of the total cost of the goods - upon agreement of the batch of goods.

The plaintiff indicates that he fulfilled his obligations under the contract in full, but the defendant never handed over the goods to the plaintiff for the listed amount.

In order to confirm the delivery, we present the invoice dated 14.05.2020 for the payment of wagons - hoppers - grain trucks No. 92501117 and No. 95097119, Act of acceptance - transfer No. 1 dated 14.05.2020, technical passports for wagons, declarations for goods 40129060/080520/0053960, railway invoices 28985566 and 28985630.

In the order of pre-trial settlement of the dispute, on 08.06.2021 the plaintiff sent a claim to the address of the defendant with detailed calculations of the debt and a proposal for pre-trial settlement of the dispute, which was not satisfied, which became the basis for applying to the commercial court with this claim for recovery of debt from the defendant and 451207 UAH 90 and fines UAH 175,971.08 on the day of filing a claim with the commercial court, the exchange rate of 643 rubles to the hryvnia is 10 Russian rubles - 3.614 UAH).

According to part 1, 2 Art. 509 of the Civil Code of Ukraine, an obligation is a legal relationship in which one party (the debtor) is obliged to perform a certain action for the benefit of the other party (the creditor) (transfer property, perform work, provide a service, pay money, etc.) or refrain from a certain action, and the creditor has the right to demand from the debtor the fulfillment of his obligation. Obligations arise from the grounds established by Article 11 of this Code.

Article 11 of the Civil Code of Ukraine defines that civil rights and obligations arise from the actions of persons provided for by acts of civil legislation, as well as from the actions of persons that are not provided for by these acts, but by analogy give rise to civil rights and obligations; the grounds for the emergence of civil rights and obligations, in particular, are contracts and other transactions.

According to Art. 6 of the Civil Code of Ukraine, the parties are free to enter into a contract, choose a counterparty and determine the terms of the contract, taking into account the requirements of this Code, other acts of civil legislation, customs of business turnover, requirements of reasonableness and fairness (Article 627 of the Civil Code of Ukraine).

According to Art. 655 of the Civil Code of Ukraine, under the contract of sale one party (the seller) transfers or undertakes to transfer property (goods) to the ownership of the other party (the buyer), and the buyer accepts or undertakes to accept the property (goods) and pay a certain amount of money for it amount

According to Art. 530 of the Civil Code of Ukraine, if a term (term) for its performance is established in the obligation, then it is subject to execution within this term (term). An obligation, the term (term) of which is determined by an indication of an event that must inevitably occur, is subject to execution upon the occurrence of this event. If the deadline (term) for the debtor's performance of the obligation is not established or determined at the time of the presentation of the demand, the creditor has the right to demand its performance at any time.

Part 2 of Art. 693 of the Civil Code of Ukraine defines that if the seller, who received the amount of advance payment for the goods, did not hand over the goods within the specified period, the buyer has the right to demand the handover of the paid goods or the return of the amount of the advance payment.

It can be seen from the above norms that the condition of its application is improper fulfillment by the seller of his obligation to deliver the goods to the buyer in a timely manner. In the event of such a condition, the buyer has the right to act alternatively, either to demand the transfer of the paid goods from the seller, or to demand the return of the amount of the advance payment at the buyer's choice.

Article 626 of the Civil Code of Ukraine defines that a contract is an agreement between two or more parties aimed at establishing, changing or terminating civil rights and obligations.

According to Art. 628 of the Civil Code of Ukraine, the content of the contract consists of conditions (clauses) determined at the discretion of the parties and agreed upon by them, and conditions that are mandatory in accordance with acts of civil legislation.

From the content of Art. 525 of the Civil Code of Ukraine, it follows that unilateral refusal of an obligation or unilateral change of its conditions is not allowed, unless otherwise established by contract or law.

According to Art. 526 of the Civil Code of Ukraine, the obligation must be properly performed in accordance with the terms of the contract and the requirements of this Code, other acts of civil legislation, and in the absence of such conditions and requirements - in accordance with the customs of business turnover or other requirements that are usually set.

A similar legal norm is provided for in Part 1 of Art. 193 of the Economic Code of Ukraine.

From the prescriptions of Part 1 of Art. 177 of the Civil Code of Ukraine, it follows that the object of civil rights are things, including money.

The commercial court established and confirmed by the case materials that the plaintiff delivered wagons according to the terms of the contract, but the calculation was not carried out.

As of the date of filing the claim with the court, the debt amounts to 1,248,500.00 rubles, which indicates that the defendant has not fulfilled his obligations under the contract to pay the plaintiff the specified amount.

Taking into account the above provisions of the law and the terms of the contract, the Commercial Court of the city of Kyiv considers that the claim for recovery from the defendant in favor of the plaintiff of UAH 1,248,500.00, which at the exchange rate is UAH 451,207.00, is justified and subject to satisfaction.

In addition to the debt, sanctions for late payment provided for in Clause 8.2 of the Agreement in the amount of 486,915.00 rubles, which is 175,971.08 UAH, were charged.

According to Article 611 of the Civil Code of Ukraine, in case of violation of the obligation, the legal consequences established by the contract or m, in particular, the payment of a penalty, will follow.

According to the provisions of Article 546 of the Civil Code of Ukraine, the fulfillment of an obligation can be secured by a penalty, surety, guarantee, retention, deposit.

According to Part 1-2 of Article 549 of the Civil Code of Ukraine, a penalty is a sum of money or other property that the debtor must pay to the creditor in case of breach of the obligation by the debtor.

Part 1 of Art. 547 of the Civil Code of Ukraine, it is determined that the act of ensuring the fulfillment of the obligation is performed in writing, and the clause was fulfilled and written down in the relevant Agreement.

