# EXHIBIT 17

Case category no **910/8991/21: Economic affairs (from 01.01.2019); Cases of legal proceedings; Bankruptcy cases, including:**

Sent for publication: **03/22/2023.** Registered: **23.03.2023.** Provision of general access: **03/24/2023.**

Effective date: **01.03.2023**

Number of court proceedings: **not determined**



## NORTHERN COMMERCIAL COURT OF APPEALS

St. Sholudenka, building 1, letter A, m. Kyiv, 04116, (044) 230-06-58 inbox@anec.court.gov.ua

### DECREE

ON BEHALF OF UKRAINE

**"01" March 2023 Case No. 910/8991/21**

**The Northern Commercial Court of Appeal in the composition of the panel of judges:**

chairman: LL Garnyk

judges: Greka BM

Pantelienka VO

secretary of the court session Bondar LV

with the participation of representatives of the participants in the case in accordance with the minutes of the court session dated 01.03.2023

after considering the appeal of the limited liability company "Alfa-Leasing Ukraine"

by decision of the Commercial Court of the city of Kyiv dated 12.20.2022

in case No. 910/8991/21

according to the application of the Limited Liability Company "Alfa-Leasing Ukraine"

to the Ukrainian State Corporation for Transport Construction "Ukrtransbud"

on the opening of bankruptcy proceedings

### INSTALLATION:

"Alfa-Leasing Ukraine" Limited Liability Company (hereinafter - "Alfa-Leasing Ukraine" LLC) applied to the Commercial Court of the city of Kyiv with an application to open bankruptcy proceedings of the Ukrainian State Corporation for Transport Construction "Ukrtransbud" (hereinafter - the debtor). .

The application for initiation of bankruptcy proceedings is based on the following circumstances:

- The Ukrainian State Corporation for Transport Construction "Ukrtransbud" does not fulfill the terms of the settlement agreement approved by the decision of the Commercial Court of the City of Kyiv dated 05/27/2019 in case No. 50/15-b on the bankruptcy of the Ukrainian State Corporation for Transport Construction "Ukrtransbud", and does not pay debt in the amount of UAH 16,825,874.04 subject to deferment for 8 months from the date of approval of the settlement agreement by the commercial court and installments for 28 months in monthly payments according to the schedule;

- as of March 10, 2020, the debtor did not make the first payment in accordance with the schedule in favor of the applicant in the amount of UAH 243,694.80 and did not report the reasons for non-fulfillment of obligations under the settlement agreement, as a result of which, as of June 3, 2021, the debt was overdue UAH 7,148,380.69;

- in connection with the debtor's non-fulfillment of the terms of the settlement agreement, "Alfa-Leasing Ukraine" LLC presented the decision of the Economic Court of the city of Kyiv dated May 27, 2019 in case No. 50/15-b for enforcement;

- 13.03.2020 by the state executor of the Solomyansky District Department of the State Executive Service in the city of Kyiv of the Central Interregional Department of the Ministry of Justice (Kyiv) Cherkasov E.V. executive proceedings No. 61514001 have been opened on enforcement of the decision in accordance with the decision of the Commercial Court of the city of Kyiv dated May 27, 2019 in case No. 50/15-b on the approval of a settlement agreement. According to the application of "Alfa-Leasing Ukraine" LLC, enforcement proceedings have been opened within the limits of non-payment of the first payment according to the stipulated schedule in the amount of UAH 243,694.80.

The Ukrainian State Corporation for Transport Construction "Ukrtransbud" objected to the opening of bankruptcy proceedings, noting that the debtor's failure to meet the debt repayment schedule is grounds for terminating the settlement agreement (clauses 4.5, 4.6 of the Settlement Agreement), which entails the reinstatement of claims all creditors in the amount that were not satisfied by the debtor; initiation of bankruptcy proceedings at the request of one creditor without taking into account other creditors will lead to a violation of the rights of creditors who are participants in the settlement agreement.

By the decision of the Commercial Court of the city of Kyiv dated 07.05.2021, the application for opening proceedings in the bankruptcy case was accepted for consideration.

By the decision of the Commercial Court of the city of Kyiv dated 28.07.2021, the limited liability company "Alfa-Leasing Ukraine" was denied the opening of bankruptcy proceedings.

