# EXHIBIT 29

Case category no **376/560/23: Separate procedural issues; Application for clarification of the court decision.**

Sent for publication: **11.10.2023.** Registered: **11.10.2023.** Provision of general access: **12.10.2023.**

Effective date: **11.10.2023**

Number of court proceedings: **2-р/376/3/23**

---



Skvirsky district court of Kyiv region

Case no. 376/560/23

Proceedings No. 2-r/376/3/23

### In Khva La A

September 25, 2023. The Skvyrskyi District Court of the Kyiv Oblast in the composition of:

Presiding judge OM Kovalenko,

with the participation of secretary LA Shchur,

having considered in an open court session in the city of Skvyra, Kyiv region, the statement of the representative of the plaintiff PERSON_1 - lawyer Maksym Vasyliovych Kucheruk, regarding the clarification of the decision of the Skvyra District Court of the Kyiv region dated May 25, 2023 in civil case No. 376/560/23,

INSTALLED:

Civil case No. 376/560/23 was pending in the Skvyrskyi District Court of the Kyiv region on the claim of PERSON_1 against PERSON_2, PERSON_3, Public Joint Stock Company "Sberbank of Russia", third party PERSON_4 on recovery of lost profit, on the claim of a third party who claims independent claims against subject of the dispute PERSON_4 to PERSON_2, PERSON_3, Public Joint Stock Company "Sberbank of Russia", a third party PERSON_1 on recovery of damages in the form of lost profits.

By the decision of the Skvyr District Court of the Kyiv Region dated May 25, 2023, the lawsuit was fully satisfied.

The ruling of the Skvyrsky District Court of the Kyiv Region dated 05/26/2023 amended the decision of the Skvyrsky District Court of the Kyiv Region dated 05/25/2023, namely, corrections were made in the distribution of court costs.

The court, among other things, decided:

"To collect jointly with PERSON_2, PERSON_3, Public Joint Stock Company "Sberbank of Russia" in favor of PERSON_1 damages in the form of lost profit in the amount of 30,000,000 ( Thirty million) US dollars.

Collect a legal fee in the amount of 4,473 (Four thousand, four hundred and seventy-three) hryvnias and 34 kopecks from the Public Joint-Stock Company "Sberbank of Russia" in favor of PERSON_1.

Collect damages in the form of lost profit in the amount of 170,000,000 (One hundred and seventy million) US dollars jointly with PERSON_2, PERSON_3, and Sberbank of Russia Public Joint Stock Company in favor of

PERSON_4 .

To charge a court fee in the amount of 4,473 (Four thousand, four hundred and seventy-three) hryvnias and 34 kopecks from the Public Joint-Stock Company "Sberbank of Russia" in favor of PERSON_4."

On August 29, 2023, the representative of the plaintiff PERSON_1 - attorney M.V. Kucheruk. applied to the court for clarification of the decision of the Skvyrskyi District Court of the Kyiv Region dated 26.05.2023 in civil case No. 376/560/23, namely in the part that recovery of damages in favor of the plaintiffs according to this decision is possible both from the Public Joint Stock Company of the Sberbank of Russia company, as well as from the Russian Federation, as the founder and sole owner of the Public Joint Stock Company "Sberbank of Russia" company.

The court considers it possible to consider the application for clarification of the court decision in the order of written proceedings, without summoning the parties, not seeing the need to summon the participants in the case (Part 3 of Article 271 of the Code of Criminal Procedure of Ukraine).

According to part 2 Art. 247 of the Code of Civil Procedure of Ukraine, the recording of the court process with the help of sound recording technical means was not carried out.

Having read the specified application and the materials of civil case No. 376/560/23, the court considers that there are no grounds for granting the application, based on the following.

According to Art. 271 of the Civil Procedure Code of Ukraine, upon the application of the parties to the case, the state executor, the private executor, the court clarifies the court decision, which has entered into force, without changing the content of the court decision. Submission of an application for clarification of a court decision is allowed if the court decision has not yet been executed or the period during which the decision can be submitted for enforcement has not expired. The court considers the application for clarification of the court decision in the order in which the corresponding court decision was adopted within ten days from the date of its receipt. The court issues a ruling on clarification or refusal to clarify a court decision, which can be appealed.

From the content of Art. 271 of the Civil Code of Ukraine, it is seen that the need to clarify the court decision is due to the vagueness of its content, if it is incomprehensible both to the persons in respect of whom it was passed, and to those who will carry out its implementation. Thus, the court decision by which the court decided the dispute on its merits, i.e. if it affects the rights, obligations and interests of the participants in the disputed legal relationship, is subject to clarification.

And although it can be seen from the materials of the civil case and the statement on the clarification of the court decision that the founder and, accordingly, the sole owner of the Public Joint-Stock Company "Sberbank of Russia" is the Russian Federation, whose actions are directed and carried out through the central authority, the Central Bank of the Russian Federation, however, clarification of the court's decision in the form requested by the plaintiff's representative will lead to the addition of the operative part of the decision of the Skvyrsky District Court of Kyiv oblast from 05/25/2023 with new data.

Thus, the decision of the Skvyrsky District Court of the Kyiv Region dated 05/25/2023 in civil case No. 376/560/23, the clarification of which was submitted, for clarification in accordance with Art. 271 of the Civil Code of Ukraine is not applicable, therefore the submitted application for clarification of the court's decision cannot be satisfied.

In accordance with the requirements of Part 4 of Art. 271 of the Civil Code of Ukraine on clarification or refusal to clarify a court decision, the court issues a decision that can be appealed.

According to the requirements of Clause 21, Part 1, Art. 353 of the Civil Procedure Code of Ukraine separately from the court decision, the decision of the court of first instance regarding the clarification or refusal to clarify the court decision may be appealed in the appeal procedure .

On the basis of the above and guided by Art. Art. 258-260, 271, 351-354 of the Civil Code of Ukraine,

## IN HVALIV:

The statement of the representative of the claimant PERSON_1 - lawyer Maksym Vasyliovych Kucheruk, regarding the clarification of the decision of the Skvyr District Court of the Kyiv Region dated May 25, 2023 in civil case No. 376/560/23, is to be rejected.

The decision can be appealed directly to the Kyiv Court of Appeals by filing an appeal within fifteen days from the date of drawing up the full text of the decision.

A party to the case who was not served with the court decision on the day it was announced or drawn up has the right to renew the missed deadline for an appeal if the appeal is filed within fifteen days from the date of delivery of the relevant court decision.

Judge OM Kovalenko