# EXHIBIT 35

🔱 Judicial power of Ukraine

**Courts** • **Commercial court of Luhansk region** • **Information about the court**

👁 People with visual impairments

# Commercial court of Luhansk region

**Get information only from official sources**

Unified Contact Center of the Judiciary of Ukraine 044 207-35-46

≡

## To the attention of the defendant: the Russian Federation represented by the Ministry of Justice of the Russian Federation (Russian Federation, Moscow)

09 May 2024, 13:56                     ✞ Поширити

" DECIDED

on opening proceedings in the case

May 8, 2024, Kharkiv, Case No. 913/268/24

Proceedings No. 16/913/268/24



The Economic Court of Luhansk Oblast, composed of judge **Shelikhina R.M.,** having considered the materials of the claim **of the Limited Liability Company "Clinical Diagnostic Center "Pharmbiotest",** Kyiv

to the defendant - **the Russian Federation, represented by the Ministry of Justice of the Russian Federation,** Moscow, Russian Federation

**about recovery 131 002 440, 28 hryvnias**

in st a n o v i v :



**The essence of the dispute:** the limited liability company "Clinical Diagnostic Center "Pharmbiotest" on 07.05.2024 through the court registry applied to the Commercial Court of the Luhansk Region with a claim against the state - the Russian Federation, represented by the Ministry of Justice of the Russian Federation, for the recovery of damages in the amount of 130,732,440, UAH 28 in compensation for material damage caused by damage to the object of immovable property at the address: 93000, Rubizhne, Severodonetsk district, Luhansk region, st. Pochaivska, 9.

In support of the claims, the plaintiff refers to the fact that the limited liability company "Clinical-diagnostic center "Pharmbiotest" was registered as a legal entity on 24.09.2012. The main activity of the enterprise is: the activity of hospital institutions (KVED 86.10).

Before the beginning of the full-scale invasion of the Russian Federation on the territory of Ukraine, the plaintiff was registered and carried out economic activities in the territory of the Severodonetsk district of the Luhansk region in the city of Rubizhne.

As a result of the armed aggression of the Russian Federation against Ukraine on February 24, 2022, the plaintiff was forced to suspend business activities, the company's management and most of the staff were forced to evacuate to safer regions of Ukraine or abroad.

As the plaintiff notes, it was not possible to dismantle and evacuate the equipment, stocks, laboratory, and office equipment.

According to the conclusion of the subject of the evaluation activity - FOP Kulygin Artem Volodymyrovych, the amount of damage caused to the object of immovable property as a result of the armed aggression of the Russian Federation against Ukraine, which belongs to LLC "Clinical Diagnostic Center "Pharmbiotest" at the address: 93000, Rubizhne Severodonetskoho district of Luhansk region, str. Pochaivska, 9, as of February 28, 2024 is UAH 1,307,2440.28, which is equivalent to USD 3,402,284.46 at the rate of the National Bank of Ukraine on the valuation date.

The plaintiff requests to collect the indicated funds from the defendant to compensate for material damage caused by damage to the real estate object.

According to the protocol of the automated distribution of the court case between the judges dated 05.07.2024, the claim was submitted for consideration by the judge R.M. Shelihinii.

According to the content of Part 1 of Art. 176 of the Civil Procedure Code of Ukraine, in the absence of grounds for leaving the statement of claim without movement, returning the statement of claim or refusing to open proceedings, the court shall open proceedings in the case within five days from the date of receipt of the statement of claim or the statement on elimination of deficiencies submitted in the manner provided for in Article 174 of this of the Code.

The statement of claim filed by LLC "Clinical Diagnostic Center "Pharmbiotest" meets the requirements of Articles 162, 164 and 172 of the Civil Procedure Code of Ukraine, the grounds for leaving it motionless, returning it or refusing to open proceedings in the case have not been established.

Under such circumstances, the court considers it necessary to accept the statement of claim for consideration and open proceedings in the case.

Clause 4, Part 2, Art. 176 of the Civil Procedure Code of Ukraine stipulates that the court issues a decision on the acceptance of a claim for consideration and the opening of proceedings in the case, in which it is specified, in particular, under which rules of the claim proceedings (general or simplified) the case will be considered.

