# EXHIBIT 37

Machine Translated by Google



Верховний
Суд

# REVIEW

judicial practice of the

Commercial Court of Cassation as

part of the Supreme Court

regarding the delivery abroad of

documents in economic affairs

Contents

1. General information regarding the legal regulation of the procedure for serving documents abroad in business matters
3

2. Information on the channels of delivery of documents in economic affairs, which can be used in individual states
7

2.1. A note on the information in the table
7

2.2. List of links to the names of states in the table
9

2.3. Information about delivery channels in individual states in the form of a table
11

Machine Translated by Google

1. General information regarding the legal regulation of the procedure for serving documents abroad in business matters

In Ukraine, there is an established court practice in business cases, which is that court documents may not be sent abroad for service if 1) a foreign legal entity has a representative on the territory of Ukraine, appointed in accordance with the requirements of the Commercial Procedure Code of Ukraine (hereinafter - of the Code), 2) has an official representative office on the territory of Ukraine. 1

At the same time, as stated in Article 80 of the Law of Ukraine "On Private International Law", in the event that, during the consideration of a case with a foreign element, the court needs to hand over documents or obtain evidence, to carry out separate procedural actions abroad, the court may send a corresponding order to the competent body of the foreign state in the manner established by the procedural law of Ukraine or an international treaty of Ukraine.

In accordance with Article 367 of the Code, if in the process of considering a case, the commercial court needs to hand over documents, obtain evidence, conduct separate procedural actions on the territory of another state, the commercial court can apply to a foreign court or another competent body of a foreign state with a corresponding judicial mandate (hereinafter - foreign court) in accordance with the procedure established by this Code or an international treaty, the binding consent of which has been given by the Verkhovna Rada of Ukraine. The court mandate is sent in accordance with the procedure established by this Code or an international agreement, the consent of which is binding by the Verkhovna Rada of Ukraine, and if an international agreement has not been concluded ÿ

To the Ministry of Justice of Ukraine, which sends the mandate to the Ministry of Foreign Affairs of Ukraine for transmission through diplomatic channels.

According to the first part of Article 371 of the Code, a court order to serve documents to a citizen of Ukraine who lives on the territory of a foreign state can be executed by employees of a diplomatic mission or consular institution of Ukraine in the relevant state. A person receives such documents voluntarily. Delivery of the document is carried out under a receipt indicating the date of delivery, signed by an official and affixed with the seal of the relevant foreign diplomatic institution of Ukraine.

On October 19, 2000, Ukraine joined the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of 1965 (hereinafter, the Convention, https:// zakon.rada.gov.ua/laws/show/995_890#Text).

This Convention is exclusive, which means the application of the transmission channels provided for in it, in the event that a judicial or extrajudicial document 1) must be transferred for service from one Contracting Party to another 2) the address of a person is known,

---

1 Resolutions of the KGS of the Supreme Court of January 18, 2022 in case No. 910/5257/21 https://reyestr.court.gov.ua/Review/ 102838268; dated 04/29/2022 in case No. 905/830/21 https://reyestr.court.gov.ua/Review/104164904

economic) cases. At the same time, to whom the document is to be served, and civil or
the Convention does not apply if the law provides for the sending of a notice, but does not
require its delivery (Overview of the Convention https://assets.hcch.net/docs/
341f46cb-665e-421f-b967-aa1d920c99fd.pdf).

The main channel of transmission referred to in the first part of Article 3 of the
Convention is that the authority or judicial officer competent under the law of the requesting
State sends a request to the Central Authority of the requested State in accordance with the
form attached to this Convention, without the need legalization or other similar formalities.

Along with this, the Convention preserves the freedom of the Contracting Parties to
use alternative channels of transmission (Article 8 - diplomatic or consular channels; Article
10 - a) sending documents directly by mail to persons staying abroad, b) direct communication
between employees of the judicial system, officials or by other competent persons, c) direct
communication between the interested party and employees of the judicial system, officials
or other competent persons).

The priority of using one or another transmission channel is not established by the
Convention. However, each Contracting Party may object to the use of alternative channels
provided for by the Convention.

At the same time, since the main and alternative channels are equivalent, the court
must choose the appropriate channel for the delivery of documents taking into account the
principle of proportionality (specific circumstances of the case) and, in the case of choosing
a legally more complex and lengthy method of delivery, must justify its conclusion about this.[2]

In the context of the need to choose a less complicated method of service, it should
be taken into account that the requirement for the translation of court documents is contained
in Article 5 of the Convention, and therefore does not apply to the service of documents by
alternative transmission channels. Therefore, the Convention itself does not require the
translation of documents that are sent through alternative channels, in particular, this also
applies to cases where they are sent directly by mail to a person in accordance with Article
10 (a) of the Convention. At the same time, judicial practice indicates stricter requirements
for the translation of documents, and it is that the corresponding requirement for translation
may not be applied if the court has reason to believe that the non-resident speaks the
Ukrainian language, that is, the language of the requesting court. For example, in the decision
dated January 18, 2022 in case No. 910/5257/21,[3] the Supreme Court drew attention to the
fact that the local commercial court received a letter written in Ukrainian and signed by the
director of the defendant, in which the latter announced that he would stop accepting mail
from Ukraine and requested that further documents be sent to an address in Cyprus in
accordance with Article 10 of the Convention. Instead, in case No. 910/16503/18

---

[2] Resolution of the KGS of the Supreme Court dated 04/29/2022 in case No. 905/830/21 https://reyestr.court.gov.ua/Review/104164904

[3] Resolution of the KGS of the Supreme Court dated 18.01.2022 in case No. 910/5257/21 https://reyestr.court.gov.ua/Review/102838268

(decision dated July 29, [4] 2019) The Supreme Court concluded that the documents must be delivered to the company in accordance with the requirements of the Convention in English, since the courts have not established that the non-resident defendant or his employees speak the Ukrainian language to the extent that would ensure the ability to correctly and fully enough to understand the content of the statement of claim and court ruling. In addition,

taking into account the circumstances of the case, the court has the right to choose one of the options - to entrust one of the parties with the obligation to translate court documents or to independently engage a translator to translate court documents in accordance with the requirements of the Convention. At the same time, in accordance with Article 125 of the Civil Procedure Code of Ukraine, the court can: 1) charge the costs of hiring a translator (translation of documents to be sent to the non-resident defendant) from the defendant as security for court costs; 2) oblige the relevant party to deposit a pre-determined amount of court costs into the court's deposit account. Court practice has developed in such a way that the costs of involving an interpreter are usually borne by the plaintiff as an interested person in terms of solving the case on its merits. At the same time, after a decision is made in the case, if the claim is satisfied, the cost of such costs is charged to the defendant in accordance with the Code of Civil Procedure of Ukraine. [5]

The Convention also does not prohibit two or more Contracting States from agreeing to establish, for the purpose of serving court documents, other means of transmission than those provided for in the Convention, and, in particular, does not prohibit direct communication between their respective authorities.

The channels of transmission specified in such treaties of the Contracting States shall be exclusive or alternative to those provided for in the Convention, and objections to Articles 8 or 10, for example, against the use of postal channels, shall not be valid against another State Party with which the State which has declared an objection to the use of postal channels, concluded an additional or special agreement, which expressly allows the transmission of documents by mail (Practical Guide to the Application of the Convention https://zakon.rada.gov.ua/laws/show/998_a890). In addition, if both bilateral and multilateral international treaties (one or more) are in force in Ukraine's relations with a foreign state at the same time, and in none of them the priority of application of one of them regarding the same issues is established, the court may be guided when serving documents the delivery procedure provided for in any of these agreements. [6]

Importantly, the lack of formal notification of non-resident defendants creates risks of further annulment of the judgment or may become grounds for refusal to recognize and enforce such judgments abroad.

---

[4] Resolution of the KGS of the Supreme Court of July 29, 2019 in case No. 910/16503/18 https://reyestr.court.gov.ua/Review/83326880

[5] Resolution of the KGS of the Supreme Court dated 15.05.2023 in case No. 914/86/22 https://reyestr.court.gov.ua/Review/110997915

[6] Resolutions of the KGS of the Supreme Court dated April 29, 2022 in case No. 905/830/21 https://reyestr.court.gov.ua/Review/104164904; dated 05/15/2023 in case No. 914/86/22 https://reyestr.court.gov.ua/Review/110997915

WHEREAS, as noted in the above-mentioned Practice Guide, the principle that a court decides whether documents should be sent for service abroad in accordance with its own law has been widely accepted, despite an understanding of the dangers associated with allowing domestic service on a person, which was not expressly appointed as an agent to receive court documents.

At the same time, such service may not meet the objectives of the Convention, which are to ensure timely notification of the judicial proceedings to the person to whom the relevant documents are to be served.

Each court can carry out procedural actions exclusively on the territory of its state, which follows from the principle of state sovereignty. The powers of the court do not extend to the territory of a foreign state. Therefore, if the court sends court documents without observing the special procedure for serving documents provided for by the international treaty, such documents are not considered as a court notice, summons, decision, etc., but have the status of ordinary correspondence of a private person. By signing an international agreement, the state gives permission to foreign courts to officially serve court documents on its territory. If the document is not served in the manner specified by the international treaty, the party that received such a document can always claim that it was not properly notified of the court proceedings, did not receive a decree or court decision. Delivery of a court document to a foreign natural or legal person outside of the special procedure established by an international treaty can be considered as contempt of court for the sovereignty of a foreign state. Thus, if the court, guided by national legislation, certain considerations and

arguments, fails to comply with the formal procedure established by the Convention for notifying all defendants, this may lead to the impossibility of recognition and enforcement of the court decision abroad (in the country where the defendant or his property is located). The table below shows current information on ratification/accession by states to the Convention,[7]

objections to the transmission channels provided for by it, as well as the presence of bilateral agreements concluded between Ukraine and other states on legal assistance in civil or commercial (economic) cases. Also, the table contains concise conclusions regarding the channels for serving documents in business cases on the territory of each of the states without taking into account the circumstances of a particular court case.

---

[7] Resolutions of the KGS of the Supreme Court dated April 29, 2022 in case No. 905/830/21 https://reyestr.court.gov.ua/Review/ 104164904; dated 05/15/2023 in case No. 914/86/22 https://reyestr.court.gov.ua/Review/110997915

2. Information on the channels of delivery of documents in economic affairs, which can be used in individual states

2.1. A note on the information in the table

Warnings: 1.
The information specified in the table is purely auxiliary and reference. In order to fully understand the procedure for serving documents in business cases on the territory of a certain state, it is necessary to familiarize yourself with the full text of the Convention and the content of all reservations expressed by the Contracting State, and, if available, also with the full text of another international agreement on legal assistance concluded between Ukraine and the relevant state.
2. The names of the Contracting States of the Convention
are indicated in the order posted on the official website, i.e. according to their names in English. The names of the states that are not Contracting Parties to the Convention are listed in alphabetical order, according to their names in the Ukrainian language.

3. The table shows objections related to the application of Articles 8 and 10 of the Convention, i.e. objections to channels of service. Other reservations of the Contracting States regarding the application of the Convention can be found at https://www.hcch.net/en/publications-and-studies/details4/?pid=4074. In addition, at the specified link you can find practical information about the requirements of some Contracting States regarding the preparation of documents, as well as regarding the sending of these documents (where indicated See Practical information chart).

4. The list of bilateral international agreements concluded by Ukraine in the field of international legal cooperation can be found at the link https://minjust.gov.ua/m/4906. 5. When preparing and sending documents, one should
be guided by the Instruction on the procedure for the implementation of international agreements on the provision of legal assistance in civil cases regarding the delivery of documents, obtaining evidence and the recognition and enforcement of court decisions, approved by the Order of the Ministry of Justice of Ukraine dated June 27, 2008 No. 1092/5 /54 (https://zakon.rada.gov.ua/laws/show/z0573-08#Text), according to which the court of Ukraine sends a mandate through the interregional administration to the Ministry of Justice of Ukraine, unless otherwise provided by an international treaty of Ukraine.
6. Separately, we draw your attention to the fact that the table does not display information regarding the Convention on Legal Assistance and Legal Relations in Civil, Family and
of criminal cases of 1993 (https://zakon.rada.gov.ua/laws/show/997_009#Text) from January (https://zakon.rada.gov.ua/laws/show/997_018#Text). The effect of this Convention in relations with the Russian Federation and the Republic of Belarus has been suspended since December 27, 2022. In relations with Azerbaijan, Armenia, Georgia, Kazakhstan, Kyrgyzstan, Moldova,

and    Protocol    to    her    1993    year

Machine Translated by Google

Tajikistan, Turkmenistan and Uzbekistan, the Minsk Convention continues to apply until the date of Ukraine's withdrawal from it. From May 19, 2024, the Convention will be considered terminated for of Ukraine in relations with all its parties (https://www.sumyjust.gov.ua/novini/pro-vyhid-z-konvenczyiy/ ).

## 2.2. List of links to the names of states in the table

1. Albania

2. Andorra

3. Antigua and Barbuda

4. Argentina 5.

Armenia 6.

Australia 7.

Austria 8.

Bahamas

9. Barbados

10. Belarus

11. Belgium

12. Belize

13. Bosnia and Herzegovina

14. Botswana

15. Brazil 16

Bulgaria 17.

