

*Jay S. Auslander*
*Partner*
*212.981.2338*
*jauslander@wilkauslander.com*

February 28, 2025

**VIA ECF AND E-MAIL**

Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007
Torres_NYSDChambers@nysd.uscourts.gov.

      Re:    *Ismailov, et al. v. Hutseriev, et al.*, No. 24-cv-03287 (AT) (S.D.N.Y.)

Dear Judge Torres:

This firm represents Defendants Mykhailo Safarbekovych Hutseriev, Stanislav Kostiantynovych Kuznetsov, and PJSC Sberbank of Russia (with Kuznetsov, the "Sberbank Defendants," and, collectively with Hutseriev, "Defendants").

We write in response to Plaintiffs' notice of supplemental authority – their second now, both unsolicited and unauthorized – this time submitting the recent decisions by: (i) the Southern District of New York in *Cargill Financial Services International, Inc. et al., v. Barshchovskiy*, 2025 WL 522108 (S.D.N.Y. Feb. 18, 2025), on the issue of whether and how personal jurisdiction must be established by a judgment creditor in an action to recognize a judgment; and (ii) the Second Circuit Court of Appeals in *Schansman v. Sberbank of Russia PJSC*, 128 F.4th 70 (2d Cir. Feb. 4, 2025), on the apparent issue of whether allegations in a different case proceeding under the commercial activity exception satisfies Plaintiffs' burden in *this* case of alleging a commercial nexus between U.S.-based property and the proceeds of the alleged expropriation of Krasnaya Polyana. (ECF No. 101).

In truth, however, that is not actually Plaintiffs' purpose in raising *Schansman*. The point is to slur Sberbank as an alleged bad actor that deserves to lose solely because it is an alleged bad actor, while distorting the allegations and history of the *Schansman* case itself and ignoring subsequent developments in European courts. Plaintiffs' resort to this approach says everything the Court needs to know about the strength of their underlying position: it has none.

"The jig is up," Plaintiffs say. They are right, but not in the way they think.



Hon. Analisa Torres
February 28, 2025
Page 2

### I.    Plaintiffs' Latest Notice of Supplemental Authority Adds *Nothing* to their Argument

Preliminarily, between Plaintiffs' filing of their latest notice of supplemental authority on February 21, 2025 and the date of this response, the Court issued an order directing Plaintiffs to "file a letter brief that addresses whether jurisdictional discovery is available and, if so, whether it is warranted on any issue now before the Court." (ECF No. 102). That order, however, held the present motions in abeyance, and so Plaintiffs' unsolicited and scandalous notice remains unanswered.

Plaintiffs have now made an extended practice of submitting unsolicited post-briefing filings to the Court, despite the Court's previously established motion schedule and page limitations. (*See* ECF Nos. 97, 98, 101). Shockingly (well, perhaps not "shockingly" anymore, but certainly inappropriately), Plaintiffs continue to ignore those limits. Indeed, counting together Plaintiffs' post-briefing letter motion to file a sur-reply, first notice of supplemental authority, and their present second notice of supplemental authority, Plaintiffs have now submitted approximately 6100 words of additional unsolicited post-briefing argument beyond the original limitations. (ECF No. 83).

All this despite the fact the Federal Rules of Civil Procedure authorize no such thing as a notice of supplemental authority, while the analogous provision of the Federal Rules of Appellate Procedure – Rule 28 (j) – limits such submissions to 350 words.

Plaintiffs' first supposed supplement to their papers is their citation of *Cargill Financial Services International, Inc. et al., v. Barshchovskiy*, 2025 WL 522108 (S.D.N.Y. Feb. 18, 2025). The case adds nothing new to either party's argument; on the contrary, it reaffirms the distinction Defendants' have drawn from the outset: in an action to recognize a judgment in which the judgment debtor does *not* contest recognition under CPLR 5304, the judgment creditor need not independently establish jurisdiction in New York, but – conversely – where the judgment debtor does contest recognition, the judgment creditor must establish such jurisdiction.

Or, as *Cargill* put it, in reliance on *AlbaniaBEG Ambient Sh.p.k. v. Enel S.p.A.*, 160 A.D.3d 93 (1st Dept. 2018):

> [L]ike the defendant in *Akhmedova*, Defendant has failed to "place[ ] in question" the English judgment's entitlement to recognition. *Akhmedova*, 139 N.Y.S.3d at 36 (quoting *AlbaniaBEG*, 73 N.Y.S.3d at 13). Absent a colorable defense, the Court's role is "merely ministerial" as the Court need not "determine contested questions of fact, of law, or of both," nor need it exercise judicial discretion. *AlbaniaBEG*, 73 N.Y.S.3d at 13.

Sberbank has placed the Ukrainian judgment's entitlement to recognition in question, thus mandating a basis for jurisdiction consistent with the Due Process Clause.



Hon. Analisa Torres
February 28, 2025
Page 3

## II.    Plaintiffs' Latest Notice of Supplemental Authority Subtracts *Everything* From Their Argument

The next case in Plaintiffs' notice of supplemental authority is the Second Circuit's decision in *Schansman v. Sberbank of Russia PJSC*, 128 F.4th 70 (2d Cir. Feb. 4, 2025), in which the Second Circuit held, as a matter of first impression, that: (i) the sovereign immunity provisions of the Anti-Terrorism Act ("ATA") "apply not only to agencies, but also to 'instrumentalities' of foreign states"; and (ii) "the commercial activity exception of the FSIA applies equally to an action brought under the ATA." Having further held that "the FSIA's commercial activity exception applies to Sberbank's [alleged] conduct because the alleged claims are based upon quintessentially commercial activity," the Second Circuit thus affirmed the district court's conclusion that Sberbank was not immune to ATA claims raised by the Schansman plaintiffs. *Id*. at 74.