Guided by Clause 8 of Contract 1 and the specified provisions of the law, the plaintiff charged the defendant a penalty and requests that it be collected in court along with the principal debt.

After checking the calculation, the court came to the conclusion that the demand for the collection of a penalty in the stated amounts has been met.

Article 73 of the Economic Procedural Code of Ukraine stipulates that evidence is any data on the basis of which the court establishes the presence or absence of circumstances (facts) that justify the claims and objections of the parties to the case, and other circumstances that are important for the resolution of the case.

These data are established by the following means: 1) written, physical and electronic evidence; 2) conclusions of experts; 3) testimony of witnesses.

According to Article 86 of the Economic Procedure Code of Ukraine, the court assesses the evidence according to its internal conviction, which is based on a comprehensive, complete, objective and direct examination of the evidence available in the case.

No evidence has a predetermined force for the court. The court assesses the propriety, admissibility, and credibility of each piece of evidence separately, as well as the sufficiency and interrelationship of the pieces of evidence as a whole.

The court evaluates both the evidence collected in the case as a whole and each piece of evidence (a group of the same type of evidence) contained in the case, and motivates the rejection or consideration of each piece of evidence (group of evidence).

Therefore, the claims are justified, documented and such that they are subject to satisfaction in full.

In connection with the fact that the dispute arose as a result of the defendant's illegal actions, according to the provisions of Article 129 of the Economic Procedure Code of Ukraine, court costs of the case should be imposed on the defendant.

Regarding the implementation of the decision.

According to part 1, 2 Art. 18 of the Economic Procedural Code of Ukraine, court decisions that have entered into legal force are mandatory for implementation by all state authorities, local self-government bodies, their officials and employees, natural and legal entities and their associations throughout the territory of Ukraine. Failure to comply with a court decision is the basis for liability established by law. The Constitutional Court of Ukraine in paragraph 2 of the motivational part of the decision No. 18-рп/2012 dated 13.12.2012 stated that the execution of a court decision is an integral part of everyone's right to legal protection and includes, in particular, a legally defined set of actions aimed at protection and restoration of violated rights, freedoms, legitimate interests of individuals and legal entities, society, and the state. According to Part 1 of Art. 239 of the Civil Procedure Code of Ukraine, the court that made the decision may determine the procedure for its execution, grant a postponement or defer execution, take measures to ensure its execution, as specified in the decision.

The basis for postponing the execution of a court decision must be the existence of objective, irresistible, exceptional circumstances that complicate the timely execution of the decision or make it impossible.

It is prohibited to perform any (monetary and other) obligations in favor of: 1) the Russian Federation; 2) its citizens; 3) companies registered in the Russian Federation; 4) companies registered in Ukraine, in which the ultimate beneficial owner or owner of a share of 10 percent or more is a Russian citizen, a citizen of the Russian Federation, or a Russian company. It is about both voluntary and forced execution.

This is stipulated by the Resolution of the CMU No. 187 "On ensuring the protection of national interests in future lawsuits of the state of Ukraine in connection with the military aggression of the Russian Federation" dated 03.03.2022.

In order to ensure the protection of national interests in future lawsuits by the state of Ukraine in connection with the military aggression of the Russian Federation, to establish a moratorium (ban) on: 1) performance, including by compulsion, of monetary and other obligations by creditors (collectors) for whom the Russian Federation or such persons (hereinafter - persons associated with the aggressor state), in particular, legal entities created and registered in accordance with the legislation of the Russian Federation.

The court took into account the complete coincidence of the characteristics of the plaintiff's legal entity as a person related to the aggressor state, which is a reason to postpone the execution of the decision until the Law of Ukraine on the regulation of relations involving persons related to the aggressor state is adopted and enters into force.

Guided by Articles 13, 73, 74, 76, 77, 86, 129, 232, 233, 237, 238, 240, 247-252 of the Commercial Code of Ukraine, the Commercial Court of Kyiv

**DECIDED:**

1. Lawsuit of the Limited Liability Company "Successful Team "Russian Steel" (TIN 7801313537 KPP 770301001 BIK 044525555 OGRN 1167847296099 OKPO 03581196, Coastal Pereizd, building 5-A, building 1, office 10, Moscow, Russian Federation of ORDA, Zaporiebrikova Oblast, 121087,) to the Limited Liability Company "Marbo Ukraine" (EDRPOU Code 41474411) for the collection of debts under the Purchase and Sale Agreement No. 24-04/20 dated 04/24/2020 to satisfy in full.

2. Withdraw from the MARBO UKRAINE LIMITED LIABILITY COMPANY in favor of the SUCCESSFUL TEAM "RUSSIAN STEEL" LIMITED LIABILITY COMPANY (TIN 7801313537 KPP 770301001 BIK 044525555 OGRN 1167847296099 OKPO 03581196, Berehovy Pereizd, Building 1, Office 10, Moscow, Zaporizhia Region, 121087, debt in the amount of UAH 451,207.08 and costs of paying the court fee in the amount of UAH 9,407.68.

3. Postpone the implementation of the decision until the Law of Ukraine on the settlement of relations involving persons associated with the aggressor state is adopted and enters into force.

The decision of the commercial court takes legal effect after the expiration of the period for filing an appeal, if no appeal has been filed. In case of filing an appeal, the decision, if it has not been canceled, takes legal effect after the return of the appeal, the refusal to open or close the appeal proceedings, or the adoption of the decision of the court of appeals as a result of the appellate review.

An appeal against a court decision can be submitted to the Northern Commercial Court of Appeal within twenty days from the day of its announcement. If only the introductory and final parts of the court decision were announced at the court session, the specified term is calculated from the date of the full court decision.

The full court decision was made on 07/08/2022

**Judge Ihor Kurdelchuk**