The resolution of the Northern Commercial Court of Appeal dated 13.01.2022 annulled the decision of the Commercial Court of the City of Kyiv dated 28.07.2021, the case was sent for further consideration to the Commercial Court of the City of Kyiv at the stage of a preparatory meeting.

By the decision of the Commercial Court of the city of Kyiv dated 20.12.2022 in case No. 910/8991/21, Alfa-Leasing Ukraine LLC was denied the opening of proceedings in case No. 910/8991/21 on the bankruptcy of the Ukrainian State Corporation for Transport Construction "Ukrtransbud".

The decision of the court of first instance is motivated by the lack of grounds for opening bankruptcy proceedings of the Ukrainian State Corporation for Transport Construction "Ukrtransbud", taking into account the fact that there are contradictions between the initiating creditor and the debtor regarding their rights and obligations; taking into account the legislative ban (moratorium) on the fulfillment of monetary and other obligations in favor of Alfa-Leasing Ukraine LLC, the statement of the initiating creditor does not meet the content of the requirements defined by Article 34 of the Code of Civil Procedure.

04.01.2023 "Alfa-Leasing Ukraine" LLC appealed to the Northern Commercial Court of Appeal with an appeal, in which it asks to cancel the contested decision of the court, to send case No. 910/8991/21 for further consideration to the Commercial Court of the city of Kyiv preparatory meeting.

The appeal is based on the incomplete clarification of the circumstances of the case, which are important for the case regarding the existence of a dispute about the right, which is subject to resolution in the order of the legal proceedings, a violation of the norms of procedural law (Part 6, Article 39 of the Code of Criminal Procedure).

The appeal claims that the creditor's claims do not indicate the existence of a right dispute. The demands of Alfa-Leasing Ukraine LLC against the debtor arose on the basis of the settlement agreement approved by the decision of the Commercial Court of the city of Kyiv dated 05/27/2019, which is valid and was not appealed by the debtor.

The complainant also draws the court's attention to the conclusions made by the Northern Commercial Court of Appeal in the decision dated 13.01.2022 in this case.

In accordance with the protocol of the automated division of the court case between judges dated 11.01.2023, a panel of judges was formed to consider the appeal of Alfa-Leasing Ukraine LLC in case No. 910/8991/21, consisting of: Garnyk L.L. (presiding judge), Grek B.M., Sotnikov S.V.

The decision of the Northern Commercial Court of Appeal dated 13.01.2023 postponed the decision on the opening or refusal to open appeal proceedings based on the appeal of Alfa-Leasing Ukraine LLC against the decision of the Commercial Court of the City of Kyiv dated 20.12.2022 in case No. 910/8991/21, return this appeal or leaving it without movement until the case materials are received by the Northern Commercial Court of Appeal; the materials of case No. 910/8991/21 were requested from the Commercial Court of the city of Kyiv.

On 01/25/2023, the Northern Commercial Court of Appeal received case materials No. 910/8991/21.

In connection with the stay of judge Sotnikov S.V. on vacation, in accordance with the protocol of repeated automated distribution of court cases between judges dated 30.01.2023, the appeal was submitted for consideration by the panel of judges consisting of: Harnyk L.L. (presiding judge), Grek B.M., Pantelienko V.O.

By the decision of the Northern Commercial Court of Appeal dated 31.01.2023, on the appeal of Alfa-Leasing Ukraine LLC, appeal proceedings were opened, the case was scheduled for consideration.

On February 14, 2023, the Ukrainian State Corporation for Transport Construction "Ukrtransbud" received a response to the appeal, according to which the Ukrainian State Corporation for Transport Construction "Ukrtransbud" requests that the appeal be dismissed, and that the disputed court decision be left unchanged as legal and justified.

Having considered the arguments of the appeal, checked the materials of the case, examined the evidence, analyzed on the basis of the established factual circumstances of the case the correctness of the application of the legal norms by the court of first instance and listened to the explanations of the representatives of the participants in the case, the panel of judges of the appellate commercial court came to the conclusion that the appeal is not subject to satisfaction, and the decision of the court of first instance - to change or cancel, on the following grounds.

The subject of the trial in this case is the statement of "Alfa-Leasing Ukraine" LLC about the opening of bankruptcy proceedings of the Ukrainian State Corporation for Transport Construction "Ukrtransbud".