In accordance with Part 1 of Art. 12 of the Civil Procedure Code of Ukraine, economic proceedings are carried out according to the rules provided for by this Code, in particular, in the manner of a lawsuit (general or simplified).

Part 3 of Art. 12 of the Civil Procedure Code of Ukraine stipulates that the simplified legal proceedings are intended for consideration of minor cases, cases of minor complexity and other cases for which a quick resolution of the case is a priority. General legal proceedings are intended for consideration of cases which, due to complexity or other circumstances, are inappropriate to consider in simplified legal proceedings.

According to Part 1 of Art. 247 of the Civil Procedure Code of Ukraine minor cases are considered in the procedure of simplified legal proceedings.

From the content of Part 5 of Art. 12 of the Code of Criminal Procedure of Ukraine, it follows that minor cases are cases in which the price of the claim does not exceed one hundred of the subsistence minimum for able-bodied persons; cases of minor complexity, recognized by the court as insignificant, except for cases that are subject to consideration only according to the rules of general legal proceedings, and cases in which the price of the claim exceeds five hundred amounts of the subsistence minimum for able-bodied persons.

In accordance with Part 3 of Art. 247 of the Civil Procedure Code of Ukraine, when deciding the issue of consideration of the case in the order of simplified or general legal proceedings, the court takes into account: 1) the price of the claim; 2) the significance of the case for the parties; 3) the method of protection chosen by the plaintiff; 4) category and complexity of the case; 5) the volume and nature of the evidence in the case, including whether it is necessary to appoint an expert opinion, call witnesses, etc.; 6) number of parties and other

participants in the case; 7) whether the consideration of the case is of significant public interest; 8) the opinion of the parties regarding the need to consider the case according to the rules of simplified legal proceedings.

Pursuant to the provisions of clause 8, part 4 of Art. 247 of the Code of Criminal Procedure of Ukraine, cases in which the price of the claim exceeds five hundred amounts of the subsistence minimum for able-bodied persons (1,514,000 hryvnias 00 kopecks) cannot be considered in the order of simplified legal proceedings.

Since the price of the claim according to the claimant's requirements is UAH 131,002,440.28, this case is subject to consideration according to the rules of general legal proceedings.

The court takes into account the following.

Before the full-scale military aggression of the Russian Federation against Ukraine, the procedure for the transfer of judicial and extrajudicial documents for service on the territory of the Russian Federation was regulated by the Agreement on the Procedure for the Resolution of Disputes Related to the Implementation of Economic Activities, to which Ukraine joined on

12/19/1992, adopting the relevant normative act - a resolution of the Supreme of the Council of Ukraine dated 19.12.1992 No. 2889-XII "On the ratification of the Agreement on the procedure for resolving disputes related to the implementation of economic activity", by sending a mandate to a competent court or other body of the Russian Federation.

In connection with the Decree of the President of Ukraine dated 24.02.2022 No. 64/2022 "On the introduction of martial law in Ukraine", at the request of the Ministry of Justice of Ukraine, the Ministry of Foreign Affairs of Ukraine notified the depositories of the conventions of the Council of Europe, the Hague Conference on Private International Law and the United Nations, as well as the parties to Ukraine's bilateral international treaties on the full-scale ongoing armed aggression of Russia against Ukraine and the impossibility in this regard to guarantee the full fulfillment by the Ukrainian side of its obligations under the relevant international treaties and conventions for the entire period of martial law.

According to the letter of the Ministry of Justice of Ukraine dated March 21, 2022 No. 25814/12.1.1/22-22 "Regarding the enforcement of international treaties of

Ukraine during the period of martial law", taking into account the norms of customary law regarding the termination of the application of international treaties by states during the period of military conflict between them , it is recommended not to carry out any correspondence related to cooperation with institutions of the Russian Federation on the basis of international treaties of Ukraine on international legal relations and legal cooperation in civil cases and in the field of private international law.