Canada 18.

People's Republic of China (Hong Kong)

China (Macau) 19.

Colombia 20.

Costa Rica 21.

Croatia 22.

Cyprus 23.

Czech

Republic 24. Denmark 25.

Egypt 26.

Estonia 27.

Finland 28.

France 29.

Federal

Republic of Germany 30. Greece 31. Hungary

32. Iceland

33. India 34.

Ireland 35.

Israel 36.

Italy

37. Japan

38. Kazakhstan

39. Republic of Korea (South Korea) 40.

Kuwait 41.

Latvia 42.

Lithuania

43. Luxembourg

44. Malawi

45. Malta 46.

Marshall Islands 47. Mexico

48. Monaco

49.

Montenegro 50.

Morocco 51.

Netherlands 52.

Nicaragua 53.

Norway 54.

Pakistan 55.

Poland 56.

Portugal 57.

Republic of Moldova 58.

Romania 59.

Russian Federation 60. Saint

Vincent and the Grenadines 61.

San Marino 62.

Serbia 63.

Seychelles 64. Slovakia

65 .Slovenia 66.

Spain 67. Sri

Lanka 68.

Sweden 70.

Former

Yugoslav

Republic of Macedonia (North Macedonia)

71. Tunisia 72. Turkey 73. Ukraine

Machine Translated by Google

VS74. United Kingdom (Great Britain) 75.

United

States of America 76. Venezuela

77. Vietnam 78.

Georgia 79.

Iran 80.


Democratic People's Republic of Korea (North

Korea) 81. Libya 82. Mongolia

83. United

Arab Emirates

84. Syria

85. Uzbekistan

## 2.3. Information about delivery channels in individual states in the form of a table

| No. | Name of the state | Presence and content of objections to the methods of service provided for by the Convention (Articles 8, 10) | A concise conclusion on the channels of service, taking into account the objections made by the countries regarding the use of the relevant channels, or the provisions of the bilateral agreement, that is, without taking into account the actual circumstances of a specific court case. |
|---|---|---|---|
| | | The existence of another international agreement, the main content of its provisions on delivery | Individual examples of judicial practice of the Supreme Court of the Supreme Court regarding the delivery of documents abroad |
| | I. Contracting States of the Convention | | |
| 1. Albania | no objections | | Any of the delivery channels provided for by the Convention may be used, including direct mail to a person.<br><br>sending |
| 2. Andorra | no objections | | Any of the delivery channels provided for by the Convention may be used, including direct mail to the person. |
| 3. Antigua and Barbuda | no objections<br><br>additional information "…<br>With reference to the provisions of paragraphs (b) and (c) of Article 10 of the Convention, documents sent for service channels will be                    through official accepted in the territory listed in the Annex by the designated authority and only from or consular judicial, diplomatic officials of Contracting          other States."<br><br>An extension to St. Christopher and Nevis was made | | Any of the delivery channels provided for by the Convention may be used, including directly by mail. Regarding the use of the channels provided          sending for in clauses (b) and (c) of Article 10 of the Convention, attention should be paid to additional information. |

11

| | | similar to the above statement | |
|---|---|---|---|
| | | Meanwhile, Saint Kitts and Nevis (formerly Saint Christopher and Nevis) gained its independence on September 19, 1983. He did not state that he considered himself bound by the Convention. Objection to Article 10 | |
| 4. Argentina | | Reservation: "The Argentine Republic opposes the use of methods of transmission in accordance with Article 10" | Any of the delivery channels provided for by the Convention may be used, except for those specified in Article 10 of the Convention. So mailing directly to a person is not allowed. |
| 5. Armenia | | no objections | Any of the delivery channels provided for by the Convention may be used, including direct mail to the person. |
| | | | Until May 19, 2024, the Minsk Convention is also in force in relations with Ukraine |
| 6. Australia | | qualified (specified) objections "(…) | Any of the delivery channels provided for by the Convention may be used, including sending directly by mail to a person with qualified consideration of (specified) objections, in particular, to sending by registered mail. |
| | | Australia does not object to the service of court documents on any citizen of the State origin of these of not -- documents. | |
| | | Australia does not object to service by channels if permitted postal in the jurisdiction in which the process is to be served. Documents forwarded through postal channels must be sent by registered mail to ensure receipt." | |

| | | |
|---|---|---|
| 7. Austria | regarding articles 8, 10: authority of the requested party documents that Convention    Use the channels of service, service direct mail person) is not allowed directly in the territory, as it is proposed in.<br><br>paragraph 1 of Article 8, with the exception of the use of diplomatic or consular channels when the document must be delivered to a citizen of the state, is allowed taking into country from which the documents originate."<br><br>"Austria objects to the methods of serving the documents set forth in Article 10 on its territory." | Delivery of objection documents Reservations is carried out through the central "Austria"<br><br>referred to in Article 10 of the or through foreign diplomatic or consular agents to its<br><br>account the<br><br>expressed objection. |
| 8. The Bahamas | no objections | Any of the delivery channels provided for by the Convention may be used, including direct mail to the person. |
| 9. Barbados | no objections | Any of the delivery channels provided for by the Convention may be used, including sending<br><br>directly by mail to the person. |
| 10. Belarus | no objections | Any of the delivery channels provided for by the Convention may be used, including direct mail to the person.<br><br>Letter of the Ministry of Justice of Ukraine dated March 21, 2022 No. 25814/12.1.1/32 addressed by the interregional administration 22 "Regarding the enforcement of international treaties of Ukraine during the period of martial law", in which "we ask to stated:    carry out    not any correspondence related to cooperation with |

| | | | by the justice institutions of Russia and Belarus on the basis of international treaties of Ukraine on international legal relations and legal cooperation in civil and criminal cases, and in the field of international private law, except for cases of transfer to courts or citizens on the territory of Ukraine of documents obtained as a result of requests, instructions and request"<br><br>by<br><br>Notice of JSC "Ukrposhta" dated 25.02.2022 that it has terminated cooperation with the Post of     postal Russia and Belarus<br><br>https://www.ukrposhta.ua/ua/news/ 57561-ukrposhta-chastkovo-vidnovlju-robotu-viddilen-de-ce-bezpechno-dlja-klintiv-i-pracivnikiv |
| 11. Belgium | Objection "...<br>The Government of Belgium opposes the use on the territory of Belgium of the option provided for in the first paragraph   in of Article 8...." | Any of the delivery channels provided for by the Convention may be used, including direct mail to the person. The use of diplomatic or consular channels is allowed taking into account the expressed objection. |
| 12. Belize | no objections | Any of the delivery channels provided for by the Convention may be used, including direct mail to the person.<br><br>Resolution of the KGS of the Supreme Court dated August 15, 2018 in case No. 910/12169/16 https:// reyestr.court.gov.ua/Review/7 5921824. |

14

|  |  |  | In this case, the court decided to apply to the Ministry of Justice of Ukraine for delivery of the decision through diplomatic channels. The resolution, in particular, states that the official website of the Hague Conference on Private International Law lacks data on the determination by Belize of a central authority whose duty is to receive requests for service of documents originating from other contracting states and to take procedural actions accordingly to the provisions of Articles 3 - 6 of the Convention, and Ukraine and Belize have not concluded a separate agreement on the provision of legal assistance in civil (commercial) cases. At the same time, the service order was made to the Supreme Court of Belize. Any of the delivery channels provided for by the Convention may be used, including direct mail to the person. |
| 13. Bosnia and Herzegovina | no objections |  |  |
| 14. Botswana | objection "… It is hereby declared that the Government of Botswana objects to the method of service referred to in sub-paragraphs (b) and (c) of Article 10." | | Any of the delivery channels provided for by the Convention may be used, except for those specified in subparagraphs (b) and (c) of the Article of the Convention. So direct mailing to a person is allowed. |
| 15. Brazil | Objections to Articles 8,10: "Brazil opposes the use of extrajudicial methods of transmission of documents provided for in Article 8 of the Convention." | | Delivery of documents is carried out through the central body of the requested party.<br><br>If it is necessary to serve documents to citizens of Ukraine on the territory of Brazil, they can |

15

"Brazil opposes methods of using diplomatic or consular channels.
transfer of judicial and extrajudicial
documents provided for. Attention should also be paid to Article 10 of the Convention."

the term established by the bilateral

Agreement between Ukraine and the agreement.
by the Federal Republic of Brazil on mutual
legal assistance and legal relations in civil
cases (2018) https://zakon.rada.gov.ua/
laws/sho

w/076_001-18#Text

Requests for legal assistance are sent
through the Central bodies of the Parties.
In Ukraine, the central body is the Ministry
of Justice. In the Federal Republic
of Brazil, the central authority is the Ministry
of Justice. Any changes in the appointment
of the Central Authority by one
Party shall be immediately notified through
diplomatic channels to the other Party. For
the purposes of this Agreement, the Central
authorities between themselves Request

worn out

directly. assistance is made in writing. In
urgent cases, the Central body of the
requested Party may accept a request in
another form, including requests submitted
by electronic means of communication. In
any such exceptional case, the request
shall be confirmed by providing a signed
copy of the request as soon as possible
thereafter, unless the Central Authority of
the requested

written

Machine Translated by Google

The parties will not agree otherwise (Article 4).

The request for service of subpoenas must be sent to the requested Party at least one hundred and eighty (180) days before the date of the hearing. The request for accompanying legal and the         and         assistance accompanying documents must be signed by an official from the requesting body, indicating the place and date. If received by the body, documents prepared by         not the requested party in accordance with the previous paragraphs of this article, the requested Party asks the requesting Party to provide the necessary information on the documents         or or immediately returns the package of documents to the requesting Party for completion (Article 7).

The requested Party delivers documents in accordance with its current legislation, if the documents are written in the language of the requested Party or accompanied by translation into it. If the document         a cannot be delivered to the address specified in the delivery request, the requested Party takes the necessary measures to establish the correct correct address, the requested Party informs the requesting Party about this and returns the         installation documents to         addresses         If it. Delivery of documents is confirmed in accordance with

17

| | | rules in force on the territory of the requested Party. Delivery is confirmed by the signature of the person to whom the documents were delivered. The confirmation must indicate the date and place of delivery, as well as the name of the person to whom the document was delivered (Article 11). | |
| --- | --- | --- | --- |
| 16. | Bulgaria | Objections<br>Declaration on Articles 8, 10:<br>"The Republic of Bulgaria declares that on the territory of Bulgaria, foreign diplomatic and consular agents may serve judicial and extrajudicial documents only to citizens of the state they represent."<br><br>"The Republic of Bulgaria objects to the use of transmission channels for the service specified in Article 10 of the Convention."<br><br>Agreement between Ukraine and the Republic of Bulgaria on legal assistance in civil cases (2004) https://zakon.rada.gov.ua/laws/<br>sho<br>w/100_056#Text<br>Regarding the provision of legal aid in accordance with this Justice Treaty, the bodies of the Contracting Parties communicate through their central bodies (part two of Article 3).<br><br>In the request for delivery of documents, the address of the recipient and the type of documents to be delivered are indicated. (...) The request for the provision of legal assistance is signed by the relevant official certified. must and | Delivery of documents is carried out through the central body of the requested party.<br><br>If it is necessary to serve documents to citizens of Ukraine on the territory of Bulgaria, diplomatic or consular channels may be used. |

| | | with the official seal of the requesting body of justice (parts two and three of Article 10). | |
| | | The judicial body of the requested Contracting Party serves the documents in accordance with its internal legislation and the provisions of this Agreement. The judicial body of the requested Contracting Party shall also hand over documents that have been drawn up without complying with the requirements of Article 4 of this Agreement, provided the addressee agrees to accept them (Article 12). | |
| | | The provisions of this Agreement do not limit the rights of the Contracting Parties to deliver judicial and other documents to their own citizens through their diplomatic missions or consular institutions, provided that coercive measures are not applied (Article 14). | |
| 17. | Canada | no objections | Any of the delivery channels provided for by the Convention may be used, including direct mail to the person.<br><br>Resolution of the KGS of the Supreme Court dated 06.12.2021 in case No. 910/7281/20 https://reyestr.court.gov.ua/Review/1 01673495.<br>In this case, the court decided to send documents to non-residents directly by mail. |

| 18. Chinese people's republic | objection "… declare in accordance with the second paragraph of Article 8 that the means of service provided for in the first paragraph of this Article may be used in the territory of the People's Republic of China only when the document is to be served on a citizen of the country from which the documents originate." | Delivery of documents is carried out through the central body of the requested party.<br><br>If it is necessary to serve documents to citizens of Ukraine on the territory of the People's Republic of China, diplomatic or consular channels can be used. |
| | "...to oppose the delivery of documents to the territory of the People's Republic of China by the methods provided for in Convention"        Article 10 of the | Decision of the KGS of the Supreme Court dated March 28, 2018 in case No. 922/981/17 https://reyestr.court.gov.ua/Review/73032952. |
| | Agreement between Ukraine and the People's Republic of China on legal assistance of civilians in criminal cases https://               (1992)        and zakon.rada.gov.ua/laws/sho<br><br>w/156_014#Text<br>When applying for legal assistance in civil and criminal cases, other competent courts and institutions of the Contracting Parties each other        shall communicate with through their central institutions, unless otherwise established by this Agreement. The central institutions mentioned in clause 1 of this article include: from the side of Ukraine - the Ministry of Justice of Ukraine, the Supreme Court of Ukraine and<br><br>General Prosecutor's Office of Ukraine; on the part of the People's Republic of China - the Ministry of Justice of the People's Republic of China, the Supreme Court of the People's Republic of China and the Supreme People's Procuratorate | According to this decision, the documents were to be sent to the competent authorities at the location of the non-resident defendant delivery in the               for their manner established by the Convention. |