What is missing from that decision on appeal? First, any analysis whatsoever of the *expropriation exception*, which is the sole exception under which Plaintiffs here seek to set aside Sberbank's immunity.

Second, any analysis of the merits of the Schansman plaintiffs' ATA claims, which survived an early motion to dismiss under Rule 12(b)(6), but in an order that was not under appeal (because – unlike rulings on sovereign immunity – that order did not fall within the immediate scope of the collateral order doctrine). (*See* Memorandum and Order, *Schansman v. Sberbank of Russia PJSC*, No. 19-cv-02985, ECF No. 185). Contrary to Plaintiffs' recapitulation, moreover, the *Schansman* plaintiffs do not allege that Sberbank deliberately aided or facilitated the attack on MH-17 that forms the basis of that lawsuit. Rather, they proceed on as-yet proven allegations of "knowledge or deliberate indifference," *Schansman*, 128 F.4th at 84. Not a flattering allegation, to be sure, but a far cry from Plaintiffs' insistence that Sberbank "committ[ed] heinous acts with horrifically violent ends."[1] (ECF No. 101 at 6).

Beyond that, it bears repeating that a ruling on a motion under Rule 12(b)(6) necessarily *presupposes* the truth of the allegations of a complaint – it does not test them. Even so, those allegations *have in fact been tested* in the Netherlands, where, after an extensive criminal investigation by the Netherlands Crown Prosecution Service, the Dutch courts have now conclusively found in that MH-17 was downed in a terrible mistake by a military unit that thought it was targeting a military aircraft – an act that resulted in a guilty verdict, but a far cry from Plaintiffs' suggestion that Sberbank is responsible. District Court of The Hague, Transcript of MH17 Judgment Hearing (Nov. 17, 2022) (available at https://www.courtmh17.com/en/summaries-and-news/news/transcript-of-the-mh17-judgment-hearing.htm) ("The court is of the opinion that although it appears that the Buk missile was

---

[1] Counsel for Plaintiffs, moreover, are very aware of that distinction, having recently prevailed in the district court on a motion to dismiss in an ATA lawsuit alleging that same "deliberate indifference" theory against a cryptocurrency exchange, *Ranaan v. Binance Holdings Ltd.*, No. 24-cv-697 (Feb. 25, 2025). Thus there is no excuse for Plaintiffs' sudden – and conveniently obtuse – pretension in *this* case that a plaintiffs' survival of a motion to dismiss under the ATA is a equivalent to a finding of mass murder against a defendant.



Hon. Analisa Torres
February 28, 2025
Page 4

launched intentionally, this was done so in the belief that the target aircraft in question was military and not civil. In that respect, it must have been an error.")[2]

"This Action Is Not *Bilalov v. Gref et al.*, 1:20-cv-09153 (AT) (S.D.N.Y.)," say Plaintiffs. (Mem. Opp'n 9). That is true, albeit irrelevant to the issue to which that statement responds (i.e., whether claim or issue preclusion bars the present action, a question that *necessarily* presupposes separately commenced matters). But it is likewise true that this action is not *Schansman v. Sberbank* either and Plaintiffs offer no clear explanation as to how that case controls or even influences this one. It is calumny, plain and simple.

As the old chestnut goes, when the law is on your side, pound the law, when the facts are on your side, pound the facts, and when neither is on your side, accuse your opponent of barbarity and insist that you must therefore win.

No, that is not how that old chestnut goes, obviously. But it is exactly Plaintiffs' position in their second notice of supplemental authority – and their resort to such nonsense is as conclusive as any argument Defendants could ever make that Plaintiffs' position both utterly lacks merits and is sanctionable.

Here is the bottom line. *Schansman*, from its inception through its appeal, has been a hard-fought case at the confluence of issues of first impression under both the commercial activity exception of the FSIA and the immunity provision of the ATA, issues that required fourteen months of consideration by a Second Circuit panel and which divided the assigned magistrate and district judge before that.

*Bilalov II* is a case that purports to present issues under the expropriation exception that the Second Circuit has already decisively resolved, leveled by a plaintiff that has already lost once in this very Court.

The cases are not comparable. The Court should deny jurisdictional discovery and then dismiss.

Respectfully submitted,

Wilk Auslander LLP

*/s/Jay S. Auslander*
Jay S. Auslander
Natalie Shkolnik
Aari Itzkowitz
Michael Van Riper
David J. Partida

---

[2] Is that actually relevant here in *Bilalov II*? No, of course not – but it is Plaintiffs who charged onto the docket pretending that *Schansman v. Sberbank* is so incredibly vital that it merits a post-briefing notice of supplemental authority, so a touch of reality is nevertheless in order.



Hon. Analisa Torres
February 28, 2025
Page 5

*Counsel for the Sberbank Defendants*
*Counsel for Mykhailo Safarbekovych*
*Hutseriev*

cc:     Counsel of record (by ECF)