Pursuant to the first part of Article 3 of the Commercial Procedure Code of Ukraine (hereinafter referred to as the Civil Procedure Code of Ukraine), proceedings in commercial courts are conducted in accordance with the Constitution of Ukraine, this Code, the Bankruptcy Law, as well as international treaties, the binding consent of which has been granted by the Verkhovna Rada of Ukraine.

The conditions and procedure for restoring the solvency of a debtor - a legal entity or declaring it bankrupt in order to satisfy the demands of creditors, as well as restoring the solvency of an individual, as stated in the

preamble, are established by the norms of the Code of Ukraine on Bankruptcy Procedures (hereinafter - KUzPB).

According to Art. 1 of the Code of Civil Procedure, insolvency should be understood as the inability of the debtor to fulfill his monetary obligations to creditors after the set deadline, only through the application of the procedures provided for by this Code.

In accordance with the second and third parts of Article 8 of the Code of Civil Procedure, the debtor and creditor have the right to apply to the commercial court with an application to open bankruptcy proceedings. Bankruptcy proceedings are opened by the commercial court at the request of the debtor also in case of threat of insolvency.

According to Article 2 of the Code of Civil Procedure, bankruptcy proceedings are regulated by this Code, the Civil Code of Ukraine, and other laws of Ukraine.

The procedure for submitting an application to open bankruptcy proceedings, as well as the list of documents that must be attached to the specified application, are determined by Article 34 of the Code of Civil Procedure.

Pursuant to the content of the first part of Article 35 of the Code of Civil Procedure, if there are no grounds for refusing to accept, leaving motionless, or for returning an application for opening proceedings in a bankruptcy case, the economic court accepts the application for consideration, and decides on it no later than five days from the date of its receipt the resolution, which, among other things, specifies the date of the preparatory court session. Also, with the decision to accept the application for the opening of proceedings in the case, the commercial court has the right to decide on the obligation of the applicant, the debtor and other persons to provide the court with additional information necessary to resolve the issue of opening proceedings in the bankruptcy case.

In accordance with parts one to five of Article 39 of the Code of Civil Procedure, the verification of the validity of the applicant's claims, as well as the determination of the existence of grounds for opening bankruptcy proceedings, are carried out by the commercial court in a preparatory meeting, which is held in accordance with the procedure provided for by this Code. The non-appearance of the parties and the representative of the state bankruptcy authority at the preparatory meeting, as well as the absence of the debtor's response, do not prevent the meeting from being held. In the preparatory session, the commercial court examines the submitted documents, listens to the explanations of the parties, assesses the validity of the debtor's objections, and resolves other issues related to the consideration of the case. If proceedings in the case are opened at the creditor's request, the commercial court checks the debtor's ability to fulfill property obligations that have expired. The debtor can provide confirmation of his ability to fulfill his obligations and repay the debt. If the commercial court received several applications before the day of the preparatory session and one of them was accepted by the court for consideration, the others are added to the case materials by the decision of the commercial court and considered simultaneously. If the applicant's claims are found to be unfounded, the commercial court evaluates the validity of the claims of other creditors attached to the case file and decides on the opening of proceedings in the case in accordance with the procedure provided for in this article. Based on the results of consideration of the application for opening proceedings in the case and the debtor's response, the commercial court issues a decision on: opening proceedings in the case; refusal to open proceedings in the case.

The task of the preparatory meeting of the commercial court in the consideration of the application for the initiation of bankruptcy proceedings is to check the validity of the demands of the applicant (applicants) on the subject of compliance of such requirements with the concept of "monetary obligation" of the debtor to the initiating creditor; establishing the existence of a dispute about the right; establishing the circumstances of meeting such requirements before holding a preparatory meeting in the case.

In accordance with the second part of Article 35 of the Code of Criminal Procedure, the preparatory meeting of the court is held no later than 14 days from the date of the decision to accept the application to open proceedings in the case, and if there are good reasons (payment of monetary obligations to creditors, etc.) - no later than 20 days.

Therefore, taking into account the limitation of the term of the preparatory meeting and the standards of proof that the court can use at this stage of the process, the evidence submitted by the creditor to the application for the opening of bankruptcy proceedings to confirm the reasonableness of the claims against the debtor must convincingly testify to the absence of a legal dispute regarding the claims of the initiating creditor and about the existence of a violated (unfulfilled) economic and legal obligation.