In addition, according to the notice of the Joint Stock Company "Ukrposhta" posted on its official website on February 25, 2022, postal cooperation with the Russian Post has been terminated, parcels and transfers to this country are not accepted.

The Ministry of Justice of Ukraine by letter dated October 6, 2022 No. 91935/114287-22-22/12.1.1 "Regarding the delivery of court documents to residents of the Russian Federation in accordance with Article 8 of the Convention on the Delivery Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Cases of 1965" reported that according to the information of the Ministry of Foreign Affairs of Ukraine (letter dated

03.10.2022 No. 71/14-500-77469) On 24.02.2022 diplomatic relations between Ukraine and the Russian Federation were severed in connection with the latter's large-scale armed aggression against Ukraine. The functioning of foreign diplomatic institutions of Ukraine on the territory of the Russian Federation and the activities of its diplomatic institutions on the territory of Ukraine have been stopped. Communication between the Ministry of Foreign Affairs and the authorities of the Russian Federation through the mediation of third countries is also not carried out.

Therefore, the transfer of any documents to the competent authorities of the Russian Federation, including through diplomatic channels, is currently impossible (letter of the Ministry of Justice of Ukraine dated October 31, 2022 No. 100817/98748-22-22/12.1.3).

In accordance with Part 1 of Article 79 of the Law of Ukraine "On Private International Law", filing a lawsuit against a foreign state, involving a foreign state in participating in the case as a defendant or a third party, imposing a seizure on property that belongs to a foreign

state and is located on the territory of Ukraine, the use of other means of securing a claim and enforcement of such property in relation to such property may be allowed only with the consent of the competent authorities of the relevant state, unless otherwise provided by an international treaty of Ukraine or the law of Ukraine.

The Law of Ukraine "On Private International Law" establishes judicial immunity for a foreign state, in the absence of the consent of the competent authorities of that state, to involve it in participating in a case in a national court of another state, in particular, as a defendant.

The European Convention on the Immunity of States (ETS No. 74) of 1972 (Article 11) and the UN Convention on Jurisdictional Immunities of States and Their Property of 2004 (Article 12) provide that a contracting state cannot invoke immunity from jurisdiction when considering a case in to a court of another contracting state, which usually has jurisdiction to consider cases related to monetary compensation (reparation) in the event of death or injury bodily injury to a person or damage to property or its loss as a result of actions or

inaction of the state, if such action or inaction took place in whole or in part on the territory of the court.

It is impossible to obtain the consent of the competent bodies of the defendant to participate in the case under this lawsuit as a defendant, because in response to the act of armed aggression of the Russian Federation against Ukraine, the invasion of Russian troops to destroy the Ukrainian state, the seizure of Ukrainian territory by force and the establishment of occupation control, February 24 In 2022, the Ministry of Foreign Affairs of Ukraine announced the severance of diplomatic relations with Russia in accordance with Article 2 of the 1963 Vienna Convention on Consular Relations. In connection with this, the functioning of foreign diplomatic institutions of Ukraine on the territory of Russia and the activity of diplomatic institutions of the Russian Federation on the territory of Ukraine have been stopped.

In accordance with the legal opinion set out in the Supreme Court ruling dated 04/14/2022 in case No. 308/9708/19 regarding the judicial immunity of the Russian Federation in cases of compensation for damage caused by the aggressor state, the Supreme

Court came to the conclusion that the Russian Federation, having committed an unprovoked and a full-scale act of armed aggression against the Ukrainian state, numerous acts of genocide of the Ukrainian people, will no longer be able to invoke their judicial immunity, thereby denying the jurisdiction of the courts of Ukraine to consider and resolve cases of compensation for damage caused by such acts of aggression.

At the same time, the Supreme Court, formulating the specified legal opinion, assumed, among other things, that:

- the commission of acts of armed aggression by a foreign state is not an exercise of its sovereign rights, but indicates a violation of the obligation to respect the sovereignty and territorial integrity of another state of Ukraine, which is enshrined in the UN Charter;

- the national legislation of Ukraine proceeds from the fact that, as a general rule, damage caused in Ukraine to a natural person as a result of the illegal actions of any other person (entity) can be compensated by a decision of a court of Ukraine (according to the principle of "general delict", and therefore, the Russian Federation,

having committed an unprovoked and full-scale act of armed aggression against the Ukrainian state, as an aggressor country, did not act within the limits of its sovereign right to self-defense, on the contrary, it treacherously violated all the sovereign rights of Ukraine, acting on its territory, and therefore will certainly not be used in future affairs about compensation for damage caused by such acts of aggression, with his judicial immunity.