| | | PRC (Article 2). On the authority of the competent authorities, diplomatic missions or consular institutions of one of the Contracting Parties, accredited to the other Party, may serve judicial and extrajudicial documents to their own citizens, interview them. These actions, however, cannot contain measures of a coercive nature contrary to the legislation of the country of residence (Article 8). objection "In accordance with paragraph 2 of Article 8 of the Convention, it declares that | |
| | China (Hong Kong) | the means of service specified in paragraph 1 of this Article may be used within the Hong Kong Special Administrative Region only when the document is to be served on a national of the State from which the document originates." <br><br><br> additional information "With reference to the provisions of clauses (b) and (c) of Article 10 of the Convention, sent, served       documents      for through official channels, will be accepted in Hong Kong or only        central additional body and only from consular or judicial, Contracting      diplomatic officials of other States." | Any of the delivery channels provided for by the Convention may be used, including direct mail to the person. The use of diplomatic or consular channels is allowed subject to objection. The use of the channels provided for in clauses (b) and (c) of Article Convention is        10 of the possible with additional consideration of expressed                      information. |
| | China (Macao) | objection "According to the second paragraph of Article 8 of the Convention, it declares that the means of service provided for in the first paragraph of this Article may be used in | Any of the delivery channels provided for by the Convention may be used, including direct mail to the person. Use of diplomatic and |

| | | | |
|---|---|---|---|
| | | boundaries of the Macao Special Administrative Region only when the document is to be served on a citizen of the country from which the document originates." | consular is channels allowed taking into account the expressed objections. |
| 19. Colombia | | no objections | Any of the delivery channels provided for by the Convention may be used, including direct mail to the person. |
| 20. Costa Rica | | no objections | Any of the delivery channels provided for by the Convention may be used, including direct mail to the person. |
| 21. Croatia | | objection Statement in accordance with Article 8 of the Convention: "The Republic of Croatia declares that it opposes the direct service of judicial documents to persons who are in its territory, through foreign diplomatic or agents, in cases where the document must with the exception of be served by consular offices on a citizen When of the state from which the document originates." Application in accordance with Article 10 of the Convention: "The Republic of Croatia declares that it opposes the regime of service referred to in Article 10 of the Convention." | Delivery is documents carried out through the central body of the requested party. The use of diplomatic or consular channels taking into is allowed account the expressed objection. The use of delivery channels specified in Article 10 of the Convention (including direct to a mail sending person) is not allowed. Decision of the KGS of the Supreme Court dated 30.01.2023 in case No. 914/2143/21 https://reyestr.court.gov.ua/Review/1 08653193. In this case, the court sent the documents to the Ministry of Justice of Croatia. |
| 22. Cyprus | | no objections In a note dated January 5, 1984, the Government of Cyprus specifically stated that there were no objections: "(...) | Any of the delivery channels provided for by the Convention may be used, including direct mail to a person is allowed |

| | | | |
|---|---|---|---|
| | | (d) Articles 8 and 10<br>There are no objections to the methods of transfer of documents provided for in these articles..."<br><br>Agreement between Ukraine and _and_ the Republic of Cyprus on legal assistance in civil cases (2004) https://zakon.rada.gov.ua/laws/<br>sho<br>w/196_008#Text<br>Regulations _this one_<br>Agreements apply to legal entities located in the _which_ have own territory of any of the Contracting Parties and which were created in accordance with its legislation (part three of Article 1).<br><br><br>The Contracting Parties shall appoint Central Authorities for the purpose of providing legal assistance to each other in accordance with this Agreement. The central authority on the part of Ukraine is the Ministry of Justice of Ukraine, and on the part of the Republic of Cyprus -<br>Ministry of Justice and Public Order of the Republic of Cyprus. For the purpose of the implementation of this Agreement, the competent authorities of the Contracting Parties are abolished through their Central authorities (Article 2). | Decision of the<br>KGS of the Supreme Court 1) dated 23.07.2020 in case<br>No. 910/28827/15 https://reyestr.court.gov.ua/Review/1<br>0566050;<br>2) dated August 28, 2023 in case No. 922/3339/20 https://<br>reyestr.court.gov.ua/Review/1 13063845.<br>Resolutions of the KGS<br>of the Supreme Court: 1) dated 04/29/2022 in case No.<br>905/830/21 https://reyestr.court.gov.ua/Review/1 04164904;<br>2) dated 12/21/2022 in case No. 905/947/21 https://<br>reyestr.court.gov.ua/Review/1 08581470;<br>3) dated 05/24/2022 in case No. 905/1059/21 https://<br>reyestr.court.gov.ua/Review/1 04603034;<br>4) dated 05/23/2022 in case No. 905/1060/21 https://<br>reyestr.court.gov.ua/Review/1 04516511.<br>In all of the above examples, the court reached a conclusion about the possibility of sending directly to non-     documents residents<br>_by mail_ |
| 23. Czech Republic | | objection<br>28.01.1993<br>The Czech Republic supports the declarations made by Czechoslovakia.<br><br>statements made by     Text of the former Czechoslovakia:<br>"<br>    ... in accordance with Article 8 of the Convention, territories on | Delivery of documents is carried out through the central body of the requested party.<br><br><br>If it is necessary to serve documents to citizens of Ukraine on the territory of the<br>on     Czech Republic, diplomatic or consular channels can be used. |

| | | Socialist                    Judicial Czechoslovakia documents of the Republic may not be served directly through diplomatic or consular representatives of another Contracting State, except in cases where the document must be served on a citizen of the State in which the documents originate..." "...in accordance with Article 10 of the Convention, court documents may be to the territory of               transmitted the Socialist Republic of Czechoslovakia by another Contracting State through postal channels, as well as through court officials, officials or other competent persons..." | Decision of the KGS of the Supreme Court dated 20.03.2023 in case No. 926/4215/21 https://reyestr.court.gov.ua/Review/1 09673290 In this case, the court decided to apply through the Ministry of Justice of Ukraine with a court order to the authorized body of justice of the Czech Republic to serve the non-resident defendant with a court decision in the manner specified by the Agreement between Ukraine and the Czech Republic on legal assistance in civil cases. |
| | | Agreement between Ukraine and the Czech Republic on legal assistance in civil cases (2001) https://zakon.rada.gov.ua/ laws/ sho w/203_018#Text Judiciary bodies of the Contracting Parties shall mutually provide legal assistance in civil cases in accordance with the terms of this treaty. Regarding the provision of legal assistance in accordance with this Agreement, the justice authorities of the Contracting Parties communicate through their central Central authorities. bodies may agree in relation to justice that the Contracting Parties shall the bodies of deal with each other directly (Article 3). | |

| | | | |
|---|---|---|---|
| | | The judicial body of the requested Contracting Party shall serve documents with the legislation of its own in accordance Article 4 of this Agreement, if the document to be served is in the language of the requested Contracting Party or an official translation is attached to it. Otherwise, the judicial body of the requested Contracting Party shall deliver the document to the addressee only when he agrees to accept it voluntarily (Article 12).<br><br>The Contracting Parties may serve court and other documents and own citizens to interrogate them also through their diplomatic missions or consular institutions, provided that coercive measures are not applied (Article 14). | |
| 24. Denmark | | no objections<br><br>however "As far as Article 10 (a) is concerned, Denmark has not stated that it objects to this method of transmission. However, this does not mean that this method is valid for providing the service in Denmark. The Danish courts have not yet had the opportunity to decide on this issue." (see response 11 of the Danish government to the 2003 Service Convention questionnaire) | Any of the channels of service provided for by the Convention may be used, including direct mail to the person is allowed, but taking into account the above response of the Danish government in 2003, service of documents is more appropriate<br><br>to be carried out through the central authority of the requested party. |
| 25. Egypt | | Objection "The Government of the United Arab Republic opposes the use of judicial border transfer methods by and | Delivery of documents is carried out through the central authority of the requested party.<br><br>The use of delivery channels specified in Article 10 of the Convention (art |

Machine Translated by Google

| | | documents in                         extrajudicial accordance with Articles 8 and 10 of the Convention" | therefore, mailing directly to a person) is not allowed.<br><br>The use of diplomatic or consular channels taking into                         is allowed account the expressed objection. |
|---|---|---|---|
| 26. Estonia | | objection "…<br>the Republic of Estonia opposes the method of forwarding referred to in point c of Article 10 …" | Delivery of documents is carried out through the central body of the requested party.<br><br>If it is necessary to serve documents to citizens of Ukraine on the territory of Estonia, diplomatic or consular channels may be used. |
| | | Agreement between Ukraine and the Republic of Estonia on legal assistance and legal relations in civil and criminal cases (1995) https://zakon.rada.gov.ua/laws/sho<br><br>w/233_659#Text<br>When providing legal assistance, the institutions of the Contracting Parties communicate with each other through the Ministry of Justice and the General Prosecutor's Office of Ukraine and the Ministry of Justice and the State Prosecutor's Office of the Republic of Estonia, unless otherwise provided for in this Agreement (Article 4).<br><br>The requested institution serves the documents in accordance with the rules in force in its state, if the documents to be served are drawn up in its language or provided with a certified translation, in cases where the documents are not drawn up in the language of the requested Contracting Party or are not provided with a translation, they are given to the recipient if he agrees to voluntarily accept them | |

|  |  | to accept The request for delivery must specify the exact address of the recipient and the name of the document to be delivered. If the address is specified in the service request or<br><br>turned out to be        incomplete<br><br>inaccurate, the requested institution shall take measures in accordance with its legislation to establish the exact address (Article 9). The Contracting Parties have the right to serve documents and interrogate their own citizens through their diplomatic missions<br><br>or consular offices. At the same time, coercive measures may be applied (Article 11). |  |
|---|---|---|---|
| 27. Finland |  | additional information<br>"Finnish authorities are not obliged to facilitate the service of documents transmitted by any of the methods specified in subparagraphs (b) and (c) of Article 10 of the Convention." | Any of the delivery channels provided for by the Convention may be used, including direct mail to the person.<br><br>However, additional information should be taken into account regarding the channels specified in subparagraphs (b) and (c) of Article 10 of the Convention. |
| 28. France |  | Objection "The Government of the French Republic declares that it opposes, as provided for in Article 8, the direct service through the diplomatic and consular representatives of the Contracting States of documents intended for persons who are not nationals of those States." | Any of the delivery channels provided for by the Convention may be used, including direct mail to the person.<br><br>The use of diplomatic and consular channels taking into                is allowed account the expressed objections. |

| 29. Federal Republic of Germany | Objection "In accordance with paragraph 2 (a) of Article 21 of the Convention, the Government of the Federal Republic of Germany objects to the use of methods of transmission in accordance with Articles 8 and 10. Service through diplomatic or consular representatives (Article 8 of the Convention) ) is admissible only if the document is to be served on the citizen of the sending state. Service is not carried out in accordance with Article 10 of the Convention." | Delivery of documents is carried out through the central authority of the requested party. The use of delivery channels specified in Article 10 of the Convention (including sending directly by mail to a person) is not allowed.<br><br>Using or                 diplomatic channels consular is allowed taking into account the expressed objection. |
|---|---|---|
| 30. Greece | objection "Greece opposes the method of service provided for in Article 8, except when the document to be served is addressed to a national of the requesting State."<br><br>"Greece opposes method of services provided in Article 10"<br><br>Agreement between Ukraine and the Hellenic Republic on legal assistance in civil matters (2002) https://<br><br>zakon.rada.gov.ua/laws/sho w/300_013#Text<br><br>When providing legal assistance, the courts of the Contracting Parties and other institutions competent in civil matters shall communicate with each other through the Ministry of Justice of Ukraine and the Ministry of Justice of the Hellenic Republic, unless otherwise provided for in this Agreement (Article 5).<br><br>The requested institution carries out | Delivery is                 documents carried out through the central body of the requested party.<br><br>If it is necessary to serve documents to citizens of Ukraine on the territory of Greece, diplomatic or consular channels may be used. |

| | | | |
|---|---|---|---|
| | | service of documents in accordance with the legislation in force in its state, if the documents to be served are drawn up in its language or provided with a certified translation. In cases where the documents are not written in the language of the requested Contracting Party or are not provided with a translation, they are handed over to the recipient if he agrees to accept them voluntarily. The request for service must include the full (exact) name and exact address of the person to whom the documents need to be served. If the address given in the request for service is found to be incorrect, the requested institution shall take steps in accordance with its law to establish the correct address, if possible (Article 10). | |
| 31. Hungary | | objection "The Republic of Hungary objects to the direct delivery of documents by foreign or diplomatic consular agents on the territory the Republic of Hungary, if the addressee is not a citizen of the sending country or diplomatic consular agent." | Delivery of documents is carried out through the central body of the requested party. If it is necessary to serve documents to citizens of Ukraine on the territory of Hungary, diplomatic or consular channels may be used. |
| | | "The Republic of Hungary objects to the use of the service methods provided for in Article 10 of the Convention." | Decision of the KGS of the Supreme Court dated 10.05.2022 in case No. 916/1812/18 https://reyestr.court.gov.ua/Review/04308251. In accordance with this decision, the court decided to apply through the Ministry of Justice of Ukraine with a court order to the Ministry of Justice of Hungary to serve the decision on the non-resident defendant |
| | | Agreement between Ukraine and the Republic of Hungary on legal assistance in civil cases (2001) | |