The absence of a dispute about the right, in the context of the bankruptcy procedure, consists in the absence of ambiguity regarding the resolution of issues regarding the essence (subject) of the obligation, the basis for the occurrence of the obligation, the amount of the obligation and the structure of the debt, as well as the deadline for the fulfillment of the obligation, etc.

Therefore, establishing the absence of a legal dispute regarding the claims of the initiating creditor is a necessary prerequisite for opening proceedings in the case of the debtor's bankruptcy. The opposite will result in the refusal to open bankruptcy proceedings in accordance with the sixth part of Article 39 of the Code of Civil Procedure, according to which the reason for refusing to open proceedings in the case is that the creditor's claims indicate the existence of a legal dispute, which is subject to a lawsuit proceedings

The creditor's appeal to the court with a statement to open bankruptcy proceedings is essentially the creditor's exercise of the right to judicial protection of its own property rights in the absence of proper fulfillment of the monetary obligation by the debtor. In this regard, the creditor must provide the court with evidence to confirm that he has a right that is subject to protection and state the circumstances that are the basis for applying to the court.

As established by the court of first instance and verified by the court of appeal, in the proceedings of the Commercial Court of the city of Kyiv was case No. 50/15-b about the bankruptcy of the Ukrainian State Corporation for Transport Construction "Ukrtransbud".

The decision of the Commercial Court of the city of Kyiv dated 08.10.2011 approved the register of creditors' claims against the Ukrainian State Corporation for Transport Construction "Ukrtransbud", including the creditors' claims of "Alfa-Leasing Ukraine" LLC (taking into account the change in the name of the specified legal entity).

By the decision of the Commercial Court of the city of Kyiv dated May 27, 2019, in case No. 50/15-b, the request of the arbitration administrator to approve the settlement agreement and terminate the proceedings in the bankruptcy case was granted; a settlement agreement was approved between the creditors in case No. 50/15-b and the Ukrainian State Corporation for Transport Construction "Ukrtransbud".

The total amount of creditor claims recognized by the court of "Alfa-Leasing Ukraine" LLC in case No. 50/15-b is: UAH 1,343 - claims of the first stage, UAH 16,825,874.04 - claims of the fourth stage, UAH 458,319.08 - claims of the sixth stage queues, from which the requirements of the first queue were repaid on 05/23/2019 in accordance with the terms of Clause 1.10 of the settlement agreement.

In the case under consideration, "Alfa-Leasing Ukraine" LLC initiated the issue of opening proceedings in the bankruptcy case of the Ukrainian State Corporation for Transport Construction "Ukrtransbud" on the grounds of the debtor's failure to comply with the payment schedule determined by the decision of the Commercial Court of the City of Kyiv on 27.05.2019 approving the settlement agreement in case No. 50/15-b.

Refusing to open bankruptcy proceedings, the court of first instance came to the conclusion that there is a legal dispute between the parties regarding the obligation and terms of performance of the Ukrainian State Corporation for Transport Construction "Ukrtransbud" monetary claims to "Alfa-Leasing Ukraine" LLC in in connection with the effect of the moratorium introduced by the resolution of the Cabinet of Ministers of Ukraine "On ensuring the protection of national interests in future lawsuits of the state of Ukraine in connection with military aggression of the Russian Federation" dated 03.03.2022 No. 187.

According to the information entered in the Unified State Register of Legal Entities, Individual Entrepreneurs and Public Organizations, the final beneficial owner of the Limited Liability Company "Alfa-Leasing Ukraine" (EDRPOU code 33942232) is PERSON_1 (address: ADDRESS_1).

Decree of the President of Ukraine dated October 19, 2022 No. 726/2022 put into effect the Decision of the National Security and Defense Council of Ukraine dated October 19, 2022 "On the application and introduction of changes to personal special economic and other restrictive measures (sanctions)".

In accordance with the aforementioned decision of the National Security and Defense Council of Ukraine from 10/19/2022 to PERSON_3 (PERSON_4, PERSON_5), INFORMATION_1, a citizen of the Russian Federation, a native of Lviv, Ukraine; information according to the Unified State Register of Taxpayers of the Russian Federation: identification number of the taxpayer - NUMBER_1, personal special economic and other restrictive measures (sanctions) have been applied for a period of 10 years.