Thus, the court does not have the opportunity to send court decisions either directly to the address of the defendant, or by sending a power of attorney, or through other diplomatic channels.

At the same time, the plaintiff sent a copy of the statement of claim and the documents attached to it, translated into Russian and duly certified, to the official e-mail addresses of the Ministry of Justice of the Russian Federation - info@minjust.gov.ru and pr@minjust.gov.ru , as well as by postal means to the addresses of the Embassies of the Russian Federation in the Republic of Poland and the Czech Republic.

As already noted by the court, the transfer of any documents to the competent authorities of the Russian Federation, including through diplomatic channels, is currently impossible.

In order to comply with the basic principles of economic litigation, the court considers it necessary to take all possible measures to notify the defendant of the date, time and place of the hearing.

In accordance with Part 4 of Art. 122 of the Civil Code of Ukraine, the defendant, a third party, a witness, whose registered place of residence (residence), location or place of work is unknown, is summoned to court through an announcement on the official website of the judiciary of Ukraine, which must be posted no later than ten days before the date relevant court session. With the publication of the announcement of the summons, the defendant is considered notified of the date, time and place of the hearing.

The defendant will be notified of the opening of proceedings in the case through an announcement that will be posted on the official web portal "Judicial Authority of Ukraine" on the Internet (https://court.gov.ua/unknown).

Based on the above, guided by Articles 12, 120, 176, 232, 234, 235, 247 of the Economic Procedural Code of Ukraine, the court

in the following:

1. Accept the statement of claim for consideration and open proceedings in the case.

2. The case shall be considered in the order of general legal proceedings.

3. Notify the participants of the case that the case has been scheduled for consideration in a preparatory court session on 05/23/2024 at 12:00 p.m. 30 min.

    4. The court session will be held in the premises of the commercial court of the Luhansk region at the address: **61022, Kharkiv city, Nauky avenue, 5, second floor, courtroom #20 5 (judge R.M. Shelikhina)** .

5. Set a time limit for the defendant to submit a response, taking into account the requirements of Art. 165 of the Civil Procedure Code of Ukraine - within fifteen days from the date of delivery of the decision to open proceedings in the case, a copy of the response and the evidence attached to it should be sent to the plaintiff at the same time as the response is sent to the court, evidence to confirm such referral should be provided to the court.

6. Place an announcement about the consideration of the case for the defendant on the official web portal "Judicial Power of Ukraine" on the Internet (https://court.gov.ua/unknown).

  7. **To the plaintiff and the plaintiff's representative:** in accordance with paragraph 1, part 6, article 6 of the Civil Procedure Code of Ukraine, lawyers, notaries, public and private executors, arbitration managers, judicial experts, state authorities and other state bodies registered under the legislation of Ukraine as legal entities , their territorial bodies, local self-government bodies, other legal entities registered under the legislation of Ukraine, must register

their electronic offices in the Unified Judicial Information and Telecommunication System or its separate subsystem (module) that ensures the exchange of documents. Other persons register their electronic offices in the Unified Judicial Information and Telecommunication System or its separate subsystem (module) that ensures the exchange of documents, in a voluntary manner. *{The first paragraph of the sixth part of Article 6 as amended by Law* **No. 3424-IX dated 19.10.2023** *}.*

The plaintiff and the plaintiff's representative should URGENTLY register the "Electronic Cabinet" in the Unified Judicial Information and Telecommunication System or the "Electronic Court" subsystem and inform the court about it.

The decision takes legal effect from the moment it is signed by the judge — 08.05.2024 and is not subject to appeal.

Judge                                                                                                                    Rita

2024 © All rights reserved

About the court       Press center       for Citizens       Activity indicators       Other