| | | | |
|---|---|---|---|
| | | https://zakon.rada.gov.ua/laws/sho w/348_026#Text implementation In the case of legal justice assistance, the institutions of the Contracting Parties shall communicate with each other through the Ministries of Justice of the Contracting Parties (Article 4). The Contracting Parties have the right to serve documents to their own citizens who are in the territory of the other Contracting Party, also through their diplomatic or consular institutions, if they agree to accept them (Article 8). objection "Iceland objects to the use of such methods of service in its territory | of the court dated 10.05.2022 in the manner determined by the Treaty between Ukraine and the Republic of Hungary on legal assistance in civil cases. |
| 32. Iceland | | as specified in paragraphs (b) and (c) of Article 10 of the Convention." | Any of the delivery channels provided by the Convention may be used, except for those specified in clauses (b) and (c) of Article 10 of the Convention. So mailing directly to a person is acceptable |
| 33. India | | Objection "Service of court documents or through diplomatic consular channels will be limited to citizens of the country from which the documents originate" "India opposes Article 10 methods of service" | Delivery is                       documents carried out through the central body of the requested party. If it is necessary to serve documents to citizens of Ukraine on the territory of India, on       diplomatic or consular channels can be used. |
| | | Agreement between Ukraine and the Republic of India on mutual legal assistance in civil and economic matters (2012) https:// zakon.rada.gov.ua/laws/sho w/356_026#Text Requests for legal assistance are sent through the central authorities of the Contracting Parties. IN | Resolution of the KGS of the Supreme Court of October 22, 2020 in case 910/6825/20 https://reyestr.court.gov.ua/Review/9 2347542 In this case, the court decided, through the Ministry of Justice of Ukraine, to apply to the central body of India with a court mandate. |

| | | In Ukraine, the central authority is the Ministry of Justice of Ukraine. In the Republic of India, the Central Authority is the Ministry of Law and Justice (Article 2).<br><br>The request for service of documents must contain the name and full address of the person or persons to whom the documents are to be served, and the nature of the relevant documents. If the document cannot be served at the address specified in the service request, the requested authority shall take the necessary measures to establish the correct address. If the address is not possible, the requested authority informs the requesting authority and returns one the documents to the latter. Confirmation of delivery of documents is confirmed in accordance with the rules in force in the territory of the requested Contracting Party. Delivery is confirmed by the signature of the person who received the documents. The on confirmation must include the date and place of delivery, as well as the name of the person to whom the document was delivered (Article 8). | |
| 34. Ireland | | further information "Pursuant to the provisions of Article 10 of the Convention, the Government of Ireland denies (I)<br>freedom under Article 10(b) to judicial officers, officials or other competent persons<br><br>country of origin to serve court documents on Ireland in | Any of the delivery channels provided for by the Convention may be used, except for those specified in clauses (b) and (c) of Article 10 of the Convention, subject to additional information. So direct mailing to a person is allowed |

|  |  | directly through court officials, officials or other competent persons and<br><br>(II) the freedom under section 10(c) of any person interested in legal proceedings to effect service of judicial documents in Ireland directly through judicial officers, officers or other competent persons, but this is not intended to prevent any person in another Contracting State interested in the proceedings (including its lawyer) to effect service on Ireland directly through a solicitor in Ireland."<br><br>in |  |
|--|--|--|--|
| 35. Israel |  | additional information<br>"The State of Israel, as the State of destination, as regards paragraphs b) and c) of Article 10 of the Convention, will carry out the service of judicial documents only through the Office of Courts and only where the application for such service originates from a judicial authority or from a diplomatic consular office Contractual<br>or<br>state representation."<br><br>"In accordance with the provisions of Article 21 of the Convention, the Government of Israel hereby announces that it opposes the use of methods of transmission within its territory pursuant to Article 10(a) of the Convention of documents addressed          concerning<br>to the State of Israel, its<br>including | Any of the delivery channels provided for by the Convention may be used, but with additional consideration of information. |

| | | | |
|---|---|---|---|
| | | political units, agencies, authorities and instrumentalities, and to officials or agents acting or acting on behalf of the Government of Israel. Delivery of such documents is carried out, in accordance with the Convention, through the Directorate of Courts." provisions | |
| 36. Italy | | no objections | Any of the delivery channels provided for by the Convention may be used, including direct mail to a person is allowed

Resolution of the KGS of the Supreme Court of November 29, 2019 in case No. 908/1481/19 https://reyestr.court.gov.ua/Review/8 6034216.

In this case, the court decided to send the documents to a foreign person in accordance with the procedure provided by Article 10 of the Convention to the addresses available in the case file.

Resolution of the KGS of the Supreme Court dated 14.07.2023 in case No. 905/493/22 https://reyestr.court.gov.ua/Review/1 12271481

The court noted that according to the information contained on the official website of the Hague Conference on Private International Law, Italy does not object to the method of transfer of court documents of the specified |

| | | | |
|---|---|---|---|
| | | | p."a" of Article 10 of the Convention. Therefore, _maybe_ the defendant must be notified of the place, date and time of the case hearing by sending the court decision directly to his address. Delivery of documents is carried |
| 37. Japan | | Objection "The Japanese government states that it opposes the use of methods                maintenance, specified in clauses (b) and (c) of Article 10." "In accordance with the provisions of Article 21 of the Convention, the Government of Japan hereby gives notice of its objection to Article 8 and Article 10 (a)" | out through the central body of the requested party. The use of delivery channels specified in Article 10 of the Convention (including direct to a _mail_ sending person) is not allowed. The use of diplomatic or consular channels taking into _is allowed_ account the expressed objection. |
| 38. Kazakhstan | | no objections | Any of the delivery channels provided for by the Convention may be used, including direct mail to a person is allowed Until May 19, 2024, the Minsk Convention is also in force in relations with Ukraine |
| 39. Republic of Korea (South Korea) | | Objections Pursuant to Article 8, the Republic of Korea objects to the service of judicial documents through                directly diplomatic or consular agents on persons within its territory, except when the document is to be served on a citizen of the country from which the documents originate. Under Article 10, the Republic of Korea objects | Delivery of documents is carried out through the central body of the requested party. The use of delivery channels specified in Article 10 of the Convention (including direct to a _mail_ sending person) is not allowed. The use of diplomatic or consular channels taking into _is allowed_ account the expressed objection. |

| | | against the following: <br> a) freedom to send court documents through postal channels directly to persons across the border, by <br><br> b) the freedom of court officials, officials or other competent persons of the state to carry out the origin of service of court directly through documents court officials or other competent persons of the destination state. <br><br><br> c) the freedom of any person interested in court proceedings to serve court documents directly through court officials, officials or other competent persons of the destination state." Objection Text of declarations: | |
|---|---|---|
| 40. Kuwait | "(...) <br> 4. Objection to the methods of serving court documents specified in Articles 8 and 10 of the Convention" | Delivery of documents is carried out through the central body of the requested party. <br><br> The use of delivery channels specified in Article 10 of the Convention (including sending it directly to a person by mail) is not allowed. <br><br> The use of diplomatic or consular channels taking into is allowed account the expressed objection. |
| 41. Latvia | Objection In accordance with paragraph 2 of Article 8 of the Convention, the Republic of Latvia declares that it is against the transfer of documents on the basis of Article 8 of the Convention on its territory, in cases where except the When document must be served | It is allowed to use any of the delivery channels provided by the Convention, except for those specified in clauses (b) and (c) of Article 10 of the Convention. Sending directly is allowed, by mail to a person but ... |

a citizen of the country of origin of the documents.

Pursuant to Article 10 of the Convention, the Free Republic of Latvia objects to not the court document sending

postal channels directly to the addressee in the Republic of Latvia (paragraph (a) of Article 10), if the document is delivered before or in language, in the Latvian Latvian, sent accompanied by a translation into by registered mail (with

by post by letter confirmation of receipt)

Pursuant to Article 10 of the Convention, the Republic of Latvia objects to the transmission (b) and channels specified in clauses (c) of Article 10.

Agreement between Ukraine and the Republic of Latvia on legal assistance and legal relations in civil, family, labor and criminal matters (1995) https://zakon.rada.gov.ua/laws/sho

w/428_627#Text

When providing legal assistance, the institutions of the Contracting Parties communicate with each other through the Ministry of Justice, the General and Prosecutor's Office of Ukraine and the Ministry of Justice, the General and Prosecutor's Office of the Republic of Latvia, if the Treaty provides otherwise (Article 4). given not

The requested institution carries out

compliance with language requirements and sending by registered mail (with a letter by post confirmation of receipt).

The use of diplomatic or consular channels is allowed account the expressed taking into objection and bilateral provisions

contract

Resolution of the KGS of the Supreme Court dated 02.05.2023 in case No. 910/5958/20 https://reyestr.court.gov.ua/Review/1 10568789.

In accordance with this resolution, documents must be sent by mail directly to the address of a non-resident.

service of documents in accordance with the rules in force in its state, if the documents to be served are drawn up in its language or provided with a certified translation. In the event that the documents are not drawn up in the language of the requested Contracting Party or are not provided with a translation, they are handed over to the recipient if he agrees to voluntarily accept them. The request for delivery must specify the exact address of the recipient and the name of the document to be delivered. If the address specified in the request turns out to be incomplete, the requested institution, in accordance with the legislation of its state, takes measures to establish the exact address (Article 9). The Contracting Parties have the right to serve documents and interrogate their own citizens through their diplomatic missions or consular institutions. At the same time, coercive measures may be applied (Article 11). objection

"...And taking into account that this is provided for in Article 8 of the said Convention, the Republic of Lithuania declares that it opposes the delivery of documents provided for in this Article in cases,

not

| 42. Lithuania | | | Delivery of documents is carried out through the central body of the requested party.<br><br>If it is necessary to serve documents to citizens of Ukraine on the territory of Lithuania, diplomatic or consular channels may be used. |
| --- | --- | --- | --- |
| | | except                          When | |

documents must be delivered to a citizen of the country in which the documents originate; And since this is provided for in Article 10 of the said Convention, the Republic of Lithuania declares that it opposes the delivery of documents for in this article..." provided

Agreement between Ukraine and the Republic of Lithuania on legal assistance and legal relations in civil, family and criminal matters (1993) https://zakon.rada.gov.ua/laws/sho

w/440_002#Text

When providing legal assistance, the institutions of the Contracting Parties communicate with each other through their central bodies, unless otherwise provided for in this Agreement. The central bodies include: from the side of Ukraine -

Ministry of Justice, General Prosecutor's Office; on the part of the Republic of Lithuania - the Ministry of Justice, the General Prosecutor's Office (Article 4).

The requested institution delivers documents in accordance with the rules in force in its state, if the documents to be delivered are drawn up in its language or provided with a certified translation. In cases where the documents are not in the language of the requesting Contracting Party or are not provided with a translation, they are handed over to the recipient if he agrees to voluntarily accept them. IN

he

|  |  | requests for service must include the exact address of the recipient and the name of the document to be served. If the address specified in the request for service or

turned out to be incomplete

inaccurate, the requested institution shall, in accordance with its legislation, take measures to establish the exact address (Article 9). The Contracting Parties have the right to serve documents and interrogate their own citizens through their diplomatic missions or consular institutions. At the same time, coercive measures cannot be taken (Article 11). |  |
|---|---|---|---|
| 43. Luxembourg |  | Objection "In accordance with Article 8, the Government of Luxembourg opposes diplomatic and consular services directly serving judicial documents on agents its territory to persons who are not nationals of their country." | Any of the delivery channels provided for by the Convention may be used, including direct mail to a person. The use of diplomatic and consular sending channels is allowed taking into account the expressed objections. |
| 44. Malawi |  | no objections | Any of the delivery channels provided for by the Convention may be used, including direct mail to a person is allowed |
| 45. Malta |  | objection "In accordance with Article 8 of the Convention, the Government of Malta declares that it opposes the service of documents on the territory of Malta directly through diplomatic or consular representatives of other Contracting Parties | Delivery of documents is carried out through the central authority of the requested party.