According to part 1 Art. 49 of the Law of Ukraine "On the Cabinet of Ministers of Ukraine", the Cabinet of Ministers of Ukraine, based on and in compliance with the Constitution and laws of Ukraine, acts of the President of Ukraine, resolutions of the Verkhovna Rada of Ukraine, adopted in accordance with the Constitution and laws of Ukraine, issues binding acts - resolutions and order.

Resolution of the Cabinet of Ministers of Ukraine "On ensuring the protection of national interests in future lawsuits of the state of Ukraine in connection with the military aggression of the Russian Federation" dated 03.03.2022 No. 187 defines:

1. In order to ensure the protection of national interests in future lawsuits by the state of Ukraine in connection with the military aggression of the Russian Federation, to establish a moratorium (ban) on:

1) fulfillment, including by force, of monetary and other obligations by creditors (collectors) for whom the Russian Federation is or the following persons (hereinafter - persons associated with the aggressor state): citizens of the Russian Federation, except those , who live on the territory of Ukraine on legal grounds; legal entities created and registered in accordance with the legislation of the Russian Federation; legal entities created and registered in accordance with the legislation of Ukraine, the ultimate beneficial owner, member or participant (shareholder), having a share in the authorized capital of 10 percent or more, which is the Russian Federation, a citizen of the Russian Federation, except for those who live on the territory of Ukraine on legal grounds or a legal entity created and registered in accordance with the legislation of the Russian Federation.

The specified limitation does not apply to legal entities formed and registered in accordance with the legislation of Ukraine: which are banks or whose accounts are allowed to carry out expenditure operations by servicing banks on the basis of normative legal acts or decisions of the National Bank; determined by the order of the National Center for Operational-Technical Management of Telecommunication Networks), adopted in accordance with the Procedure for Operational-Technical Management of Telecommunication Networks in Emergency Situations, State of Emergency and Martial Law, approved by Resolution of the Cabinet of Ministers of Ukraine dated 29.06.2004 No. 812 "Some Issues of Operational-Technical Management telecommunication networks in emergency situations, state of emergency and martial law" (Official Gazette of Ukraine, 2004, No. 26, Article 1696); regarding which, at the request of the ministry, another state body in connection with the conduct by such legal entities of activities necessary to ensure national security and defense, repulse and deter the armed aggression of the Russian Federation against Ukraine or overcome its consequences. The Cabinet of Ministers of Ukraine adopted a decision on the temporary state management of the relevant shares, corporate rights or other participation/control rights belonging to the Russian Federation or a person associated with the aggressor state;

2) alienation, pledge, any other actions that have or may have the effect of alienation of real estate, securities, corporate rights, vehicles, air and sea vessels, inland navigation vessels by the Russian Federation or persons related to by the aggressor state, except for gratuitous alienation in favor of the state of Ukraine;

3) alienation, pledge, any other actions that have or may result in the alienation of real estate, securities, corporate rights, vehicles, air and sea vessels, inland navigation vessels in favor of persons connected to the state - the aggressor, or in favor of the Russian Federation.

2. Establish that:

1) transactions (including powers of attorney) concluded in violation of the moratorium specified in paragraph 1 of this resolution, including if they provide for appropriate alienation in the future, are null and void;

2) notarization of transactions that violate the moratorium specified in paragraph 1 of this resolution is prohibited. State registration or other recognition by state bodies, local self-government bodies. their officials, state registrars of legal entities, natural persons - entrepreneurs and public organizations, state registrars of real property rights and their encumbrances, persons who provide public (administrative) services, transactions concluded in violation of the moratorium specified in clause 1 of this resolution, is prohibited

Therefore, "Alfa-Leasing Ukraine" LLC, in accordance with the Resolution of the Cabinet of Ministers of Ukraine "On ensuring the protection of national interests in future lawsuits of the state of Ukraine in connection with the military aggression of the Russian Federation" dated 03.03.2022 No. 187, is a person associated with by the aggressor state, in connection with which there is a moratorium (ban) on the execution, including by force, of monetary and other obligations in favor of Alfa-Leasing Ukraine LLC.

According to Art. 1 of the Code of Ukraine on Bankruptcy Procedures, a monetary obligation is an obligation of the debtor to pay the creditor a certain sum of money in accordance with the civil legal transaction (agreement) and on other grounds provided for by the legislation of Ukraine.