The use of delivery channels specified in Article 10 of the Convention (including direct to a mail sending person) is not allowed. |

| | | | |
|---|---|---|---|
| | | states in accordance with the first paragraph of the specified Article 8, the Contracting             except for State citizen who performs such service.<br><br>In accordance with Article 10 of the Convention, the Government of Malta declares that it opposes the use by other Contracting States of any methods of transmission and service of the documents referred to in the said Article 10 in its territory." | The use of diplomatic or consular is allowed taking          channels into account the expressed objection. |
| 46. | Marshall Islands | objection "[The Republic of the Marshall Islands] objects to the method of service provided for in Article 8, except where the document is to be served on a national of the State from which the document originates.<br><br>[The Republic of the Marshall Islands] objects to the methods of transmission documents                     of judicial provided for in Article 10(a)." | It is allowed to use any of the channels provided for by the Convention except for the   delivery specified in point a) of Article Convention. So mailing directly to a person is not allowed.<br><br>The use of diplomatic and consular is allowed taking          channels into account the expressed objections. |
| 47. | Mexico | objection With regard to Article 8, Contracting States may directly serve judicial documents or carry out the process of service through their diplomatic or consular offices in the territory of Mexico, except in cases where the document is to be served on a national of the State from which the documents originate, provided that such a procedure is not contrary to public policy and does not violate constitutional rights.<br><br>Regarding Article 8 of the Agreement | Delivery of documents is carried out through the central authority of the requested party. Regarding other delivery channels, you should be guided by objections.          expressed |

States will be able to serve judicial documents directly through their diplomatic or consular offices in the territory of Mexico, unless the document is served on a citizen of the State in which the documents originate and are provided that such a procedure does not conflict with public law and does not violate individual guarantees.

With respect to Article 10, the United Mexican States opposes the direct service of documents through diplomatic or consular agents on persons within the territory of Mexico in accordance with the procedures described in subparagraphs a), b) and c), unless the Judicial Authority in exceptional cases grants otherwise than simplification, national rules, and provided that such a procedure does not conflict with public The request            individual guarantees. must contain the formalities that are necessary for the delivery of the document.

the right                or

should                    description

Declarations made at the time of accession (1999): V. With respect to Article 10, the United States of Mexico opposes the service of documents directly or through consular agents on persons in Mexican territory      diplomatic pursuant to the procedures described in subparagraphs (a), (b), and (c). except when the Court

41

| | | | |
|---|---|---|---|
| | | the authorities in exceptional cases grant a simplification different from national norms, provided that such a procedure does not conflict with public legislation and does not violate individual guarantees. The request must contain a description of the formalities, the application of which is necessary for the delivery of the document | |
| 48. | Monaco | Objection "The Principality of Monaco declares, as provided for in Article 8, that it opposes the service of judicial documents directly through consular                    diplomatic or representatives of the Contracting States to persons who are not citizens of those States.<br><br>The Principality of Monaco declares that it objects to the exercise of the freedom described in Article 10, paragraph 1 (a)." | It is allowed to use any of the channels provided for by the Convention except for the delivery specified in the point a) of Article 10 Convention. So mailing directly to a person is not allowed.<br><br>The use of diplomatic and consular channels taking into                    is allowed account the expressed objections. |
| 49. | Montenegro | objection "…b) Montenegro opposes service directly through foreign diplomatic or consular agents in accordance with Article 8 of the Convention, except when the document is to be served on a citizen of the country from which the documents originate;<br><br>c) Montenegro opposes transfer methods in accordance with Article 10 of the Convention;…" | Delivery of documents is carried out through the central authority of the requested party. The use of delivery channels specified in Article 10 of the Convention (including sending it directly to a person by mail) is not allowed.<br><br>The use of diplomatic or consular channels taking into                    is allowed account the expressed objection. |
| 50. | Morocco | no objections | Any of the delivery channels provided for by the Convention may be used, including direct mail to a person is allowed |

| 51. Netherlands | no objections | Any of the delivery channels provided for by the Convention may be used, including direct mail to a person is allowed |
|---|---|---|
| | | Resolutions of the KGS of the Supreme Council: |
| | | 1) dated 04/29/2022 in case No. 905/830/21 https:// reyestr.court.gov.ua/Review/1 04164904; |
| | | 2) dated 12/21/2022 in case No. 905/947/21 https:// reyestr.court.gov.ua/Review/1 08581470. |
| | | 3) dated 05/24/2022 in case No. 905/1059/21 https:// reyestr.court.gov.ua/Review/1 04603034; |
| | | 4) dated 05/23/2022 in case No. 905/1060/21 https:// reyestr.court.gov.ua/Review/1 04516511. |
| | | In these cases, according to the court's conclusions, the documents had to be sent directly by mail to a non-resident. Delivery of documents |
| 52. Nicaragua | objection "Nicaragua declares that it opposes the service of judicial documents on its territory in accordance with Article 8, second paragraph, of the Convention. Nicaragua states that it objects to the forms and channels of service set forth in Article 10 (a), (b) and (c) of the Convention." | is carried out through the central authority of the requested party. The use of delivery channels specified in Article 10 of the Convention (including sending it directly to a person by mail) is not allowed. The use of diplomatic or consular channels is allowed taking into account the expressed objection |
| 53. Norway | denial "(...) | Delivery of documents is carried out through the central |

43

|  |  |  |  |
|---|---|---|---|
|  |  | 4. The Government of Norway opposes the use of such methods or the transfer of on its service of documents territory as specified in Articles 8 and 10 of the Convention." | authority of the requested party. The use of delivery channels specified in Article 10 of the Convention (including direct to a mail sending person) is not allowed.<br><br>The use of diplomatic or consular channels taking into is allowed account the expressed objection |
| 54. | Pakistan | denial "(...) For the purposes of Article 8 of the Convention, it is hereby declared that the Government of Pakistan opposes the service of judicial documents on persons other than nationals of the requesting reside in Pakistan States who directly through diplomatic and consular agents of the requesting States. It does not, however, object to such service through postal channels directly to the persons concerned (Article 10 (a)) or directly through the judicial officers of Pakistan in terms of Article 10 (b) of the Convention, if the service is the law of the State."<br><br>like that recognized asking | Any of the channels of service provided for in the Convention may be used, including direct mail to the person or direct service through Pakistani judicial officers, but only if such service is recognized by the law of the requesting State. The use of diplomatic and consular channels is allowed taking into account the expressed objections. |
| 55. | Poland | Objection The Republic of Poland has decided to accede Convention by stating to the that it opposes the methods of service specified in Articles 8 and 10 on its territory.<br><br>Agreement between Ukraine and the Republic of Poland on legal assistance and legal relations in | The order for the delivery of documents can be sent by the methods provided for by the Convention channels (except for those specified in Article 10, and those specified in Article 8, taking into account objections) or by the methods provided for by a bilateral agreement. |

Machine Translated by Google

of civil and criminal cases (1993) https://

zakon.rada.gov.ua/laws/sho
w/616_174#Text In

cases covered by this Agreement,
institutions of justice shall settle among
themselves according to

through agencies, if        central others
provided for in this              are not
Agreement. In terms of this Agreement,
the central bodies are on the part of
- the Ministry of Justice and the General
Prosecutor's Office, and on the part of the
Republic of Poland - the Ministry of Justice.
The central authorities may agree that the
justice institutions of the Contracting
Parties communicate with each other
directly (Article 3). The requested institution
worn out               serves documents in
accordance with the rules in
force in its state, if the documents to be
served are drawn up in the state language
of the requested Party or if certified
translations into the language of the
requested Party are added. In other cases,
delivery of documents to the addressee is
carried out with his voluntary consent
(Article 9).


by


Additionally:
Agreement between the Ministry of Justice
of Ukraine and the Ministry of Justice of the
Republic of Poland on the implementation
of Clause 3 of Article 3 of the Treaty
between Ukraine and the Republic of
Poland on legal assistance and legal
relations in civil and criminal cases dated
January 10

Decision of the KGS of the Supreme Court
dated 15.12.2020 in case No. 910/17319/19

https://reyestr.court.gov.ua/Review/9
3558924

In this case, the court, with reference to
Convection, ruled that court documents
must be sent to the central body of the
requested State - Poland, i.e. to the Ministry
of Justice of Poland, for their further delivery
to a non-resident.


Resolution of the KGS of the Supreme Court
dated 15.05.2023 in case

No. 914/86/22 https://reyestr.court.gov.ua/Review/1
10997915.

In this decision, the court noted that in order
to properly notify defendant 2 - a non-
resident about the existence and
consideration of this case, it is necessary to
apply to the competent authority              to
of the Republic of Poland with a request for
delivery of court documents. In addition, this
resolution provides conclusions on the need
for translation of documents and on its
payment.

| | | 2011 https:// zakon.rada.gov.ua/laws/sho w/616_151#Text

In the cases covered by the Treaty, it is established that during the transfer of requests for legal assistance based on Article 4 of the Treaty, the following bodies are directly related to each other: - from the side of Ukraine -

The main department of justice of the Ministry of Justice of Ukraine in the Autonomous Republic of Crimea, the main departments of justice in the regions, cities of Kyiv and Sevastopol (hereinafter - "the main department of justice"); - on the part of the Republic of Poland - the chairman of the district courts of the Republic of Poland (Article 1). The court of Ukraine hearing the case submits a request for legal aid through the relevant main department of justice to the head of the district court of the Republic of Poland, in whose district the request must be executed. The court of the Republic of Poland, which hears the case, forwards the request for legal mediation through the relevant district court directly to the main department of justice in the Autonomous Republic of Crimea,          help           by the city of Kyiv or                heads Sevastopol, or to the region of Ukraine, on the territory of which the request must be executed. The bodies referred to in Article 1, which received the petition, forward it | |
| --- | --- | --- | --- |

| | | | |
|---|---|---|---|
| | | them to the appropriate court for the purpose of execution. Materials regarding implementation requests the provision of legal assistance are transferred by the body that executed the request, through the bodies mentioned in Article 1, to the body that made this request (2). <br><br> Agreement between the Ministry of Justice of Ukraine and the Ministry of Justice of the Republic of Poland on the use of bilingual forms for requests for legal assistance in civil cases dated January 10, 2011 https://zakon.rada.gov.ua/laws/sho <br><br> w/616_152#Text When filing requests for legal aid in civil cases, the courts of Ukraine and the Republic of Poland use bilingual forms (Article 1). objection In accordance with paragraph 2 of Article 8 of the Convention, the Government of Portugal grants diplomatic and | |
| 56. | Portugal | consular authorities the right to serve on their <br><br> agents documents to citizens. | Any of the delivery channels provided for by the Convention may be used, including direct mail to the person. The use of diplomatic and consular channels is allowed taking into account the expressed objections. |
| 57. | Republic of Moldova | objection "The Republic of Moldova declares that it objects to the methods of service of judicial documents on its territory specified in paragraph 1 of Article 8 of the Convention, with the exception of cases when the document must be served on a citizen of the state from which the | Delivery of documents is carried out through the central authority of the requested party. <br><br> If it is necessary to serve documents to citizens of Ukraine on the territory of Moldova, diplomatic or consular channels may be used. |

47

documents, and methods of transferring documents mentioned in Article 10 of the Convention."

Agreement between Ukraine and the Republic of Moldova on legal assistance and legal relations in civil and criminal cases (1993) https://zakon.rada.gov.ua/laws/sho

w/498_604#Text In the cases covered by this Agreement, institutions of justice shall settle among themselves according to

through agencies, if             central others provided for in this                  are not Agreement. In terms of this Agreement, the central bodies are: on the part of Ukraine - the Ministry of Justice and the General Prosecutor's Office, and on the part of the Republic of Moldova -

Ministry of Justice of the Republic                and Prosecutor's                      of Moldova Office. The central authorities may agree that the justice institutions of the Contracting Parties communicate with each other directly (Article worn out                  3). The requested institution serves documents in accordance with the rules in force in its state, if the documents to be served are drawn up in the state language of the requested Party or if certified translations into the language of the requested Party are added. In other cases, delivery of documents to the addressee is carried out with his voluntary consent (Article 9).

by

Until May 19, 2024, the Minsk Convention is also in force in relations with Ukraine

Resolution of the KGS of the Supreme Court dated 08.12.2020 in case No. 910/11287/16 https://reyestr.court.gov.ua/Review/9 3437526 In

this case, the court decided to 1) send a copy of the decision together with a court mandate to provide legal assistance with confirmation of the delivery of the document to a non-resident in the manner established by the Agreement between Ukraine and the Republic of Moldova on legal assistance and legal relations in civil and 2) criminal cases; to apply through the Ministry of Justice of Ukraine with a court order to the Ministry of Justice of the Republic of Moldova to deliver a copy of the resolution of the procedure specified in the said Agreement.