As of the date of consideration of this case, the debtor of the Ukrainian State Corporation for Transport Construction "Ukrtransbud" is subject to a ban (moratorium) on the fulfillment of monetary obligations in favor of "Alfa-Leasing Ukraine" LLC.

Taking into account the above, the court of first instance reached a well-founded conclusion that during the moratorium established by the Resolution of the Cabinet of Ministers of Ukraine "On ensuring the protection of national interests in future lawsuits of the state of Ukraine in connection with the military aggression of the Russian Federation" dated 03.03.2022 No. 187, the Ukrainian State Corporation for Transport Construction "Ukrtransbud" lacks legal grounds for the implementation obligations in favor of Alfa-Leasing Ukraine LLC.

According to ch. 6 Art. 39 of the Code of Civil Procedure, the commercial court refuses to open proceedings in the case, in particular if the creditor's claims indicate the existence of a dispute about the right, which is subject to resolution in the order of legal proceedings;

Therefore, the tasks of the preparatory meeting of the commercial court when considering an application for opening bankruptcy proceedings are:

- verification of the validity of the applicant's (applicants') claims for compliance of such claims with the concept of "monetary obligation" of the debtor to the initiating creditor;

- establishing the existence of a dispute about the right;

- establishing the possibility of meeting such requirements by the debtor before holding a preparatory meeting in the case.

The concept of "law dispute" in the sense of the sixth part of Article 39 of the Criminal Procedure Code was explained in the Supreme Court's decision dated February 2, 2022 in case No. 910/4918/21.

A dispute about a right is a contradiction between subjects of civil law, which arose due to the fact of violation or dispute of subjective rights by one side of civil legal relations of another and needs to be settled by the parties themselves or resolved by a court.

The concept of "dispute about the right" should be considered with its filling of essential, and not exclusively formal meaning.

Therefore, when solving the question of whether the claim of the creditor (creditors) indicates the existence of a dispute about the right, it should be taken into account that the dispute about the right arises from material legal relations and is characterized by the presence of disagreements (contradictions) between the subjects of legal relations regarding their rights and obligations and the impossibility of their implementation/ensure proper implementation upon appeal to the court. A dispute about the right may also arise when there are obstacles in the way of the exercise of the right by a person, which can be removed with the participation of the court.

Therefore, the dispute about the right is connected exclusively with the violation, contestation, non-recognition or non-proving of the subjective right, in which there are specific persons who prevent the realization of the right.

Establishing the absence of a legal dispute regarding the claims of the initiating creditor is a mandatory condition for opening proceedings in the case of the debtor's bankruptcy.

The legislation does not contain a list of criteria for the conclusion of the existence of a dispute about the right, which can be expressed both in a procedural form - to be confirmed by judicial acts, and in a material and legal form - to be confirmed by legal facts.

A similar legal opinion is set out in the Supreme Court rulings of March 18, 2021 in case No. 911/1922/20, of November 24, 2021 in case No. 902/560/20, of July 20, 2022 in case No. 904/6023/21.

The absence of a dispute about the right, in the context of the bankruptcy procedure, consists in the absence of ambiguity in the part of resolving issues regarding the parties to the obligation, the essence (subject) of the obligation, the grounds for the occurrence of the obligation, the amount of the obligation and the structure of the debt, as well as the period of performance obligations, etc.

The Ukrainian State Corporation for Transport Construction "Ukrtransbud" is deprived of the opportunity to fulfill its obligations to "Alfa-Leasing Ukraine" LLC due to the legislative ban (moratorium) established by the Resolution of the Cabinet of Ministers of Ukraine "On Ensuring the Protection of National Interests in Future Lawsuits of the State of Ukraine in in connection with the military aggression of the Russian Federation" dated 03.03.2022 No. 187.

In the preamble of the Code of Civil Procedure, it is stated that this Code establishes the conditions and procedure for restoring the solvency of a debtor - a legal entity or declaring him bankrupt in order to satisfy the demands of creditors, as well as restoring the solvency of a natural person.

In accordance with the resolution of the Cabinet of Ministers of Ukraine "On ensuring the protection of national interests in future lawsuits of the state of Ukraine in connection with the military aggression of the Russian Federation" dated 03.03.2022 No. 187, transactions concluded in violation of the moratorium, specified in paragraph 1 of this resolution, including if they provide for a corresponding alienation in the future, are null and void.