in

| 58. Romania | objection | In view of the absence of objections from |
| | | Romania regarding the transmission |
| | "According to paragraph 2 of Article 8 of | channels provided for in Article 10 of the |
| | the Convention, Romania declares that | documents to          Convention, the |
| | foreign diplomatic consular          and | be served may be transmitted in any of the |
| | representatives may serve judicial and | Convention        –         defined |
| | extrajudicial documents on the territory of | ways, including sending directly by mail to |
| | Romania exclusively to citizens          on | by                              persons whose |
| | of the state they represent." | location is Romania. |
| | | |
| | Agreement between Ukraine and Romania | At the same time, the use of diplomatic or |
| | on legal assistance and legal relations in | consular channels is possible only if judicial |
| | civil cases from (2002) https:// | and extrajudicial documents are to be |
| | | served on the territory of Romania to citizens |
| | zakon.rada.gov.ua/laws/sho | of Ukraine. |
| | w/642_029#Text In | |
| | the implementation of legal justice | |
| | assistance, the institutions | |
| | of the Contracting Parties communicate | |
| | with each other through the Ministry of | |
| | Justice of Ukraine and the Ministry of | |
| | Justice of Romania, unless otherwise | |
| | provided for in this Agreement (Article 4). | |
| | | |
| | The requested justice institution serves | |
| | documents in accordance with the rules in | |
| | force in its state, if the documents to be | |
| | served are drawn up in the language of | |
| | that state or provided with a certified | |
| | translation. In those cases when | |
| | | |
| | documents not written in the language of | |
| | the requested Contracting Party or not | |
| | provided with a translation, they are handed | |
| | over to the recipient if he agrees to | |
| | voluntarily accept them. The request for | |
| | delivery must specify the exact address of | |
| | the recipient and the name of the document | |
| | that | |

| | | | |
|---|---|---|---|
| | | subject to delivery. If the address is specified in the service request or turned out to be incomplete inaccurate, the requested justice institution shall take measures in accordance with its legislation to establish the exact address. In case of impossibility of delivery of documents, the justice institution of the requesting Contracting Party shall be notified immediately, together with the reasons for the impossibility of such delivery, and all attached documents shall be returned (Article 9). | |
| 59. | Russian Federation | Objection "According to Article 8 of the Convention, diplomatic and consular representatives of foreign countries are not allowed to serve documents on the territory of the Russian Federation, except in cases where the document is served to a citizen of the country in which the documents originate. When<br><br>Delivery of documents by the methods listed in Article 10 of the Convention is not allowed in the Russian Federation."<br><br>Statement of Ukraine dated 10/16/2015: "The provisions of the Conventions regarding the communication direct possibility of or interaction do not apply to the territorial bodies of Ukraine in the Autonomous Republic of Crimea and the city of Sevastopol, as well as in certain areas of Donetsk and Luhansk | Statement of the Ministry of Foreign Affairs of regarding the Ukraine – severance of diplomatic relations with the Russian Federation dated 24.02.2022 https://mfa.gov.ua/news/ zayava-mzs-ukrayini-shchodo-rozrivu- diplomatichnih-vidnosin-z-rosijskoyu- federaciyeyu<br><br>Letter of the Ministry of Justice of Ukraine dated March 21, 2022 No. 25814/12.1.1/32 addressed by the interregional administration 22 "Regarding the implementation of international treaties of Ukraine during the period of martial law", in which "we ask to carry out any stated: not correspondence related to cooperation with the justice institutions of Russia and Belarus on the basis of international treaties of Ukraine on international legal relations and legal cooperation in civil and criminal cases, and in the field of international private law, except for cases of transfer to courts or |

regions of Ukraine that are temporarily not under the control of Ukraine. The procedure for appropriate communication by the central                    is defined authorities of Ukraine in Kyiv".

to citizens on the territory of Ukraine of documents obtained as a result of            by requests, orders and petitions"

Notice of JSC "Ukrposhta" dated 25.02.2022 that it has terminated cooperation with the Post of                    postal Russia and Belarus https://www.ukrposhta.ua/ua/news/

57561-ukrposhta-chastkovo-vidnovlju-robotu-viddilen-de-ce-bezpechno-dlja-klintiv-i-pracivnikiv

Resolution of the KGS of the Supreme Court of November 22, 2022 in case No. 21/96 https://reyestr.court.gov.ua/Review/107552458

In this case, the court sent the documents to the Moscow Arbitration Court. No answer was received. Later, the court turned to the Ministry of Justice of Ukraine, but the documents were returned by the ministry indicating that there is no postal communication with the aggressor state, and the Ministry of Foreign Affairs of Ukraine reported that diplomatic relations between Ukraine and the Russian Federation were severed due to large-scale armed aggression against Ukraine, the transfer of the power of attorney through diplomatic channels also Taking into account the above, the court therefore            noted that the non-resident defendant was properly informed about the impossible                        consideration of the case in the courts of the first and appellate instances, and therefore

| | | | is aware of the court proceedings, the court of cassation has taken all possible measures to notify each of the parties to the case about the consideration proper of the dispute, a period exceeding six months has passed since the date of sending the document, so under such conditions the court of cassation will consider the cassation appeal and make a court decision. maybe<br><br>Resolution of the KGS of the Supreme Court dated 16.06.2023 in case No. 926/4889/22 https://reyestr.court.gov.ua/Review/1 12145601 "...<br>in the event of the opening of proceedings in the case, to take all possible measures under the conditions of martial law regarding the proper notification of the defendant about the judicial<br><br>proceeding to ensure the procedural rights of the participant in the case established in the article of the Civil Procedure Code of Ukraine." Any of the |
|---|---|---|---|
| 60. St. Vincent and Grenadines | | objection "The Government of Saint Vincent and the Grenadines declares that it opposes the channels of transmission provided for in Article 10(b) and (c) of the Convention." | channels provided for by the Convention may be used, except for delivery, provided for in clauses b) and c) of Article 10 of the Convention, unforce<br><br>So mailing directly to a person is acceptable. |
| 61. San Marino | | denial<br>"(...)<br>4. In accordance with the second paragraph of article 21, letter a), the Republic of San Marino opposes the use of transfer methods expressed | Delivery of documents is carried out through the central authority of the requested party.<br><br>Use of delivery channels specified in Article 10 of the Convention (including Vol sending directly by mail to the person) no |

| | | in accordance with Articles 8 and 10." | is allowed<br>The use of diplomatic or consular channels taking into        is allowed<br>account the expressed objection. |
|---|---|---|---|
| 62. | Serbia | denial<br>"(…)<br>The Republic of Serbia opposes the direct service of documents on its territory by foreign diplomatic and consular representatives in accordance with Article 8 of the Convention, except      or when the recipient is a citizen of the country of the diplomatic or consular representative.<br><br><br>The Republic of Serbia opposes the method of providing services (delivery) provided for in Article 10 a) and b) of the Convention." | Delivery is          documents carried out through the central body of the requested party.<br>The use of delivery channels specified in clauses a) and b) of Article 10 of the Convention (in particular, direct mailing to a allowed.        person) is not<br><br>The use of diplomatic and consular channels taking into       is allowed<br>account the expressed objections.<br><br>There are no objections to clause c) of Article 10 of the Convention. |
| 63. | Seychelles islands | objection The<br>Government of the Republic of Seychelles declares that it is opposed to the service by a Contracting State of judicial documents on persons who are abroad, without the application of any compulsion, directly through the diplomatic or consular agents of that Contracting State, unless the document is served by a national of the State from which documents originate.<br><br><br><br>additional information The Government of the Republic of Seychelles states that it objects to paragraphs (b) and (c) of Article 10 as they permit the service of | Any of the channels provided for by the Convention may be used, except for delivery provided for in clauses b), c) of Article 10 of Convention.<br><br>So mailing directly to a person is acceptable.<br><br>The use of diplomatic and consular channels taking into       is allowed<br>account the expressed objections.<br><br><br>Decision of the KGS of the Supreme Court dated 05/26/2021 in case No. 910/1865/18<br>https://reyestr.court.gov.ua/Review/9 7174752<br>In this ruling, the court found it possible for to send        the defendant procedural documents directly by mail abroad. |

| | | documents through officials or persons who are not court officials. | Resolution of the KGS of the Supreme Court of November 13, 2018 in case No. 910/16594/15 https://reyestr.court.gov.ua/Review/7 7916287 |
|---|---|---|---|
| | | | The court canceled the suspension and documents by sending of by the Convention, noting that they should be mail. In sent directly by addition, there are representatives in Ukraine. |
| 64. | Slovakia | objection Text of the declarations (made by the former Czechoslovakia): "(…) - in accordance with Article 8 of the Convention, court documents cannot be the territory of the served on Socialist Republic of Czechoslovakia directly through diplomatic or consular representatives of another Contracting State, except for cases when the document must be served on a citizen of the State in which the documents originate; | Delivery of documents is carried out through the central authority of the requested party. The use of delivery channels specified in Article 10 of the Convention (including sending it directly to a person by mail) is not allowed. The use of diplomatic or consular channels taking into is allowed account the expressed objection. |
| | | - in accordance with Article 10 of the on Convention on the Territory of the Socialist Republic of Czechoslovakia, court documents may not be served by another Contracting State through postal channels or through court officials, officials or other competent persons; ..." | |
| 65. | Slovenia | qualified (specified) objections In accordance with paragraph 2 of Article 8 of the Convention, the Republic of Slovenia declares that diplomatic and | Any of the channels provided for by the Convention may be used, except for delivery provided for in clauses b), c) of Article 10 of Convention. |

| | | consular foreign representatives of states are not allowed to serve documents on the territory of Slovenia, unless the document is served to a national citizen. the country from which the documents originate. | So sending directly by mail to a person is allowed, but with compliance with the language requirements of documents from and sending by registered mail. by letter |
|---|---|---|---|
| | | | The use of diplomatic and consular channels taking into is allowed account the expressed objections. |
| | | Pursuant to Article 10 of the Convention, the Republic of Slovenia declares that service of documents in accordance with paragraph a) of Article 10 is permitted only if the court documents are sent to the addressee by registered mail with notification of service, or the written documents are accompanied by a translation into Slovenian. | |
| | | Pursuant to Article 10 of the Convention, the Republic of Slovenia objects to the use of transfer methods in accordance with Article 10(b) and (c). | |
| 66. Spain | | no objections | Any of the delivery channels provided for by the Convention may be used, including direct mail to the person. |
| | | | Resolution of the KGS of the Supreme Court dated 22.12.2020 in case No. 914/159/13 https://reyestr.court.gov.ua/Review/9 3742840. In this case, the court decided to send the documents to the Ministry of Justice of delivery to Spain for _ the non-resident defendant. |
| 67. Sri Lanka | | denial "(...)For the purposes of Article 8 of delivery | Delivery of documents is carried out through the central |

| | | | |
|---|---|---|---|
| | | documents        judicial        on through diplomatic or consular channels should be limited to citizens of the country from which the documents originate.<br><br>(...)<br>(f) For the purposes of Article 10, Sri Lanka has no objection to the procedure set out in paragraph (b) thereof. However, he agrees to the procedure set out in paragraphs (a) and (c)." | authority of the requested party.<br>The use of delivery channels specified in clauses (a) and (c) of Article 10 of the Convention (including direct mailing to a allowed.                person) is not<br><br>The use of diplomatic or consular channels taking into                is allowed account the expressed objection.<br><br>There are no objections to clause b) of Article 10 of the Convention. |
| 68. | Sweden | additional information<br>"Swedish authorities are not obliged to assist in the service of documents transmitted by any of the methods specified in subparagraphs (b) and (c) of Article 10." | Any of the delivery channels provided for by the Convention may be used, including direct mail to the person. Additional information should be taken into account regarding the channels provided for in clauses b), c) of Article 10 of the Convention.<br><br>Decision of the KGS of the Supreme Court dated 30.08.2018 in case No. 910/24412/16 https://reyestr.court.gov.ua/Review/7 6156129<br>The court decided to send the documents to the competent authorities at the location of the non-resident defendant for their delivery in accordance with the procedure established by the Convention. documents Delivery is |
| 69. | Switzerland | objection "(...)<br><br>As regards articles 8 and 10<br>5. In accordance with paragraph (a) of Article 21, Switzerland declares that it is opposed to the use in its territory of the methods of transmission provided for in Articles 8 and 10". | body of the carried out through the central requested party.<br><br>The use of delivery channels specified in Article 10 of the Convention (including direct to a        mail        sending person) is not allowed. |

56

| | | | The use of diplomatic or consular channels allowed taking    is into account the expressed objection. |
|---|---|---|---|
| | | | Resolution of the KGS of the Supreme Court dated 21.12.2022 in case No. 905/947/21 https://reyestr.court.gov.ua/Review/1 08581470. |
| | | | Decision of the KGS of the Supreme Court dated 14.07.2021 in case No. 910/13422/19 https://reyestr.court.gov.ua/Review/9 8297948 |
| | | | In both cases, the court concluded that the documents should be sent through the competent Swiss authorities. Delivery of documents is carried |
| 70. | Former Yugoslav Republic of Macedonia (North Macedonia) | Objection "Pursuant to paragraph 2 (a) of Article 21 Convention, the      of the Republic of Macedonia objects to the of using the      methods service in accordance with Articles 8 and 10. According to paragraph 2 of Article 8 of the Convention, on the territory of the Republic of Macedonia, judicial documents cannot be transferred directly through diplomatic or consular representatives of another Contracting State, unless the document is delivered to a citizen of the State in which the documents originate. should The Republic of Macedonia objects to the use of the service methods provided for in Article 10 of the Convention." Agreement between Ukraine and the Republic of Macedonia on | out through the central authority of the requested party. If it is necessary to serve documents to citizens of Ukraine on the territory of Macedonia, diplomatic or consular channels may be used. |

legal aid in civil cases (2000) https://
zakon.rada.gov.ua/
laws/sho
w/807_010#Text

Regarding the provision of legal assistance
in accordance with this Agreement, the
justice institutions of the Contracting Parties
communicate: from the side of Ukraine -
through the Ministry of Justice of Ukraine;
from the Republic of Macedonia -

Ministry of Justice through the
Republic of Macedonia (Article 3).