Opening of bankruptcy proceedings of the Ukrainian State Corporation for Transport Construction "Ukrtransbud" on the application of "Alpha-Leasing Ukraine" LLC, in view of the moratorium established by the resolution of the Cabinet of Ministers of Ukraine "On ensuring the protection of national interests in future lawsuits of the state of Ukraine in connection with the military aggression of the Russian Federation" dated 03.03.2022 No. 187, will not lead to the satisfaction of the requirements of the LLC "Alfa-Leasing Ukraine".

According to part 1 Art. 74 of the Code of Criminal Procedure of Ukraine, each party must prove the circumstances it refers to as the basis of its claims or objections.

Taking into account the established circumstances of the case, the panel of judges considers the arguments of the Ukrainian State Corporation for Transport Construction "Ukrtransbud", set out in the response to the appeal of "Alfa-Leasing Ukraine" LLC, to be well-founded.

The established circumstances regarding the existence of contradictions (disagreements) in this case indicate that there is a dispute about the right in material and legal relations, on which the claims of the complainant as the initiating creditor to the debtor are based.

In view of the important legal consequences of the opening of bankruptcy proceedings, which, in addition to the applicant and the debtor, concern an unspecified circle of persons - potential creditors of the debtor, the adoption of a corresponding court decision should be preceded by a systematic analysis of the circumstances related to the legal relationship, with reference to which the applicant substantiates its claims to the debtor, based on the submitted evidence. Only after clarifying and verifying such circumstances, the court can establish the validity of the creditor's claims to the debtor, as well as the presence or absence of a legal dispute in this legal relationship, as prerequisites for opening proceedings in the case.

A similar legal opinion is set out in the ruling of the Commercial Court of Cassation as part of the Supreme Court dated February 16, 2021 in case No. 911/2042/20.

Analyzing the issue of the scope of the investigation of the complainant's arguments and their reflection in court decisions, the question of the exhaustiveness of the court's conclusions, the position of the court of appeal is based on the conclusions made by the European Court of Human Rights in the case "Pronina v. Ukraine" (decision of the European Court of Human Rights dated 18.07 .2006). In particular, the European Court of Human Rights noted in its decision that paragraph 1 of Article 6 of the Convention obliges courts to provide reasons for their decisions, but this cannot be perceived as a requirement to provide a detailed answer to each argument. The limits of this obligation may be different depending on the nature of the decision. In addition, it is necessary to take into account the variety of arguments that a party can present to the court and the differences that exist in the participating states in terms of legal provisions, traditions, legal opinions, statements and wording of decisions. Thus, the question of whether the court has fulfilled its obligation to provide justification arising from Article 6 of the Convention can only be determined in the light of the specific circumstances of the case.

In the case under consideration, the complainant was given a comprehensive answer to all the essential questions that arise in the qualification of disputed relations, both in the material and legal sense, and in the procedural sense, and the arguments presented in the appeal do not refute the well-founded and legitimate conclusions of the court of first instance instance

Under the established circumstances regarding the absence of grounds for opening proceedings in the bankruptcy case of the Ukrainian State Corporation for Transport Construction "Ukrtransbud", given that the right of Alfa-Leasing Ukraine LLC, on the basis of which the latter applied to the court with a statement to open proceedings in of the bankruptcy case is disputed, the arguments of the appeal were not confirmed during the consideration of the case in the court of appeal.

Based on the above reasons, the Northern Commercial Court of Appeal concludes that the court of first instance correctly applied the rules of procedural law, and therefore the challenged court decision corresponds to the current legislation, the actual circumstances and materials of the case, and there are no grounds for its cancellation.

Guided by Art. Art. 275-276, 281-284 of the Economic Procedural Code of Ukraine, the Northern Commercial Court of Appeal -

**RESOLVED:**

The appeal of the limited liability company "Alfa-Leasing Ukraine" should be dismissed.

The decision of the Commercial Court of the city of Kyiv dated December 20, 2022 in case No. 910/8991/21 shall be left unchanged.

The resolution enters into force from the day of its adoption and may be appealed to the Supreme Court in the manner and within the time limit provided for in Art. 286-291 of the Economic Procedure Code of Ukraine.

The full text was compiled on 03/21/2023.

**Presiding judge L.L. Garnyk**

**Judges B.M. Greek**

**VO Pantelienko**