The justice institution of the requested
Contracting Party shall serve documents in
accordance with the rules in force in its
state, if the documents to be served are
drawn up in the language or provided with a
certified translation into the language of the
requested Contracting Party. In those cases,
the documents are not drawn up in this
language or are not provided with certified
translations, they are handed over to the
recipient if he agrees to voluntarily accept
them. The address of the recipient and the
name of the document to be served must be
specified in the request for delivery. If the
address specified in the request for delivery
or

accurate

turned out to be        incomplete
inaccurate, the justice institution of the
requested Contracting Party shall, in
accordance with its legislation, take
measures to establish the exact address, if
possible. In case of impossibility of delivery

| | | | |
|---|---|---|---|
| | | of documents, the justice institution of the requesting Contracting Party is immediately notified of this, together with proof of the reason for the impossibility of such delivery; at the same time, all attached documents are returned (Article 10). Objection "The Republic of Tunisia opposes the use | |
| 71. Tunisia | | of the method of service specified in Article 8 of the Convention on persons who are not citizens of the country from which the documents originate." | Any of the delivery channels provided for by the Convention may be used, including direct mail to the person.<br><br>The use of diplomatic and consular channels taking into                                          is allowed account the expressed objections. |
| 72. Turkey | | Objection "The Government of the Republic of Turkey declares that diplomatic or consular agents may provide service in accordance with Article 8 of the Convention only to their nationals.<br><br>The Government of the Republic of Turkey declares that it is against the use of the methods of providing services listed in Article 10 of the Convention."<br><br>Agreement between Ukraine and the Republic of Turkey on legal assistance and cooperation in civil matters (2000) https://zakon.rada.gov.ua/laws/sho<br><br>w/792_600#Text<br>The Contracting Parties shall designate central authorities to provide legal assistance to each other under this Agreement. The central body from the side<br><br>Republic of Turkey Ministry of Justice of the Republic | Delivery of documents is carried out through the central authority of the requested party.<br><br>If it is necessary to serve documents to citizens of Ukraine on the territory of Turkey, diplomatic or consular channels may be used. |

| | | | |
|---|---|---|---|
| | | Turkey, from the side of Ukraine - Ministry of Justice of Ukraine. Competent bodies of the Contracting Parties are abolished through their central bodies for the purpose of implementing this Agreement (Article 2). The request for delivery of documents must contain the full address of the recipient and the documents to be delivered. If the document cannot be delivered to the address indicated in the delivery request, the requested authority takes the necessary measures to establish a valid address. If a valid address cannot be established, the requested Contracting Party shall inform the requesting Contracting Party thereof and return the documents to the latter (Article 8). | |
| 73. Ukraine | | objection "(...) 3) to Article 8 of the Convention: service of court documents through diplomatic or consular representatives of another state on the territory of Ukraine shall be carried out only to citizens of the state from which the documents maybe originate; ... 5) in relation to Article 10 of the Convention: Ukraine will not use on its territory the methods of transmission of court documents provided for in Article 10 of the Convention." Statement from 16.10.2015: "In February 2014, the Russian Federation launched an armed | |

aggression against Ukraine and occupied part of the
territory of Ukraine - the Autonomous Republic of
Crimea and the city of Sevastopol, and today exercises
effective control over certain areas of the Donetsk
and Luhansk regions of Ukraine. These actions
grossly violate the Charter of the United Nations and
threaten international peace and security. The Russian
Federation, as an aggressor state and an occupying
state, bears full responsibility for its actions and their
consequences in accordance with international law.
constitute

Resolution A/RES/68/262 of the UN General Assembly
dated March 27, 2014 confirmed the sovereignty and
territorial integrity of Ukraine within its internationally
recognized borders. The United Nations also called
on all states, international organizations and
specialized institutions not to recognize any changes
in the status of the Autonomous Republic of Crimea
and the city of Sevastopol.

In this regard, Ukraine declares that from February
20, 2014 and during the period of the temporary
occupation by the Russian Federation of a part of the
territory of Ukraine - the Autonomous Republic of
Crimea and the city of Sevastopol - as a result of
armed aggression, the Russian Federation carried
out against Ukraine and until the full restoration of
constitutional law and effective control from the side

of Ukraine over such occupied territory, as well as over some areas of the Donetsk Luhansk regions of Ukraine, which are temporarily not under and the control of Ukraine due to the aggression of the Russian Federation, the application and fulfillment by Ukraine of its obligations under the above-mentioned conventions, which apply to the above-mentioned occupied and uncontrolled territory of Ukraine, are limited and not guaranteed.

Documents or requests submitted or issued by the occupation authorities of the Russian Federation, its level in the Autonomous Republic of Crimea and the officials of the city of Sevastopol, and by illegal authorities in certain areas of the Donetsk and Luhansk regions of Ukraine, which are temporarily not under the control of Ukraine, are null and void

have         legal regardless     strength of whether they are represented directly or indirectly through the authorities of the Russian Federation.

The provisions of the Conventions regarding the communication or         direct possibility of interaction do not apply to the territorial bodies of Ukraine in the Autonomous Republic of Crimea and the city of Sevastopol, as well as in certain areas of the Donetsk and Luhansk regions of Ukraine, which are temporarily not under control

| | | | |
|---|---|---|---|
| | | of Ukraine. The procedure for appropriate communication          is defined by the central authorities of Ukraine in Kyiv". | |
| 74. | United Kingdom (Great Britain) | additional information ...     With reference to the provisions of clauses (b) and (c) of Article 10 of the Convention, documents for service through official will be accepted in the United Kingdom only by central or subsidiary authorities and only from judicial, consular institutions or diplomatic officials of other Contracting States.* " | Any of the delivery channels provided for by the Convention may be used, including direct mail to a person.                    sending |
| | | | Regarding the use of the channels provided for in clauses b), c) of the article of the Convention, an additional note should be made take information into account. |
| | | *Excerpt from a letter dated September 11, 1980 addressed by the Ministry of Foreign and Commonwealth Affairs to the Permanent Bureau: | Resolution of the KGS of the Supreme Court of February 19, 2021 in case No. 910/6134/17 https:// reyestr.court.gov.ua/Review/9 4999523. |
| | | "(...) Thank you for your letter of 31 July, in which you ask for assistance in the interpretation of the declaration made by the United Kingdom on 17 November 1967 in relation to Article 10(c) of the Convention. | In this case, the court came to the conclusion that in order to properly notify the non-resident defendant, it is possible to send procedural documents directly by mail abroad. |
| | | I am pleased to confirm that our declaration does not prevent any person in the other Contracting State who has an interest in the proceedings (including his solicitor) from effecting service on the United Kingdom "directly" through a competent than an          in          person other officer or officer of the court. , for example, a lawyer. (...)" | |
| 75. | Combined | no objections | Any can be used |

| | | |
|---|---|---|
| | States<br>America | The United States does not object to the unofficial delivery of such documents by diplomatic or  members consular posts in the United States, by mail, or by private persons - if acting in accordance with applicable law - provided that no coercion is used. | from the channels of delivery provided for by the Convention, including sending directly by mail to a person is allowed<br><br>Decisions of the<br>KGS of the Supreme Court: 1) dated January 24, 2019 in case No.<br>910/25766/13 https://reyestr.court.gov.ua/Review/7 9397890;<br>2) dated February 28, 2023 in case No. 910/8060/19<br>https://reyestr.court.gov.ua/Review/1 09300491.<br>In both cases, the court reached a conclusion documents directly by  about sending It is allowed to  mail to a non-resident. use any objection "Regarding Article 8: |
| 76. | Venezuela | Convention does the Republic of Venezuela specified in paragraph a) of Article 10. Therefore, sending the first paragraph of this the territory in relation to other persons who of origin.<br><br>Regarding Article 10 (a):<br>The Republic of Venezuela agrees to the  not transfer of documents through postal channels." | which of the channels provided for by the 10 agree to the use of the powers provided for Convention, in addition to the service article, on its direct mail to a person outside are not Use is allowed. citizens of the country<br><br>diplomatic and consular channels are allowed<br>taking into  expressed account objections. |
| 77. | Vietnam | qualified  (specified) objections<br>"(…)<br>2. In accordance with the second paragraph of Article 8 of the Convention, the Socialist Republic of Vietnam opposes the service of documents provided for in Article 8 article | Given the absence of Vietnam's objections to the provisions of Article 10(a) of the Convention on Channels of Transmission, documents to be served may be served, including by direct mailing to a person, provided |

Convention, on its territory, if the documents are not handed over to the citizen of the State of documents.                    origin of the

3. The Socialist Republic of Vietnam objects to the use of such methods of service of documents provided for in clause b and clause c of Article 10 of the Convention.

4. The Socialist Republic of Vietnam does not object to the submission of documents by postal channels referred to in paragraph a of Article 10 of the Convention, if the documents forwarded by postal channels are sent by certified mail

from

receiving.

(…)

6. A request submitted using the Standard Form under the Convention to Vietnam must be completed or accompanied by a Vietnamese

language

translation of                    except documents to be served on a national of the State in which the documents pursuant to Article 8 or paragraph a of Article 10 of               come from the Convention, all documents submitted in Vietnam must be either in Vietnamese or accompanied by a Vietnamese translation, in which case the signature the translator must be properly verified or               language notarized."

meeting language requirements and sending by registered mail with confirmation
by letter
receiving.

Agreement between Ukraine and the Republic of Vietnam          Socialist on legal assistance and legal relations in civil and criminal cases (2000) https://zakon.rada.gov.ua/laws/sho

w/704_050#Text

When providing legal assistance, the justice institutions of the Contracting Parties communicate with each other through central bodies, unless otherwise provided for in this Agreement. The central bodies are:

- in Ukraine - the Ministry of Justice for the questions          of legal                provision assistance in civil cases and the General Prosecutor's Office for the provision of legal assistance in criminal cases; - in the Socialist Republic of Vietnam - the Ministry of Justice for legal aid in civil cases and the Supreme People's Procuratorate for legal aid in criminal cases (Article 4). The requested institution of justice serves the documents in accordance with the rules in force in its state, if the documents to be served are written in its language or accompanied by a certified translation. In cases where the documents are not written in the language of the requested Contracting Party or are not accompanied by a translation, they are handed over to the recipient if he agrees to accept them. The exact address of the recipient must be specified in the delivery request               When

| | | and the name of the document to be served. If the address is specified in the request for service or turned out to be incomplete inaccurate, the requested justice institution shall take measures in accordance with its legislation to establish the exact address (Article 9). | |
|---|---|---|---|

**II. States that are not a Contracting Party to the Convention and with which Ukraine has concluded an agreement on legal assistance**

| 78. Georgia | | Agreement between Ukraine and the Republic of Georgia on legal assistance and legal relations in civil criminal cases (1995) https://zakon.rada.gov.ua/laws/show/268_542#Text When providing legal assistance, the institutions of the Contracting Parties communicate with each other through the Ministry of Justice and the General Prosecutor's Office of Ukraine and the Ministry of Justice of the and Prosecutor's Office of the Republic of Georgia, unless otherwise provided for in this Agreement (Article 4). The requested institution serves the documents in accordance with the rules in force in its state, if the documents to be served are written in its language or provided with a certified translation. In cases where the documents are not written in the language of the requesting Contracting Party or are not provided with a translation, they are handed over to the recipient if he agrees to voluntarily | Delivery of documents is carried out through the central authority of the requested party. If it is necessary to serve documents to citizens of Ukraine on the territory of Georgia, diplomatic or consular channels may be used. Until May 19, 2024, the Minsk Convention is also in force in relations with Ukraine |
|---|---|---|---|

Machine Translated by Google

| | | | |
|---|---|---|---|
| | | to accept The request for delivery must specify the exact address of the recipient and the name of the document to be delivered. If the address is specified in the service request or<br><br>turned out to be        incomplete<br><br>inaccurate, the requested institution shall take measures in accordance with its legislation to establish the address (Article 9). The Contracting<br>Parties have the right to serve documents and interrogate their own citizens through their diplomatic missions or consular institutions. At the same time, coercive measures may be applied (Article 11).<br>not | |
| 79. Iran | | Agreement between Ukraine and the Islamic Republic of Iran on legal relations and legal assistance in civil and criminal https://         in        cases (2004) zakon.rada.gov.ua/laws/sho<br><br>w/364_026<br>For the purposes of this Agreement, the Parties shall act through their central bodies, which are: - in Ukraine: the Ministry of Justice of Ukraine (for the execution of court decisions, in civil cases, as well as in criminal cases at the stage of trial) and the General Prosecutor's Office of Ukraine (in criminal cases at the stage of investigation) - pre-trial in the Islamic Republic of Iran: the Supreme Judicial Authority of the Republic of        Islamic        in Iran. At the same time | Delivery is                documents carried out through the central body of the requested party. |

| | | | |
|---|---|---|---|
| | | diplomatic channels may be used (Article 4). In the request for delivery of documents, the exact name and address of the recipient of the document to be delivered must be specified. If the address indicated in the request for service is either incorrect or the addressee does not live at the address, the requested judicial institution shall take steps in accordance with its law to establish the will appear                   incomplete correct address. The requested justice institution serves                  by          specified documents in accordance with the legislation of its state, if the documents to be served are in the language of the requested Party or contain a certified translation. If the documents are not in the language of the requested Party or do not contain            translation,               they are handed over on condition of consent recipient                to accept them. Confirmation of delivery of documents is issued in accordance with the legislation in force in the requested Party. The confirmation must state the time and of delivery and the person to          place whom the document was delivered, as well as the institution that delivered it. Agreement between Ukraine and the | |
| 80. Democratic People's Republic of Korea (North Korea) | Democratic People's Republic of Korea on legal assistance in civil and criminal cases (2003) https://zakon.rada.gov.ua/laws/sho | Delivery of documents is carried out through the central authority of the requested party.

Statement of the Ministry of Foreign Affairs of Ukraine regarding the severance of diplomatic relations with | |

Machine Translated by Google

w/408_012#Text When

providing legal assistance to the justice institutions of the Contracting Parties through central bodies, unless otherwise provided for in this Agreement. The central bodies are: - for legal assistance in civil cases and in criminal cases at the stage of trial - the Ministry of Justice of Ukraine and the Central Court questions          Democratic          of the People's Republic of Korea; - for legal assistance in cases at the stage of pre-trial investigation General Prosecutor's Office of Ukraine Central Prosecutor's Office of Korea People's Democratic Republic (Article 4). The requested institution of justice serves the documents in accordance with the rules questions          state, if the          in force in its served are          in          documents to be written in its language or accompanied by a certified translation. In cases where the documents are not the language of          written in          and the requested Contracting Party or are not accompanied by a translation, they are handed recipient if he agrees          over to the to accept them.

The request for delivery must specify the exact address of the recipient and the name of the document to be delivered. If the address is specified in the service request

When

by the Democratic People's Republic of Korea from 07/13/2022 https://mfa.gov.ua/news/zayava-mzs- ukrayini-shchodo-

rozrivu-diplomatichnih-vidnosin-iz-korejskoyu- narodnoyu- demokratichnoyu-respublikoyu

| | | turned out to be incomplete or inaccurate, the requested justice institution shall, in accordance with its legislation, take measures to establish the exact address (Article 9). | |
|---|---|---|---|
| 81. Libya | | Agreement between Ukraine and the Great Socialist People's Arab Libyan on legal Jamahiriya assistance in civil and criminal cases in (2008) https://zakon.rada.gov.ua/laws/sho<br><br>w/434_029#Text For the purpose of implementing this Agreement, the competent authorities of the Parties shall be abolished their central authorities. The central authority in Ukraine is the General Prosecutor's Office of Ukraine (regarding requests from pre-trial investigation bodies in criminal cases) and the Ministry of Justice of Ukraine (regarding requests in civil cases and regarding requests from cases). The central authority for the Great Socialist People's Libyan Arab Jamahiriya is the General Prosecutor's Office (regarding requests from pre-trial investigation bodies in criminal cases) and the General Committee for Justice People's (regarding requests in civil cases and regarding requests from courts in cases). criminal The provisions of this article do not deny the use of diplomatic channels (Article 3).<br><br><br>The requested Party carries out | Delivery of documents is carried out through the central authority of the requested party.<br><br>Diplomatic documents may be used for delivery of documents channels |

| | | deliveries sent to its documents pose by the requesting Party. A request to serve a summons on any person shall be sent to the requested Party no later than forty (40) days before the moment when his appearance before the competent authorities is required. Confirmation of delivery documents is issued in accordance with the legislation in force in the requested Party. The confirmation must place and state the time, method of delivery, the signature and name of the person to whom the document in was delivered, as well as the person or institution that delivered it. Such confirmation must be sent immediately to the requesting Party. If delivery cannot be carried out, the requested Party shall notify the requesting Party of the reasons for non-performance without delay. If the document cannot be delivered to the address specified in the delivery request, the requested Party shall take the necessary measures to establish address. actual the actual If the address is not possible, the requested Party informs the requesting Party and returns the documents to the latter (Article 16). Agreement between Ukraine legal assistance in and Mongolia on civil and criminal cases (1995)

set | |
|---|---|---|---|
| 82. Mongolia | | | Delivery of documents is carried out through the central authority of the requested party. |

| | | https://zakon.rada.gov.ua/laws/show/496_001#Text | If it is necessary to serve documents to citizens of Ukraine on the territory of Mongolia, diplomatic or consular channels may be used. |
|---|---|---|---|
| | | When providing legal assistance in civil criminal cases, the courts and other competent institutions of the Contracting Parties shall communicate with each other through their central institutions, unless otherwise established by this Agreement. The central institutions mentioned in paragraph 1 of this article include: from the side of Ukraine - | |
| | | The Ministry of Justice of Ukraine, the Supreme Court of Ukraine and the General Prosecutor's Office of Ukraine; on the part of Mongolia - the Ministry of Justice of Mongolia, the Supreme Court of Mongolia Generalna       and | |
| | | Prosecutor's Office of Mongolia (Article 2). If, according to the legislation of the requested Contracting Party, the execution of the mandate is not within the competence of courts and other competent institutions, the mandate is returned with an explanation of the reasons for refusal. In the event that the requested institution does not have the right to execute the mandate, it is obliged to send the specified mandate to the competent institutions, as well as to inform the requesting      implementation Contracting Party about it. If the requested institution cannot execute the mandate due to the inaccuracy of the address specified in the mandate, it takes appropriate measures to clarify the address or requests the requesting institution to provide | |

73

| | | | |
|---|---|---|---|
| | | additional information. If it is not possible to clarify the address or execute the order for other reasons within one month (if the deadline is not extended), the requested institution is obliged to inform the requesting institution about this and to state the reasons that prevent the execution of the order, as well as to return all sent documents and materials. In such a case, the competent requested Contracting        institution of the Party may terminate the proceedings on the case (Article 5).<br><br><br>On the authority of the competent authorities, diplomatic missions or consular institutions of each of the Contracting Parties, accredited to the other Contracting Party, may serve judicial and extrajudicial documents to their own citizens, interview them. These actions, however, may not contain measures of a coercive nature and of the        contradict the legislation country of residence (Article 8). | |
| 83. | United Arab Emirates | Agreement between Ukraine and the UAE on mutual legal assistance in civil and commercial matters (2012) https://<br><br>zakon.rada.gov.ua/laws/sho w/784_008#Text<br>The Central Authority of each Party sends and receives requests in accordance with this Agreement. In Ukraine, the central body is the Ministry of Justice. In the United Arab Emirates | Delivery of documents is carried out through the central authority of the requested party.<br><br>If it is necessary to serve documents to citizens of Ukraine on the territory of the on        UAE, diplomatic or consular channels can be used. |

| | | The central body is the Ministry of Justice. The Central Authorities communicate with each other through diplomatic channels for the purposes of this Treaty. The competent body of the requested Party shall hand over said documents in accordance with legislation and rules applicable in this case. Delivery may be carried out in a special way specified by the requesting Party, unless this is contrary to the legislation of the requested Party and subject to the payment of related costs, using a special delivery method. Summons, court documents served in accordance with this Agreement are served considered to have been on the territory of such the requesting Party (Article 7). and others<br><br>The provisions of Articles 6 - 9 of this Agreement do not prevent the Parties from exercising the right to serve summonses or other court documents through their diplomatic or consular representatives to citizens living in the territory of the own other Party, without the use of any coercion (Article 10). | |
| 84. Syria | Agreement between Ukraine and the Syrian Arab Republic on legal relations and mutual legal civil and assistance in | Delivery is documents carried out through the central body of the requested party.<br><br>Statement of the Ministry of Foreign Affairs of Ukraine regarding the break |

of criminal cases (2008) https://zakon.rada.gov.ua/laws/show/760_023#Text

Competent bodies of the Contracting Parties are abolished through their central bodies for the purpose of implementing this Treaty. The central body in Ukraine is the General Prosecutor's Office of Ukraine (regarding requests from pre-trial investigation bodies in criminal cases) and the Ministry of Justice of Ukraine (regarding requests in civil cases and in criminal cases regarding requests from courts). The central authority for the Syrian Arab Republic is the Ministry of Justice. The use of channels is not denied (Article 4). The requested Party hands over the documents sent to it for this purpose by the requesting Party. The request for service of the diplomatic summons to the court of the accused

person is sent to the requested Party not later than (40) days before the moment when it is needed. The confirmation must include the date, place and method of delivery, the signature and name of the person to whom the document was delivered, as well as the person or institution that delivered it. Such confirmation must be attendance. sent immediately

in

of diplomatic relations with the Syrian 30.06.2022 Arab Republic https://mfa.gov.ua/news/zayava-mzs-ukrayini-shchodo-rozrivu-diplomatichnih-vidnosin-iz-sirijskoyu-arabskoyu-respublikoyu

| | | | |
|---|---|---|---|
| | | the requesting Party. In any case, if delivery was impossible, the requested Party shall immediately notify the requesting Party of the reason. If the document cannot be delivered to the address specified in the delivery request, the requested authority shall take the measures to                necessary establish the correct address. If the correct address cannot be established, the requested Party shall inform the requesting Party thereof and return the documents to the other Party (Article 16). Agreement between Ukraine and the Republic of Uzbekistan on legal assistance and legal relations | |
| 85. Uzbekistan | | in civil and family matters (1998) https://zakon.rada.gov.ua/laws/sho<br><br>w/860_013#Text<br>When providing legal assistance, the justice institutions of the Contracting Parties communicate with each other of                through the Ministry of Justice Ukraine and the Ministry of Justice of the Republic of Uzbekistan, unless a different order of communication is established by this Agreement (Article 5). The institution of justice of the requested Contracting Party serves the documents in accordance with the request and the rules in force in the territory of this Contracting Party, if the documents to be served are drawn up in the language of that state or in Russian or provided with translation.                a duly certified On the contrary | Delivery of documents is carried out through the central authority of the requested party.<br><br>If it is necessary to serve documents to citizens of Ukraine on the territory of Uzbekistan, diplomatic or consular channels may be used.<br><br>Until May 19, 2024, the Minsk Convention is also in force in relations with Ukraine<br><br>Resolution of the KGS of the Supreme Court of November 17, 2021 in case No. 922/3754/20 https://reyestr.court.gov.ua/Review/1 01163501.<br>In this case, the court decided 1) to send the documents to the defendant in the manner specified by Article 5 of the Treaty between Ukraine and the Republic of Uzbekistan on legal assistance and legal relations in civil and family matters |

case, it transfers the documents to the recipient, if he agrees to accept them voluntarily. Confirmation of the authenticity of documents, translations intended for carried out                    delivery, is by the institution of justice from which the request originates, or by a diplomatic or consular representative of one of the Contracting Parties. If the documents cannot be delivered to the address indicated in the request, the justice is requested

the institution                         uses

in accordance with the legislation of its measures, the state necessary to establish the address. In the event impossible to establish the address, the requested institution of justice informs the requesting institution of justice and returns to it the documents to be served (Article 10). The Contracting Parties have the right to serve documents and interrogate their own citizens located in the territory of the other Contracting Party through their diplomatic missions or consular institutions. At the same time, measures of a coercive nature, threats of their application, may be applied (Article 12).

not

or

This Agreement does not affect the provisions of other international agreements to which the Contracting Parties are parties. After the entry into force of the Agreement, the provision

affairs; 2) apply through the Ministry of Justice of Ukraine with a court order to the Ministry of Justice of the Republic of Uzbekistan to deliver the court decision to the defendant in the manner specified by the said Agreement.

Decision of the KGS of the Supreme Court dated 18.07.2023 in case No. 905/127/22 https://reyestr.court.gov.ua/Review/1 12286800

In accordance with this decision, the court decided 1) to send the documents to the non-resident in accordance with Article 5 of the Agreement between Ukraine and the Republic of Uzbekistan on legal assistance and legal relations in civil and family matters; 2) apply through the Ministry of Justice of Ukraine with a court order to the Ministry of Justice of the Republic of Uzbekistan to serve the court decision dated 07.18.2023 and a cassation appeal to a non-resident in the manner specified by the Agreement between Ukraine and the Republic of Uzbekistan on legal assistance and legal relations in civil and family matters.

Machine Translated by Google

|  |  | The Convention on Legal Assistance and Legal Relations in Civil and Family Criminal Matters, 1993, to which Ukraine and the Republic of Uzbekistan are parties, shall be applied by the Contracting Parties to the extent that they do not conflict with the provisions of this Treaty (Article 58). |  |

Review of the judicial practice of the Commercial Court of Cassation as part of the Supreme Court regarding the delivery of documents abroad in commercial matters / preparations. by the Department of Analytical and Legal Work of the Cassation Commercial Court of the Department of Analytical Assistance to the Courts of Cassation and the Grand Chamber of the Supreme Court of the Department of Analytical and Legal Work of the Apparatus of the Supreme Court in cooperation with the secretary of the judicial chamber for consideration of cases related to land relations and property rights of the Cassation Commercial Court as part of the Supreme Court, candidate law of science T. B. Drobotova. Kyiv. 2023. - 80 p.

Machine Translated by Google

Follow us online fb.com/

supremecourt.ua

t.me/supremecourtua

@supremecourt_ua